## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| REYNALDO GUEVARA, ERNEST | ) | |
| HALVORSEN, EDWIN DICKINSON, R. | ) | 1:18 Civ. 1028 |
| RUTHERFORD, STANKUS, NAUJOKAS, | ) | |
| J. KARALOW, MARK HARVEY, DANIEL | ) | |
| TREVINO, EDWARD MINGEY, BIEBEL, | ) | Hon. Andrea R. Wood |
| F.J. CAPPITELLI, KARIN WEHRLE, | ) | District Judge |
| DAVID NAVARRO, HEATHER BRUALDI, | ) | |
| ANDREW VARGA, THOMAS O'MALLEY, | ) | |
| the CITY OF CHICAGO, and COOK | ) | |
| COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT INITIAL STATUS REPORT

**1.**    **Nature of the Case**

    **A.**    **Identify the attorneys of record for each party, including the lead trial attorney.**

        For Plaintiff:
        Jon Loevy (lead)
        Anand Swaminathan
        Steven Art
        Loevy & Loevy
        311 N. Aberdeen St., Third Floor
        Chicago, IL 60607
        (312) 243-5900
        jon@loevy.com
        anand@loevy.com
        steve@loevy.com

        For Defendant City of Chicago:
        Eileen E. Rosen (lead)
        Stacy A. Benjamin

Catherine M. Barber
Theresa Berousek Carney
Rock Fusco & Connelly, LLC
321 N. Clark St., Suite 2200
Chicago, IL 60654
(312) 494-1000
erosen@rfclaw.com
sbenjamin@rfclaw.com
cbarber@rfclaw.com
tcarney@rfclaw.com

For Individual Chicago Police Defendants:
No counsel has appeared
Defendants Halverson and Guevara will be represented by Leinenweber, Baroni
& Daffada, LLC.
Defendants Rutherford, Harvey, Mingey, Dickinson, Stankus, Naujokas, Trevino
and Biebel will be represented by The Sotos Law Firm, P.C.
Upon information and belief, Karalow and Cappittelli are deceased.

For Defendant Cook County and the Individual State's Attorney Defendants
James E. Hanlon, Jr.
Cook County State's Attorney's Office
50 West Washington Street Room 500
Chicago, IL 60602-1356
(312) 603-3369
JAMES.HANLON@cookcountyil.gov

**B.      Identify any parties that have not yet been served.**

Defendants City of Chicago and Cook County were served on February 22, 2018
and their answers were due on March 15, 2018.  Counsel appeared for Defendant
City of Chicago on April 2, 2018.  Counsel for Defendant Cook County has not
yet filed a notice of appearance. Waivers of service were executed for the ASA
Defendants on March 14, 2018, making their responsive pleading due on May 14,
2018.

All individual Defendants have also been served, but no notices of appearance
have been filed yet.

Defendant City does not believe that all of the defendant police officers have been
served based upon the returns of service filed by Plaintiff.  Defendant City is
working to determine which of the defendant police officers have been properly
served.

**C.      State the basis for federal jurisdiction. If jurisdiction over any claims is
         based on diversity or supplemental jurisdiction:**

This Court has jurisdiction of Plaintiff's federal claims, brought pursuant to 42 U.S.C. §1983, pursuant to 28 U.S.C. §1331. Plaintiff brings Illinois state law claims pursuant to the Court's supplemental jurisdiction. 28 U.S.C. §1367. There is also diversity of citizenship. 28 U.S.C. §1332.

i.      **state whether and, if so, why the amount in controversy exceeds the jurisdictional threshold; and**

This claim involves an alleged decades-long wrongful imprisonment and so the amount in controversy far exceeds $75,000.

ii.     **identify the state of citizenship of each named party.**

Plaintiff is a citizen of Mexico and, upon information and belief, Defendants are all citizens of Illinois, with the exception of one Defendant who is a citizen of Florida.

D.     **Describe generally the nature of the claims asserted in the complaint, any counterclaims, and the relief sought.**

Plaintiff alleges that he was wrongfully convicted of a 1998 double murder, for which his conviction was vacated and charges were dismissed in December 2017. Plaintiff's lawsuit seeks justice and redress for his nearly two decades of wrongful imprisonment, including compensatory damages, attorneys' fees and costs against each Defendant, and punitive damages against each of the individual Defendants.

The federal claims, brought pursuant to 42 U.S.C. § 1983, are against the individual defendants for coerced confession, fabrication of false witness statements, deprivation of liberty without probable cause, violations of due process (including through the suppression, destruction and fabrication of evidence), failure to intervene, and conspiracy to deprive constitutional rights. Plaintiff also brings *Monell* policy and practice claims against the City of Chicago pursuant to 42 U.S.C.§ 1983. Plaintiff's state law claims are for intentional infliction of emotional distress, malicious prosecution, civil conspiracy, indemnification, and respondeat superior.

E.     **State the major legal and factual issues in the case.**

Whether the Defendants committed the acts alleged in the complaint, including whether Defendants coerced Plaintiff's confession, fabricated false witness statements, deprived  Plaintiff of his liberty without probable cause, violated his due process rights (including through the suppression, destruction and fabrication of evidence), failed to intervene, and conspired to deprive Plaintiff's constitutional rights; and whether Defendants' conduct satisfies the legal standards related to Plaintiff's claims.

The ASA Defendants deny Plaintiff's allegations of misconduct and deny that they were involved in or knew about any alleged coercion. The ASAs roles (to the extent each was involved at all) was that of a prosecutor for which absolute immunity applies.

The City denies Plaintiff's allegations of misconduct.

2.   **Mandatory Initial Discovery Pilot Project**
     **(does not apply to cases exempt from the pilot project)**

   A.   **Confirm that all of the parties have read and discussed the Standing Order Regarding Mandatory Initial Discovery Pilot Project.**

        Confirmed.

   B.   **State the due dates for each party's mandatory initial discovery response and disclosure of electronically stored information. If a date for a party's disclosure has passed, indicate whether the party complied with the deadline.**

        Plaintiff proposes May 3, 2018 for each party's mandatory initial discovery response and disclosure of electronically stored information.

        Defendants propose June 13, 2018 for each party's mandatory initial discovery response and disclosure of electronically stored information.

   C.   **Describe the parties' discussions regarding the mandatory initial discovery responses, including:**

        **i.      any objections invoked or limitations sought by any party in connection with the party's response; and**

        None currently, as the parties have not yet discussed the mandatory initial discovery responses.

        **ii.     the parties' resolution (or lack thereof) with respect to any such objection or limitation.**

        None.

3.   **Case Plan**

   A.   **Identify all pending motions.**

        None.

The City Defendants intend to file a motion for reassignment based upon relatedness pursuant to L.R. 40.1 of the case of *Solache v. City of Chicago, et al.*, 18 C 2312, which was filed on March 30, 2018.

**B.      State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.**

The ASA Defendants' present intention is to file an answer to the complaint.

The City Defendants are evaluating the Complaint and have not yet made a final decision.

**C.      Submit a proposed discovery plan, including the following information:**

**i.      the general type of discovery needed;**

Documents, communications and electronically stored information related to the underlying homicide investigation, and related to the City's policies and practices related to the alleged misconduct.

**ii.      whether discovery will encompass electronically stored information (ESI) and any anticipated issues regarding disclosure or discovery of ESI, including the form or forms in which it should be produced;**

Plaintiff anticipates requesting discovery that will encompass the disclosure of ESI, including in the form of e-mails, radio transmissions, mobile data communications, and audio and video recordings.

**iii.      any issues about claims of privilege or protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order;**

No issues currently.

**iv.      for cases not included in the Mandatory Initial Discovery Pilot Project, the date on which Rule 26(a)(1) disclosures were made or will be made;**

N/A

**v.      the date by which the parties will complete fact discovery;**

Plaintiff proposes a six month fact discovery schedule, ending on October 10, 2018.

Defendants propose an eighteen month fact discovery schedule, ending on October 11, 2019.

**vi.     whether expert discovery is contemplated and, if so, dates by which Rule 26(a)(2) disclosures will be made and expert depositions completed;**

All parties anticipate using experts. The Plaintiff proposes that Plaintiff's Rule 26(a)(2) disclosures will be due November 9, 2018, Defendants' Rule 26(a)(2) disclosures will be due December 10, 2018, and that Plaintiff's rebuttal 26(a)(2) disclosures, if any, will be due January 10, 2018.

Defendants propose that Plaintiff's Rule 26(a)(2) disclosures will be due November 11, 2019, Plaintiff's Rule 26(a)(2) disclosed witnesses will be deposed by January 6, 2020, Defendants' Rule 26(a)(2) disclosures will be due February 20, 2020, Defendants' Rule 26(a)(2) disclosed witnesses will be deposed by May 4, 2020, Plaintiff's rebuttal Rule 26(a)(2) disclosures, if any, will be due June 18, 2020, and Plaintiff's rebuttal Rule 26(a)(2) disclosed witnesses will be deposed by August 3, 2020.

**vii.    what changes, if any, should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules, such as changes in the number of depositions or interrogatories permitted;**

Given the number of individual Defendants (17), the number of additional third party witnesses with knowledge related to the underlying homicide and subsequent investigation and prosecution, the number of additional individuals with knowledge related to Plaintiff's *Monell* claims against the City of Chicago, as well as the number of damages witnesses, the parties anticipate the need for 30 or more depositions (many of which would take a half day or less). The parties will work together to identify instances in which depositions can be avoided, including, for example, when a witness has given applicable sworn testimony in other cases (often with the same counsel involved in this litigation).

**viii.   for cases included in the Mandatory Initial Discovery Pilot Project, the final date by which parties may supplement their mandatory initial discovery responses; and**

Pursuant to the Mandatory Initial Discovery Pilot Project, the parties propose a final supplementation date 60 days before the final pretrial conference, or if no such date is set, 90 days before trial.

**ix.     the date by which the parties must file any dispositive motions.**

Plaintiff proposes dispositive motions due February 8, 2019.

Defendants propose dispositive motions due October 2, 2020.

**D.      State whether there has been a jury demand and the estimated length of the trial.**

There has been a jury demand. The parties anticipate a three to four week trial.

**4.      Settlement**

**A.      State whether any settlement discussions have occurred and describe the status of any such discussions. Do not provide the particulars of any settlement demands/offers.**

No settlement discussions to date.

**B.      State whether the parties believe that a settlement conference would be productive at this time.**

Counsel for Defendants have not all filed notices of appearance, and so the parties have not yet discussed this issue.

**5.      Consent to Proceed Before a Magistrate Judge**

**A.      State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure.**

The parties do not consent to proceed before a magistrate judge.

Respectfully submitted,

| | |
|---|---|
| /s/ Anand Swaminathan | /s/ Eileen E. Rosen |
| Jon Loevy | Eileen E. Rosen |
| Anand Swaminathan | Stacy A. Benjamin |
| Steven Art | Catherine M. Barber |
| Loevy & Loevy | Theresa Berousek Carney |
| 311 N. Aberdeen St., Third Floor | Rock Fusco & Connelly, LLC |
| Chicago, IL 60607 | 321 N. Clark St., Suite 2200 |
| (312) 243-5900 | Chicago, IL 60654 |
| **Attorneys for Plaintiff** | (312) 494-1000 |
| | **Attorneys for Defendant City of Chicago** |

/s/ James E. Hanlon, Jr.
James E. Hanlon, Jr.
Cook County State's Attorney's
Office
50 West Washington Street
Room 500
Chicago, IL 60602-1356
(312) 603-3369
**Attorney for Defendant Cook
County and the Individual
State's Attorney Defendants**

## CERTIFICATE OF SERVICE

I, Anand Swaminathan, an attorney, certify that on April 3, 2018, I served the foregoing on all counsel of record via ECF.


/s/ Anand Swaminathan