IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18 Civ. 1028 |
| | ) | |
| v. | ) | Hon. Andrea R. Wood |
| | ) | District Judge |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | | |
| GABRIEL SOLACHE, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18 Civ. 2312 |
| | ) | |
| v. | ) | Hon. Andrea R. Wood |
| | ) | District Judge |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' JOINT MOTION TO APPOINT
AND SUBSTITUTE A SPECIAL REPRESENTATIVE**

Plaintiffs Arturo DeLeon Reyes and Gabriel Solache, by their undersigned attorneys, respectfully move this Court to appoint a special representative to defend these actions as representative of deceased Defendants John Karalow and Francis Cappitelli[1], and to substitute that special representative pursuant to Federal Rule of Civil Procedure 25, stating as follows.

1. Plaintiff Arturo DeLeon-Reyes filed his lawsuit on February 9, 2018, and Plaintiff Gabriel Solache filed his lawsuit on March 30, 2018, alleging that various officers of the Chicago Police Department—and in DeLeon Reyes' case, several Cook County State's Attorneys involved in his interrogation—caused them to be wrongly convicted of a March 1998

---

[1] Karalow is named as a defendant in both actions; Cappitelli is named as a defendant only in the DeLeon-Reyes action.

1

murder and to be incarcerated for almost two decades as a result. *See* Complaints, Dkt. 1. All Defendants have appeared, with the exception of Defendants John Karalow and Francis Cappitelli. In DeLeon Reyes, Defendants' responsive pleadings are due on May 14, 2018. (Dkt. 35), respectively, and a status hearing is set for May 29, 2018; in Solache, reassigned to this Court on April 24, 2018, the Court has yet to enter any orders.

2. Plaintiffs recently learned from counsel for Defendants, subsequent to filing their Complaints, that Defendants Karalow and Cappitelli are deceased.

3. Attorneys for the City of Chicago and the individual Defendants who have appeared have not yet filed suggestions of death for these two Defendants.

4. Plaintiffs' attorneys have been unable to locate an estate being opened at any time for Defendants Karalow and Cappitelli. Attorneys for the City of Chicago and the individual Defendants who have appeared in the case, and those attorneys have not informed Plaintiff of any estate being opened for Defendants Karalow and Cappitelli following their deaths.

5. Federal district courts in Illinois have the power to appoint special administrators consistent with Illinois law. *Stewart v. Special Administrator of the Estate of Mesrobian*, 559 Fed. App'x 543, 548 (7th Cir. 2014) (recognizing this power); *Anderson v. Romero*, 42 F.3d 1121, 1124-25 (7th Cir. 1994) (appointing attorneys as special administrators after death of a plaintiff); *see also Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995) ("42 U.S.C. § 1988 authorizes us to borrow provisions of state law where necessary to provide a complete remedy in a suit under 42 U.S.C. § 1983.").

6. Illinois provides for the appointment of a special representative for purposes of defending an action that survives a defendant's death. 735 ILCS 5/13-209(b)(2); *see also* ILCS 5/2-1008(b)(2); *Relf v. Shatayeva*, 998 N.E.2d 18 (Ill. 2013) (discussing the procedure for appointing a special representative). The constitutional and state-law claims alleged by

Plaintiffs survive the deaths of Defendants Karalow and Cappitelli. *E.g., Hicks v. Young*, 2012 WL 1755735, at *1-2 (N.D. Ill. May 15, 2012). Courts in this district have appointed special representatives in these circumstances. *See Savory v. Cannon*, No. 17 Civ. 204, Dkt. 41 (N.D.Ill. Mar. 9, 2017) (appointing city clerk as special representative for deceased defendants in wrongful conviction case); *Starks v. Waukegan, et al.*, No. 09 Civ. 348 (N.D. Ill. Jan. 15, 2014), Dkt. 208 (Order Appointing Special Administrator); *Rivera v. Lake County, et al,* 974 F. Supp. 2d 1179, 1199 (N.D. Ill. 2013) (appointing city clerk as special representative for deceased defendants); *Tamburo v. Dworkin*, 2012 WL 10454, at *3-4 (N.D. Ill. 2012) (discussing appointment of special representative under Illinois law); *see also Vaughn v. Griffin*, No. 2:15 Civ. 2047 (C.D. Ill. Sept. 19, 2017), Order on Dkt. 213; *Ross v. Gossett*, No. 15 Civ. 309 (S.D. Ill. July 20, 2017), Dkt. 368 (appointing special representative for deceased defendants).

    7. The same approach is appropriate here. This Court should appoint a special representative so that this action can be maintained against Defendants Karalow and Cappitelli. That special representative need not be an heir of any of the decedents. In fact, given that all Defendants are sued in this case in connection with their police work, given that the same attorneys are likely to represent all current and former members of the Chicago Police Department as this cases proceeds, given that Plaintiffs have indicated that they would be willing to waive punitive damages against Defendants Karalow and Cappitelli, and given that Illinois law requires municipalities to indemnify judgments of their officers, it makes sense to appoint an official, such as the City Clerk of Chicago, to serve as special representative of Defendants Karalow and Cappitelli in this case. The current City Clerk of Chicago is Anna M. Valencia.

    8. Federal Rule of Civil Procedure 25 provides that "[i]f a party dies and the claim is

not extinguished, the court may order substitution of the proper party." A motion to substitute must be brought within 90 days of service of the suggestion of death upon the parties and interested nonparties. *Atkins v. City of Chicago*, 547 F.3d 869, 871-74 (7th Cir. 2008).[2] Once appointed, the special administrator will be a proper party, and Plaintiffs respectfully request that the Court substitute the appointed special administrator for Defendants Karalow and Cappitelli.

9. Should the Court grant Plaintiffs' motion, Plaintiffs will promptly comply with all Illinois law requirements governing the substitution of a special representative in civil litigation. Specifically, following the appointment of a special representative and substitution of that special representative in the case, Plaintiffs will file "an amended complaint, substituting the personal representative as defendant" and will act "with reasonable diligence to serve process upon the personal representative." 735 ILCS 5/13-209(c)(1)&(2).

10. Finally, because the Seventh Circuit holds that interested nonparties must be served with both the suggestion of death and a motion to substitute, *Atkins*, 547 F.3d at 873-74, Plaintiffs intend to serve a copy of this motion, the suggestion of death (once filed), and the complaint in the case on the surviving next of kin of Defendants Karalow and Cappitelli, as outlined in the certificate of service to this motion.

11. Plaintiffs' counsel has conferred about this motion with counsel for Defendant City of Chicago and Individual Defendants. They have advised that they oppose this motion.

12. It is difficult to understand the Defendants' position as anything other than a means of unnecessary delay. As an initial matter, most of the individual Defendants are represented by

---

[2] Counsel for the individual Defendants informed Plaintiffs of the deaths of Defendants Karalow and Cappitelli, but has not filed suggestions of death, and so the clock to substitute is not yet running. However, given that it is important to have all parties at the table at the start of the case, Plaintiffs will promptly serve interested nonparties with all required papers.

the Sotos Law Firm, which agreed without opposition to the same procedure proposed in this motion – the appointment and substitution of a special representative – in identical circumstances. *See Savory v. City of Peoria, et al.*, No.17 Civ. 204 (Dkt. 38) (unopposed motion attached here as Exhibit A). Plaintiff DeLeon Reyes informed the Individual Defendants of this history involving their firm.

      WHEREFORE, Plaintiffs respectfully request that the Court appoint the City Clerk of Chicago, Anna M. Valencia, as special representative for the purpose of defending Plaintiffs' claims against Defendants Karalow and Cappitelli, and substitute the special representative pursuant to Rule 25.

Dated: May 7, 2018

                    Respectfully Submitted,

                    **Arturo Reyes,**

                    By: /s/Anand Swaminathan
                      Arthur Loevy
                      Jon Loevy
                      Anand Swaminathan
                      Steve Art
                      LOEVY & LOEVY
                      311 N. Aberdeen St., 3rd floor
                      Chicago, IL 60607
                      (312) 243-5900
                      *Attorneys for Plaintiff*
                      *Arturo DeLeon Reyes*

                    By: /s/Jan Susler
                      Jan Susler
                      John L. Stainthorp
                      Ben H. Elson
                      People's Law Office
                      1180 N. Milwaukee Ave., Third Floor
                      Chicago, IL 60642
                      (773) 235-0070
                      *Attorneys for Plaintiff Gabriel Solache*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certify that on May 7, 2018, I served the foregoing on all counsel of record via ECF.

    /s/   Anand Swaminathan
*One of Plaintiff's Attorneys*