**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ARTURO DELEON-REYES<br><br>    Plaintiff,<br><br>v.<br><br>REYNALDO GUEVARA, ET. AL.<br><br>    Defendants. | Case No. 18-CV-01028<br><br>Honorable Andrea R. Wood |
| GABRIEL SOLACHE,<br><br>    Plaintiff,<br><br>v.<br><br>REYNALDO GUEVARA, ET. AL.<br><br>    Defendants. | Case No. 18-CV-02312<br><br>Honorable Andrea R. Wood |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' JOINT MOTION TO APPOINT
AND SUBSTITUTE SPECIAL REPRESENTATIVE FOR DECEASED DEFENDANTS**

    Defendants Edwin Dickinson, Robert Rutherford, Dennis Stankus, John Naujokas, Daniel Trevino, Mark Harvey, Robert Beibel, and Edward Mingey, by their attorneys, The Sotos Law Firm, P.C., Defendants Reynaldo Guevara and Edward Halvorsen, by their attorneys, Leinenweber Baroni & Daffada, LLC, and Defendant City of Chicago by its attorneys, Rock Fusco & Connelly, LLC, (collectively "Defendants"), in opposition to Plaintiffs' motion to appoint and substitute a special representative for deceased Defendants John Karalow and Francis Cappitelli, state:

    1.  Plaintiffs move, relying on FED. R. CIV. P. 25, to appoint and substitute a special representative for the purpose of representing deceased Defendants John Karalow and Francis

Cappitelli (the "Deceased Defendants"). But Plaintiffs' request to appoint a special representative for the Deceased Defendants asks this Court to exert authority not granted to it by federal statute or the Federal Rules of Civil Procedure. Under federal and Illinois law, such an appointment should and must be directed to a probate court, which would likely be in a better position to decide the factual and legal issues associated with this request. As a result, Plaintiffs' motion should be denied.

2. At the outset, Plaintiffs' claim they have "recently learned from counsel for Defendants, subsequent to filing their Complaints, that Defendants Karalow and Cappitelli are deceased." (Dkt. 53, ¶2). But Defendants question whether any investigation was performed by Plaintiffs prior to filing the complaints considering a simple internet search reveals that Cappitelli died in June 2016 and Karolow died in 2008.[1]

3. Plaintiffs' request, however, to appoint and substitute a special representative where the Deceased Defendants died *before* the filing of a Complaint falls flat.[2] Federal district courts in Illinois do not have the power to appoint a special representative under these circumstances. *Abernathy v. Village of Park Forest, et al.*, No. 16-cv-2128 (N.D. Ill. October 30, 2017) Doc. No. 185 (Dow, J.) (federal court does not have the authority to appoint special administrator when deceased defendant died prior to the filing of plaintiff's complaint) (Ex. A); *Kluppelberg v. Burge, et al.*, No. 13-cv-3963 (N.D. Ill. December 6, 2013) Doc. No. 87, *4 (Lefkow, J.) ("the court remains unconvinced that it has the authority to appoint a 'special administrator' as requested" when certain defendants passed before filing of the complaint) (Ex.

---

[1] *See* https://today.uic.edu/deaths-frank-cappitelli (death of Cappitelli); https://www.newspapers.com/newspage/231748995/ and http://www.chicagofop.org/2008-departed-members/ (death of Karolow).

[2] Plaintiff Reyes filed his Complaint on February 9, 2018 (dkt. 1) and Plaintiff Solache filed his Complaint on March 30, 2018 (dkt. 1).

B); *Wilson v. Sunstrand Corp.*, No. 99 D 6944, 2002 WL 99745, at *4 (N.D. Ill. Jan. 25, 2002) (Kennelly, J.) ("A federal court lacks the authority to appoint a special administrator."); *Coleman v. McLaren*, 590 F. Supp. 38, 39 (N.D. Ill. 1984) (Shadur, J.) (holding that court lacked the power to appoint a personal representative to represent a deceased defendant).

6. The reasoning for these decisions finds further support when read in context with the judicially created "probate exception," which states that even when federal jurisdiction exists "a federal court nonetheless lacks jurisdiction over cases involving probate matters." *Storm v. Storm*, 328 F.3d 941, 943 (7th Cir. 2003)[3]; *see also Jones v. Brennan*, 465 F.3d 304, 306 (7th Cir. 2006) (citing *Storm* and recognizing the probate exception). Indeed, the Seventh Circuit has observed that "[s]ince its earliest invocations in the courts of this county, the exception has become an established feature of our federal judicial system." *Storm*, 328 F.3d at 943 (internal citations omitted).

7. Plaintiff's reliance on Federal Rule of Civil Procedure 25(a) in support of his request to substitute a special representative is misplaced. (Dkt. 53, ¶8). "Rule 25 speaks to the death of a party, meaning death after service." *Nash v. Baker*, et al. No. 14-c-1493 (N.D. Ill. April 6, 2015) Doc. No. 64, *3 (Gettleman, J.) (rejecting argument to substitute party under Rule 25 when deceased defendant died prior to complaint) (Ex. C). "[R]ule [25] only applies when a party dies during the pendency of the lawsuit." *Kluppelberg v. Burge, et al.*, No. 13-cv-3963 (N.D. Ill. December 6, 2013) Doc. No. 87, *3. Because the Deceased Defendants died years prior to Plaintiffs filing their complaints, Rule 25 is inapplicable, and Plaintiff has provided no federal rule or statute granting this Court authority to appoint a special representative. *See*

---

[3] But see *Marshall v. Marshall*, 547 U.S. 293, 311 (2006), which questioned the scope of the probate exception as applied in *Storm*. The Defendants cite *Storm* for the policy rationale underlying the probate exception and the *Marshall* court endorses such an approach. *See Marshall*, 47 U.S. at 312 (considering whether any "sound policy considerations' militate[d] in favor of extending the probate exception to cover the case at hand" (citation omitted)).

*Stanley v. Kenney*, No. 87 C 10822, 1988 WL 48240, at *1 (N.D. Ill. May 9, 1988) ("[w]hen a person for whom substitution is sought has died before being named a party, substitution is not allowed" under FED. R. CIV. P. 25).

8.     Plaintiffs' further reliance on a sister court's decision appointing a special representative in *Rivera v. Lake County, et al*. 974 F. Supp. 2d 1179, 1199 (N.D. Ill. 2013) (Leinenweber, J.) is even more troublesome. (Dkt. 53, ¶ 6). In *Rivera*, the court was not presented with the issue of whether a federal court had statutory authority to appoint a special representative when a deceased defendant died prior to the filing of a lawsuit. Rather, the particular deceased defendant in *Rivera* was seeking an outright dismissal of the action under 735 ILCS 5/13-209. *Rivera*, 974 Supp. 2d at 1198-99. This is plainly not the case at bar. But more importantly, in *McIntosh v. City of Chicago*, when the same court was faced with an identical situation as here, plaintiff's motion to appoint and substitute a special representative was denied and he was "instructed to seek the appointment of a special representative in probate court" finding the court lacked authority. No. 1:17-cv-06357 (N.D. Il. 2018), Doc. No. 56, (Leinenweber, J) (Ex. D).[4]

9.     Additionally, Plaintiffs' citation to *Tamburo v. Dworkin*, No. 04 C 3317, 2012 WL 104545 at *4 (N.D. Ill. Jan. 11, 2012) in support of substituting a special representative for the Deceased Defendants is similarly misguided. (Dkt. 53, ¶2). The *Tamburo* court was not presented with a request to substitute a special representative for a defendant who died *prior* to the initiation of a lawsuit. *Id*. *Tamburo* simply confirms that a plaintiff can substitute a special representative for a deceased party, consistent with Rule 25, that died during the pendency of the

---

[4] Significantly, Plaintiff Reyes' counsel, Loevy & Loevy, were also the attorneys representing plaintiffs in both the *Rivera* and *McIntosh* matters. As such, their reliance on *Rivera* to support their position, with full knowledge that under identical circumstances as this lawsuit, the same court in *McIntosh* instructed them to seek an appointment of a special representative in probate court, is particularly misleading.

4

litigation, had actually participated in the litigation, had notice, and an opportunity to be heard. *Id.* Here, the Deceased Defendants died prior to the lawsuit, have yet to be served, or otherwise officially (through their potential estates) made aware of this lawsuit against them.

10. Plaintiffs' further dependence on *Starks v. Waukegan*, et al., No. 09 C 348 (N.D. Ill. Jan. 15, 2014) Doc. No. 208, (Ex. E), in support of his position that "Courts in this district have appointed special representatives in these circumstances" is baseless. (Dkt. 53, ¶ 6). The minute entry order cited does not address whether a federal court has authority to appoint a special representative, and indicates the motion to appoint a special representative was granted, in part, because the defendants withdrew their opposition to the motion. In any event, the *Starks* plaintiff was seeking to substitute a special representative for a deceased party that had been served, answered several amended complaints, and appeared to have died *after* the filing of the lawsuit. *See Starks v. Waukegan*, et al., No. 09 C 348 (N.D. Ill. September 10, 2013) Doc. No. 165, (Ex. F). The facts warranting a substitution in *Starks* are not the circumstances presented here.[5]

11. Plaintiffs have not and cannot identify any federal rule or statute authorizing this Court to appoint a special administrator for the Deceased Defendants, or cited any authority to support their request that the Clerk of the City of Chicago be appointed as special administrator for the Deceased Defendants. Accordingly, Plaintiff's motion to appoint and substitute a special administrator for the purpose of representing the Deceased Defendants should be denied.

---

[5] Similarly, the fact that attorneys from the Sotos Law firm, who also represent certain Individual Defendants, agreed to permit the appointment of a special representative for deceased defendants in *Savory v. City of Peoria, et al.,* has no bearing or guidance here. *Savory* was a completely different factual and legal scenario given the age of the underlying criminal case (1977), the heirs specifically did not wish to be involved, the City of Peoria consented to the substitution, and most importantly, it appeared the Complaint would be dismissed on statute of limitations grounds (which it was).

12. Plaintiffs, however, are not without recourse. As cited in Plaintiffs' brief, Illinois law provides a place and procedure for ensuring that someone can answer and defend the claims leveled against them by Plaintiffs. *See* 735 ILCS 5/13-209(b) (providing the process by which state court may appoint a special administrator for a pre-deceased defendant). That procedure should be followed here. State probate court would be the better venue to decide the appropriateness of Plaintiffs' motion, as it would provide the opportunity for the Deceased Defendants heirs, legatees, and other interested parties to be heard while utilizing the expertise of that particular body and promoting judicial economy. *See Storm*, 328 F. 3d 944 (stating that promoting "judicial economy" is another reason for the probate exception).

WHEREFORE, for the foregoing reasons, Defendants respectfully request this Court deny Plaintiffs' motion to appoint and substitute a special representative for Deceased Defendants John Karalow and Francis Cappitelli.

Date: May 14, 2018

Respectfully Submitted,

/s/ Jeffrey R. Kivetz
Jeffrey R. Kivetz, Attorney No. 6308250
*One of the Attorneys for Dickinson, Rutherford, Stankus, Naujokas, Trevino, Harvey, Beibel and Mingey*

James G. Sotos
Jeffrey N. Given
Joseph M. Polick
Jeffrey R. Kivetz
David A. Brueggen
The Sotos Law Firm, P.C.
550 E. Devon Ave., Suite 150
Itasca, IL 60143
Tel: (630) 735-3300
jkivetz@jsotoslaw.com

/s/ Thomas M. Leinenweber
Thomas M. Leinenweber
*One of the Attorneys for Defendants Guevara and Halvorsen*

Thomas M. Leinenweber
James V. Daffada
Kevin E. Zibolski
Leinenweber Barroni & Daffada, LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
Tel: (312) 663-3003
Thomas@ilesq.com

<u>/s/ Eileen E. Rosen</u>
Eilene E. Rosen
*One of the Attorneys for the City of Chicago*

Eileen E. Rosen
Stacy A. Benjamin
Catherine M. Barber
Theresa B. Carney
Rock Fusco & Connelly, LLC
321 N. Clark, Suite 2200
Chicago, IL 60654
Tel: (312) 494-1000
erosen@rfclaw.com

**CERTIFICATE OF SERVICE**

    I certify under penalty of perjury, pursuant to 28 U.S.C.A. § 1746, that on May 14, 2018, I electronically filed the foregoing **Defendants' Opposition to Plaintiff's Joint Motion to Appoint and Substitute Special Representative for Deceased Defendants** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list:

*Plaintiff's Attorneys:*

Jon Loevy
Steven Art
Anand Swaminatha
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
jon@loevy.com
steve@loevy.com
anand@loevy.com

*Attorneys for Gabriel Solache:*

Jan Susler
Ben H. Elson
John L. Stainthorp
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
(773) 235-0070
jsusler@gmail.com
ben.elson79@gmail.com
stainthorp@gmail.com

*Attorney for Cook County Defendants:*

James E. Hanlon, Jr.
Cook County State's Attorney's Office
50 W. Washington St., Room 500
Chicago, IL 60602
(312) 603-3369
James.hanlon@cookcountyil.gov

*Attorneys for City of Chicago:*

Eileen E. Rosen
Stacy A. Benjamin
Catherine M. Barber
Theresa B. Carney
Rock Rusco & Connelly, LLC
312 N. Clark, Suite 2200
Chicago, IL 60654
(312) 494-1000
erosen@rfclaw.com
sbenjamin@rfclaw.com
cbarber@rfclaw.com
tcarney@rfclaw.com

*Attorneys for Defendants Guevara and Halverson:*

James V. Daffada
Thomas M. Leinenweber
Kevin E. Zibolski
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
(312) 663-3003
jim@ilesq.com
Thomas@ilesq.com
kevin@ilesq.com

/s/ Jeffrey R. Kivetz
Jeffrey R. Kivetz