**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTIRCT OF ILLINIOS
EASTERN DIVISION**

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18 Civ. 1028 |
| | ) | |
| v. | ) | Hon. Andrea R. Wood |
| | ) | District Judge |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18 Civ. 2312 |
| | ) | |
| v. | ) | Hon. Andrea R. Wood |
| | ) | District Judge |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JOINT INITIAL STATUS REPORT**

1.      **Nature of the Case**

      **A.**      **Identify the attorneys of record for each party, including the lead trial attorney:**

          For Plaintiff:
          Jon Loevy (lead)
          Anand Swaminathan
          Steven Art
          Rachel Brady
          Sean Starr
          Loevy & Loevy
          311 N. Aberdeen, 3rd floor
          Chicago, IL 60607
          312.243.5900
          steve@loevy.com

anand@loevy.com
rachel@loevy.com
sean@loevy.com
rachel@loevy.com
jon@loevy.com

For Gabriel Solache
Jan Susler (lead)
John L. Stainthorp
Ben H. Elson
People's Law Office
1180 N. Milwaukee, 3rd floor
Chicago, IL 60642
773.235.0070
jsusler@gmail.com
stainthorp@gmail.com
ben.elson79@gmail.com

For Defendant City of Chicago:
Eileen E. Rosen (lead)
Catherine M. Barber
Stacey Benjamin
Theresa Carney
Rock Fusco & Connelly LLC
321 N. Clark St., Suite 2200
Chicago, IL 60654
312.494.1000
erosen@rfclaw.com
cbarber@rfclaw.com
sbenjamin@rfclaw.com
tcarney@rfclaw.com

For Individual Chicago Police Defendants Guevara and Halvorsen:
Thomas M. Leinenweber (lead)
James V. Daffada
Kevin E. Zibolski
Leinenweber Baroni & Daffada LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
312.663.3003
thomas@ilesq.com
jim@ilesq.com
kevin@ilesq.com

For Individual Chicago Police Defendants Dickinson, Rutherford, Stankus,

Naujokas, Harvey, Trevino, Mingey, Biebel, and:
James G. Sotos (lead)
Jeffrey Given
Josh M. Engquist
Joseph M. Polick
Jeffrey Kivetz
David Brueggen
Caroline P. Golden
Sotos Law Firm
550 E. Devon, Suite 150
Itasca, IL 60143
630.735.3300
jsotos@jsotoslaw.com
jgiven@jsotoslaw.com
jengquist@jsotoslaw.com
jpolick@jsotoslaw.com
jkivetz@jsotoslaw.com
dbrueggen@jsotoslaw.com
cgolden@jsotoslaw.com

For Individual Prosecutor Defendants Wehrle, Navarro, Brualdi, Varga, and
O'Malley:
Christina Catherine Chojnacki
Yulia Nikolaevskaya
Office of the Cook County State's Attorney
Civil Rights Section
500 Richard Daley Center
Chicago, IL 60602
(312) 603-3473
christina.chojnacki@cookcountyil.gov
yulia.nikolaevskaya@cookcountyil.gov

**B.** **Identify any parties that have not yet been served.**

John Karalow and Frank Cappitelli are deceased and have not been served nor
has anyone appeared on their behalf.

**C.** **State the basis for federal jurisdiction. If jurisdiction over any claims is
based on diversity or supplemental jurisdiction:**

28 U.S.C. §1331 gives this Court jurisdiction of Plaintiff's federal claims brought
pursuant to 42 U.S.C. §1983. The Court's supplemental jurisdiction, 28 U.S.C.
§1367, gives this Court jurisdiction over Plaintiff's claims under Illinois state law.
Diversity jurisdiction is not an issue.

3

     **i.**      **state whether and, if so, why the amount in controversy exceeds the jurisdictional threshold; and**

The amount in controversy exceeds $75,000, given that the complaint alleges Plaintiff's wrongful imprisonment which resulted in his wrongful arrest in 1998 and his continuous incarceration through the end of 2017, when he was exonerated.

     **ii.**      **identify the state of citizenship of each named party**.

Plaintiffs are Mexican citizens. Defendant Dickinson resides in Florida, John Karalow and Frank Capitelli are deceased, and all other named Defendants reside in Illinois.

**D.**      **Describe generally the nature of the claims asserted in the complaint, any counterclaims, and the relief sought.**

Each Plaintiff alleges that he was wrongfully convicted and served almost 20 years in prison for a 1998 double murder that he did not commit because of the constitutional violations of the Individual Chicago Police Defendants during the criminal investigation. Plaintiff Reyes has additionally brought claims against Prosecutor Defendants. Each Plaintiff asserts claims under 42 U.S.C. § 1983 against the Individual Chicago Police Defendants for coerced confession, fabrication of false witness statements, deprivation of liberty without probable cause, violations of due process, and failure to intervene, and conspiracy. Plaintiff Reyes asserts claims under 42 U.S.C. § 1983 against the Prosecutor Defendants for coerced confession and fabrication of false witness statements. Each Plaintiff asserts claims *Monell* policy and practice claims under 42 U.S.C. § 1983 against the City of Chicago. Each Plaintiff also asserts state law claims for malicious prosecution, intentional infliction of emotional distress, civil conspiracy, *respondeat superior* and indemnification. The relief sought is compensatory damages and attorney's fees and costs against all defendants, and punitive damages against the individual defendants. There are no counterclaims.    `

**E.**      **State the major legal and factual issues in the case**.

Whether the defendants committed the acts alleged in the complaint, including: whether the defendants coerced and fabricated Plaintiff's confession and false witness statements; deprived Plaintiff of his liberty without probable cause; violated his rights to due process, including through suppressing and/or destroying exculpatory evidence and fabricating inculpatory evidence; failed to intervene to prevent the violation of his rights by others; conspired to violate Plaintiff's constitutional rights; and whether their conduct meets the legal standards related to the foregoing claims.

The City Defendants deny Plaintiffs' allegations of misconduct and anticipate the primary factual and legal issues will be whether Plaintiffs can meet their burden of proof on each element of each constitutional and state law claim alleged in their Complaints, and whether the Defendant Officers are entitled to qualified immunity.

The ASA Defendants deny Plaintiff Reyes's allegations of misconduct and deny that they were involved in or knew about any alleged coercion. The ASAs roles (to the extent each was involved at all) was that of a prosecutor for which absolute immunity applies.

2.    **Mandatory Initial Discovery Pilot Project**
      **(does not apply to cases exempt from the pilot project)**

   A.   **Confirm that all of the parties have read and discussed the Standing Order Regarding Mandatory Initial Discovery Pilot Project.**

        Confirmed.

   B.   **State the due dates for each party's mandatory initial discovery response and disclosure of electronically stored information. If a date for a party's disclosure has passed, indicate whether the party complied with the deadline**.

        Plaintiffs' Position:  The Court set August 13, 2018 for mandatory initial disclosures. The Court set July 13, 2018 for disclosure of electronically stored information.

        Defendants' Position:  On April 10, 2018, the Court ordered the Parties to provide their mandatory initial discovery responses by June 13, 2018, and exchange ESI 40 days later, as set forth in the MIDPP Standing Order, which was July 23, 2018. Subsequently, the mandatory initial discovery responses were moved to August 13, 2018, thereby making the exchange of ESI due on or before September 23, 2018.

   C.   **Describe the parties' discussions regarding the mandatory initial discovery responses, including:**

        i.    **any objections invoked or limitations sought by any party in connection with the party's response; and**

        None as of yet, since the parties have not yet discussed the mandatory initial discovery responses.

        ii.   **the parties' resolution (or lack thereof) with respect to any such**

**objection or limitation**.

None.

**3.      Case Plan**

**A.      Identify all pending motions.**

None.

**B.      State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.**

No defendant anticipates responding to the complaint by motion.  The City anticipates filing a Motion to Bifurcate

**C.      Submit a proposed discovery plan, including the following information:**

**i.      the general type of discovery needed;**

Documents, communications, electronically stored information, and depositions related to the underlying homicide and kidnap investigation, the alleged damages claimed by plaintiffs, and to the City's policies, practices and customs regarding the alleged misconduct.

**ii.      whether discovery will encompass electronically stored information (ESI) and any anticipated issues regarding disclosure or discovers of ESI, including the form or forms in which it should be produced;**

Plaintiff anticipates seeking discovery that would include disclosure of ESI, such as emails, radio transmissions, mobile data communications, metadata, and audio and video recordings.

**iii.      any issues about claims of privilege or protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order;**

No issues at this time.

**iv.      for cases not included in the Mandatory Initial Discovery Pilot Project, the date on which Rule 26(a)(1) disclosures were made or will be made;**

Not applicable.

**v.      the date by which the parties will complete fact discovery**;

Plaintiffs propose that fact discovery be completed by May 3, 2019

Defendants propose eighteen month fact discovery schedule, ending on January 27, 2020.

**vi.      whether expert discovery is contemplated and, if so, dates by which Rule 26(a)(2) disclosures will be made and expert depositions completed**;

All parties anticipate using expert witnesses.

Plaintiffs propose that:
      Plaintiff's Rule 26(a)(2) disclosures be due June 3, 2019;
      Plaintiff's Rule 26(a)(2) disclosed witnesses will be deposed by July 3, 2019;
      Defendants' Rule 26(a)(2) disclosures be due July 3, 2019;
      Defendants' Rule 26(a)(2) disclosed witnesses will be deposed by August 3, 2019;
      Plaintiff's rebuttal Rule 26(a)(2) disclosures, if any, be due August 3, 2019;
      Plaintiff's Rule 26(a)(2) disclosed rebuttal witnesses will be deposed by September 3, 2019 .

Defendants propose that:
      Plaintiff's Rule 26(a)(2) disclosures be due February 27, 2020;
      Plaintiff's Rule 26(a)(2) disclosed witnesses will be deposed by 3/27/2020;
      Defendants' Rule 26(a)(2) disclosures be due 5/15/2020;
      Defendants' Rule 26(a)(2) disclosed witnesses will be deposed by 6/15/2020;
      Plaintiff's rebuttal Rule 26(a)(2) disclosures, if any, be due 7/27/2020;
      Plaintiff's Rule 26(a)(2) disclosed rebuttal witnesses will be deposed by 8/27/2020.

**vii.      what changes, if any, should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules, such as changes in the number of depositions or interrogatories permitted**;

The parties anticipate the need for 30 or more depositions, given that there are nine individual defendants and many non-party witnesses with knowledge of the

investigation and prosecution of the underlying crime; the *Monell* claims against the City; and several damages witnesses. The parties will cooperate to avoid duplicating discovery which has taken place in other related litigation, including where counsel of record here have participated.

**viii.     for cases included in the Mandatory Initial Discovers Pilot Project, the final date by which parties may supplement their mandatory initial discovery responses; and**

The parties propose a final supplementation of their mandatory initial discovery responses 60 days before the final pretrial conference, or if no such date is set, 90 days before trial.

**ix.     the date by which the parties must file any dispositive motions**.

Plaintiffs propose dispositive motions due September 3, 2019;

Defendants propose dispositive motions due October 27, 2020.

**D.     State whether there has been a jury demand and the estimated length of the trial.**

There has been a jury demand. The parties anticipate a trial lasting two to four weeks.

**3.     Settlement**

**A.     State whether any settlement discussions have occurred and describe the status of any such discussions. Do *not* provide the particulars of any settlement demands/offers.**

No settlement discussions have occurred.

**B.     State whether the parties believe that a settlement conference would be productive at this time.**

Plaintiff is open to participating in a settlement conference at this time. Defendants are not yet in a position to determine if a settlement conference would be productive.

**4.     Consent to Proceed Before a Magistrate Judge**

**A.     State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the**

**parties unanimously consent to that procedure.**

Plaintiffs do not at this time consent to proceed before a magistrate judge.

Defendants do not at this time consent to proceed before a magistrate judge.

Dated: July 27, 2018
Respectfully submitted,

/s/ Anand Swaminathan
Jon Loevy
Anand Swaminathan
Steven Art
Rachel Brady
Sean Starr
Loevy & Loevy
311 N. Aberdeen, 3rd floor
Chicago, IL 60607
312.243.5900
steve@loevy.com
anand@loevy.com
rachel@loevy.com
sean@loevy.com
jon@loevy.com

Attorneys for Arturo Reyes

s/ Jan Susler
Jan Susler
John L. Stainthorp
Ben H. Elson
People's Law Office
1180 N. Milwaukee, 3rd floor
Chicago, IL 60642
773.235.0070
jsusler@gmail.com
stainthorp@gmail.com
ben.elson79@gmail.com

Attorneys for Gabriel Solache

9

s/ Eileen Rosen_____
Eileen E. Rosen
Catherine M. Barber
Stacey Benjamin
Theresa Carney
Rock Fusco & Connelly LLC
321 N. Clark St., Suite 2200
Chicago, IL 60654
312.494.1000
erosen@rfclaw.com
cbarber@rfclaw.com
sbenjamin@rfclaw.com
tcarney@rfclaw.com

Attorneys for Defendant City of Chicago:


s/ Thomas Leinenweber_____
Thomas M. Leinenweber
James V. Daffada
Kevin E. Zibolski
Leinenweber Baroni & Daffada LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
312.663.3003
thomas@ilesq.com
jim@ilesq.com
kevin@ilesq.com

Attorneys for Individual Chicago Police Defendants Guevara and Halvorsen


s/ Josh Engquist_____
James G. Sotos
Josh M. Engquist
Joseph M. Polick
Jeffrey Kivetz
David Brueggen
Jeffrey Given
Sotos Law Firm
550 E. Devon, Suite 150
Itasca, IL 60143
630.735.3300
jsotos@jsotoslaw.com
jengquist@jsotoslaw.com

jpolick@jsotoslaw.com
jkivetz@jsotoslaw.com
dbrueggen@jsotoslaw.com
jgiven@jsotoslaw.com

Attorneys for Individual Chicago Police Defendants Dickinson, Rutherford, Stankus, Naujokas, Harvey, Trevino, Mingey, and Biebel


s/ Christina Chojnacki_____
Christina Catherine Chojnacki
Yulia Nikolaevskaya
Office of the Cook County State's Attorney
Civil Rights Section
500 Richard Daley Center
Chicago, IL 60602
(312) 603-3473
christina.chojnacki@cookcountyil.gov
yulia.nikolaevskaya@cookcountyil.gov

Attorneys for Individual Prosecutor Defendants Wehrle, Navarro, Brualdi, Varga, and O'Malley and Cook County

11