**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ARTURO DELEON-REYES

               Plaintiff,

v.

REYNALDO GUEVARA, ET. AL.

               Defendants.

Case No. 18-CV-01028

Honorable Andrea R. Wood

-----------------------------------------------------------------------------------------------------------------

GABRIEL SOLACHE,

               Plaintiff,

v.

REYNALDO GUEVARA, ET. AL.

               Defendants.

Case No. 18-CV-02312

Honorable Andrea R. Wood

**DEFENDANTS' RESPONSE TO PLAINTIFFS' JOINT MOTION FOR LEAVE TO
FILE SUPPLEMENTAL AUTHORITY**

Defendants Edwin Dickinson, Robert Rutherford, Dennis Stankus, John Naujokas, Daniel

Trevino, Mark Harvey, Robert Beibel, and Edward Mingey, by their attorneys, The Sotos Law

Firm, P.C., Defendants Reynaldo Guevara and Edward Halvorsen, by their attorneys,

Leinenweber Baroni & Daffada, LLC, and Defendant City of Chicago by its attorneys, Rock

Fusco & Connelly, LLC, (collectively "Defendants"), respond to Plaintiffs' motion for leave to

file supplemental authority in support of their motion to appoint and substitute a special

representative for deceased Defendants John Karalow and Francis Cappitelli ("Plaintiff's

Motion"), and state:

1.  Plaintiff's Motion was filed on August 20, 2018. *Docket No. 81*. The "supplemental authority" Plaintiffs cited was Judge Gettleman's minute order in the matter of *Coleman v. City of Chicago, et al.*, 18 C 998. Plaintiffs' Motion also quoted directly from the transcript, *Dkt No. 81* at ¶ 3, and asserts Judge Gettleman's reasoning supports their position that this Court should appoint a special representative.

2.  At the time Plaintiffs' Motion was filed, however, there was a pending motion to reconsider Judge Gettleman's order, which Plaintiffs neglected to mention. *See Fulton v. City of Chicago, et al.*, 17 CV 8696, *Docket No. 75*.[1]

3.  At the August 22, 2018 hearing on the motion to reconsider, Judge Gettleman revisited his prior decision, acknowledged the complexity of the appointment of representatives for estates, questioned whether the federal courts had jurisdiction, and, in the end, advised the plaintiffs to strongly consider resolving the issue in state courts but permitted them several weeks to weigh their options. *See* Exhibit A, Transcript of 8/22/18 hearing, at 7-10.

4.  Indeed, appointment of any type of estate representative involves a complicated area of Illinois law best left for Illinois courts, and this Court should have Plaintiffs get this issue resolved by an Illinois court, as Judge Gettleman recommended.

5.  When a party dies prior to the initiation of a lawsuit and the cause of action survives, Illinois law governs how an attorney can have an individual appointed to represent the estate. *See* 735 ILCS 5/13-209; *Relf v. Shatayeva*, 2013 IL 114925, 998 N.E. 2d 18 (2013).[2] This is a complex area of state law that is dependent on precise

---

[1] As here, the cases of *Fulton v. City, et al.*, 17 CV 8696 and *Coleman v. City, et al.*, 18 CV 998 have been reassigned for all discovery based on relativeness.

[2] Federal Rule of Civil Procedure 25 does not apply when the individual dies prior to the initiation of the lawsuit. *See Dkt. No. 59* at ¶3.

terminology and any decisions by Illinois probate courts. *Relf*, 2013 IL 114925, at ¶¶ 32-38. The Court should be persuaded that the issues are best resolved by an Illinois court with a deep understanding of the applicable law and precedents.

6.  For instance, the appointment of a special representative requires a specific procedure to be followed prior to the appointment of any "special representative." § 13-209(b)(2). Nothing in Plaintiffs' original motion conveys the inference that they followed this strict procedure – which requires adequate notice be provided to "the party's heirs and legatees" – and there is nothing to suggest that Plaintiffs actually performed this act. Instead, Plaintiffs ask this Court to appoint a "special representative" right away, without providing notice to the heirs and legatees, and, thus, violate Illinois law.

7.  The proper course of action would be the make this request in an Illinois probate court, which could closely monitor and enforce the "notice" requirements and is familiar with the appropriate standards. This is not a perfunctory, meaningless task – it is possible that, upon receiving notice, an heir or legatee of the deceased will contest the appointment of a special representative in this action. In such a scenario, the Court would lose jurisdiction. *See Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006) (explaining the "probate exception" to federal jurisdiction). This specific issue was discussed during the August 22, 2018 status hearing in *Fulton/Coleman*. *See* Exhibit A at 7.

8.  Additionally, the City Clerk is an inappropriate representative to defend the estates. Judge Gettleman came to the same conclusion in *Fulton/Coleman* during the August 22, 2018 status hearing. *See* Exhibit A at 5.  This is because the City Clerk has a vast

amount of responsibilities imposed under both municipal ordinance and Illinois law. *See* Chicago Municipal Code § 2-12-010; 62 ILCS 5/3.1-35-5 *et seq*. The City Clerk should be permitted to focus on those duties without the added imposition of acting as the representative of the estate of a deceased Chicago Police Officer. Moreover, a special representative of an estate is not merely a placeholder position who accepts service of the civil complaint and does nothing further; the position of "special representative" requires the individual to defend against litigation by working with the estate's attorneys and complying with discovery requirements. Having the City Clerk tasked with these responsibilities would be entirely inappropriate.

9. Finally, as set forth in Defendants' opposition to Plaintiffs' joint motion to substitute a special representative, federal courts in Illinois simply do not have the power to appoint a special representative under the circumstances where a defendant dies before the filing of a complaint and as such, Plaintiff's instant request should be made to an Illinois probate court. (Dkt. 59).

WHEREFORE, for the reasons discussed in Defendants' response to Plaintiffs' original motion and those discussed here, the Court should decline to appoint a representative for the estates of Karalow and Cappitelli and, instead, should have Plaintiffs petition the Illinois probate court to appoint proper representatives under Illinois law for those estates.

4

Date: August 24, 2018        Respectfully Submitted,


/s/ Jeffrey Given
Jeffrey Given, Attorney No. 06184989
*One of the Attorneys for Dickinson, Rutherford, Stankus, Naujokas, Trevino, Harvey, Beibel and Mingey*

James G. Sotos
Jeffrey N. Given
Joseph M. Polick
Jeffrey R. Kivetz
David A. Brueggen
The Sotos Law Firm, P.C.
550 E. Devon Ave., Suite 150
Itasca, IL 60143
Tel: (630) 735-3300
jgiven@jsotoslaw.com


/s/ Eileen E. Rosen
Eilene E. Rosen
*One of the Attorneys for the City of Chicago*

Eileen E. Rosen
Stacy A. Benjamin
Catherine M. Barber
Theresa B. Carney
Rock Fusco & Connelly, LLC
321 N. Clark, Suite 2200
Chicago, IL 60654
Tel: (312) 494-1000
erosen@rfclaw.com

/s/ Thomas M. Leinenweber
Thomas M. Leinenweber
*One of the Attorneys for Defendants Guevara and Halvorsen*

Thomas M. Leinenweber
James V. Daffada
Kevin E. Zibolski
Leinenweber Barroni & Daffada, LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
Tel: (312) 663-3003
Thomas@ilesq.com

## CERTIFICATE OF SERVICE

I certify under penalty of perjury, pursuant to 28 U.S.C.A. § 1746, that on August 24, 2018, I electronically filed the foregoing **Defendants' Response To Plaintiffs' Joint Motion For Leave To File Supplemental Authority** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list:

*Plaintiff's Attorneys:*

Jon Loevy
Steven Art
Anand Swaminatha
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
jon@loevy.com
steve@loevy.com
anand@loevy.com

*Attorneys for Gabriel Solache:*

Jan Susler
Ben H. Elson
John L. Stainthorp
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
(773) 235-0070
jsusler@gmail.com
ben.elson79@gmail.com
stainthorp@gmail.com

*Attorney for Cook County Defendants:*

James E. Hanlon, Jr.
Cook County State's Attorney's Office
50 W. Washington St., Room 500
Chicago, IL 60602
(312) 603-3369
James.hanlon@cookcountyil.gov

*Attorneys for City of Chicago:*

Eileen E. Rosen
Stacy A. Benjamin
Catherine M. Barber
Theresa B. Carney
Rock Rusco & Connelly, LLC
312 N. Clark, Suite 2200
Chicago, IL 60654
(312) 494-1000
erosen@rfclaw.com
sbenjamin@rfclaw.com
cbarber@rfclaw.com
tcarney@rfclaw.com

*Attorneys for Defendants Guevara and Halverson:*

James V. Daffada
Thomas M. Leinenweber
Kevin E. Zibolski
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
(312) 663-3003
jim@ilesq.com
Thomas@ilesq.com
kevin@ilesq.com

*/s/ Jeffrey Given*
Jeffrey Given

6