*DeLeon-Reyes v. Guevara, et al.*
Case No. 18 CV 01028
*Solache v. Guevara, et al.*
Case No. 18 CV 02312

# Exhibit A

1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DERRELL FULTON,                         )
                                        )
          Plaintiff,                    )
                                        )
     vs.                                )  No. 17 C 8696
                                        )
WILLIAM FOLEY, et al.,                  )
                                        )
          Defendants.                   )  Chicago, Illinois
-----------------------------           )  August 22, 2018
NEVEST COLEMAN,                         )  10:07 a.m.
                                        )
          Plaintiff,                    )
                                        )
     vs.                                )  No. 18 C 998
                                        )
CITY OF CHICAGO, et al.,                )
                                        )
          Defendants.                   )

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE ROBERT W. GETTLEMAN

APPEARANCES:

For Plaintiff Fulton:      KATHLEEN T. ZELLNER & ASSOCIATES, P.C.
                           BY:  MR. NICHOLAS M. CURRAN
                           1901 Butterfield Road, Suite 650
                           Downers Grove, Illinois 60515
                           (630) 955-1212


For Plaintiff Coleman:     LOEVY & LOEVY
                           BY:  MS. RACHEL E. BRADY
                           311 North Aberdeen Street, Third Floor
                           Chicago, Illinois 60607
                           (312) 243-5900


Official Court Reporter:   NANCY L. BISTANY, CSR, RPR, FCRR
                           219 South Dearborn Street, Room 1706
                           Chicago, Illinois 60604
                           (312) 435-7626
                           nancy_bistany@ilnd.uscourts.gov

APPEARANCES:   (Continued)

For Individual          ROCK FUSCO & CONNELLY, LLC
Officer Defendants:     BY:   MR. PATRICK R. MORAN
                        321 North Clark Street, Suite 2200
                        Chicago, Illinois 60654
                        (312) 494-1000


For the City of         THE SOTOS LAW FIRM, PC
Chicago:                BY:   MR. SHAWN W. BARNETT
                        550 East Devon Avenue, Suite 150
                        Itasca, Illinois 60143
                        (630) 735-3300

(Proceedings heard in open court:)

THE CLERK: 17 CV 8696, Derrell Fulton versus City of Chicago, and 18 CV 998, Nevest Coleman versus City of Chicago.

MR. BARNETT: Good morning, Your Honor.

Shawn Barnett for the City of Chicago.

MS. BRADY: Good morning, Your Honor.

Rachel Brady on behalf of plaintiff Nevest Coleman.

MR. CURRAN: Good morning, Your Honor.

Nicholas Curran on behalf of Derrell Fulton.

MR. MORAN: Good morning, Judge.

Pat Moran on behalf of the individual officer defendants in both lawsuits.

THE COURT: Good morning.

All right. I read your motion. I don't think we talked about it in these terms when you were here the last time. We were just talking about whether there should be a personal representative appointed. And I see what you're saying. It seems to make sense to me.

Is it -- the only thing we did mention -- and I don't know -- not quite in these terms, but is it possible to go back -- to do what you're suggesting, go back to Mrs. Foley and have her decline and then appoint a volunteer lawyer to step in?

MR. BARNETT: I think, Your Honor, what we would have to do in that situation, we would have to ask the probate court

4

to modify any existing probate orders. There --

THE COURT: You would have to actually -- you would have to actually resurrect the case, the probate case in some fashion.

MR. BARNETT: Possibly, Your Honor. I'm not -- I do not hold myself out to be a probate expert.

THE COURT: Well, apparently, neither are any of us here.

(Laughter.)

MR. BARNETT: But I think that the -- anything that happens has to involve the probate court, because there was this prior estate opened. And I think that that would be the best route for everyone to take.

THE COURT: Well, I don't want to do this wrong because that could follow the case, you know, and this is a wrinkle in a much bigger matter.

So I think what we should do -- well, how do you feel about it?

MS. BRADY: Your Honor, I think the key distinction here between this case and all the cases that the defendants cite is Mr. Foley's estate was closed years ago. And the statute contemplates a situation like this where the Court can appoint a special representative when there's no active estate. And that's exactly the situation here.

The statute doesn't -- doesn't specifically address

the situation, but all the cases -- and, I mean, to be honest I looked for any cases that address a situation like this where the estate had been opened and closed years ago. And the cases just don't touch it.

So, you know, if Your Honor is inclined, we could -- we would be happy to brief the issue, but I think that the statute allows for a special representative in a situation where there is no open estate.

MR. BARNETT: Your Honor, if I may.

I think that because we are deciding issues of Illinois law, we should get an Illinois probate court involved who is intimately familiar with the statutes and will be able to say one way or the other, "This is how Illinois law works when you have a probate estate that was open and closed."

THE COURT: Well, if they go to the probate court and petition to have Mrs. Foley appointed special representative and give the notice to the heirs, as you say they should have done, which I don't think we even talked about last time, and the judge in the probate court says, "No, I'm not going to do that," where do we go from there?

At that point, do you come back here, and I'll appoint a volunteer? I'm happy not to appoint the clerk of -- the city clerk because of what you say. I don't care who it is. We just want somebody basically to be a placeholder here, so that if there is a verdict against this gentleman, there

will be indemnity or at least there might be indemnity. We talked about that before, too.

MR. BARNETT: I -- the city's position is that we have no objection to a special representative or personal representative being -- being appointed. And if we were to go to probate court, the city's position is that if the plaintiffs want to reopen the estate and the -- they can -- you know, the heirs don't object, we have no objection to someone being appointed special rep by the probate court.

And I actually was there several months ago on a similar issue, and the probate judge had no objection to appointing a special representative.

THE COURT: So he would appoint Mrs. Foley, and then she would decline, and then he would appoint somebody else that you suggested?

MR. BARNETT: I think that if we reach out -- we can reach out to Ms. Foley, and we can ask her if she will agree to serve. And if not, then we can have her appear, or something similar, and inform the probate judge of that so the probate court will not have any issue with appointing somebody else, provided that there is that notice, because I believe she is the registered heir.

THE COURT: And you have somebody else -- well, you say in your motion that you believe she is going to decline.

MR. BARNETT: I have not --

THE COURT: And I can understand that, obviously. This is something she probably doesn't want to have to deal with or relive.

MR. BARNETT: She has -- two other attorneys expressed reluctance, but the city has gone out, and we have spoken to a retired attorney who would be agreeable to acting as a special representative and working with the city, the individual defendants' attorneys, and the estate to gather any documents or anything like that.

MS. BRADY: Your Honor, that seems like kind of a long way around the issue which is right here in front of you, which is you could just appoint that person now, you know, if defendants have a person in mind.

THE COURT: What they're saying is that I may not have the authority to do that because, in a sense, I'm acting as a probate court, which I don't have jurisdiction to do.

MR. BARNETT: And, Your Honor --

THE COURT: And I'm quite familiar with that jurisdictional issue.

By the way, I had asked you to give me a draft order last time around. I never saw one.

MR. CURRAN: Your Honor, the reason for that is, the city had approached us about perhaps naming someone other than the clerk as representative, which we're amenable to.

THE COURT: Sure.

MR. CURRAN: And they were going to do some checking on that before we submitted a draft order.

THE COURT: Okay. So in a way, there's no reconsideration of anything because I never entered the order. I just entered a minute order granting it, with a draft order to follow, which never was submitted.

So in a sense -- and there's no Rule 60 or Rule 59 issue here. This is a purely interlocutory order. So there's certainly jurisdiction to review whatever I did back on July 18th.

Here's what I'd like to do. I think they're right. I really think that we should do -- we should make sure that we don't have a jurisdictional issue. And I would think that you guys on the plaintiffs' side would be on the same page as the city on this one.

MS. BRADY: But, Your Honor, if we could have just a couple weeks just to brief the issue.

THE COURT: I don't want to brief the issue. Come back -- I'll give you a couple weeks. Come back and tell me whether or not you'll agree to this, because it's not a big deal to go into probate court. I mean, I used to do probate litigation back in the day. The judges there are very accessible.

Was this Judge Budzinski?

MR. BARNETT: I believe she's the one who entered the

orders for the probate court back in the mid-2000s.

THE COURT: Is it a she or a he?

MR. MORAN: It's a he.

THE COURT: It's a he. No, I tried cases before Judge --

MR. MORAN: She is on the law division side.

THE COURT: Okay. There's a Budzinski on the --

MR. BARNETT: Yes.

MR. MORAN: I believe that might be his daughter.

THE COURT: Okay. All right. Well, he's been around for a long time, because I tried cases before him.

So I don't think this is a big deal, really. I think that you should seriously consider going along with this and doing it. And then if that didn't work out, then I think I probably have inherent authority to appoint -- I mean, if it's an impossibility to go to probate court, then there's no jurisdictional issue that I could see. Then I could appoint your volunteer lawyer instead of the city clerk.

So I'll give you a little time to think about this, but I'm inclined to agree with the city here that we shouldn't take any chances with a jurisdictional issue like this.

I'd rather not have a brief, unless you think they're just absolutely wrong, which --

MR. CURRAN: It just seems terribly inefficient.

THE COURT: It is inefficient. There's no question

about the inefficiency.  But the inefficiency may be compelled by the lack of federal jurisdiction over probate matters.  You know, there are certain things we don't do here.  We do just about everything else.  Probate, divorce, traffic -- we even do a little traffic.

All right.  So anyway, that being said, why don't you come back here right after Labor Day, and let me know what you want to do.  If you want to fight it, then we'll fight it out.  But that's just, you know, dragging this out even more so.

Come back on September 6th.  So I'll just continue this to September 6th at 9:00.

MR. BARNETT:  Thank you, Your Honor.

THE COURT:  How do we look on September 6th, Claire?

THE CLERK:  Fine.

THE COURT:  Okay.  So we'll put you on at 9:00 then.

All right.  Good luck.  Thank you.

MS. BRADY:  Thank you, Judge.

MR. MORAN:  Thank you, Your Honor.

MR. BARNETT:  Thank you, Your Honor.

MR. CURRAN:  Thank you, Your Honor.

(Proceedings concluded.)

C E R T I F I C A T E

I, Nancy L. Bistany, certify that the foregoing is a complete, true, and accurate transcript from the record of proceedings on August 22, 2018, before the HON. ROBERT W. GETTLEMAN in the above-entitled matter.

*/s/ Nancy L. Bistany, CSR, RPR, FCRR*          August 22, 2018

    Official Court Reporter                    Date
    United States District Court
    Northern District of Illinois
    Eastern Division