IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTIRCT OF ILLINIOS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18 Civ. 1028 |
| | ) | |
| v. | ) | Hon. Andrea R. Wood |
| | ) | District Judge |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | Magistrate Sunil R. Harjani |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18 Civ. 2312 |
| | ) | |
| v. | ) | Hon. Andrea R. Wood |
| | ) | District Judge |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | Magistrate Sunil R. Harjani |
| Defendants. | ) | |
| | ) | |

**JOINT INITIAL STATUS REPORT**

1. **Description of Claims and Relief Sought**

    a. **Describe the claims and defenses raised by the pleadings, including the basis for federal jurisdiction**

    Each Plaintiff alleges that he was wrongfully convicted and served almost 20 years in prison for a 1998 double murder that he did not commit because of the constitutional violations of the Individual Chicago Police Defendants during the criminal investigation. Plaintiff Reyes has additionally brought claims against Prosecutor Defendants. Each Plaintiff asserts claims under 42 U.S.C. § 1983 against the Individual Chicago Police Defendants for coerced confession, fabrication of false witness statements, deprivation of liberty without probable cause, violations of due process, and failure to intervene, and conspiracy. Plaintiff Reyes asserts claims under 42 U.S.C. § 1983 against the Prosecutor Defendants for coerced confession and fabrication of false witness statements. Each Plaintiff asserts *Monell* policy and practice claims under 42 U.S.C. § 1983 against the City

1

of Chicago. Each Plaintiff also asserts state law claims for malicious prosecution, intentional infliction of emotional distress, civil conspiracy, *respondeat superior* and indemnification.

Defendants deny the Plaintiffs were wrongfully convicted and deny there exists any basis for Plaintiffs' claims against them.

28 U.S.C. §1331 gives this Court jurisdiction of Plaintiff's federal claims brought pursuant to 42 U.S.C. §1983. The Court's supplemental jurisdiction, 28 U.S.C. §1367, gives this Court jurisdiction over Plaintiff's claims under Illinois state law.

b. **State the relief sought, including an itemization of damages:**

The relief sought is compensatory damages and attorney's fees and costs against all defendants, and punitive damages against the individual defendants. There are no counterclaims.

2. **Referral Cases**

This case was referred to Magistrate Judge Sunil R. Harjani on January 14, 2019, from Magistrate Judge Jeffrey T. Gilbert, for the purposes of discovery supervision and settlement.

3. **Discovery Schedule**

   a. **For Cases in the Mandatory Initial Discovery Pilot Project:**

   **i. The due date of the mandatory initial discovery responses.**

   The initial responses were served by all parties on August 13, 2018.

   **ii. The due date of the Electronically Stored Information (ESI) identified in the mandatory initial discovery responses.**

   The production of ESI has been the subject of ongoing negotiations between the parties. Plaintiff, the City and the Prosecutor Defendants are continuing to work cooperatively to try to identify a set of search terms on which the parties can agree. To date, the City and the Prosecutor Defendants have each run a set of preliminary search terms, provided results, and the parties are discussing possible adjustments to the search terms based on the capabilities of the search tools available to the City and Cook County, respectively.

> **iii. After the mandatory initial discovery responses have been provided, a date to issue any additional written discovery**.
>
> Plaintiffs, the Police Officer Defendants, and the City of Chicago have served and exchanged additional written discovery.

b. **A fact discovery completion date. For claims involving medical conditions, fact discovery ordinarily includes treating physician depositions.**

There is currently a May 3, 2019 fact discovery deadline. All parties agree that they will not be able to complete fact discovery by this date.

c. **If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports and rebuttal reports, if any (or summaries for non-retained expert testimony).**

The parties anticipate that there will be experts in this case, but there is not yet a schedule for expert discovery. Plaintiffs propose that their expert reports be due 30 days after the fact discovery deadline, that Defendants' expert reports be due 30 days later, and that Plaintiffs' rebuttal reports, if any, be due 30 days after that.

Defendants propose Plaintiffs' have 30 days after the close of fact discovery to submit expert reports and they present their experts for deposition within the following 30 days. Defendants propose they have 30 days after the depositions of Plaintiffs' experts to submit their expert reports and produce their experts for deposition within the following 30 days.

4. **Consideration of Issues Concerning ESI.**

    See above.

5. **Settlement**

    No settlement discussions have occurred.

6. **Magistrate Consent**

    Plaintiffs do not at this time consent to proceed before a magistrate judge.

7. **Pending Motions.**

    Defendants have a pending motion for leave to depose incarcerated witness Adriana Mejia. The motion is set for presentment to the Court on January 31, 2019. Plaintiffs have no objection to the deposition but the parties disagree about the order of

questioning. Plaintiff intends to file a response to Defendants' motion regarding Mejia in advance of this week's status conference.

8. **Trial.**

No trial date has been set. Plaintiffs' cases are consolidated for discovery, but not trial. Plaintiffs each anticipate a 2-3 week trial of all claims.

Even if Plaintiffs' cases are tried separately, Defendants anticipate the trial will last at least 4 weeks for all claims.

9. **Other Matters**

The Prosecutor Defendants have not responded to Plaintiff Reyes's document requests. Reyes served requests for production on the Prosecutor Defendants on September 14, 2018. The Prosecutor Defendants initially took the position that they were not obligated to produce documents in control of the Cook County State's Attorneys' office but then changed that position, agreeing to produce documents responsive to Reyes's requests for production. The Prosecutor Defendants' production was due on October 14, 2018, and it is now more than 14 weeks overdue.

On September 19, 2018, the Police Officer Defendants sent a subpoena to the Cook County State's Attorney's Office for substantially the same files that Reyes had requested. Documents responsive to that subpoena were due on October 19, 2018, and that response is also more than 14 weeks overdue.

During the last status conference on January 10, 2019, the parties discussed the Prosecutor Defendants' overdue productions with Judge Gilbert. The Court entered an order stating: "Based upon its report in court, it appears that Cook County reasonably can begin a substantial rolling production of documents called for by the Rule 45 subpoena it received and have a large number of those documents produced by 1/24/19. At the next status hearing, an attorney representing the County as a subpoena recipient (as opposed to a Defendant) shall appear and report on the County's progress in producing documents in response to the subpoena. In addition, if the County as a named Defendant has not already responded to Rule 34 requests for production of documents, then by 1/17/19 the parties shall file a joint report that states when the County will respond to requests for production of documents served upon it and when it will complete its document production." Doc. 128.

By January 17, 2019, the Prosecutor Defendants still had not responded to requests for documents. That day, the Prosecutor Defendants submitted a report to the Court, which stated: "The documents at issue are currently being scanned and reviewed, and the County expects to complete production and review of a substantial amount of documents by January 25, 2019. The County should be able to produce a substantial batch of those documents by January 28-29, 2019. The County then expects to reply to Plaintiff Reyes'

Request to Produce Documents within 21 days after the initial document production." Doc. No. 136.

As of January 28, 2019, the Prosecutor Defendants still had not produced documents to Reyes. The parties conferred, and the Prosecutor Defendants informed Reyes that they did not intend to produce any documents by the January 29 deadline set out in the status report of January 17 to Plaintiff Reyes.[1] In addition, the Prosecutor Defendants informed Reyes that they intended to provide the Police Officer Defendants documents responsive to the later-served subpoena on January 29, 2019, but that Reyes would not receive those documents until, at earliest, 21 days later.

Plaintiff Reyes takes the position that the Prosecutor Defendants' production of documents is long overdue without justification and is delaying discovery in this case. As a result, Plaintiff Reyes intends at the upcoming status to ask the Court to compel production of those documents by February 1, 2019, at the latest. Given the Prosecutor Defendants' past representations to the Court and their representation that they intend to provide responsive documents to the Police Officer Defendants this week, the Prosecutor Defendants should be able to meet that deadline easily.

Plaintiff Reyes issued interrogatory requests to the Prosecutor Defendants on January 11, 2019, and responses are due February 11, 2019.

Dated: January 28, 2019

Respectfully submitted,


/s/ Anand Swaminathan
Jon Loevy
Anand Swaminathan
Steven Art
Rachel Brady
Sean Starr
Loevy & Loevy

---

[1] Defendants Prosecutors have on previous occasions informed attorneys for Plaintiff Reyes that they will produce documents responsive to Plaintiff Reyes' Request to Produce after they respond to the subpoena sent by the Police Officer Defendants. Per the Court's order, on January 17, 2019, a report in regards to the subpoena production and subsequent response to Request to Produce was filed with this Court. In that report, Defendants Prosecutors informed the Court that they expect to start producing documents on a rolling basis to Police Officer Defendants between January 28-29, 2019 (and indeed a partial production will be made to Police Officer Defendants pursuant to their subpoena on January 29, 2019). In that report, which was made available to all parties before it was filed, Defendants Prosecutors informed the Court that they will respond to Plaintiff's Reyes' Request to Produce within 21 days after the initial production to Police Officer Defendants. Plaintiff Reyes did not object, seek to compel production sooner or request a production date of February 1, 2019.

5

311 N. Aberdeen, 3rd floor
Chicago, IL 60607
312.243.5900
*Attorneys for Arturo DeLeon-Reyes*


s/ Jan Susler
Jan Susler
John L. Stainthorp
Ben H. Elson
People's Law Office
1180 N. Milwaukee, 3rd floor
Chicago, IL 60642
773.235.0070
*Attorneys for Gabriel Solache*


s/ Eileen Rosen
Eileen E. Rosen
Catherine M. Barber
Stacey Benjamin
Theresa Carney
Rock Fusco & Connelly LLC
321 N. Clark St., Suite 2200
Chicago, IL 60654
312.494.1000
*Attorneys for Defendant City of Chicago:*


s/ Thomas Leinenweber
Thomas M. Leinenweber
James V. Daffada
Kevin E. Zibolski
Leinenweber Baroni & Daffada LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
312.663.3003
*Attorneys for Individual Chicago Police Defendants Guevara and Halvorsen*


s/ Josh Engquist
James G. Sotos
Josh M. Engquist
Joseph M. Polick
Jeffrey Kivetz

6

David Brueggen
Jeffrey Given
Sotos Law Firm
550 E. Devon, Suite 150
Itasca, IL 60143
630.735.3300
*Attorneys for Individual Chicago Police Defendants Dickinson, Rutherford, Stankus, Naujokas, Harvey, Trevino, Mingey, and Biebel*


s/ Yulia Nikolaevskaya
Julie Nikolaevskaya
Office of the Cook County State's Attorney
Civil Rights Section
500 Richard Daley Center
Chicago, IL 60602
(312) 603-3473
*Attorneys for Individual Prosecutor Defendants Wehrle, Navarro, Brualdi, Varga, and O'Malley and Cook County*