IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 1028 |
| | ) | |
| v. | ) | Hon. Andrea R. Wood |
| | ) | District Judge |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | Hon. Sunil R. Harjani, |
| Defendants. | ) | Magistrate Judge |
| | ) | |

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | |
| | ) | |
| Plaintiff, | ) | 18 C 2312 |
| | ) | |
| v. | ) | Hon. Andrea R. Wood, |
| | ) | District Judge |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | Hon. Sunil R. Harjani, |
| Defendants. | ) | Magistrate Judge |
| | ) | |

## RESPONSE TO MOTION TO TAKE
## THE DEPOSITION OF ADRIANA MEJIA

Plaintiffs ARTURO DELEON-REYES and GABRIEL SOLACHE, by their respective attorneys, hereby respond to Defendants' motion for leave to take the deposition of incarcerated witness Adriana Mejia (Doc. 134), stating as follows:

1. Plaintiffs have no objection to taking the deposition of incarcerated witness Adriana Mejia, who is an important witness in these cases. However, the parties disagree about the order in which the questioning of Ms. Mejia should

proceed at that deposition. In this response, Plaintiffs set out their reasons why they should be permitted to question Ms. Mejia first.

2.  Ms. Mejia has repeatedly, consistently, and falsely implicated Plaintiffs in murders that they did not commit. After Ms. Mejia murdered Jacinta and Mariano Soto in March 1998, she kidnapped their two young children, pretending that their newborn daughter was her own child. In fact, Ms. Mejia had never been pregnant, though she had tricked her family and friends into thinking otherwise. When police discovered what Ms. Mejia had done, she lied about where the children had come from, telling the police that a woman she had never met had obtained the baby for her and had left her in charge of the older child. When her story did not hold water, she switched to another lie: that Plaintiffs had joined her in violently murdering two people and stealing their children in exchange for a few hundred dollars. That lie was a story fabricated by Defendants. And as a result of that lie and the misconduct of Defendants, Plaintiffs were convicted and spent decades incarcerated for a crime they did not commit. Throughout that ordeal, Ms. Mejia has stuck to the false story that she concocted with Defendants, blaming Plaintiffs for the crimes that she committed. Most recently, Ms. Mejia repeated her false story during an interview with the City of Chicago in 2014, which was conducted as part of the City's investigation of Defendant Guevara.

3.  Federal Rule of Civil Procedure 30(c) dictates that "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." FED. R. CIV. P. 30(c)(1).

Federal Rule of Evidence 611 provides that this Court has discretion to control the mode and order of examination of witnesses. FED. R. EVID. 611. Similarly, Federal Rule of Civil Procedure 26(d) authorizes the Court to order the sequence of discovery. FED. R. CIV. P. 26(d), Advisory Committee Notes to 1970 Amendment ("The court may upon motion and by order grant priority in a particular case."). *See generally Occidental Chem. Corp. v. OHM Remediation Services*, 168 F.R.D. 13, 14 (W.D.N.Y. 1996); *Smith v. Logansport Community Sch. Corp.*, 139 F.R.D. 637, 642 (N.D. Ind. 1991). In short, deciding how a witness should be questioned at a deposition is left to the discretion of the Court, guided by the principles that will ultimately govern presentation of the testimony at trial.

4. In this instance, Ms. Mejia is a witness aligned completely with Defendants and is wholly adverse to Plaintiffs. She has and continues to tell a lie implicating Plaintiffs in murder, and that lie constitutes Defendants' theory of this civil case. As a result, Plaintiffs intend at trial to call Ms. Mejia in their cases-in-chief, as an adverse witness, and to subject her to rigorous cross-examination.

5. Ms. Mejia's deposition testimony should therefore proceed in the same order that it will be presented at trial, particularly considering that her deposition testimony may become her trial testimony. Plaintiffs should be permitted to begin the questioning of Ms. Mejia, and for the first time ever subject her story to cross-examination under oath. After that, Defendants can asks questions of her eliciting the story she has provided for them numerous times before. If questioning proceeded in the contrary order—as Defendants would have it—that testimony

3

would be impossible to use at trial, and it would unfairly provide Defendants the opportunity to elicit their own theory of the case from a friendly witness before Plaintiffs have any opportunity to subject that story to scrutiny. *See Lumpkin v. Kononov*, 2013 WL 1343666, at *1 (N.D. Ind. Apr. 3, 2013) ("[T]he party whose witness is being deposed generally knows what the witness's testimony will be, and the purpose of the deposition is to allow the other side to find out what the witness knows about the matter.").

6. For these reasons, Plaintiffs respectfully requests that they be permitted to examine Ms. Mejia first at her deposition.

RESPECTFULLY SUBMITTED,

/s/ Steven Art
Arthur Loevy
Jon Loevy
Anand Swaminathan
Rachel Brady
Sean Starr
Loevy & Loevy
311 N. Aberdeen, 3rd floor
Chicago, IL 60607
(312) 243-5900
Attorneys for Arturo DeLeon-Reyes

/s/ Jan Susler
Jan Susler
John L. Stainthorp
Ben H. Elson
People's Law Office
1180 N. Milwaukee, 3rd Floor
Chicago, IL 60642
(773) 235-0070
Attorneys for Gabriel Solache

4

## CERTIFICATE OF SERVICE

I, Steven Art, an attorney, hereby certify that on January 30, 2019, I filed the foregoing RESPONSE TO MOTION TO TAKE THE DEPOSITION OF ADRIANA MEJIA using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Steven Art
Attorney for Arturo DeLeon-Reyes
