# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ARTURO DELEON-REYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 18-cv-01028 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 18-cv-02312 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Arturo DeLeon-Reyes and Gabriel Solache were convicted of the 1988 double murder of Mariano and Jacinta Soto and the abduction of the couple's two children, and incarcerated for almost 20 years as a result. In December 2017, the Cook County State's Attorney dropped all charges against Plaintiffs. Once they were released from prison, Plaintiffs brought these 42 U.S.C. § 1983 actions against Defendants—police officers and supervisors within the Chicago Police Department, Assistant Cook County State's Attorneys, the City of Chicago, and Cook County—alleging that Defendants' illegal interrogations and investigatory practices violated Plaintiffs' constitutional rights and caused Plaintiffs' wrongful convictions and incarceration. Now before the Court is Plaintiffs' Motion to Appoint and Substitute Special Representative for Deceased Defendants. (Dkt. No. 53.) For the reasons discussed below, the motion is granted

subject to the parties' fulfillment of the requirements outlined below.

## BACKGROUND

Plaintiffs allege that the named Chicago police officers and their supervisors violated Plaintiffs' constitutional rights by, among other things, using abusive and illegal interrogation techniques on Plaintiffs, who could not speak or understand English; fabricating false evidence, including false confessions from Plaintiffs; and suppressing and destroying evidence that would have shown that Plaintiffs were innocent or undermined the testimony of the State's witnesses. (Deleon-Reyes Compl., Dkt. No. 1 ("Compl. I"), ¶¶ 1, 4, 5, 8, 9; Solache Compl., Dkt No. 1 ("Compl. II"), ¶¶ 1, 10, 27, 32, 33.)

After filing their complaints, Plaintiffs learned that two Defendant police officers, John Karalow and Francis Cappitelli, are deceased. Both Defendants died well before the complaints were filed—Karalow in 2008 and Cappitelli in 2016. Plaintiffs filed the instant motion requesting that the Court appoint and substitute a special representative for the purposes of defending the action on behalf of the deceased Defendants.

## DISCUSSION

Federal Rule of Civil Procedure 25 provides that, in the event that "a party dies and [a] claim is not extinguished," a court may order substitution of a proper party, including a decedent's successor or representative. Fed. R. Civ. P. 25(a)(1). However, that rule only applies to *parties*— that is, defendants that have been served with a complaint and then died after service. *See, e.g.*, *Stanley v. Kenney on Behalf of Estate of Kenney*, No. 87 C 10822, 1988 WL 48240, *1 (N.D. Ill. May 9, 1988) (citing *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969)); 7C Fed. Prac. & Proc. Civ. § 1951 (3d ed.) (citing cases). The Federal Rules of Civil Procedure are silent about the proper procedure when an individual dies before a complaint is filed.

With respect to cases under 42 U.S.C. § 1983, where federal law is "deficient in the provisions necessary to furnish suitable remedies and punish offenses against law," a federal court should look to the statutes of the state where it sits, to the extent such statutes are not inconsistent with the Constitution or federal law. 42 U.S.C. § 1988(a). Pursuant to this provision, the Seventh Circuit has looked to Illinois statutes to provide remedies in § 1983 cases where a plaintiff or defendant has died before a complaint is filed. *See Ward v. Edgeton,* 59 F.3d 652, 653 (7th Cir. 1995) (explaining that 42 U.S.C. § 1988 authorizes federal courts to borrow from state law as necessary to provide a complete remedy in § 1983 actions and enabled the court to appoint a special representative for an inmate who died while an appeal was pending); *Anderson v. Romero*, 42 F.3d 1121 (7th Cir. 1994) (similar); *Stewart v. Special Adm'r of Estate of Mesrobian*, 559 F. App'x 543, 548–49 (7th Cir. 2014) (noting that "a district court may appoint a 'special administrator' consistent with Illinois law" for a defendant who died prior to plaintiff's filing of the complaint).[1]

In particular, these Seventh Circuit decisions look to the Illinois statutory scheme allowing a court to appoint a "special representative" where a person who may bring an action or against whom an action may be brought dies before the commencement of the action and the cause of action survives.[2] *Id*. (citing 735 ILCS 5/13-209); *see also Tamburo v. Dworkin*, No. 04 C 3317, 2012 WL 104545 (N.D. Ill. Jan. 11, 2012) (same). As relevant here, this statute provides that where a party against whom an action may be brought dies before commencement of the action, but before expiration of the statute of limitations on the action, a court "may appoint a special

---

[1] *Stewart* is an unpublished Seventh Circuit order issued after January 1, 2007. Although not precedential, the order's reasoning is persuasive and provides a useful point of comparison here. *See* Fed. R. App. P. 32.1(a); 7th Cir. R. 32.1(b).

[2] The parties here do not dispute that Plaintiffs' § 1983 cause of action survives. Nor could they. *See Anderson*, 42 F.3d at 1123 (explaining that the Seventh Circuit has held that § 1983 suits survive a party's death (citing *Bennett v. Tucker*, 827 F.2d 63, 68 (7th Cir. 1987))).

representative for the deceased party for the purposes of defending the action." 735 ILCS 5/13-209(b)(2). Where such a special representative is appointed, "the recovery shall be limited to the proceeds of any liability insurance protecting the estate." *Id*. The Court finds that 735 ILCS 5/13(b)(2), in combination with 42 U.S.C. § 1988, provides the authority for the Court to appoint a special representative for the deceased Defendants for purposes of defending this lawsuit.[3] *See Ward*, 59 F.3d at 653; *Anderson*, 42 F.3d 1121; *Stewart*, 559 F. App'x at 548–49; *Tamburo*, 2012 WL 104545.

The Illinois statute directs that a court may only appoint a special representative "if no petition has been filed for letters of office for the deceased's estate." 735 ILCS 5/13-209(b)(2). In

---

[3] While Plaintiffs point to both 735 ILCS 5/13-209(b) and 735 ILCS 5/13-209(c), the Court finds that Section 209(c) does not apply here because that provision controls where a plaintiff does not discover the defendant's death until *after* the expiration of the statute of limitations, whereas Section 209(b) controls when the statute of limitations has not yet expired. 735 ILCS 5/13-209(b), (c); *Relf v. Shatayeva*, 998 N.E.2d 18, ¶¶ 26, 27, 28 (Ill. 2013). For this reason, Defendants' citations to unpublished decisions by judges in this District do not persuade the Court that it does not have the authority to afford the relief requested, as those decisions discuss Section 209(c) rather than Section 209(b). (Def.s' Resp. at 2 (citing *Abernathy v. Village of Park Forest*, No. 16-cv-2128, Dkt. No. 185 (N.D. Ill. Oct. 30, 2017); *Kluppelberg v. Burge*, No. 13-cv-3963, Dkt. No. 87 (N.D. Ill. Dec. 6, 2013)).)

The Court further notes that the Illinois Supreme Court in *Relf* indicated that "[t]he provisions of section 13-209(b) presuppose that the plaintiff is aware of the defendant's death at the time he or she commences the action," *Relf*, 998 N.E.2d 18, ¶ 27, which is not the case here, as Plaintiffs did not know of the deceased Defendants' deaths until after the action was filed. *See also Kluppelberg,* No. 13-cv-3963, at 2 (holding that Section 209(b) was inapplicable based on the language in *Relf*); *Stewart v. Evanston Ins. Co.*, No. 12 C 50273, 2015 WL 6407210, at *18 (N.D. Ill. Oct. 21, 2015) (similar). However, the *Relf* court went on to discuss the difference between Section 209(b) and Section 209(c) as whether the plaintiff knew of the defendant's death "before the expiration of the limitations period." *Relf*, 998 N.E.2d 18, ¶ 27. Further, if Section 209(b) only applied where the plaintiff was aware of the death at the time he or she commenced the action and Section 209(c) only applied where the plaintiff was unaware of the death until after the expiration of the limitations period, then the statute would not provide any recourse for a plaintiff that became aware of the death after the action was commenced but before the expiration of the statute of limitations. That is not what the statute says and, in any event, when a statute can be applied as written, a court should so apply it and avoid interpreting it in a manner that leads to absurd results. *See Soppet v. Enhanced Recovery Co.*, LLC, 679 F.3d 637, 642 (7th Cir. 2012); *United States v. Vallery*, 437 F.3d 626, 630 (7th Cir. 2006). The Court therefore reads *Relf* to suggest that Section 209(b) applies where plaintiff is aware of the defendant's death before the expiration of the statute of limitations, while Section 209(c) applies where the plaintiff is unaware of the defendant's death until after the statute of limitations has run.

their motion, Plaintiffs represent that they have been unable to locate an estate opened for either deceased Defendant and that defense counsel likewise has not informed Plaintiffs of any estate. Because such information is a matter of public record, *see Relf*, 998 N.E.2d 18 ¶ 6, the Court directs Plaintiffs to confirm that no estate has been opened and no personal representative appointed for either deceased Defendant, and to then file an affidavit confirming the same. Additionally, because the statute directs that the Court should appoint a special representative "after notice to the party's heirs or legatees as the court directs," 735 ILCS 5/13-209(b)(2), the affidavit should also describe the steps taken to identify and locate next of kin; indicate by name those individuals that Plaintiffs have located; and confirm that Plaintiffs have sent those individuals the complaints, Plaintiffs' instant motion, and this opinion.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Appoint and Substitute Special Representative for Deceased Defendants (Dkt. No. 53) is granted and a special representative will be appointed subject to the conditions discussed above.

ENTERED:

Dated: March 14, 2019

_____
Andrea R. Wood
United States District Judge