# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ARTURO DeLEON-REYES | ) | |
| | ) | Case No. 18 CV 1028 |
| Plaintiff, | ) | |
| | ) | Hon. Andrea R. Wood |
| | ) | |
| vs. | ) | Magistrate Jeffrey T. Gilbert |
| | ) | |
| REYNALDO GUEVARA, et al | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | |
| | ) | Case No. 18 CV 2312 |
| Plaintiff, | ) | |
| | ) | Hon. Andrea R. Wood |
| | ) | Magistrate Jeffrey T. Gilbert |
| | ) | |
| | ) | JURY DEMAND |
| CITY OF CHICAGO, et al | ) | |

### DEFENDANT CITY OF CHICAGO'S OBJECTION TO APPOINTING THE CLERK OF THE CITY OF CHICAGO AS "SPECIAL REPRESENTATIVE" OF THE ESTATES OF JOHN KARALOW AND FRANK CAPPITELLI

Defendant City of Chicago, by and through its undersigned attorneys, and for its objections to the appointment of the Clerk of the City of Chicago to act as a "Special Representative" of the estates of John Karalow and Frank Cappitelli, states as follows:

### INTRODUCTION

On May 7, 2018, Plaintiffs' filed a joint motion appoint Special Representatives for two deceased named Defendants, John Karalow and Francis Cappitelli. (*See* Dkt. No. 53.) In this motion, Plaintiffs requested that the Clerk of the City of Chicago be named the Special Representative for these two deceased former Chicago Police Officers. On March 14, 2019, this

Court granted Plaintiffs' motion and directed Plaintiffs to complete certain tasks prior to appointing a Special Representative. (*See* Dkt. No. 162.) On March 28, 2019, Plaintiff's counsel for Solache filed a declaration which indicated, in part, that the family for Cappitelli had been contacted, but at that time, no one from the Karalow family had been contacted. (*See* Dkt. No. 93.) On April 24, 2019, Defense counsel orally objected to the City Clerk being named Special Representative. The Court then directed Defendants to file any objection to the Clerk of the City of Chicago being named Special Representative and indicate who should be named Special Representative for each of the deceased officers

## **OBJECTION**

The Illinois statute governing the "death of party" procedures involved in this case is 735 ILCS 5/13-209, which provides for the appointment of a "personal representative" or a "special representative" depending on the circumstances. The terms "personal representative" and "special representative" have very distinct meanings under Illinois law. *Relf v. Shatayeva*, 2013 IL 114925, at ¶38, 998 N.E.2d 18 (2013). Specifically, in Illinois, a "personal representative" is defined as "[a] person who manages the legal affairs of another because of incapacity or death. *Relf,* 2013 IL 114925 at 36. To that end, these "personal representatives" are tasked with "settl[ing] and distribut[ing] the decedent's estate[.]". *Id.* at ¶36. In contrast a "special representative" is someone appointed by the court where no petition for letters of office for the decedent's estate has been filed. *Relf v. Shatayeva*, 2013 IL 114925, at ¶38, 998 N.E.2d 18 (2013). The duties granted to this individual are limited to bringing or defending legal actions. *Id.* at ¶ 35; *see also*, 209(a)(2), 209(b)(2).

The appointment of the City Clerk as either a "personal representative" or a "special representative" is inappropriate in this situation. The City Clerk has a myriad of duties under both

2

municipal and state law, none of which includes acting as the personal representative or special representative for the estates of deceased, former municipal employees. *See* Chicago Municipal Code § 2-12-010, 62 ILCS 5/3.1-35-5 *et seq*. The City Clerk should be permitted to focus on the duties imposed by Illinois law and the Chicago Municipal Code without also having to act as the personal representative for the estate of a deceased police officer, and an alternative individual should be tasked with that assignment.[1]

Furthermore, the Probate Act clearly articulates who has priority to act as a special administrator in these situations. Notably, the City Clerk is not contained within that list. Rather, the order of priority is as follows:

"(a) The surviving spouse or any person nominated by the surviving spouse.

(b) The legatees or any person nominated by them, with preference to legatees who are children.

(c) The children or any person nominated by them.

(d) The grandchildren or any person nominated by them.

(e) The parents or any person nominated by them.

(f) The brothers and sisters or any person nominated by them.

(g) The nearest kindred or any person nominated by them.

(h) The representative of the estate of a deceased ward.

(i) The Public Administrator.

(j) A creditor of the estate."

---

[1] In addition, if the City Clerk were to be appointed in this case, it might create a precedent for the City Clerk to be appointed in other cases where there is a putative defendant who is a deceased, former municipal employee, eventually overwhelming the office with the responsibilities of serving as the "special representative" for an untold number of individuals. Such a scenario should not be permitted to interfere with the City Clerk's lawfully enumerated duties.

755 ILCS 5/9-2.

Given the personal interest involved in representing a deceased loved one who is being accused of wrongdoing, the more equitable and practical approach would be to look first to the persons who would have priority, pursuant to Illinois law, to act as special administrator for these estates.

To that end, as addressed in the March 28, 2019 declaration, the Cappitelli family has been made aware of this pending action and Plaintiffs desire to have a special representative appointed. Mr. Cappitelli's surviving spouse has nominated attorney Kevin Rogers to serve as Special Administrator for the Estate of Francis Capitelli for this litigation. Mr. Rogers has been contacted and as agreed to serve in this capacity.

With regards to decedent John Karalow, on April 30, 2019, Defendants located and contacted his grandson. The Karalow family is in the process of discussing this issue and should be getting back to Defense counsel shortly with their position. Once the Karalow family makes its wishes known, we will inform the Court who should be named as Special Representative for the estate of John Karalow.

WHEREFORE, for the above stated reasons, the City of Chicago respectfully requests this Honorable Court to deny Plaintiffs' request to name the Clerk of the City of Chicago as Special Representative for the estate of either John Karalow or Francis Cappitelli. Instead, the City of Chicago requests that the wishes of Francis Cappitelli's widow be followed and Kevin Rogers be appointed as Special Representative for the Estate of Francis Cappitelli and that additional time to determine the wishes of the Karalow family prior to naming a Special Representative for John Karalow.

Dated: May 1, 2019                                  Respectfully submitted,

                                                    CITY OF CHICAGO

                                                    By:    /s/ *Eileen E. Rosen*
                                                            One of its attorneys

Eileen E. Rosen
Catherine M. Barber
Theresa Berousek Carney
Rock Fusco & Connelly, LLC
321 N. Clark Street, Suite 2200
Chicago, Illinois 60654
312.494.1000
erosen@rfclaw.com

**CERTIFICATE OF SERVICE**

      I certify under penalty of perjury, pursuant to 28 U.S.C.A. 1746, that on May 1, 2019, I electronically filed the foregoing **DEFENDANT CITY OF CHICAGO'S OBJECTION TO APPOINTING THE CLERK OF THE CITY OF CHICAGO AS "SPECIAL REPRESENTATIVE" OF THE ESTATES OF JOHN KARALOW AND FRANK CAPPITELLI** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via ECF notifications.

                                                                                        /s/ *Eileen E. Rosen*