IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTURO DELEON-REYES<br><br>　　　　Plaintiff,<br><br>v.<br><br>REYNALDO GUEVARA, et. al.,<br><br>　　　　Defendants. | Case No. 18-CV-01028<br><br>Judge Steven Seeger<br>Judge Sunil Harjani |

**DEFENDANT JOHN NAUJOKAS'S MOTION
TO COMPEL REYES TO ANSWER INTERROGATORIES**

　　　　Defendant John Naujokas ("Naujokas"), by his attorneys, The Sotos Law Firm, P.C., moves to compel Plaintiff Reyes to answer interrogatories, and in support of his motion states as follows:

　　　　John Naujokas is 75-year-old former Chicago Police Department Forensic Investigator. He has been retired for more than 20 years. Mr. Naujokas has dementia, Parkinson's, and Stage IV cancer. Dkt. 255.

　　　　Plaintiff Reyes's claims[1] against Naujokas stem from Naujokas's extremely limited involvement in the 1998 Soto double homicide and kidnapping investigation. Dkt. 1. In reality, Naujokas's involvement in the Soto homicide/kidnapping investigation lasted a sum total of 2 hours and 45 minutes from start to finish and consisted of taking pictures of the scene of the crime on April 17, 1998 – almost two weeks after Reyes, Solache and Adriana Mejia confessed to the crimes and implicated each other. Dkt.255-1, Stankus Deposition, at pp. 34, 109-111; Dkt. 255-2, Stankus/Naujokas report dated April 17, 1998.

---

[1] Plaintiff Solache has chosen not to assert any claims against Mr. Naujokas. See *Solache v. City of Chicago, et al., Case No.* 19 CV 2312, at Dkt. 1. This motion pertains to Plaintiff Reyes only.

Because his involvement was so limited, Naujokas issued an interrogatory asking Reyes to identify what he did to lead to Reyes's arrest, prosecution and/or conviction. As his response, Reyes states a number of unfounded objections and then, instead of a straightforward response, refers Naujokas to (1) his Complaint, (2) his response to Halvorsen's interrogatories 3 and 6, and (3) his answer to Naujokas's Second Set of Interrogatories, No. 1. Ex. A, Plaintiff's Supplemental Responses to Defendant Naujokas's First Set of Interrogatories, No. 1.

With respect to Naujokas, Reyes's complaint alleges only that "New crime scene photographs consistent with Plaintiff's false confession were taken weeks after the crime by Defendants Guevara, Stankus, and Naukokas [sic]. Dkt. 1, ¶ 74. This allegation, without more, does not state a claim against Naujokas and is not responsive. Reyes's answers to Halvorsen's interrogatories say nothing specific with respect to Defendant Naujokas. Although Plaintiff generally restates the claims made in his complaint, alleging that Defendants did this and did that, he provides no specificity whatsoever with respect to Naujokas. Ex. B, Plaintiff's Responses to Halvorsen's Interrogatories, Nos. 3 and 6.

Admittedly, Plaintiff's Responses to Naujokas's Second Set of interrogatories are slightly more instructive. See Ex. C, at pp. 3-5. There, in a convoluted and confusing fashion, Reyes appears to claim Naujokas did not take pictures he should have and "tampered" with the crime scene by moving certain items. *Id*. But Reyes flatly refuses to identify (1) what photos Naujokas should have been taken on April 17, 1998 but did not, (2) what items Naujokas allegedly rearranged at the scene (and placed in direct contact with blood), (3) what photos could have been taken by Naujokas on April 17, 1998 to test the veracity of Reyes's confession, (4) what photos Naujokas could have taken on April 17, 1998 to provide additional information about the location of the bodies, blood, knives and other critical items of evidence, (5) what

additional "critical items of evidence" Naujokas should have photographed on April 17, 1998, (6) what evidence was suppressed and destroyed due to Naujokas's actions on April 17, 1998; and (7) what "contents" of the crime scene were moved by Naujokas between April 4 and April 7, 1998.

Naujokas is entitled to a straightforward answer to this simple question and Plaintiff Reyes should be compelled to answer it.

Similarly, Plaintiff fails to answer interrogatories asking him to identify the facts stated in his confession that are contradictory to the photos he claims were suppressed (Ex. C, No. 2, pp. 6-7) and any statements in Naujokas's report which Reyes claims is false (Ex. C, No. 9, p. 11). Although Plaintiff does reference and incorporate a five-page diatribe response to the first interrogatory, that response does not squarely answer the questions asked.

Counsel for Reyes and Naujokas have personally conferred about Reyes's "answers" to Naujokas' interrogatories and Plaintiff Reyes has indicated he will not provide any additional response. As the parties are now at an impasse on this issue, Naujokas moves to move compel Reyes to provide straightforward and complete answers to the discovery requests as described above.

Date: October 14, 2019 　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/* Caroline P. Golden
　　　　　　　　　　　　　　　　　　　　　CAROLINE P. GOLDEN, Attorney No. 06211227
James G. Sotos　　　　　　　　　　　　　　*One of the Attorneys for John Naujokas*
Jeffrey N. Given
Caroline P. Golden
Josh M. Engquist
THE SOTOS LAW FIRM, P.C.
141 W. Jackson, Suite 1240A
Chicago, Illinois 60604
Tel: (630) 735-3300
cgolden@jsotoslaw.com

## CERTIFICATE OF SERVICE

I certify under penalty of perjury, pursuant to 28 U.S.C.A. § 1746, that on October 14, 2019, I electronically filed the foregoing **Defendant John Naujokas's Motion to Compel Plaintiff Reyes to Answer Interrogatories** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list:

***Attorneys for Arturo Reyes:***
Jon Loevy
Steven Art
Anand Swaminathan
Rachel Brady
Sean Starr
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
jon@loevy.com
steve@loevy.com
anand@loevy.com
brady@loevy.com
sean@loevy.com

***Attorneys for Gabriel Solache:***
Jan Susler
Ben H. Elson
John L. Stainthorp
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
(773) 235-0070
jsusler@gmail.com
ben.elson79@gmail.com
stainthorp@gmail.com

***Attorney for Cook County Defendants:***
Edward Brenner
Cook County State's Attorney's Office
50 W. Washington St., Room 500
Chicago, IL 60602
(312) 603-3369
edward.brenner@cookcountyil.gov

***Attorneys for City of Chicago:***
Eileen E. Rosen
Stacy A. Benjamin
Catherine M. Barber
Theresa B. Carney
Austin Rahe
Rock Fusco & Connelly, LLC
312 N. Clark, Suite 2200
Chicago, IL 60654
(312) 494-1000
erosen@rfclaw.com
sbenjamin@rfclaw.com
cbarber@rfclaw.com
tcarney@rfclaw.com
arahe@rfclaw.com

***Attorneys for Defendant Guevara:***
James V. Daffada
Thomas M. Leinenweber
Kevin E. Zibolski
Justin L. Leinenweber
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
(312) 663-3003
jim@ilesq.com
thomas@ilesq.com
kevin@ilesq.com
justin@ilesq.com

***Attorneys for Defendant Navarro***
Daniel M. Noland
Terrence M. Burns
Paul A. Michalik
Reiter Burns LLP
311 S. Wacker, Suite 5200
Chicago, Illinois 60606
312-982-0900
dnoland@reiterburns.com
tburns@reiterburns.com
pmichalik@reiterburns.com

4  /s/ Caroline P. Golden
   CAROLINE P. GOLDEN