*DeLeon-Reyes v. Guevara, et al.*
Case No. 18 CV 01028

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| ARTURO DeLEON-REYES | ) | |
| | ) | Case No. 18 CV 1028 |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Judge Andrea R. Wood |
| | ) | Mag. Judge Jeffrey T. Gilbert |
| | ) | |
| REYNALDO GUEVARA, et al. | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

PLAINTIFF'S RESPONSES TO DEFENDANT
HALVORSEN'S INTERROGATORIES

Plaintiff Arturo Reyes, by and through his attorneys, Loevy & Loevy,

responds as follows to Defendant Halvorsen's First Set of Interrogatories to

Plaintiff:

OBJECTIONS

Plaintiff incorporates his Objections to Defendant Biebel's First Set of

Interrogatories. Subject to and without waiving the foregoing objections, Plaintiff

responds as follows:

ANSWERS

1.      Identify, with specificity, what conduct you attribute to Defendant

Halvorsen which you claim led to your arrest, prosecution, and conviction for the

murders of Jacinta and Mariano Soto, the kidnapping of Maria and Santiago Soto.

**ANSWER**:  Plaintiff objects to this request as vague and ambiguous, in its

use of the term "attribute," which is undefined and appears to calls for a legal

1

conclusion. Plaintiff objects that this interrogatory seeks the thoughts and mental impressions of counsel, and therefore invades the attorney work product privilege. Plaintiff objects to this Request because the information is premature because this interrogatory is being propounded at the beginning of discovery, and so Plaintiff has not received complete responses to his discovery requests or a production of all Documents from the City and the individual defendants, and depositions have not yet commenced Plaintiff objects further because information relevant to this inquiry is principally in the possession, custody, or control of Defendant Halvorsen and the other defendants.

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff's complaint sets forth allegations against Defendant Halvorsen in detail, including his involvement in misconduct during the investigation, and his participation in a conspiracy with the other individual defendants, and possible others, to frame Plaintiff for a crime he did not commit. Answering further, please see the factual allegations in Plaintiff's complaint at paragraphs 50-84. Furthermore, please see Plaintiff's objections and responses to Request Nos. 3 and 6, which Plaintiff references and incorporates herein. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

2.    Identify all persons, if any, you may call to testify against Defendant Halvorsen pursuant to Fed. R. Evid. 404(b), and for each person, identify:

    a) the person's name, last known address, and phone number;
    b) the nature of the claim or incident involving the person and

2

Defendant Halvorsen;

c) the date of the alleged incident; and

d) any witnesses, documents, or other evidence you possess, or are aware of, that corroborate Defendant Halvorsen's involvement in the incident alleged by the person.

**ANSWER:**   Plaintiff objects to this request as vague and ambiguous, in its use of the term "attribute," which is undefined and appears to calls for a legal conclusion. Plaintiff objects that this interrogatory seeks the thoughts and mental impressions of counsel, and therefore invades the attorney work product privilege. Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Plaintiff objects to this Request because the information is premature because this interrogatory is being propounded at the beginning of discovery, and so Plaintiff has not received complete responses to his discovery requests or a production of all Documents from the City and the individual defendants, and depositions have not yet commenced Plaintiff objects further because information relevant to this inquiry is principally in the possession, custody, or control of Defendant Halvorsen and the other defendants.

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff's complaint sets forth allegations against Defendant Halvorsen in detail, including his involvement in misconduct during the investigation, and his participation in a conspiracy with the other individual defendants, and possible others, to frame Plaintiff for a crime he did not commit. Answering further, please see the factual allegations in Plaintiff's complaint at paragraphs 50-84. Plaintiff's

3

investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

3. With regard to the allegations in Count IV of your Complaint that the Defendants deliberately withheld exculpatory evidence, for each of the following named Defendants please state with particularity the exculpatory evidence the defendant withheld and/or suppressed from prosecutors or defense counsel during the investigation of, or during any of the underlying criminal proceedings relating to, the Jacinta and Mariano Soto homicides: a) Robert Rutherford; b) Daniel Trevino; c) Mark Harvey; d) Ernest Halvorsen; e) Reynaldo Guevara; f) Robert Biebel; g) Edward Mingey; h) Edwin Dickinson; i) John Naujokas and j) Dennis Stankus.

ANSWER: Plaintiff objects to this Request as premature because this interrogatory is being propounded at the beginning of discovery, and so Plaintiff has not received complete responses to his discovery requests or a production of all Documents from the City and the Individual Defendants, and depositions have not yet commenced. Plaintiff objects further because information relevant to this inquiry is principally in the possession, custody, or control of Defendant Halvorsen and the other Defendants. Plaintiff cannot identify all of the documents and information that the Chicago Police Officer defendants withheld from him until, at minimum, he receives all of the police records related to this case so that he can see what additional information was not disclosed to Plaintiff or his criminal defense attorneys. Moreover, Plaintiff contends in this lawsuit that Defendants continue to withhold evidence to this day. Plaintiff also objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Plaintiff

4

objects further to the extent this request seeks information protected by attorney-client, work-product, and other applicable privileges.

Subject to and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff states that he has provided detailed factual allegations in his Complaint regarding Defendants' suppression of evidence at paragraphs 50-84, which are referenced and incorporated herein. Those allegations lay out ample evidence of Defendant Halvorsen and the other Defendants' suppression of exculpatory and impeaching evidence, including the fact that they fabricated evidence to implicate Plaintiff in a crime he had not committed, as set out in Plaintiff's response to Defendant Halvorsen's Interrogatory No. 6.

Answering further, Defendants suppressed and destroyed the crime scene photos taken at the scene of the Soto murder, in order to deprive Plaintiff of evidence that would have proven that the statements the Defendants coerced from him and Solache were false, as were other statements intended to support the Defendants' knowingly fabricated case. In addition, pursuant to CPD policy and practice, Defendants also suppressed notes, memos, and other evidence they developed during the course of their investigation, all of which was kept in secret police files and repositories where they were routinely withheld from criminal defendants and their counsel.

In addition to the information above, Plaintiff is willing to consider providing an even more detailed analysis of all of the Chicago Police Department records that were not disclosed to him and to prosecutors, upon further conferrals about the privilege concerns related to this request, and once the City of Chicago and other Defendants complete their production of documents, and as the individual Defendants respond to questions posed in

5

written discovery and depositions. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

4. For each and every piece of exculpatory evidence you claim was withheld by the named defendants in the above Interrogatory, please state to your knowledge when the named defendant came into possession or first learned of that evidence.

**ANSWER:** Please see Plaintiff's objections and responses to Interrogatory No. 3, which Plaintiff references and incorporates herein.

5. For each and every piece of exculpatory evidence listed/referenced in the above two interrogatories, state how you learned of its existence, when you learned of its existence, and describe what if anything you, your attorney/and or your attorney's investigator did with that evidence after you learned about it?

**ANSWER:** Please see Plaintiff's objections and responses to Interrogatory No. 3, which Plaintiff references and incorporates herein.

6. With regard to the allegation in Count IV of your Complaint that the Defendants fabricated false reports and other evidence relating to your prosecution for the Jacinta and Mariano Soto homicides, for each of the following named defendants please state with particularity what reports or other evidence you claim the defendant fabricated during the investigation of, or during any of the underlying criminal proceedings relating to the Jacinta and Mariano Soto homicides: a) Robert Rutherford; b) Daniel Trevino; c) Mark Harvey; d) Ernest Halvorsen; e) Reynaldo Guevara; f) Robert Biebel; g) Edward Mingey; h) Edwin Dickinson; i) John Naujokas and j) Dennis Stankus.

6

**ANSWER**: Plaintiff objects to this request on the ground that it is vague and overbroad, and unduly burdensome. Plaintiff objects further to the extent this request seeks information protected by attorney-client, work-product, and other applicable privileges. In addition, Plaintiff objects to this request because it is propounded while discovery is still in its early stages, before Defendants have completed their production of documents related to this case (and specific request for records remain outstanding), before nearly all of the relevant depositions have occurred, and before Plaintiff has had full opportunity to conduct discovery. Finally, Plaintiff objects because the information responsive to this request is more readily accessible to Defendants than to Plaintiff.

Subject to these and the general objections, please see Plaintiff's objections and responses to Request No. 3, which Plaintiff references and incorporates herein, as well as documents already produced in this case. Answering further, Plaintiff states that there is ample evidence that Defendants fabricated evidence to support Plaintiff's conviction. First and foremost, Defendants fabricated false confessions and incriminating statements implicating Plaintiff in the crime, including the statements of Plaintiff, Gabriel Solache, and Adriana Mejia. In addition, Defendants fabricated statements from Guadalupe Mejia and Rosauro Mejia, destroyed crime scene photos and created false police reports to justify their destruction, and created additional false police reports containing statements and describing events that were knowingly fabricated to falsely connect Plaintiff to a crime he was totally innocent of.

The individual Defendants fabricated the statements of Plaintiffs Reyes and Solache, as well as those of Adriana and Rosauro Mejia after Plaintiffs Reyes and Solache, along with Adriana Mejia's husband Rosauro, brought the Soto boy to the police station on their own

accord. Defendants nevertheless manipulated both Reyes and Solache to falsely confess to a crime they did not commit, in part by physically beating them. In turn, they manipulated and falsified Adriana Mejia's and her husband Rosauro's statements. All of this evidence relating to Defendants' fabrications was withheld from Plaintiff, and would have been powerful exculpatory and impeaching evidence.

Furthermore, during Plaintiff's post-conviction proceedings, Plaintiff developed compelling evidence that he was innocent of the Soto murders. Plaintiff's fingerprints and DNA were never found at the murder scene, DNA testing excluded Plaintiff and Solache and pointed to an unidentified male other than Reyes and Solache, he had worked until late into the evening early/morning the night of the crime, and he had no plausible motive to commit the heinous crimes he was wrongfully convicted of. This is powerful evidence that Defendants framed Plaintiff by manufacturing false statements implicating Reyes and Solache. Indeed, this is exactly why during the post-conviction process Plaintiff was exonerated and found innocent of the crimes he was wrongfully convicted of. Instead of investigating the true perpetrators of the crime, Defendants chose to make an easy mark of two young men, new to this country without an understanding of the language or laws used against them. Individuals who participated in the additional fabrication of evidence against Plaintiff, discussed above, include Defendants Guevara, Halvorsen, Dickinson, Rutherford, Naujoas, Karalow, Harvey, Trevino, Mingey, Biebel, Cappitelli, O'Malley, Wehrle, Navarro, Brualdi, and Varga. Plaintiff reserves the right to supplement or amend his response.

7.     For each and every fabricated report or other fabricated evidence listed in the above interrogatory for each named defendant state to your knowledge when the fabrication occurred and the circumstances of how the fabrication occurred.

8

**ANSWER:**   Please see Plaintiff's objections and responses to Interrogatory No. 6, which Plaintiff references and incorporates herein.

8.      For each and every fabricated report or other fabricated evidence listed/referenced in the above two interrogatories, state how you learned of its existence, when you learned of its existence, and describe what if anything you, your attorney and/or your attorney's investigator did with that evidence after you learned about it.

**ANSWER:**   Please see Plaintiff's objections and responses to Interrogatory No. 6, which Plaintiff references and incorporates herein.

9.      Are you aware of any documents that were not produced or tendered to prosecutors or defense counsel during any of the underlying criminal proceedings relating to the Jacinta and Mariano Soto homicide? If so, please identify and state with particularity the documents you claim were not so produced or tendered, including but not limited to, their date, author recipient, and subject matter, and if you have possession of the document, produce a copy pursuant to Fed.R.C.P.34, or identify it by Bates number if previously produced.

**ANSWER:**   Please see Plaintiff's objections and responses to Interrogatory No. 3 and 6 above, which Plaintiff references and incorporates herein.

RESPECTFULLY SUBMITTED,

**ARTURO DeLEON-REYES**

BY:    /s/ Sean Starr
       *One of Plaintiff's Attorneys*

9

1

Arthur Loevy
Jon Loevy
Anand Swaminathan
Steve Art
Rachel Brady
Sean Starr
**LOEVY & LOEVY**
311 N. Aberdeen, Third Floor
Chicago, IL 60607
sean@loevy.com

1

## CERTIFICATE OF SERVICE

I, Sean Starr, an attorney, certify that on November 28, 2018, I served the foregoing Plaintiff's Responses to Defendant Halvorsen's First Set of Interrogatories upon on all counsel of record via electronic mail.

/s/ Sean Starr
*One of Plaintiff's Attorneys*

1