*DeLeon-Reyes v. Guevara, et al.*
Case No. 18 CV 01028

# Exhibit C

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18 Civ. 1028 |
| | ) | |
| v. | ) | Hon. Steven Seeger |
| | ) | District Judge |
| REYNALDO GUEVARA, et al., | ) | Magistrate Sunil Harjani |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSES TO DEFENDANT JOHN NAUJOKAS' SECOND
SET OF INTERROGATORIES TO PLAINTIFF REYES**

Plaintiff Arturo Reyes, by and through his attorneys, Loevy & Loevy,

responds as follows to Defendant Naujokas' Second Set of Interrogatories to

Plaintiff:

## INTERROGATORIES

1. In paragraph 74 of your Complaint, you allege that Defendants

Karalow and Harvey "suppressed or destroyed photographs of the crime scene

because the photographs contradicted the facts of Plaintiff's false confession."

Provide a complete description of what was depicted in each of the crime scene

photographs which you claim was "suppressed or destroyed."

**ANSWER:** Plaintiff objects that this interrogatory seeks the thoughts and

mental impressions of counsel, and therefore invades the attorney work product

privilege. Plaintiff objects to this Request as premature because Plaintiff has not

received complete responses to his request for documents from the City and the

individual defendants. Plaintiff objects because information relevant to this inquiry

1

is principally in the possession, custody, or control of Defendants Karalow, Harvey, and the other Defendants. Plaintiff also objects because he was *never* at the crime scene, and so he cannot possibly "provide a complete description of what was depicted in each of the crime scene photographs." Plaintiff further objects specifically to Defendant Naujokas' issuance of this request, given his counsel's representation that he is unwilling to sit for a discovery deposition.

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and his previous objections to defendants' definitions and instructions, Plaintiff's complaint sets forth allegations against defendants in detail, including their involvement in misconduct during the investigation, and their participation in a conspiracy with the other individual defendants, and possible others, to frame Plaintiff for a crime he did not commit.

What Plaintiff's complaint alleges—and what the discovery so far has revealed—is that defendants conspired to document only the evidence that supported the theory of the crime manufactured by Defendant Guevara and the other Defendants. Answering further, Defendants Karalow and Harvey were CPD technicians that responded to the Soto Murders investigation crime scene on April 1, 1998. These defendants were called to the scene sometime in the afternoon, and according to a CPD report they arrived at 7:20 pm and then left the scene at 12:40 am. When they arrived on scene, Defendants Guevara and Halvorsen were already there. Defendants Karalow and Harvey photographed the crime scene and inventoried some physical evidence in concert with Defendant Guevara. The photos

2

they took of the crime scene would have shown the crime scene as it existed shortly after the bodies were found, nearest in condition to when the perpetrators of the murder had left. The photos would have depicted physical evidence and other information that would have allowed Plaintiff and his counsel to demonstrate that aspects of his inculpatory statements were contradicted by the information depicted in the scene photos, proving his confession was false. Indeed, Defendant Harvey took approximately 24 to 36 photographs of the crime scene. At some point after the Defendants had obtained false confessions from Plaintiff, however, Defendants claim that they learned that the photographs from the crime scene were not usable. Some of these photos appear underexposed, some appear overexposed, and others appear to have been lit by some external light source inconsistent with the flash used on the CPD-issued Canon AE-1 cameras. And curiously, despite claiming that there was some camera malfunction that caused the photos to be unusable, some of the photos from the night of the crime—ones that were consistent with Defendants' theory of the case—were not unusable and were used as exhibits at trial. Finally, Defendants have testified that they could not recall any other instance in which they took photos of a crime scene, and then those photos ended up being unusable, resulting in the loss of critical crime scene evidence. What is clear is that exculpatory evidence that was likely to have revealed the true circumstances of the crime, and have prevented Plaintiff's conviction, was destroyed while in CPD custody.

In spite of the fact that Defendants became aware of the damaged

3

photographs shortly after they were taken, CPD did not send anyone to re-photograph the entire crime scene for 17 days. When CPD technicians, Defendants Stankus and Naujokas, were sent back out to the crime scene, Defendant Guevara was again there to direct them on what to photograph. The photographs taken by Defendants Stankus and Naujokas fail to document the crime scene as it was, or any of the critical information related to the crimes and the veracity of the confessions. Instead, they demonstrate only that the Defendants had tampered with the crime scene. Furniture, clothing, and miscellaneous personal items within the Soto apartment were clearly rearranged and items were placed in direct contact with blood, forever damaging the integrity of the crime scene. Ultimately, the new photos appear to have been taken for the very purpose of capturing as little information as possible that could be used to test the veracity of Plaintiff's false confession. They provide no information about the location of the bodies, blood, critical items of evidence found in the apartment (like knives), etc. Defendants were charged with responsibility for the crime scene and all evidence found on scene. Because of Defendants' actions, evidence that could have proven Plaintiff's innocence was suppressed and destroyed. The particulars of that evidence are lost to history because of Defendants' actions.

CPD did send someone back out to the scene on April 4, 1998, to take a single roll of eight individual photographs. These consist of seven close-up photographs of what appear to be bloody foot prints and one wide-angle photograph of what appears to be a bloody floor littered with rubber gloves. Based upon deposition

4

testimony in this case, multiple CPD personnel and others walked through the bloody crime scene making proper identification of the April 4, 1998 photographs impossible. Furthermore, these photographs demonstrate that certain contents of the crime scene had been moved—and, as such, tainted—sometime between, at minimum, April 4 and April 17, 1998. Without further production of documents showing otherwise, the only defendants to enter the crime scene after April 4, were Defendants Guevara, Stankus, and Naujokas.

In spite of defendants' suppression and destruction of certain evidence, a lack of all necessary depositions being completed, and Defendants' failure to completely respond to all of Plaintiff's documents requests, Plaintiff's counsel's investigation has uncovered some relevant information that provides at least a glimpse of what Defendants chose to obfuscate from the Plaintiff in this case. For instance, Plaintiff has learned that Defendants withheld and continue to withhold documents that reflect that Defendants had multiple theories of the case and alternative suspects. Plaintiff has also learned that large bags of evidence were removed from the crime scene that were either never, or improperly, inventoried and produced. Plaintiff has furthermore learned that Defendant Guevara coerced the only individual witness to any part of the murders—the Soto's neighbor Alfredo Aranda—to testify to things that were not true—much of which Guevara nonetheless included in a fabricated police report. Significantly, Plaintiff has learned that the bodies of the victims in this case were not located where the police reports purport them to have been located. Similarly, Plaintiff has learned that critical physical evidence found at the

crime scene was not inventoried. In the aggregate, Plaintiff has unearthed more than enough evidence to suggest that Defendants Karalow, Harvey, Stankus, and Naujokas purposely conspired with Defendant Guevara and others to suppress or destroy evidence from the crime scene because it contradicted the facts found in Plaintiff's false confession.

Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

2.      In paragraph 74 of your Complaint, you allege that Defendants Karalow and Harvey "suppressed or destroyed photographs of the crime scene because the photographs contradicted the facts of Plaintiff's false confession." Identify each fact of your "false confession" that was contradictory to the photographs you claim were suppressed or destroyed.

ANSWER:   Plaintiff objects that this interrogatory seeks the thoughts and mental impressions of counsel, and therefore invades the attorney work product privilege. Plaintiff objects to this Request as premature because Plaintiff has not received complete responses to his request for documents from the City and the individual defendants. Plaintiff objects because information relevant to this inquiry is principally in the possession, custody, or control of Defendant Karalow, Harvey, and the other Defendants. Plaintiff further objects specifically to Defendant Naujokas' issuance of this request, given his counsel's representation that he is unwilling to sit for a discovery deposition. Subject to these and the general

6

objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, please see Plaintiff's Answer to the Interrogatory No 1. of Defendant Naujokas' Second Set of Interrogatories to Plaintiff.

3. In paragraph 74 of your Complaint, you allege that Defendants "prepared police reports falsely claiming that the camera used at the crime scene had malfunctioned and the original crime scene photos were unusable." Identify by Bates number, each report which makes either of these allegedly false claims.

ANSWER: Plaintiff objects that this interrogatory seeks the thoughts and mental impressions of counsel, and therefore invades the attorney work product privilege. Plaintiff objects to this Request as premature because Plaintiff has not received complete responses to his request for documents from the City and the individual defendants. Plaintiff objects because information relevant to this inquiry is principally in the possession, custody, or control of Defendants. Plaintiff further objects specifically to Defendant Naujokas' issuance of this request, given his counsel's representation that he is unwilling to sit for a discovery deposition.

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, please see Plaintiff's Answer to the Interrogatory No 1. of Defendant Naujokas' Second Set of Interrogatories to Plaintiff. Answering further, see RFC-Solache/Reyes 000461.

4.      Identify all persons with knowledge of the allegations contained paragraph 74 of your complaint.

**ANSWER:**   Plaintiff objects that this interrogatory seeks the thoughts and mental impressions of counsel, and therefore invades the attorney work product privilege. Plaintiff objects to this Request as premature because Plaintiff has not received complete responses to his request for documents from the City and the individual defendants. Plaintiff objects because information relevant to this inquiry is principally in the possession, custody, or control of Defendants. Plaintiff further objects specifically to Defendant Naujokas' issuance of this request, given his counsel's representation that he is unwilling to sit for a discovery deposition.

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, please see Plaintiff's Answer to the Interrogatory No 1. of Defendant Naujokas' Second Set of Interrogatories to Plaintiff. Answering further, Please see Plaintiff's MIDP disclosures.

5.      Identify any and all documents relating to the allegations contained in paragraph 74 of your complaint.

**ANSWER:**   Plaintiff objects that this interrogatory seeks the thoughts and mental impressions of counsel, and therefore invades the attorney work product privilege. Plaintiff objects to this Request as premature because Plaintiff has not received complete responses to his request for documents from the City and the individual defendants. Plaintiff objects because information relevant to this inquiry

8

is principally in the possession, custody, or control of the Defendants. Plaintiff further objects specifically to Defendant Naujokas' issuance of this request, given his counsel's representation that he is unwilling to sit for a discovery deposition.

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, please see Plaintiff's Answer to the Interrogatory No 1. of Defendant Naujokas' Second Set of Interrogatories to Plaintiff.

6. Identify any and all persons with knowledge that Defendants Naujokas and/or Stankus were assigned to the Sotos investigation prior to April 17, 1998.

**ANSWER**: Plaintiff objects that this interrogatory seeks the thoughts and mental impressions of counsel, and therefore invades the attorney work product privilege. Plaintiff objects to this Request as premature because Plaintiff has not received complete responses to his request for documents from the City and the individual defendants. Plaintiff objects because information relevant to this inquiry is principally in the possession, custody, or control of Defendant Naujokas, Stankus, and the other Defendants. Plaintiff further objects specifically to Defendant Naujokas' issuance of this request, given his counsel's representation that he is unwilling to sit for a discovery deposition.

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, please see Plaintiff's Answer to the Interrogatory No 1. of Defendant Naujokas'

9

Second Set of Interrogatories to Plaintiff.

7.      Identify any and all documents which relate to the involvement of Defendants Naujokas and/or Stankus in the Sotos investigation prior to April 17, 1998.

ANSWER: Plaintiff objects that this interrogatory seeks the thoughts and mental impressions of counsel, and therefore invades the attorney work product privilege. Plaintiff objects to this Request as premature because Plaintiff has not received complete responses to his request for documents from the City and the individual defendants. Plaintiff objects because information relevant to this inquiry is principally in the possession, custody, or control of Defendant Naujokas, Stankus, and the other defendants. Plaintiff further objects specifically to Defendant Naujokas' issuance of this request, given his counsel's representation that he is unwilling to sit for a discovery deposition.

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, please see Plaintiff's Answer to the Interrogatory No 1. of Defendant Naujokas' Second Set of Interrogatories to Plaintiff.

8.      Identify any and all statements contained in the police report made by Defendants Karalow and Harvey dated April 1, 1998 (RFC 420), which you contend is false.

ANSWER:    Plaintiff objects that this interrogatory seeks the thoughts and mental impressions of counsel, and therefore invades the attorney work product

10

privilege. Plaintiff objects to this Request as premature because Plaintiff has not received complete responses to his request for documents from the City and the individual defendants. Plaintiff objects because information relevant to this inquiry is principally in the possession, custody, or control of Defendants Karalow, Harvey, and the other Defendants. Plaintiff further objects specifically to Defendant Naujokas' issuance of this request, given his counsel's representation that he is unwilling to sit for a discovery deposition.

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, please see Plaintiff's Answer to the Interrogatory No 1. of Defendant Naujokas' Second Set of Interrogatories to Plaintiff.

9.      Identify any and all statements contained in the police report made by Defendants Stankus and Naujokas dated April 17, 1998 (RFC 267), which you contend is false.

**ANSWER**:   Plaintiff objects that this interrogatory seeks the thoughts and mental impressions of counsel, and therefore invades the attorney work product privilege. Plaintiff objects to this Request as premature because Plaintiff has not received complete responses to his request for documents from the City and the individual defendants. Plaintiff objects further because information relevant to this inquiry is principally in the possession, custody, or control of Defendant Stankus, Naujokas, and the other Defendants. Plaintiff further objects specifically to Defendant Naujokas' issuance of this request, given his counsel's representation

11

that he is unwilling to sit for a discovery deposition.

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, please see Plaintiff's Answer to the Interrogatory No 1. of Defendant Naujokas' Second Set of Interrogatories to Plaintiff.

10.    Identify any and all persons with knowledge relating to the alleged falsity of the police report made by Karalow and Harvey dated April 1, 1998 (RFC 420) and/or the alleged falsity of the police report made by Defendants Stankus and Naujokas dated April 17, 1998 (RFC 267).

**ANSWER**:    Plaintiff objects that this interrogatory seeks the thoughts and mental impressions of counsel, and therefore invades the attorney work product privilege. Plaintiff objects to this Request as premature because Plaintiff has not received complete responses to his request for documents from the City and the individual defendants. Plaintiff objects because information relevant to this inquiry is principally in the possession, custody, or control of Defendant Harvey and the other defendants. Plaintiff further objects specifically to Defendant Naujokas' issuance of this request, given his counsel's representation that he is unwilling to sit for a discovery deposition.

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, please see Plaintiff's Answer to the Interrogatory Nos 1. and 4 of Defendant Naujokas' Second Set of Interrogatories to Plaintiff.

12

RESPECTFULLY SUBMITTED,

**ARTURO DeLEON-REYES**


BY:   /s/ Sean Starr
      *One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Anand Swaminathan
Steve Art
Rachel Brady
Sean Starr
**LOEVY & LOEVY**
311 N. Aberdeen, Third Floor
Chicago, IL 60607
sean@loevy.com

13

## CERTIFICATE OF SERVICE

I, Sean Starr, an attorney, certify that on September 27, 2019, I served the

foregoing Plaintiff's Responses to Defendant John Naujokas' Second Set of

Interrogatories to Plaintiff Reyes upon on all counsel of record via electronic mail.


/s/ Sean Starr
*One of Plaintiff's Attorneys*

14