IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTURO DeLEON-REYES | ) | |
| | ) | Case No. 18 CV 1028 |
| Plaintiff, | ) | |
| | ) | Hon. Steven C. Seeger |
| | ) | Magistrate Judge Sunil Harjani |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| REYNALDO GUEVARA, et al | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |
| GABRIEL SOLACHE, | ) | |
| | ) | Case No. 18 CV 2312 |
| Plaintiff, | ) | |
| | ) | Hon. Steven C. Seeger |
| | ) | Magistrate Judge Sunil Harjani |
| | ) | |
| | ) | |
| | ) | JURY DEMAND |
| CITY OF CHICAGO, et al | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO LIMIT PLAINTIFFS' 404(b) DISCOVERY**

Defendants Edwin Dickinson, Robert Rutherford, Dennis Stankus, John Naujokas, Daniel Trevino, Mark Harvey, Robert Biebel, Edward Mingey, Kevin Rodgers, as Special Representative of the Estate of Francis J. Cappitelli, deceased, and Theresa Karalow, as Special Administrator of the Estate of Jahn Karalow, deceased ("Individual Officer Defendants") by their attorneys, The Sotos Law Firm, P.C., Defendants Reynaldo Guevara, by his attorneys, Leinenweber Baroni & Daffada, LLC, and Defendant City of Chicago by its attorneys, Rock Fusco & Connelly, LLC, (collectively "Defendants"), move this Court for an order compelling Plaintiffs to limit the number of 404(b) witnesses. In support of their motion, Defendants state as follows:

**Introduction**

Two years into the present case, and after repeated requests by Defendants and a suggestion by this Court to reasonably limit the number of 404(b) witnesses, Plaintiffs now claim they can limit themselves to no fewer than 250 witnesses to provide testimony about the Individual Officer Defendants' purported other crimes and wrongs in unrelated cases. Plaintiffs insistence on 404(b) evidence of this magnitude is not proportional to the needs of this case and should be limited.

**I.      Background**

On August 13, 2018, Plaintiffs served their mandatory initial discovery disclosures on Defendants. *See* Plaintiffs Arturo DeLeon Reyes' and Gabriel Solache's Responses to Mandatory Initial Disclosures ("Initial MIDP Disclosure"), Exhibit A. In their Initial MIDP Disclosure, Plaintiffs identified over 60 witnesses who allegedly have discoverable information relating to purported other crimes and misconduct by some of the Individual Officer Defendants in other unrelated cases. Ex. A. According to Plaintiffs' Initial MIDP Disclosure, many of the witnesses purportedly have information about Defendant Guevara's alleged misconduct, a few have information about alleged misconduct of Defendants Mingey and Halvorsen, but for eight 404(b) witnesses, Plaintiffs did not even identify the officer(s) about whose alleged misconduct the witness might testify. *Id*. Plaintiffs' disclosure did not identify the nature or date of the alleged misconduct, and for 42 of the witnesses, Plaintiffs provided no address or telephone number for the witness. Ex. A.

On December 19, 2019, when the subject of 404(b) witnesses was raised at a status hearing, this Court reminded the Parties that in the past it has limited a party to developing ten 404(b) witnesses for trial based on proportionality grounds and asked the Parties to confer to reach an agreement on the matter. *See* Report of Proceedings held December 19, 2019, pp. 13-14, Ex. B.

Pursuant to this Court's directive, the Parties conferred on January 13, 2020 but were not able to agree on an appropriate number of witnesses because Plaintiffs refused to voluntarily limit the number of 404(b) witnesses. Dkt. 194, p. 4. In fact, on January 27, 2020, instead of limiting the number of 404(b), Plaintiffs presented Defendants with a new list of 404(b) witnesses – *adding almost 200 more witnesses,* identifying over 100 different cases about which these witnesses may testify, and covering a span of more than 20 years. Dkt. 194-1.

Aside from the issue of the sheer number of witnesses Plaintiffs have now disclosed, this "witness list" does not comport with this Court's Amended Standing Order Regarding Mandatory Initial Discovery Pilot Project: it does not provide the address or telephone number of any individuals and it does not provide a "fair description" of the nature of the information each person is believed to possess. *See* Amended Standing Order, https://www.ilnd.uscourts.gov/_assets/_documents/MIDP%20Standing%20Order%20Dec0118.pdf ¶ B(1) (requiring the Plaintiffs to "state the names of all persons who you believe are likely to have discoverable information relevant to any party's claims or defenses, and provide a fair description of the nature of the information each such person is believed to possess").

All this "witness list" does is present, in table form, the name of one person involved in the incident, the year of investigation, the names of officers involved and the names of the witnesses. In many instances, the name used to describe the case does nothing to sufficiently identify it. For many other witnesses, the year of investigation is not provided. But perhaps most importantly, Plaintiffs fail to disclose whether any particular witness has information relating to the alleged misconduct of any particular Individual Officer Defendant; involvement in a particular case where there is alleged wrongdoing does not equate to wrongdoing of every officer involved in the case. This is best illustrated by William Dorsch's inclusion as an "officer involved" in the Frias-Munoz case, and as a victim of Guevara's misconduct. Ex. C, pp. 4 and 10. Are Plaintiffs claiming that Dorsch is both a victim and guilty of misconduct? The answer in unclear.

**II.     Legal Argument**

"[T]he goal of discovery . . . is to enable both sides to make effective preparation for trial" and avoid "unfair surprise." *Zingerman v. Freeman Decorating Co.*, No. 02 C 6050, 2003 WL 22057032, at *4 (N.D. Ill. Sept. 3, 2003). "A district court has broad discretion over pretrial discovery rulings." *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.,* 755 F. 3d 832, 837 (7th Cir. 2014).

**A.     This Court Should Limit Plaintiffs to a Reasonable Number of 404(b) Witnesses in Discovery.**

Rule 26 of the Federal Rules of Civil Procedure permits the discovery of nonprivileged matter "that is relevant" to a party's claim or defense and "proportional" to the needs of the case, considering the importance of the issues at stake, the importance of the discovery in resolving those issues, the amount in controversy, and the weighing of burdens and benefits. *See* Rule 26(b)(1). The Court must restrict the frequency and extent of discovery if it determines that the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C); *see also* Advisory Committee Notes to 2000 Amendments to Rule 26 (discussing the desire for "active judicial use" of its power under Rule 26(b)(2) "to control excessive discovery"); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (internal quotations omitted) (court should weigh "the value of the material sought against the burden of providing it and taking into account society's interest in furthering the truth-seeking function in the particular case before the court"); *Sanyo Laser Products, Inc. v. Arista Records, Inc.,* 214 F.R.D. 496 (S.D. Ind. 2003) (discussing 2000 changes to Rule 26, and concluding that the changes were designed to focus courts on whether discovery, though relevant, is otherwise burdensome or excessive considering the needs of the case). "Discovery must hew closely to matters specifically described in the complaint lest discovery, because of its burden and expense, become the centerpiece of litigation strategy."

*McCartor v. Rolls-Royce Corp.,* Case No. 08-CV-00122, 2013 WL 5348536 at *7 (Sept. 24, 1013 S.D. Ind.).

Here, Plaintiffs admit they do not plan to call all these witnesses at trial but insist they cannot limit evidence of prior bad acts "at the start of discovery." (Dkt. 194 at p.4).[1] Unfortunately, Plaintiffs' strategy of listing far more 404(b) witnesses than they intend to call at trial is not uncommon. As this Court recently noted: "This is an issue in every case where we have Loevy on one side and the city on the other. I have many of these cases. Judges in this district have many of these cases. This is – 404(b) is always an issue." Exhibit D (transcript from *Prince v. City of Chicago,* 18 C 2952 (N.D. Ill.) at 4.

Plaintiffs' list of 250 404(b) witnesses, covering over 100 separate police investigations, is absurd. Allowing Plaintiffs to continue in this vein will require Defendants to depose each of Plaintiffs' witnesses. Then, for each of Plaintiffs' 404(b) witnesses, Defendants will disclose an equal if not greater number of rebuttal witnesses that presumably will also need to be interviewed and/or deposed. Adding another 500-1,000 witnesses in this case will add years to discovery and is not proportional to the needs of this case. This is especially true in light of the fact there is very little chance any of this evidence is admissible at trial. *See infra*, § II(B).

There is and can be no need for this many witnesses on the topic. Accordingly, this Court should, as it has in other similar cases, limit discovery with respect to 404(b) evidence. *See, e.g.*, *Fulton v. Clancy*, No. 17-CV-08696, Dkt. 181 (Oct. 30, 2019) and Dkt. 210 (Feb. 12, 2010) (limiting two Plaintiffs to a total of ten 404(b) witnesses); *Prince v. Kato*, No. 18 CV 2985 (May 9, 2019) (ordering Plaintiff to narrow 404(b) witness list) (pp. 7-9 transcript attached as Exhibit D); *see also Hood v. City of Chicago*, No. 16-C-1893, Dkt. 312 at p.2 (June 13, 2019) (Magistrate Judge Valdez directing two Plaintiffs to work on further reducing a list of eighteen

---

[1] In fact, Plaintiffs filed their cases two years ago.

404(b) witnesses) (see pages 14-15 of transcript attached as Exhibit E); *Rivera v. Guevara,* No. 12 CV 4428, Dkt. 76 (Jan. 16, 2014) (limiting Plaintiff to no more than ten 404(b) witnesses).

### B. Plaintiffs' 404(b) Evidence Is Not Likely to Be Admissible at Trial.

Rule 404(b) excludes relevant evidence of other crimes, wrongs, or acts if the purpose is to show a person's propensity to behave in a certain way, but other-act evidence may be admitted for "another purpose" including, but not limited to, "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Civ. P. 404(b).

Although discovery is permitted on relevant and not necessarily admissible evidence, Defendants note that to be admissible, Rule 404(b) evidence must: (a) be directed toward establishing a matter in issue other than a defendant's propensity to engage in such conduct; (b) show that the other act is similar enough and close enough in time to be relevant to the matter in issue; (c) be sufficient to support a jury finding that the defendant committed the similar act; and (d) have probative value that is not substantially outweighed by the danger of unfair surprise." *United States v. Gomez,* 763 F.3d 845, 853 (7th Cir. 2014). In addition to being relevant for a non-propensity purpose, the proponent of the evidence must also demonstrate how the evidence is relevant without relying on a propensity inference. *Id*. at 856.

And, even if the witnesses have probative 404(b) evidence, a Court will may exclude the evidence "if its probative value is substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The prejudice and confusion here is patent. So too is the undue delay and waste of time in needlessly presenting what is surely cumulative evidence. The small likelihood that any of these 404(b) witnesses testifies at trial also militates in favor of requiring Plaintiffs to limit the number of these witnesses now, before the Parties engage in unnecessary, lengthy, costly and needless discovery.

### III. Conclusion

Wherefore, for the reasons stated above, Defendants respectfully request that this Court limit Plaintiffs to no more than five 404(b) witnesses and require Plaintiffs to meet their mandatory discovery obligations for each of them.

Date: February 18, 2020                                    Respectfully submitted,

/s/Caroline Golden                                         /s/Thomas Leinenweber
CAROLINE GOLDEN, Atty No. 6211227        THOMAS LEINENWEBER, Atty No. 6209086
*One of the Attorneys for*                              *One of the Attorneys for Defendant Guevara*
*Individual Defendants*

James G. Sotos                                              Thomas M. Leinenweber
Jeffrey N. Given                                            James V. Daffada
Caroline P. Golden                                          Justin L. Leinenweber
Josh M. Engquist                                            Kevin E. Zibolski
THE SOTOS LAW FIRM, P.C.                     Leinenweber, Baroni & Daffada
141 W. Jackson, Suite 1240A                       120 N. LaSalle, Suite 2000
Chicago, Illinois 60604                                  Chicago, Illinois 60602
630-735-3300                                                 312-663-3003
cgolden@jsotoslaw.com                              thomas@ilesq.com

/s/ Eileen Rosen
EILEEN ROSEN, Atty No. 6217428
*One of the Attorneys for City of Chicago*

Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Rock Rusco & Connelly, LLC
312 N. Clark, Suite 2200
Chicago, IL 60654
(312) 494-1000
erosen@rfclaw.com

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that on February 18, 2020, I electronically filed the foregoing **Motion To Limit Plaintiffs' 404(b) Discovery** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed below.

**_Attorneys for Arturo Reyes:_**
Jon Loevy
Steven Art
Anand Swaminathan
Rachel Brady
Sean Starr
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
jon@loevy.com
steve@loevy.com
anand@loevy.com
brady@loevy.com
sean@loevy.com

**_Attorneys for Gabriel Solache:_**
Jan Susler
Ben H. Elson
John L. Stainthorp
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
(773) 235-0070
jsusler@peopleslawoffice.com
ben.elson79@gmail.com
stainthorp@gmail.com

**_Attorneys for Cook County Defendants:_**
Edward M. Brener
Ryan Gillespie
Cook County State's Attorney's Office
50 W. Washington St., Room 500
Chicago, IL 60602
(312) 603-3369
edward.brener@cookcountyil.gov
ryan.gillespie@cookcountyil.gov

**_Attorneys for City of Chicago:_**
Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Rock Fusco & Connelly, LLC
312 N. Clark, Suite 2200
Chicago, IL 60654
(312) 494-1000
erosen@rfclaw.com
cbarber@rfclaw.com
tcarney@rfclaw.com
arahe@rfclaw.com

**_Attorneys for Defendant Guevara:_**
James V. Daffada
Thomas M. Leinenweber
Kevin E. Zibolski
Justin L. Leinenweber
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
(312) 663-3003
jim@ilesq.com
thomas@ilesq.com
kevin@ilesq.com
justin@ilesq.com

**_Attorney for David Navarro:_**
Terrence M. Burns
Daniel M. Noland
Paul A. Michalik
Reiter Burns, LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
(312) 982-0090
tburns@reiterburns.com
dnoland@reiterburns.com
pmichalik@reiterburns.com