# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ARTURO DeLEON-REYES | ) | |
| | ) | Case No. 18 CV 1028 |
| Plaintiff, | ) | |
| | ) | Hon. Steven C. Seeger |
| | ) | Magistrate Judge Sunil Harjani |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| REYNALDO GUEVARA, et al | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | |
| | ) | Case No. 18 CV 2312 |
| Plaintiff, | ) | |
| | ) | Hon. Steven C. Seeger |
| | ) | Magistrate Judge Sunil Harjani |
| | ) | |
| | ) | |
| | ) | JURY DEMAND |
| CITY OF CHICAGO, et al | ) | |
| | ) | |
| Defendants. | ) | |

## REPLY IN SUPPORT OF MOTION TO LIMIT
## THE SCOPE OF PLAINTIFFS' 404(b) DISCOVERY

Defendants Edwin Dickinson, Robert Rutherford, Dennis Stankus, John Naujokas, Daniel Trevino, Mark Harvey, Robert Biebel, Edward Mingey, Kevin Rodgers, as Special Representative of the Estate of Francis J. Cappitelli, deceased, and Theresa Karalow, as Special Administrator of the Estate of Jahn Karalow, deceased ("Individual Officer Defendants") by their attorneys, The Sotos Law Firm, P.C., Defendant Reynaldo Guevara, by his attorneys, Leinenweber Baroni & Daffada, LLC, and Defendant City of Chicago by its attorneys, Rock Fusco & Connelly, LLC, (collectively "Defendants"), state in further support of their motion to limit the scope of 404(b) discovery:

**Introduction**

Adriana Mejia and her housemates, Plaintiffs Gabriel Solache and Arturo Reyes, murdered the Soto parents and kidnapped the Soto children so that Adriana Mejia could pass off stolen baby Maria Soto as her own child. After they were arrested, Solache, Reyes and Adriana each separately confessed to the murders and kidnappings, eventually implicating each other in the crimes as well. Solache and Reyes claim they are innocent, and their confessions coerced. Now, in addition to disclosing 80 witnesses relating to the Soto murder and kidnapping investigation, Plaintiffs have also disclosed 250+ witnesses whom they claim have knowledge of police misconduct in other unrelated cases.

In the present motion, Defendants ask this Court to limit the scope of discovery by placing a reasonable limit on the number of 404(b) witnesses, striking any remaining witnesses from their disclosures, and for any 404(b) witness not stricken, Defendants ask this Court compel Plaintiff to provide full and complete mandatory disclosures and interrogatory responses.

Plaintiffs respond arguing: (1) there is no basis to limit discovery under Rule 26(b); (2) they cannot at this point limit themselves to any fewer than 250 witnesses to testify about other crimes because some of this evidence will be admissible at trial; and (3) Defendants' concerns about the additional discovery burden relating to the 250 witnesses is "overstated" because there are other cases (some pending, others soon-to-be-filed by Plaintiffs' counsel) in which other plaintiffs have identified some of the same 404(b) witnesses against other defendants.

In response, Defendants note: (1) Rule 26(b)(2)(C)(iii) requires this Court to limit the scope of discovery in this case to relevant matters that are proportional to the needs of the case; (2) although Plaintiff might be allowed to present a few 404(b) witnesses at trial, this does not justify discovery relating to 250 other witnesses; and (3) the burden of conducting discovery

relating to Plaintiffs' 404(b) witnesses in this case is immense and not proportional to the needs of the case.

### Rule 26(b) Requires this Court Limit Plaintiff to Discovery Matters that are Relevant to their Claim and Proportional to the Needs of their Case.

Plaintiffs' argument that this Court has no power to limit discovery is specious. The scope of discovery is limited to matters that are relevant to a party's claim "and is proportional to the needs of the case." Fed R. Civ. P 26(b)(1).  When a party proposes discovery outside the scope permitted by Rule (26(b)(1), the court must limit it.  Fed. R. Civ. P. 26(b)(2)(C)(iii).  The Supreme Court has cautioned that the requirements of Rule 26(b)(1) should be firmly applied, and the district courts should not neglect their power to restrict discovery where justice requires protection from undue burden or expense.  *Herbert v. Lando*, 441 U.S. 153, 99 S.Ct. 1635, 60 L.Ed.2d 115, (1979) (judges should not hesitate to exercise appropriate control over the discovery process).  *See also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352, 358, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

Failure to exercise that control results in needless and enormous costs to litigants and to the due administration of justice; in contrast, judicious use of the court's authority to control discovery checks overlawyering and effectively channels the efforts of counsel *before* excessive time and resources are expended.  *Montanez v. Simon*, 735 F.3d 547, 552 (7th Cir. 2014).  *See also Sommerfield v. City of Chicago*, 613 F.Supp.2d 1004, 1016-17 (N.D. Ill. 2009) (the requirements of Rule 26(b)(1) should be "firmly applied" and district courts should not hesitate to restrict discovery to protect litigants from undue burden or expense); *Wells Fargo Bank v. RLJ Lodging Trust*, No. 13 C 758, 2015 WL 156778, at * 1 (N.D. Ill. Jan. 12, 2015) (prohibiting discovery relating to other loans not directly at issue because the burden and expense of the discovery outweighed the likely benefit of it).

**Although Evidence of Other Acts May Be Admissible at Trial, it Will be Minimal and Does Not Justify Discovery Relating to 250+ Other Witnesses.**

Defendants do not contest that Plaintiff may seek to admit 404(b) evidence at trial. And, Defendants agree with Plaintiffs that character evidence is inadmissible but that Rule 404(b) permits evidence of other crimes for a non-propensity purpose. Dkt. 308 at p. 6. However, courts are quite careful to limit 404(b) evidence so that it does not become propensity evidence and limit the admission of 404(b) testimony accordingly. *See U.S. v. Gomez,* 763 F. 3d 845, 856-60 (7th Cir. 2014 (en banc).

Notably, in each case cited by Plaintiffs for the proposition that 404(b) evidence will be admitted at trial, *Wilson* and *Rivera*, the courts permitted only two 404(b) witnesses. *See Wilson v. City of Chicago,* 6 F.3d 1233, 1236 (7th Cir. 1993); Dkt. 308-3 at p. 17. In *Wilson* the Plaintiff claimed he "was punched, kicked, smothered with a plastic bag, electrically shocked, and forced against a hot radiator" until he confessed. *Wilson v. City of Chicago,* 6 F.3d 1233, 1236 (7th Cir. 1993). The court ruled it was error to exclude two 404(b) witnesses: (1) one witness to testify that the same officer had used an electroshock device nine days earlier and (2) another witness to testify that the same officers had beaten him for hours shortly before the Plaintiff's arrest. *Id.* at 1238. Similarly, in *Rivera,* the trial court permitted the Plaintiff to call only four 404(b) witnesses whose testimony most closely related to the allegations at issue in that case; Plaintiff only called one to testify. Dkt. 308-3 at p.17.

With that backdrop, Plaintiffs claim they must disclose 250+ potential witnesses. Included on this list are witnesses who are dead,[1] unreliable, and whose testimony has no bearing on the allegations against the Defendants in this case. *See* Ex. A, *People v. Reyes and Solache*, Nos. 98-CR-1244002 and 98-CR-1244003, order dated June 29, 2016 (Judge Obbish). By way

---

[1] By way of example only, Jorge Pacheco (listed by Plaintiff in Dkt. 308-1 at p.7) is deceased.

4

of example only, in post-conviction proceedings, Judge Obbish determined witnesses Adrian Duta and Wilfredo Rosario were "unreliable" (Ex. A at pp. 17-18, 27-28), called witness Leshurn Hunt's testimony "equivocal and sketchy at best" (Ex. A at pp. 21-22), and found that Robert Ruiz's allegation of a suggestive photo array was "not reliable" and "did not carry much weight" (Ex. A at pp. 28-29). Plaintiffs' insistence on disclosing these witnesses here demonstrates they have made no effort to limit their disclosures to relevant and proportional discovery.

Of course, if 250+ witnesses (covering 100 separate police investigations and spanning over 20 years) are at play, each of the Individual Officer Defendants in this case, many of whom have claims for punitive damages against them which the City will not pay, is entitled to explore and rebut each of these witnesses. Requiring Defendants to defend against the testimony of 250+ witnesses when only one or two may be called is the very definition of disproportionate.

**Defendants' Concerns About Burden Are Not Overstated.**

Defendants *in this case* are entitled to depose each of the 404(b) witnesses Plaintiffs disclose *in this case* and are then entitled to rebut that testimony and evidence with other witnesses and evidence. The burden of doing this with respect to Plaintiffs' currently identified 250+ witnesses, especially when less than a handful will testify at trial, is exceedingly disproportionate, notwithstanding Plaintiffs' arguments to the contrary. Defendants conservatively estimate that it would take no less than ten hours to evaluate, prepare for and take the depositions of each of Plaintiffs 250+ witnesses. For three sets of attorneys, that amounts to 7,500 attorney hours (and does not include the time the other defendants and Plaintiff will spend on the effort).[2]

---

[2] This estimate does not include the time Defendants will need to locate, evaluate and depose potential rebuttal witnesses.

In response, Plaintiffs first claim the burden of conducting discovery relative to the 250+ 404(b) witnesses Plaintiffs have identified in this case is minimal because Defendants in this case are not entitled to conduct discovery relating to most of these witnesses. Plaintiffs state the City has already investigated Defendant Guevara, and "many of the witnesses" with information about his misconduct have already testified in some other proceeding which reveals "how they would likely testify in any future proceeding" which "obviates the need to conduct additional discovery to prepare for trial." Dkt. 308 at p. 8. Notably, not one of these witnesses is identified by name, nor is the "likely" substance of his or her future testimony identified in any of Plaintiffs' disclosures. And, Plaintiffs have not moved to prevent Defendants from deposing or conducting discovery relating to any of these witnesses. Instead, Plaintiffs boldly suggest Defendants just do not need to. Apparently, Plaintiffs believe the burden is minimal because the "other acts" evidence Plaintiffs intend to introduce should be uncontested and the parties in this case are not entitled to conduct any discovery at all.

Plaintiffs also claim the burden of conducting discovery relative to the 250+ 404(b) witnesses is minimal because similar discovery will take place in other lawsuits. Here again, Plaintiffs miss the point. Defendants in this lawsuit are entitled to defend themselves against the allegations against them in this lawsuit. Plaintiffs provide no support for the claim that because other plaintiffs in pending or soon-to-be-filed cases intend to rely on the same 250+ pool of witnesses, *in which most of the Individual Officer Defendants here are not a party,* Defendants in this case are not allowed to conduct discovery to rebut that evidence. Each of the Individual Officer Defendants should be allowed the opportunity to address and rebut evidence Plaintiffs intend to present in this case; it is not enough that one or two of them have had the opportunity to do this in other unrelated cases.

Plaintiffs' also argue that this discovery is "directly relevant and admissible" to prove their *Monell* claims. This argument is undeveloped and, therefore, waived. *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (citing *U.S. v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)). Moreover, the disclosure identifying the 250+ witnesses says nothing at all about being relevant to Plaintiffs' *Monell* claim. In fact, the disclosure is titled "Plaintiffs' Corrected 404(b) Witness List." Dkt. 308-1 at p.1. Accordingly, the disclosure provides no notice to Defendants that Plaintiffs intend to rely upon these witnesses to support their *Monell* claims.

As a final "concession" Plaintiffs suggest that the Court allow them to identify ten witnesses it intends to call, and ten additional witnesses that can be substituted if the will-call witnesses are unavailable. Although Defendants concede that limiting Plaintiffs to developing a total of ten 404(b) witnesses in discovery is not unreasonable, allowing twice that number (which is ten times more than the likely number of witnesses to be allowed at trial) is not proportional to the needs of their case and should be denied.

**Conclusion**

Two years into the present case, Plaintiffs claim they can limit themselves to fewer than 250+ witnesses to provide testimony about the Individual Officer Defendants' purported other crimes and wrongs in unrelated cases. But even Plaintiffs admit they do not intend to call all of these witnesses at trial. (Dkt. 194 at p.4). Plaintiffs' insistence on 404(b) evidence of this magnitude is not proportional to the needs of this case and should be limited. Accordingly, this Court should, as it has in other similar cases, limit Plaintiffs to no more than five 404(b) witnesses, require Plaintiffs to meet their mandatory discovery obligations and answer written discovery for each of the permitted witnesses, strike the remaining witnesses from Plaintiffs' disclosures, and allow Defendants to depose the identified witnesses.

Dated: March 9, 2020                              Respectfully submitted,

/s/Caroline Golden                                /s/Thomas Leinenweber
CAROLINE GOLDEN, Atty No. 6211227                 THOMAS LEINENWEBER, Atty No. 6209086
*One of the Attorneys for*                        *One of the Attorneys for Defendant Guevara*
*Individual Defendants*

James G. Sotos                                    Thomas M. Leinenweber
Jeffrey N. Given                                  James V. Daffada
Caroline P. Golden                                Justin L. Leinenweber
Josh M. Engquist                                  Kevin E. Zibolski
THE SOTOS LAW FIRM, P.C.                          Leinenweber, Baroni & Daffada
141 W. Jackson, Suite 1240A                       120 N. LaSalle, Suite 2000
Chicago, Illinois 60604                           Chicago, Illinois 60602
630-735-3300                                      312-663-3003
cgolden@jsotoslaw.com                             thomas@ilesq.com

/s/ Eileen Rosen
EILEEN ROSEN, Atty No. 6217428
*One of the Attorneys for City of Chicago*

Eileen E. Rosen
Stacy A. Benjamin
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Rock Fusco & Connelly, LLC
312 N. Clark, Suite 2200
Chicago, IL 60654
(312) 494-1000
erosen@rfclaw.com

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that on March 9, 2020, I electronically filed the foregoing **Reply in Support of Motion to Limit the Scope of Plaintiffs' 404(B) Discovery** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed below.

*Attorneys for Arturo Reyes:*
Jon Loevy
Steven Art
Anand Swaminathan
Rachel Brady
Sean Starr
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
jon@loevy.com
steve@loevy.com
anand@loevy.com
brady@loevy.com
sean@loevy.com

*Attorneys for Gabriel Solache:*
Jan Susler
Ben H. Elson
John L. Stainthorp
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
(773) 235-0070
jsusler@peopleslawoffice.com
ben.elson79@gmail.com
stainthorp@gmail.com

*Attorneys for Cook County Defendants:*
Edward M. Brener
Ryan Gillespie
Cook County State's Attorney's Office
50 W. Washington St., Room 500
Chicago, IL 60602
(312) 603-3369
edward.brener@cookcountyil.gov
ryan.gillespie@cookcountyil.gov

*Attorneys for City of Chicago:*
Eileen E. Rosen
Stacy A. Benjamin
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Rock Fusco & Connelly, LLC
312 N. Clark, Suite 2200
Chicago, IL 60654
(312) 494-1000
erosen@rfclaw.com
sbenjamin@rfclaw.com
cbarber@rfclaw.com
tcarney@rfclaw.com
arahe@rfclaw.com

*Attorneys for Defendant Guevara:*
James V. Daffada
Thomas M. Leinenweber
Kevin E. Zibolski
Justin L. Leinenweber
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
(312) 663-3003
jim@ilesq.com
thomas@ilesq.com
kevin@ilesq.com
justin@ilesq.com

*Attorney for David Navarro:*
Terrence M. Burns
Daniel M. Noland
Paul A. Michalik
Reiter Burns, LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
(312) 982-0090
tburns@reiterburns.com
dnoland@reiterburns.com
pmichalik@reiterburns.com

9