**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18-CV-1028 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| REYNALDO GUEVARA, et al., | ) | Magistrate Sunil R. Harjani |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |
| GABRIEL SOLACHE, | ) | 1:18-CV-2312 |
| | ) | |
| Plaintiff, | ) | Hon. Steven C. Seeger |
| | ) | |
| v. | ) | Magistrate Sunil R. Harjani |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | | |

**RESPONSE TO DEFENDANTS' MOTION TO COMPEL WITNESS**
**ADRIANA MEJIA TO TESTIFY**

Witness, Andriana Mejia, by and through her attorney Dena M. Singer of Bedi & Singer, LLP, respectfully moves this Court to deny Defendants' Motion to Compel Witness to Testify under the Fifth Amendment of the United States Constitution and Rule 37 of the Federal Rules of Civil Procedure. This response is filed in opposition to Defendants' Motion to Compel Witness Adriana Mejia to Testify. Accordingly, Adriana Mejia respectfully requests this Court deny the Defendants' Motion to Compel. In support, Adriana Mejia states as follows:

1

## BACKGROUND

In 2001Mejia, Solache and Reyes were all charged with kidnapping and murder. Ms.
Mejia pled guilty to the to two counts of first-degree murder, two counts of aggravated
kidnapping, and one count of home invasion in exchange for life-imprisonment without
possibility of parole in 2001. (*See* Ex. 3, 2/8/01 Guilty Plea Hearing, pp. 10-29). Solache and
Reyes went to trial and were found guilty.

In 2017 after the Cook County State's Attorney Office *nolle processed* the charges
against Plaintiffs, Arturo Deleon-Reyes and Gabriel Solache, after Judge James Obbish denied
the admission of Chicago Detective Reynaldo Guevara's testimony. The Plaintiffs filed this civil
suit. Both parties wanted to depose Ms. Mejia regarding the kidnapping and murder of the Sotos.
Ms. Mejia is currently incarcerated in Illinois serving her sentence. While waiting on the
Plaintiffs' post-conviction proceedings, the City hired Sidley Austin LLP who interviewed Ms.
Mejia on October 9, 2014. *See* Ex. 4, Sidley Memo. During the interview, Ms. Mejia discussed
the violent treatment she had endured while under custody. *Id*. She described how in creating her
statement, the officers wrote it for her, constantly denying her the right to an attorney, and would
not read it to her in Spanish, despite her speaking with Spanish-speaking officers. *Id.* In late
September 26, 2018, Assistant State's Attorney Yulia Nikolaevskaya interviewed Ms. Mejia in
the presence of Assistant State's Attorney Krista Peterson. *See* Ex. 5, Declaration of
Nikolaevskaya. Ms. Mejia again was interviewed without an attorney present representing her
interests. *See id.*

When counsel for all parties in this case first traveled to Logan Correctional Center to
depose Ms. Mejia, Ms. Mejia felt ambushed and repeatedly she "didn't know about this." (Ex. 6,

Mejia Dep., 6/18/19, p. 4-6). Ms. Mejia stated she wanted a lawyer. After briefing the issue, undersigned counsel was appointed for witness Mejia. The parties began the deposition of Ms. Mejia on October 22, 2019. (Ex. 7, Mejia Dep., 10/22/19, p. 1). Ms. Mejia asserted her Fifth Amendment right to most questions posed and under attorney advisement, stated attorney-client privilege as the reason to not answer the questions. *Id*. at p. 232.

On July 15, 2020, the Defendants filed a Motion to Compel Ms. Mejia to Testify.  Ms. Mejia files this Opposition in response. Ms. Mejia's assertion of the Fifth Amendment was thoroughly proper and this Court should deny the Defendant's motion to compel.

**ARGUMENT**

I.  **MS. MEJIA'S CONVICTION DOES NOT PROHIBIT HER FROM ASSERTING THE FIFTH AMENDMENT PRIVILEGE BECAUSE MS. MEJIA CAN STILL PURSUE POST-CONVICTION REMEDIES**

The Fifth Amendment states "[n]o person shall be held to answer for a capital, or otherwise infamous crime . . . nor shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. The privilege can be "asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal proceeding or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 441 (1972).  Privilege extends to topics which could furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime. *See Hoffman v. United States*, 341 U.S. 479, 486 (1951). "When a witness can demonstrate any possibility of prosecution which is more than fanciful, he has demonstrated a reasonable fear of prosecution sufficient to meet constitutional muster." *In re Folding Carton Antitrust Litigation*, 609 F.2d 867, 869 (7th Cir.

1979). Courts gauge the possibility of incrimination by looking at statute of limitations, immunity, and double jeopardy. *See id.* at 872. A witness is not required to prove the possibility of prosecution, so whenever "there is any basis for a prosecution, the Fifth Amendment protection applies." *In re Corrugated Container Antitrust Litig.*, 661 F.2d 1145, 1152 (7th Cir.1981).

 While Ms. Mejia conviction is over 20 years old, Ms. Mejia has not exhausted all post conviction or appellate remedies. Should Ms. Mejia choose to file a post conviction anything she says during the deposition could be used against her during her post-conviction. As both parties are aware, Ms Mejia was also interrogated by Officer Guevera. Ms. Mejia has maintained since her arrest that Officer Guevera assaulted and abused her during her interrogation. The defense implies that Ms. Mejias is all of a sudden asserting that she was coerced into giving her statement which is patently not true. Mr. Mejia has constantly maintained that Officer Guevera mistreated her during the interrogation.

 While Ms. Mejia pled guilty, that does not mean she cannot file a post-conviction. Even with the time limitations outlined in the post conviction statute, they are not without exception. The doctrine of waiver is not a jurisdictional or absolute bar to procedurally defaulted claims. *See People v. Hawkins*, 690 N.E.2d 999, 1004 (Ill. 1988). "Time" is not an inherent element of the right to *bring* a post-conviction petition. *People v. Boclair*, 789 N.E.2d 734, 742 (Ill. 2002). For that reason, time limitations in the Post Conviction Act should be considered an affirmative defense and can be raised, waived, or forfeited by the state. *Id.* Accordingly, a dutiful prosecutor may waive a procedural defect during the second-stage of a post-conviction

proceeding if an untimely petitioner demonstrates she suffered a deprivation of constitutional magnitude. *Id.*

The State's interest in "convenience" should also be overridden when there has been a miscarriage of justice involving due process, fundamental fairness, or a claim of actual innocence. *Id.* ("Although our criminal justice system needs finality, it should not come at the expense of justice and fairness."). Courts are called to act in a dutiful manner and exercise their discretion in given circumstances. Procedural bars are not enforced and claims are given a fair hearing when facts relating to the claim do not appear on the face of the original appellate record, where the failure to present the claims at an earlier time stems from the incompetence of appellate counsel, or where fundamental fairness so requires. *See People v. Pitsonbarger*, 793 N.E.2d at 620; *People v. Mahaffey*, 742 N.E. 2d 251, 262 (Ill. 2000).

The privilege can be "asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; any proceeding would cover a post-conviction matter. It would also cover a charge of perjury. Her testimony at the deposition is " evidence" that could be used against her at a collateral attack on her plea of guilty.

**II.    Mejia did not waive her Fifth Amendment privilege by pleading guilty, discussing events with Sidley Austin, LLP,  at her deposition or any other point.**

A witness may waive her Fifth Amendment privilege by testifying. *See Rogers v. United States*, 340 U.S. 367, 373 (1951). "A person who waives the privilege in one proceeding, however, does not thereby waive it in another proceeding." *See Shakman*, 920 F. Supp. 2d at 893-94.

In *Shakman*, the court held that a defendant did not waive her rights in a previous

5

deposition because individual hearings were separate proceedings from the county's general investigation, and that the fact the subjects were related did not matter. 893.

Blanket invocations of the Fifth Amendment are improper, and deponents must answer the questions except for those which would possibly expose them to a danger of prosecution. *See High Fructose Corn Syrup*, 295 F.3d at 663–64. In Ms. Mejia's case, the risk would be creating a link of evidence that destroys any possibility for post-conviction remedies.

Further, it is possible Ms. Mejia just released that she had a 5th amendment right or what the 5th amendment entails or protects.

## CONCLUSION

Accordingly, Ms. Adriana Mejia respectfully requests that the Court deny the Defendants' Motion to Compel and honor her Fifth Amendment privilege against self-incrimination.

Respectfully Submitted,

 s/ Dena M. Singer
Dena M. Singer
Bedi & Singer, LLP
53 West Jackson,
Suite #1505
Chicago, Il 60604
dsinger@bedisinger.com

6

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that the foregoing document was filed via the Court's ECF system.

s/Dena Singer
Attorney for Defendant

Dena Singer
Bedi & Singer, LLP
53 West Jackson #1505
Chicago, Il 60604