**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTIRCT OF ILLINIOS
EASTERN DIVISION**

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18 Civ. 1028 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | District Judge |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | Magistrate Sunil R. Harjani |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18 Civ. 2312 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | District Judge |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | Magistrate Sunil R. Harjani |
| Defendants. | ) | |
| | ) | |

## JOINT STATUS REPORT

Pursuant to this Honorable Court's January 27, 2021 Minute Entry (*Reyes,* Dkt. 400 and *Solach*e, Dkt. 282), the Parties submit the following Joint Status Report.

### Progress of Discovery

1.     Since the last status report in this case, the parties have continued to engage in written discovery and have conferred twice, pursuant to this Court's order, on the scheduling of all remaining fact discovery depositions. See Exhibits A and B, *Transcripts from the Parties' 3/9/21 and 3/15/21 Meet and Confer*

*Conferences*. During the conferrals, the parties discussed every disclosed witness, confirmed dates for a number of depositions, and agreed on a plan to complete the scheduling of many others. Furthermore, since the last status report, the parties scheduled and conducted the deposition of three third-party witnesses: Viola Amerijo Rouse, Raul DeLira, and Thomas Verdun.

2.      Additionally, the parties have also scheduled the following 16 depositions:

- March 31 – Theresa Randerson – remote.

- April 6 – Allen Andrews – remote.

- April 8 – Minnie Tenort – remote.

- April 12 – Jose E. Melendez[1] – remote.

- April 15 – Art Hill – remote.

- April 19 – Naomi Bank – remote.

- April 20 – José Mejia – remote.

- May 4 – Saul Basurto – remote.

- May 6 – Det. Engle – remote.

- May 11 – Officer Bartik – remote.

---

[1] Jose Melendez, a key witness in the matter of *Sierra v. Guevara, et al.*, 18-cv-3029, is scheduled to be deposed by Plaintiff's counsel in that action on April 12, 2021. In this action, involving the same counsel for Plaintiff Reyes and the Defendants, Mr. Melendez is also one of Plaintiffs' ten 404(b) witnesses. Last week, Plaintiffs issued a deposition notice in this action, wherein Plaintiffs are seeking to rely on Mr. Melendez's previously-scheduled deposition in the *Sierra* matter rather than subject him to additional depositions in each of the many Guevara cases in which he has been disclosed as a 404(b) witness. Defendants are currently evaluating their position on proceeding with one deposition of Mr. Melendez that would suffice for both *Sierra* and this action. Counsel for Plaintiff Reyes and Defendants previewed this issue in *Sierra* at a status conference before Judge Weisman earlier this week.

- May 14 – Phil Cline – remote.

- June 8 – Defendant Ed Dickinson – in person.[2]

- June 10 – Defendant Karin Wehrle – remote.

- June 15 – Defendant Andrew Varga – in person.

- June 16 & 17 – Defendant Ed Mingey – in person.

- June 22 – Defendant Trevino – in person.

3.    Additionally, the parties are working to coordinate and schedule the following depositions by the end of June 2021:

- Plaintiff Gabriel Solache – he currently resides in Mexico. The Parties agree this deposition should be put on hold for a period of time so that there is an increased chance for his counsel to safely travel to Mexico to prepare him and for Defense counsel to safely travel to conduct his deposition in person.

- William Dorsch (404b witness) – Plaintiffs have reached out to the witness and expect to have a May 2021 date from him within the next week.

- David Velasquez[3] (404b witness) – Plaintiffs are coordinating his deposition, which must be scheduled on a Monday.

---

[2] Based upon current projections of vaccination availability and distribution, some of the parties anticipate that they will be comfortable proceeding with in-person depositions in June. Of course, should Covid-19 concerns arise regarding the health and safety of the parties and/or witnesses, the parties will work at that time to address the appropriate means of proceeding (in-person versus remote) on a deposition-by-deposition basis. Hence, the parties' designation of some depositions as "in-person" above is aspirational but subject to change.

[3] Last week, six non-party plaintiffs issued notices of their intentions to take the deposition of 404(b) witness David Velasquez on Monday, March 22, 2021. These six notices were set for the exact same time and date the parties in this action had already scheduled for the deposition of Mr. Velasquez (the parties have since had to reschedule the March 22nd deposition due to an unrelated matter). Defendants object to the non-parties' attendance and participation in Mr. Velasquez's 404(b) deposition in this action. Plaintiffs' position is that Mr. Melendez is a disclosed 404(b) witness in more than six pending Guevara-related cases, and have concerns about subjecting him to serial depositions on the same subject, especially given Rule 45(d)(1)'s requirement that the parties "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena"; but Plaintiffs have indicated they are conducting further research and considering their

3

- Alfredo Gonzalez[4] (404b witness) – Plaintiffs are coordinating his deposition.

- Adolfo Frias (404b witness) – Plaintiffs are coordinating his deposition.

- Graciela Flores (404b witness) – Plaintiffs have reached out to Ms. Flores and are waiting to hear back.

- Jennifer Barrett – Defendants have indicated that they will evaluate the continued necessity of this witness after the deposition of Ms. Randerson on March 31, 2021.

- Salvador Alivas – Plaintiffs are working to coordinate and schedule this deposition.

- John Musa – Defendants have reached out to his counsel and are waiting to hear back.

- Officer Moore – Defendants are working to coordinate and schedule this deposition.

- Medical Examiner Cantrell – Plaintiffs are working to coordinate and schedule this deposition.

- Mary Jo Beilfuss or another agent of Kelly Temporary Services – Plaintiffs are working to coordinate and schedule this deposition.

---

position. The parties are in the process of conferring on this matter, and should the parties come to an impasse, Defendants will file a motion with this Court next week.

[4] Mr. Gonzalez is a key witness in the matter of *Maysonet v. Guevara, et al.*, 18-cv-2342, wherein he is represented by Plaintiff Reyes' attorneys as a *Maysonet* witness, as well as in his own unrelated postconviction proceedings in state court. Today, in this action, Plaintiffs' counsel informed Defendants' counsel that they wish to delay the deposition of Mr. Gonzalez in this action until June. Because Defendants only received notice of this a few hours ago, Defendants have not had the opportunity or time to evaluate their position on this matter. However, if Defendants believe motion practice is necessary, Defendants will expeditiously file a motion with this Court. Plaintiffs' position is that there is no issue: Plaintiffs have agreed to coordinate and ensure Mr. Gonzalez's deposition occurs before the June discovery deadline. The reason Plaintiffs have proposed a date in June is because Mr. Gonzalez is incarcerated, and his deposition implicates his own pending post-conviction case; his counsel requires an opportunity to prepare his client. Under current COVID protocols, counsel cannot prepare in person with his client, and legal videoconferences are backed up, limited, and for short durations. A June date will permit Mr. Gonzalez's counsel to prepare his client in person, or at least have the opportunity to conduct multiple remote prep sessions.

- Jerry Adcock or another agent of Staffing Network – Plaintiffs are working to coordinate and schedule this deposition.

- Dr. Fernando Valadez – Plaintiffs are working to coordinate and schedule this deposition.

- Sharon Makowsky – Plaintiffs are working to coordinate and schedule this deposition. Although Plaintiff Solache disclosed this witness for the first time just before the March 15, 2021 meet-and-confer, Defendants do not have an objection to this damages witness since Plaintiff Solache's deposition has not yet gone forward.

- Cathryn Crawford – Defendants raised the possibility of taking this deposition during the parties' Rule 37 meet-and-confer. As soon as Defendants make a final decision on this witness, Defendants will issue the appropriate subpoena and deposition notice. Since Defendants only raised the possibility of taking this deposition during the parties' Rule 37 meet-and-confer (and have not disclosed them), Plaintiffs will confer and make a final decision on their position regarding this witness.

- Eric Sussman – The City and Officer Defendants raised the possibility of taking this deposition during the parties' Rule 37 meet-and-confer. As soon as Defendants have made final decision on this witness, Defendants will issue the appropriate subpoena and deposition notice. Since Defendants only raised the possibility of taking this deposition during the parties' Rule 37 meet-and-confer (and have not disclosed them), Plaintiffs will confer and make a final decision on their position regarding this witness.

- 30(b)(6) Northwestern – Defendants raised the possibility of taking this deposition during the parties' Rule 37 meet-and-confer. As soon as Defendants have made a final decision on this witness, Defendants will issue the appropriate subpoena and deposition notice. Since Defendants only raised the possibility of taking this deposition during the parties' Rule 37 meet-and-confer (and have not disclosed them), Plaintiffs will confer and make a final decision on their position regarding this witness.

- Victor Herrera – Plaintiffs are working to coordinate and schedule this deposition.

- ASA Piper – The City and Officer Defendants are working to coordinate and schedule this deposition.

- Elisabeth Boedecker – Plaintiffs are working to coordinate and schedule this deposition.

- Barbara Wilson – Plaintiffs are working to coordinate and schedule this deposition.

- A representative from the FBI – Plaintiffs are working to coordinate and schedule this deposition.

4.     Plaintiff Reyes disclosed five damages witnesses—all family members—for the first time on the evening of March 17, 2021. Defendants have already taken the deposition of Plaintiff Reyes, and had Defendants known in February of 2020 when Mr. Reyes was deposed that he would have these five damages witnesses, Defendants would have deposed Mr. Reyes concerning these disclosures. Plaintiff and Plaintiffs' counsel were aware of these individuals all along, namely, Plaintiff's ex-wife, his sister, two of his brothers, and his daughter. Plaintiff Reyes's position is that he has disclosed these limited damages witnesses well before the June individual case discovery deadline and can make them available well before that date if Defendants choose to depose them. These witnesses are not a surprise; two of them were listed on Defendants' MIDP disclosures, and Plaintiff discussed and/or was questioned about these witnesses during his deposition. Plaintiff further notes that because he was wrongfully convicted and spent nearly twenty years incarcerated for crimes he did not commit, reconnecting with members of his family has taken him time to accomplish. Defendants are evaluating their position concerning the deposition discovery of

these witnesses, and should Court intervention be required, Defendants will file a motion expeditiously with this Court.

5.     Also for the first time on the evening of March 17, 2021, Plaintiffs disclosed two additional fact witnesses and their respective affidavits. Again, Defendants have already taken the deposition of Plaintiff Reyes, and had Defendants known of these individuals, Defendants would have deposed Mr. Reyes concerning these disclosures. Moreover, it is clear that Plaintiff and Plaintiffs' counsel were aware of these individuals for at least two years, as is evidenced from a review of deposition transcripts of at least two witnesses in this action, wherein Plaintiffs' counsel asked specific deposition questions about these two fact witnesses in September and November of 2019. Plaintiffs' position is that they only very recently learned of the relevance of these witnesses as part of their continued investigation, obtained declarations from them yesterday, and disclosed them as witnesses on the same day. Defendants' claim that Plaintiff knew about the relevance or import of these witnesses for the last two years is erroneous. Defendants are evaluating their position concerning the deposition discovery of these witnesses.

6.     Additionally, the parties are reserving several witnesses previously disclosed who they may still seek to depose before the June 2021 deadline. Some of these individuals are witnesses that the parties may mutually remove from their disclosure lists depending on how other depositions proceed (*e.g.*, the partner of an officer being deposed), some of these are individuals that may need be deposed

based upon testimony from witnesses at other already scheduled depositions, and some of these are witnesses that the parties are still attempting to locate.

7. The parties have also already mutually agreed to remove numerous individuals from their disclosure list in an effort to streamline discovery and meet this Court's June 2021 deadline for fact discovery.

8. Finally, the parties recognize the fact that additional witnesses may need be disclosed and/or deposed in advance of the June 2021 deadline and agree to identify any additions as soon as practicable and complete their depositions by the June 2021 deadline.

Respectfully submitted,

Dated: March 18, 2021

Respectfully submitted,

| | |
|---|---|
| /s/ Sean Starr | s/ Jan Susler |
| Jon Loevy | Jan Susler |
| Anand Swaminathan | John L. Stainthorp |
| Steven Art | Ben H. Elson |
| Rachel Brady | People's Law Office |
| Sean Starr | 1180 N. Milwaukee, 3rd floor |
| Loevy & Loevy | Chicago, IL 60642 |
| 311 N. Aberdeen, 3rd floor | *Attorneys for Gabriel Solache* |
| Chicago, IL 60607 | |
| *Attorneys for Arturo Reyes* | |
| | |
| CELIA MEZA | s/ Thomas Leinenweber |
| Acting Corporation Counsel for the City of Chicago | Thomas M. Leinenweber |
| | James V. Daffada |
| | Kevin E. Zibolski |
| s/ Eileen E. Rosen | Megan K. McGrath |

8

Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Special Assistant Corporation Counsel
Rock Fusco & Connelly LLC
321 N. Clark St., Suite 2200
Chicago, IL 60654
*Attorneys for Defendant City of Chicago*


s/ Caroline Golden
James G. Sotos
Caroline P. Golden
Josh M. Engquist
Samantha J. Pallini
Special Assistant Corporation Counsel
The Sotos Law Firm, P.C.
141 W. Jackson Blvd., Ste. 1240A
Chicago, IL 60604
*Attorneys for Individual Chicago Police*
*Defendants Halverson, Dickinson,*
*Rutherford, Stankus, Naujokas, Harvey,*
*Trevino, Mingey, and Biebel*

s/ Edward M. Brener
Edward M. Brener
David A. Adelman
Office of the Cook County State's
Attorney
Complex Litigation Unit
500 Richard Daley Center
Chicago, IL 60602
(312) 603-5971
*Attorneys for Individual Prosecutor*
*Defendants Wehrle, Brualdi, Varga,*
*and O'Malley and Cook County*

Special Assistant Corporation Counsel
Leinenweber Baroni & Daffada LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
*Attorneys for Individual Chicago Police*
*Defendant Guevara*


s/ Daniel Noland
Daniel M. Noland
Paul A. Michalik
Daniel Burns
Reiter Burns
311 S Wacker Drive, Suite 5200
Chicago IL 60606
*Attorney for Individual Prosecutor*
*Defendant Navarro*