UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | |
| | ) | Case No. 1:18-cv-01028 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Sunil R. Harjani |
| REYNALDO GUEVARA, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | |
| | ) | Case No. 1:18-cv-02312 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Sunil R. Harjani |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The Court has reviewed the parties' Joint Status Reports. (*Reyes*, Doc. 409 and *Solache*, Doc. 288). The parties state that since the last status report on January 25, 2021, they have continued to engage in written discovery, conferred twice regarding the scheduling of remaining fact discovery depositions, and conducted the depositions of three third-party witnesses. This, in itself, is problematic. Three third-party witnesses in almost two months is not encouraging.

The parties have scheduled 16 depositions and are working to schedule 23 additional depositions by the end of June 2021, which is the deadline to complete all non-Monell depositions. Additionally, the parties state that they are "reserving several witnesses previously disclosed who they may still seek to depose before the June 2021 deadline." (*Reyes*, Doc. 409 at 7 and *Solache*, Doc. 288 at 7). To date, that constitutes in excess of 40 depositions to take between today and June 30, 2021.

Despite numerous warnings from this Court, depositions are still proceeding at an enormously slow rate.

Having reviewed the latest status report and transcripts from the parties' deposition scheduling meet and confer sessions, the Court enters the following additional procedures that will govern discovery in this case absent further order of the Court, pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure:

1. All written discovery on non-Monell issues is now closed, except the parties shall respond to any outstanding written discovery by April 2, 2021. No further written discovery may be propounded concerning non-Monell issues without leave of court.

2. All oral non-Monell discovery shall be completed by June 30, 2021. The parties' status report names and lists all depositions that may be taken at this time, as the Court was crystal clear that all deponents must be identified and listed in this status report in its order on January 27, 2021. If the name is not identified, then the deposition cannot be taken at this time. No witnesses can be added without leave of court, and that includes the alleged unknown "additional" witnesses. The parties are ordered to complete the depositions on the dates scheduled. Any depositions identified in the report that are not completed by June 30, 2021 cannot be deposed, absent extenuating circumstances. In an effort to streamline discovery and meet the June 30, 2021 deadline for all non-Monell discovery to be completed, the Court urges the parties to continue to remove witnesses from their disclosure and witness lists where possible.

3. The Court will entertain a motion regarding the scheduling of the deposition of Plaintiff Gabriel Solache closer to the June 30, 2021 given the desire to take it in-person in Mexico. Given the importance of this deposition (one of two Plaintiffs in this joint case), at this time, this is the only witness that the parties may put on hold.

4. All motions to compel and/or protective orders concerning remaining witnesses are due by April 19, 2021. However, the parties must comply with Local Rule 37.2 before that date and must have a telephone or videoconference in an attempt to resolve their differences. Any motion to compel and/or protective order must state details showing compliance with Local Rule 37.2.

5. The Court reviewed the debate regarding Rule 404(b) witnesses being deposed multiple times in different cases, instead of one time among all Guevara-related cases. The Court has previously ruled on an identical issue in another case (*Fulton v. Foley, et al.*, Case No. 17-cv-8696), and without ruling here, the Court urges the parties to consider that its reasoning applies to this case. The parties may certainly agree and coordinate among different cases to depose a Rule 404(b) witness once. But the Court will likely not order it – each set of defendant's counsel is entitled to question witnesses in the manner they deem appropriate for their specific case. Simply because Plaintiff's firm represents multiple Plaintiffs in actions against Mr. Guevara does not give it license to compel one deposition across all its cases, particularly when the defendants are the ones seeking the deposition. The Court also notes that, despite Plaintiff's counsel's assertions, this Court would not take a different view if these witnesses were professionals, such as doctors or lawyers. The Court treats all people equally, regardless of status or privilege.

6. The Court does not enter this schedule lightly. However, fact discovery is now approaching the four-year mark. The parties have made significant progress over the years. But there is still the constant discussion among the parties about the need to take other depositions, and

alleged new witnesses being disclosed every time the parties conference. This is a case where, untethered to any deadlines, discovery could go on for another year or even two years. At some point, the Court must draw a line and close discovery, particularly when every conceivable opportunity to allow the parties to conduct fulsome discovery has been given by the Court. Rule 1 of the Federal Rules of Discovery requires such action. And the district judge has set a firm discovery deadline for 12/31/21 and this Court intends to keep the parties on schedule to meet that deadline.

7. The Court will hold the next status conference on 4/27/21 by videoconferencing. All lead counsel shall appear. The Court will review the status report due on 4/22/21 and discuss the depositions taken and those that remain. The Court will also set a schedule for the planning of Monell discovery post-June 30. The parties should be prepared to discuss what Monell discovery they anticipate after June 30, 2021.

**SO ORDERED.**

Dated: March 22, 2021

_____
Sunil R. Harjani
United States Magistrate Judge