**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINIOS
EASTERN DIVISION**

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18 Civ. 1028 |
| | ) | |
| v. | ) | Hon. Steven Seeger |
| | ) | District Judge |
| REYNALDO GUEVARA, et al., | ) | Mag. Sunil Harjani |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18 Civ. 2312 |
| | ) | |
| v. | ) | Hon. Steven Seeger |
| | ) | District Judge |
| CITY OF CHICAGO, *et al.*, | ) | Mag. Sunil Harjani |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' JOINT MOTION FOR LEAVE TO DEPOSE ADDITIONAL
THIRD-PARTY WITNESSES AND ISSUE SUPPLEMENTARY DISCOVERY**

Plaintiffs Arturo DeLeon Reyes and Gabriel Solache, by their undersigned attorneys, move this Court, pursuant to this Court's Order (*Reyes*, Dkt. 43; *Solache*, Dkt. 306), for leave to depose additional third-party witnesses and issue limited supplementary discovery to the ASA Defendants. In support of this motion Plaintiffs state the following:

1

## Introduction

1. On January 27, 2021, this Court ordered the parties to meet and confer on or before 3/12/21, in the presence of a court reporter, to "discuss all remaining non−*Monell* depositions and work out all disputes and schedule all remaining depositions." *Reyes*, Dkt. 400; *Solache*, Dkt. 282.

2. On March 9, 2021, the parties conducted the first of two court-reported meet and confer conferences on all remaining witnesses and depositions. *Reyes*, Dkt. 409-1; *Solache*, Dkt. 288-1.

3. During this first conferral, the parties discussed several different categories of witnesses and the numerous depositions that they believed need be conducted before the close of fact discovery.

4. One category of witnesses raised by Plaintiffs during the first conferral were third-party police witnesses that Plaintiffs were willing to remove from their disclosure list, and thus not depose or call at trial, if Defendants mutually agreed to do the same. Included in this list was Detective Santopadre. *Reyes*, Dkt. 409-1. at 29; *Solache,* Dkt. 288-1 at 29.

5. Defendants agreed to get back to Plaintiffs on the entire list of this category of witness.

6. Another category of witnesses raised by Plaintiffs were third-party police witnesses that Plaintiffs had reason to believe were deceased. Plaintiffs' counsel indicated that if these witnesses were, in fact, alive, they would likewise consider mutually agreeing to cut these witnesses from their disclosure lists.

2

Included in this list was Detective Fallon. *Reyes*, Dkt. 409-1. at 29; *Solache*, Dkt. 288-1 at 29.

7. On March 15, 2021, the parties conducted the second court-reported meet and confer conference on all remaining witnesses and depositions. *Reyes*, Dkt. 409-2; *Solache*, Dkt. 288-2.

8. During that conferral, Defendants agreed to mutually remove many of the witnesses Plaintiffs had suggested during the parties' first conferral. *Id.* at 5-9.

9. Defendants, however, informed Plaintiffs that they had not yet made a decision about whether to cut Detective Santopadre, but that they would let Plaintiffs know whether they agreed to cut him. *Id.* at 8-9.

10. Defendants also informed Plaintiffs that they had not yet been able to confirm whether Det. Fallon was deceased. *Id.* at 4.

11. On March 22, 2021, after the Joint Status Report was filed by the parties (*Reyes*, Dkt. 409; *Solache*, Dkt. 288), this Court ordered that all fact witnesses not already identified by name in the parties' joint status report could not be deposed without leave of this Court. (*Reyes*, Dkt. 411, at 2; *Solache*, Dkt. 290, at 2).

### Argument

12. Plaintiffs' complaints allege that they were wrongfully convicted and served almost 20 years in prison for the Soto double homicide and kidnappings—crimes they did not commit—because of the coercion and fabrication of false inculpatory evidence, and the hiding of exculpatory evidence by the Chicago police.

3

13. The CPD homicide investigation of the Soto murders and kidnappings was a highly publicized case – repeatedly referred to as a "heater case" by CPD personnel and others – so much so that the parties have disclosed approximately 30 non-party CPD personnel who were involved in the investigation.

14. It should be noted that, as this Court has urged the parties to do, Plaintiffs have offered to mutually agree to remove many witnesses from their disclosure lists, including each third-party witness addressed in this motion, and the third-party witness, Detective Engle, addressed in Defendants' motion for an extension of the fact discovery deadline. *Reyes*, Dkt. 432; *Solache*, Dkt. 304.

15. It should be further noted that the parties have agreed on mutually removing several witnesses from their respective disclosure lists.

16. Because Defendants have indicated that they are not amenable to such an agreement with regard to the witnesses addressed in this motion, and thus intend to reserve their right to call these witnesses at trial, Plaintiffs have no other choice than to request the same 30-day extension of the fact discovery deadline that this court has granted Defendants in order to depose the following witnesses. *Reyes*, Dkt. 434; *Solache*, Dkt. 306.

## Detective Fallon

17. Based upon cursory research, Plaintiffs believed all along that this witness was in fact deceased. However, Plaintiffs made it clear to Defendants that they wanted: a) confirmation that this witness was indeed deceased; b) a mutual agreement to withdraw him; or c) to depose him.

4

18.    On May 12, 2021, following up on Defendants' promise to confirm, Plaintiffs emailed Defendants and repeated their request for information regarding whether Det. Fallon was deceased.

19.    On May 18, 2021, Plaintiffs emailed Defendants and repeated this request.

20.    On June 1, 2021, Plaintiffs emailed Defendants and again repeated this request.

21.    Finally on June 3, 2021, Defendant City informed Plaintiffs that Det. Fallon was indeed alive and offered to present him for deposition on June 18, 2021.

22.    Plaintiffs agreed to and scheduled the June 18 date for Det. Fallon's deposition.

23.    On June 14, Defendant City informed Plaintiffs that they had to cancel Det. Fallon's deposition because he was experiencing back issues and could not sit for a deposition.

24.    Given Det. Fallon's involvement in the CPD investigation of the Soto homicides, Defendants' continued refusal to withdraw him as a witness, Det. Fallon's back injury that resulted in his June 18 deposition being cancelled, and Plaintiffs' repeated requests about this witness, Plaintiffs respectfully request this Court extend the fact discovery deadline 30 days so as to allow Plaintiffs to depose this witness.

25.    Defendants have indicated that they do not oppose this request.

5

### Detective Santopadre

26.     On May 10, 2021, Plaintiff Reyes's counsel deposed third party police witness, Detective Santopadre, in the unrelated case of *Iglesias v. Guevara*, 19-cv-06508.

27.     During Det. Santopadre's deposition, he, *sua sponte*, testified that he was significantly involved in the Soto homicide investigation – involvement that is not documented as such in any of the underlying police reports produced in these cases.

28.     Plaintiff Reyes's counsel began to question Det. Santopadre about this, but counsel for the City interjected and suggested that a more proper approach would be for Plaintiffs' counsel to instead notice Det. Santopadre's deposition in the *Reyes* and *Solache* cases and ask questions about these cases there.

29.     On May 21, 2021, Plaintiff requested, via email, that Defendants provide information about Det. Santopadre's role in the Soto homicides investigation.

30.     On June 14, 2021, Plaintiff again emailed Defendant City and requested information about Det. Santopadre's role in the Soto homicides investigation.

31.     On June 18, the parties conferred about whether Det. Santopadre would need to be deposed in this matter. Defendants indicated that they needed

6

more time before they could tell Plaintiffs whether Santopadre could be mutually cut, or if he needed to be deposed in this matter.

32. On June 21, Plaintiffs again requested via email that Defendants provide information regarding Det. Santopadre's role in the Soto investigation. Defendant City responded via email that they still had not had a chance to speak to Det. Santopadre but would let Plaintiffs know when they had.

33. Because during his May 10 deposition in the *Iglesias* case, Det. Santopadre provided newly learned substantive information about the CPD investigation of the Soto homicides that is not documented anywhere in any CPD reports, Plaintiffs respectfully request this Court extend the fact discovery deadline so as to allow Plaintiffs to depose this witness.

34. Defendants have indicated that they do not oppose this request.

**Supplemental Discovery to and from the ASA Defendants**

35. Additionally, on June 11, 2021, during the deposition of Defendant ASA Karin Wehrle, her attorney ASA Ed Brener provided the 18-page Felony Review Folder created during the Soto homicide investigation.

36. Plaintiffs had no access to the 18-page Felony Review Folder before Mr. Brener provided it in the middle of the Wehrle deposition.

37. On June 11, 2021, ASA Brener formally disclosed the 18-page Felony Review Folder.

38. In early 2019, Plaintiffs and Defendants subpoenaed the CCSAO for its file on the Soto investigation and prosecution. The CCSAO did not produce the full

Felony Review Folder; rather, only a single piece of paper with three short summaries was produced.

39.     During the 2019, 2020 and 2021 depositions of Defendants ASA's O'Malley, Brualdi, Navarro and Wehrle and ASA Piper, Plaintiffs inquired about the Felony Review Folder, but were unable to fully inquire, as they had no access to the complete folder.

40.     The folder reveals substance about which Plaintiffs most certainly would have inquired, had they been provided with the full Felony Review Folder.

41.     The contents are all in handwriting, which appears to be from various contributors.

42.     Plaintiff Reyes's counsel and ASA Brener conferred on the issue today, June 24, 2021. Plaintiff Reyes's counsel and ASA Brener discussed Plaintiffs' counsel issuing a supplemental interrogatory to the ASA Defendants and, depending upon their responses, reconvening for a short deposition to address the issue. ASA Brener agreed to confer further on the issue.

43.     Plaintiffs seek leave of the Court to issue interrogatories to the Defendant ASA's, for them to identify the writing throughout the folder, and then convene a brief deposition of the author of the relevant content.

## Conclusion

Based on the foregoing, Plaintiffs respectfully request that the Court grant this motion to extend the fact discovery deadline 30 days so as to allow Plaintiffs to depose third party police witnesses Dets. Fallon and Santopadre, along with leave

for Plaintiffs to issue a supplemental interrogatory to the ASA Defendants and,

depending upon the Defendants ASAs response, briefly depose on the limited issue

of the substance of the late-produced felony review folder.

Respectfully submitted,

/s/ Sean Starr
*One of Plaintiff's Attorneys*

Jon Loevy
Anand Swaminathan
Steven Art
Sean Starr
Rachel Brady
John Hazinski
Loevy & Loevy
311 N. Aberdeen, 3rd floor
Chicago, IL 60607
312.243.5900
jon@loevy.com
anand@loevy.com
steve@loevy.com
sean@loevy.com
rachel@loevy.com
hazinski@loevy.com
*Attorneys for Arturo Reyes*

s/ Jan Susler
Jan Susler
Ben H. Elson
People's Law Office
1180 N. Milwaukee, 3rd floor
Chicago, IL 60642
773.235.0070
jsusler@gmail.com
stainthorp@gmail.com
ben.elson79@gmail.com
*Attorneys for Gabriel Solache*

9

## CERTIFICATE OF SERVICE

I, Sean Starr, an attorney, certify that on June 24, 2021, I served the foregoing on all counsel of record via ECF.

/s/   Sean Starr
*One of Plaintiff's Attorneys*