## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 1028 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | District Judge |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | Magistrate Sunil R. Harjani |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 2312 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | District Judge |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | Magistrate Sunil R. Harjani |
| Defendants. | ) | |
| | ) | |

### PLAINTIFFS' STATEMENT REGARDING EXPERT WITNESSES

Plaintiffs ARTURO DELEON-REYES and GABRIEL SOLACHE, by their attorneys, pursuant to the Court's order of April 12, 2022 (Dkt. 589 in *Reyes*), respectfully submit the following statement regarding Plaintiffs' experts:

1. Plaintiffs appreciate the chance to clarify the lay of the land with respect to their experts.

2. Plaintiffs have not disclosed dozens of experts. Instead, they have disclosed just four report-writing experts under Rule 26(a)(2)(B), a typical number of experts for a wrongful conviction case like these.

3. Those four retained expert witnesses are (in summary):

a. **Dr. Richard Leo**, a psychologist and criminologist with expertise in false confessions, who will opine about the reliability of the confessions obtained from Plaintiffs in light of the interrogations by which those confessions were obtained, and the City of Chicago's policies and practices regarding interrogations of suspects.

b. **Thomas Tiderington**, a former police officer and police practices expert, who will opine about the ways in which Defendants' investigation departed from established police practices, and about the Chicago Police Department's policies and practices regarding interrogations, evidence suppression, training, and supervision.

c. **Dr. Karl Reich**, a DNA scientist who opines about the forensic evidence in the case, including crime scene evidence that excludes Plaintiffs as the perpetrators.

d. **Anthony Finnell**, a former police officer and police practices experts with particular expertise in police training and discipline, who will opine about the City of Chicago's policies and practices relating to training, supervision, and discipline of police officers.

4. These retained experts are listed clearly under a separate heading "Witnesses Designated Under Rule 26(a)(2)(B)" in Plaintiffs' Rule 26(a)(2) disclosures. *See* Exhibit A (Plaintiffs' Amended Supplemental Rule 26(a)(2) disclosures).

5. The remaining 16 witnesses on Plaintiff's Rule 26(a)(2) disclosures appear under the heading "Witnesses Designated Under Rule 26(a)(2)(C)," because they are fact witnesses in

2

the case with knowledge of the underlying criminal investigation and prosecution at issue, who may also provide evidence covered by Federal Rules of Evidence 702,703, or 705.

6. Plaintiffs' counsel reads Rule 26(a)(2) to direct that all witnesses "[a party] may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705" must appear in some Rule 26(a)(2) disclosure, Fed. R. Civ. P. 26(a)(2)(A), either in a disclosure under Rule 26(a)(2)(B) of a retained expert with a written report, or in a disclosure under Rule 26(a)(2)(C) of a witness who is not retained but who may testify based on "scientific, technical, or other specialized knowledge," Fed. R. Evid. 702. Authority supports this view. *See*, *e.g.*, FED. R. CIV. P. 26, Committee Note to 2010 Amendment ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present."); WRIGHT ET AL., 8A FED. PRAC. & PROC. § 2031.2 ("[I]nadequate disclosure regarding the testimony of nonretained experts may be challenged for failing to provide what the rule requires, and motions to exclude proposed testimony for failure to provide adequate disclosure may be expected, just as they have occurred with regard to experts who must prepare reports[.]").

7. Following this approach, Plaintiffs disclosed 16 non-retained witnesses under Rule 26(a)(2)(C), the vast majority of whom have already been deposed in the case, merely to indicate that they may provide testimony at trial covered by Federal Rules of Evidence 702, 703, or 705.

8. Those non-retained witnesses are (in summary):

a. (1) **Barbara Wilson**, an Illinois State Police lab scientist who testified during underlying criminal proceedings and is now deceased. Her testimony about forensic evidence topics would be presented at trial via her criminal trial testimony.

b. (2) **Bernard Sarley,** (3) **Viola Armijo Rouse,** (4) **Naomi Bank,** (5) **Tom Verdun,** (6) **Allen Andrews,** (7) **Andrew Vail,** and (8) **Jeff Urdangen**, all attorneys who represented Plaintiffs at their criminal trial, on appeal, or in post-conviction proceedings. They will provide testimony about their legal work and the procedural history of the criminal litigation leading to this civil case. Sarley, Rouse, Bank, Verdun, and Andrews have all given depositions in these cases.

c. (9) **Dr. Ross Romine,** (10) **Cherie Lynn Dalbke,** and (11) **Dr. Yogesh Gandhi** are medical personnel who treated Plaintiff Solache's hearing loss at Cook County Hospital after the interrogations at issue in these cases. Dr. Romine and Delbke gave depositions. Dr. Gandhi testified in the criminal case.

d. (12) **Dr. Barry Lifschultz** and (13) **Dr. Donna Hunsaker** are former employees of the Cook County Office of the Medical Examiner. Dr. Lifschultz provided testimony in the criminal case based on Dr. Hunsaker's pathology report regarding the autopsy and cause of death of the victims in the murders that Plaintiffs were charged with committing.

e. (14) **Tim Ward,** (15) **Monica Amaya,** and (16) **Victor Herrera** will testify on the narrow topic of whether Plaintiffs' employment records are authentic and accurately represent the dates and hours worked by Plaintiffs around the time of

the killings and kidnappings that Plaintiffs were accused of committing. Ward and Amaya gave depositions in these cases.

9. In sum, the Rules put Plaintiffs in a bit of a bind. If Plaintiffs disclose all witnesses who may provide specialized testimony under Federal Rules of Evidence 702, 703, and 705, as the rules require, then the Court and the parties are faced with an unwieldy looking list of witnesses, many of whom are simply re-disclosed to comply with Rule 26(a)(2). But if Plaintiffs do not make this additional Rule 26(a)(2)(C) disclosure, they would face an argument in advance of trial that they did not properly disclose specialized testimony and that it should be barred at trial as a result.

10. Regardless, properly viewed, Plaintiffs have disclosed four retained experts in their two cases, and the additional 16 non-retained witnesses who may provide specialized testimony in the case have largely already been deposed and will not add to the discovery burden in these cases.

11. Plaintiffs have provided detailed disclosures of all specialized testimony, *see* Exhibit A, and they stand ready to provide any additional information that the Court or the parties require.

Dated: April 30, 2022                                 RESPECTFULLY SUBMITTED,


/s/ Steve Art                                  s/ Jan Susler
Jon Loevy                                      Jan Susler
Anand Swaminathan                              Ben H. Elson
Steven Art                                     People's Law Office
Rachel Brady                                   1180 N. Milwaukee, 3rd floor
Sean Starr                                     Chicago, IL 60642
Loevy & Loevy                                  *Attorneys for Gabriel Solache*
311 N. Aberdeen, 3rd floor
Chicago, IL 60607
*Attorneys for Arturo Reyes*

## CERTIFICATE OF SERVICE

I, Steve Art, an attorney, certify that on April 30, 2022, I served the forgoing statement to all counsel and the court via email. On May 2, 2022, I filed the foregoing statement using the Court's CM/ECF system, which effected service on all counsel of record.

/s/    Steve Art

*One of Plaintiff's Attorneys*