UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
Eastern Division

Arturo DeLeon−Reyes

                    Plaintiff,

v.                                                  Case No.: 1:18−cv−01028
                                                   Honorable Steven C. Seeger

Reynaldo Guevara, et al.

                    Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, March 7, 2023:

      MINUTE entry before the Honorable Steven C. Seeger: The Court reviewed Defendants' motion to reopen fact discovery for 90 days. (Dckt. No. [631]) The motion is granted in large part, as follows. Defendants seek to reopen fact discovery for the limited purpose of obtaining information about the certificates of innocence, which Plaintiffs DeLeon−Reyes and Solache obtained on November 14, 2022. The filing comes as a bit of a thunderbolt, given the age of the case, and given that fact discovery closed long ago (in June 2021). Even so, Plaintiffs obtained the certificates of innocence late in the game, almost a year and a half after fact discovery closed. Plaintiffs oppose the motion, for reasons that are difficult to understand. Plaintiffs apparently believe that the certificates of innocence are important pieces of evidence, and they hope to offer them into evidence at trial. Time will tell. In the meantime, Plaintiffs cannot expect to use the certificates of innocence at trial without subjecting them to the scrutiny of discovery. It's a bad look. It is hard to see how discovery about the certificates of innocence is a "sideshow" when Plaintiffs presumably hope to make them the main event on center stage at trial. See Pls.' Resp., at 2 (Dckt. No. [632]). If Plaintiffs want to pull the plug on the "sideshow," they can file a statement by March 10, 2023 confirming that they will not attempt to use the certificates of innocence at trial. Otherwise, Defendants have a legitimate need to kick the tires. To get things rolling, the Court orders the following. By March 21, 2023, Plaintiffs must file a statement and make a proffer about what Plaintiffs hope to tell the jury at trial about the certificates of innocence. Also, Plaintiffs must disclose any and all explanations from the Cook County State's Attorney's Office about why that Office changed course and withdrew its opposition to the certificates of innocence. Did the Cook County State's Attorney's Office ever give a reason? See Pls.' Resp., at 4 (Dckt. No. [632]) ("Plaintiffs and their counsel don't know why the CCSAO decided not to oppose Plaintiffs' COIs...."). No idea? Defendants insinuate that it had something to do with the settlement of the claims a few months earlier, and Plaintiffs take umbrage at that suggestion. Id. at 3−4. Plaintiffs must address whether Plaintiffs or their counsel ever discussed the certificates of innocence with anyone associated with Cook County in connection with settling the claims. More generally, what do the Plaintiffs hope to tell the jury someday about the CCSAO dropping its opposition to the certificates of innocence? Do Plaintiffs hope to tell the jury someday that the State did not oppose the certificates of innocence, or dropped its opposition? Do Plaintiffs hope to tell the jury that the lack of opposition by the State

suggests that Plaintiffs were actually innocent? If so, based on what? Do Plaintiffs have any evidence that the CCSAO dropped its opposition to the certificates of innocence based on the merits of the claims (i.e., because the State concluded that Plaintiffs were actually innocent), as opposed to some other reason? Finally, the filing must identify all individuals who communicated with Plaintiffs (including their counsel and representatives) at Cook County (including the Cook County State Attorney's Office) about the certificates of innocence. Plaintiffs must address all of these questions in the filing on March 21, 2023. This Court will bind Plaintiffs to that proffer, so Plaintiffs must err on the side of inclusiveness, with the understanding that the filing will limit the possible range of evidence at trial someday. If they have not already done so, Plaintiffs must produce all of their communications (including communications through counsel) with the Cook County State's Attorney's Office about the certificates of innocence by March 24, 2023. Plaintiffs must certify the completeness of their document production by declaration. A failure to comply will lead to appropriate relief, including a possible order barring any mention of the certificates of innocence at trial. Needless to say, this reopening of discovery is limited to the certificates of innocence. It does not include a deposition of the state court judge (Hon. Sophia Atcherson) who issued the certificates of innocence. This ruling is not a ruling on any potential privilege issues, such as a possible assertion of the deliberative process privilege. The Court expects reasonable requests and reasonable responses, without a bunch of objections designed to throw sand in the gears. The Court expects the parties to proceed cooperatively and in good faith. The Court expects full, prompt compliance from the parties and from the recipients of the third–party subpoenas. Proceed in earnest and alacrity, with a sense of purpose. Interrogatory responses are due within 14 days of service. The Court allows third–party discovery, too. The Court reminds the parties of the proportionality standards of Rule 26. The limited reopening of discovery will last through May 12, 2023. The parties must file a status report by April 21, 2023. Mailed notice(jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.