IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTURO De LEON-REYES, | ) | |
| | ) | Case No. 18 C 1028 |
| *Plaintiff*, | ) | |
| | ) | Hon. Steven Seeger, |
| v. | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | Hon. Sunil R. Harjani, |
| | ) | Magistrate Judge |
| *Defendants*. | ) | |
| | ) | **JURY TRIAL DEMANDED** |

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | |
| | ) | Case No. 18 C 2312 |
| *Plaintiff*, | ) | |
| | ) | Hon. Steven Seeger, |
| v. | ) | District Judge |
| | ) | |
| CITY OF CHICAGO, *et al.*, | ) | Hon. Sunil R. Harjani, |
| | ) | Magistrate Judge |
| *Defendants*. | ) | |
| | ) | **JURY TRIAL DEMANDED** |

## PLAINTIFFS' JOINT PROFFER

Plaintiffs ARTURO DE LEON-REYES and GABRIEL SOLACHE, by their respective attorneys, respectfully submit the following proffer in response to the Court's March 7, 2023 Order, Dkt. 633, stating as follows:

1. Plaintiffs will seek to offer their certificates of innocence from an Illinois state court as evidence that Plaintiffs are innocent of the crimes for which they were wrongly prosecuted and convicted, which is relevant to their damages, *Parish v. City of Elkhart*, 702 F.3d 997, 999 (7th Cir. 2012); *Kluppelberg v. Burge*, 84 F. Supp. 3d 741, 746 (N.D. Ill. 2015) (Lefkow, J.) ("[T]he COI is relevant to damages because a jury may award damages based in

part on whether [the plaintiff] is actually innocent."); *Logan v. Burge*, 09 C 5471, Dkt. 423 at 1 (Bucklo, J.) ("The certificate is relevant . . . to his damages."); to show that the underlying criminal proceedings against them were terminated in their favor in a manner indicative of their innocence, *Patrick v. City of Chicago*, 974 F.3d 824, 832-34 (7th Cir. 2020); *Swick v. Liautaud*, 169 Ill. 2d 504, 512 (1996); *see also Patterson v. Dorrough*, No. 10 C 1491, 2012 WL 5381328, at *5 (N.D. Ill. Oct. 31, 2012) (Der-Yeghiayan, J.); *Harris v. City of Chicago*, 14 C 4391, 2018 WL 2183992, at *4 (N.D. Ill. May 11, 2018) (St. Eve, J.); *Rivera v. Guevara*, 1:12 CV 4428, Dkt. 530 (N.D. Ill. May 30, 2018) (Gottschall, J.); *Kluppelberg*, 84 F. Supp. 3d at 748; to show that evidence suppressed by the Defendants during their investigation was material to the criminal cases, *Kluppelberg*, 84 F. Supp. 3d at 747; *Harris*, 2018 WL 2183992, at *4; to show that Defendants' conduct was extreme and outrageous and that they acted with malice.

2. Plaintiffs received no explanation from anyone at the Cook County State's Attorney's Office at any time about why that office withdrew its opposition to Plaintiffs' petitions for certificates of innocence. The State let Plaintiffs and the state court judge know by email simultaneously that it planned to withdraw its motion to intervene in the proceedings. No prior discussion of the State withdrawing its opposition had occurred between Plaintiffs and the State. And at no point after the State informed Plaintiffs and the state court judge were Plaintiffs ever told why the State was withdrawing its opposition.

3. Plaintiffs and their attorneys never had any communication with counsel for the Cook County Defendants , or during the settlement conference with the Magistrate Judge in which a settlement was reached, about Plaintiffs' certificates of innocence in connection with settling the claims against the Cook County Defendants.

4.     The Court's Order also asked Plaintiffs to answer the following questions: "What do the Plaintiffs hope to tell the jury someday about the CCSAO dropping its opposition to the certificates of innocence? Do Plaintiffs hope to tell the jury someday that the State did not oppose the certificates of innocence, or dropped its opposition? Do Plaintiffs hope to tell the jury that the lack of opposition by the State suggests that Plaintiffs were actually innocent? If so, based on what?"

Plaintiffs do not intend to tell the jury in these civil cases anything about the CCSAO's opposition, or later withdrawal of opposition. Plaintiffs also do not intend to tell the jury anything about the reasons that the Cook County State's Attorney's Office withdrew the State's motion to intervene in the certificate of innocence proceedings (which Plaintiff does not know). And accordingly, Plaintiffs do not intend to tell the jury that the State's opposition, or lack of opposition, has anything to do with Plaintiff's actual innocence.

5.     The Court's Order also asks, "Do Plaintiffs have any evidence that the CCSAO dropped its opposition to the certificates of innocence based on the merits of the claims . . . as opposed to some other reason?" Again, Plaintiffs do not know why the CCSAO dropped its opposition. Plaintiff's only information on this point is that the State dropped its opposition one business day before the scheduled hearing on Plaintiff Reyes' affirmative motion for summary judgment on his petition, which was based on the Illinois Supreme Court's decision in *People v. Palmer*, 2021 IL 125621, ¶¶64, 72 78. But again, Plaintiffs do not intend to introduce any evidence to the jury about the reasons the State dropped its opposition to the certificates of innocence.

6.     Anand Swaminathan, Rachel Brady, Steve Art, Sean Starr, and Valerie Barajas (counsel and staff for Reyes) and Jan Susler, John Stainthorp, Karen Daniel, Judith Royal

(counsel for Solache) had communications with Christa Bowden, T. Andrew Horvat, and Julie Nikolaevskaya of the Cook County State's Attorney's Office in connection with the Plaintiffs' certificate of innocence proceedings. Plaintiffs are producing all communications with the Cook County State's Attorney's office about their certificates of innocence by March 24, 2023.

|  | Respectfully submitted, |
|---|---|
| /s/ Steven Art | /s/ Jan Susler |
| *One of the Attorneys for Plaintiff Reyes* | *One of the Attorneys for Plaintiff Solache* |
| Jon Loevy | Jan Susler |
| Anand Swaminathan | Ben Elson |
| Steven Art | People's Law Office |
| Sean Starr | 1180 N. Milwaukee, 3rd Fl. |
| Rachel Brady | Chicago, IL 60642 |
| Bella Aguilar | (773) 235-0070 |
| Loevy & Loevy | jsusler@gmail.com |
| 311 N. Aberdeen St. | |
| Chicago, IL 60607 | |
| (312) 243-5900 | |
| steve@loevy.com | |

## **Certificate of Service**

I, Steven Art, an attorney, hereby certify that on March 21, 2023, I caused a copy of the foregoing document to be filed using the Court's CM/ECF system, thereby serving it on all counsel of record.

/s/ Steven Art
*One of the Attorneys for Plaintiff Reyes*