IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | Case No. 18 C 1028 |
| *Plaintiff*, | ) | |
| | ) | Hon. Steven C. Seeger, |
| v. | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | |
| | ) | Case No. 18 C 2312 |
| *Plaintiff*, | ) | |
| | ) | Hon. Steven C. Seeger, |
| v. | ) | District Judge |
| | ) | |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs Arturo DeLeon Reyes and Gabriel Solache, by and through their attorneys, Loevy & Loevy and People's Law Office, respectively, pursuant to Federal Rule of Civil Procedure 56, move for partial summary judgment against the City of Chicago on certain of their *Monell* claims, for the reasons set out in Plaintiffs' Local Rule 56.1 Statement of Undisputed Facts, Exhibits, and accompanying memorandum, stating as follows:

1. Arturo DeLeon Reyes and Gabriel Solache were wrongly convicted of the murders of Mariano and Jacinta Soto and the abduction of their two children based on false coerced confessions. Defendants suppressed not only the evidence relating to the true circumstances of those confessions, but other exculpatory and impeachment evidence, as well. Defendants were enabled in their misconduct because of the City of Chicago's longstanding official policies and practices.

2. This Court should grant partial summary judgment to Plaintiffs on their *Monell* claims against the City of Chicago. First, the City is precluded from relitigating one of Plaintiffs' *Monell* theories—that the City had an official policy of suppressing exculpatory evidence—having litigated and lost precisely the same *Monell* theory in two recent federal civil trials, *Fields v. Chicago*, No. 10 C 1168, 2017 WL 4553411, at *3 (N.D. Ill. Oct. 12, 2017), *affirmed*, 981 F.3d 534 (7th Cir. 2020), and *Rivera v. Guevara*, No. 12-CV-4428, 2019 WL 13249674, at *2 (N.D. Ill. Sept. 20, 2019). Another Court in this District has already concluded that the City is precluded from relitigating this theory. *Kluppelberg v. Burge*, 2017 WL 3381717 (N.D. Ill. Aug. 7, 2017).

3. Second, partial summary judgment should be granted to Plaintiffs on another of their *Monell* theories because the City has not and cannot raise any genuine issue of material fact requiring a trial. Plaintiffs contend that, in response to notice that the Chicago Police Department had a citywide problem of evidence suppression in homicide cases, City

policymakers promulgated facially deficient written policies, which permitted the suppression of exculpatory evidence. This theory is supported by all of the evidence adduced by both sides in the summary judgment record, and the City's own designated Rule 30(b)(6) witnesses and experts do not contest it. Accordingly, summary judgment should be granted to Plaintiffs on this theory as well.

WHEREFORE, Plaintiffs Arturo DeLeon Reyes and Gabriel Solache, by and through their attorneys, Loevy & Loevy and People's Law Office, pursuant to Federal Rule of Civil Procedure 56, move for partial summary judgment against the City of Chicago on certain of his *Monell* claims.

RESPECTFULLY SUBMITTED,

| ARTURO DeLEON-REYES | GABRIEL SOLACHE |
|---|---|
| By: /s/ Steve Art | By: /s/ Ben H. Elson |
| *One of DeLeon Reyes's Attorneys* | *One of Solache's Attorneys* |
| | |
| Jon Loevy | Jan Susler |
| Anand Swaminathan | Ben H. Elson |
| Steve Art | Nora P. Snyder |
| Rachel Brady | **PEOPLE'S LAW OFFICE** |
| Sean Starr | 1180 N. Milwaukee Avenue |
| Annie Prossnitz | 3rd Floor |
| Meg Gould | Chicago, IL 60642 |
| **LOEVY & LOEVY** | (312) 235-0070 |
| 311 N. Aberdeen Street | jsusler@peopleslawoffice.com |
| Chicago, IL 60607 | |
| (312) 243-5900 | |
| steve@loevy.com | |