**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTIRCT OF ILLINIOS
EASTERN DIVISION**

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18 Civ. 1028 |
| | ) | |
| v. | ) | Hon. Steven Seeger |
| | ) | District Judge |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18 Civ. 2312 |
| | ) | |
| v. | ) | Hon. Steven Seeger |
| | ) | District Judge |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS HALVORSEN, DICKINSON, RUTHERFORD,
TREVINO, MINGEY, BIEBEL AND CAPPITELLI'S' OPPOSED MOTION
FOR LEAVE TO FILE OVERSIZED MEMORANDA OF LAW AND
STATEMENTS OF FACT IN SUPPORT OF SUMMARY JUDGMENT**

Defendants Joann Halvorsen as Special Representative of Ernest Halvorsen (deceased), Edwin Dickinson, Robert Rutherford, Daniel Trevino, Edward Mingey, Robert Biebel, and Kevin Rodgers, as Special Representative of Francis J. Cappitelli (deceased) (collectively, "Movants"), move to file an oversized Memoranda of Law and in excess of 80 statements of fact in support of their Motion for Summary Judgment, and state:

1. Movants filed their Motions for Summary Judgment on April 8. 2024. (Dkt. *Reyes-* 683, 684 and *Solache-*515, 516)

1

2. The parties have engaged in exhaustive fact discovery—tens of thousands of pages of records have been produced, numerous sets of written discovery have been exchanged and approximately eighty of witnesses have been deposed.

3. In support of their motions, Movants have prepared extensive Memorandums of Law that set forth the facts surrounding their request for summary judgment and legal arguments that addresses all fifteen separate theories[1] of liability brought by plaintiff against all four movants. To address both Plaintiffs claims against all seven Defendants, Defendants had to file two separate motions and memorandums: one for the Defendant Officers and one for the Defendant Supervisors.

4. Considering the number of officers sued and breadth of discovery Movants have prepared a fulsome consolidated Rule 56.1 Statements of Fact in support of their Motions for Summary Judgment.

5. Movants recognize this Court's time is valuable and have tried to be efficient in delineating their arguments in support of summary. To that end, Movants intend to file a single comprehensive memorandum of law (addressing both Plaintiffs), rather than file four separate lengthy summary judgment briefings for each named Defendant Officer (Halvorsen, Dickinson, Rutherford, and Trevino) that would have to refer back and forth among the motions. A single comprehensive summary judgment filing for these similarly situated defendants will be more efficient and materially aid this Court in addressing the multiple issues presented in Plaintiff's Complaint and eliminate overlapping and redundant legal arguments.

6. Movants also intend to file a single comprehensive memorandum of law (addressing both Plaintiffs), rather than file three separate lengthy summary judgment briefings

---

[1] Plaintiff Reyes asserts nine (9) claims against the individual defendants and Plaintiff Solache asserts six (6) claims against the individual defendants. .

for each named Defendant Supervisors (Biebel, Mingey and Cappitelli) that would have to refer back and forth among the motions. A single comprehensive summary judgment filing for these similarly situated defendants will be more efficient and materially aid this Court in addressing the multiple issues presented in Plaintiff's Complaints and eliminate overlapping and redundant legal arguments.

7. Movants have edited the argument section of their memorandum in an attempt to remove unnecessary arguments. Notwithstanding that effort, given that we are responding to two separate plaintiffs, the number of parties, the number of claims and theories of liability being put forth by each Plaintiff, and the complexity of the issues presented in Plaintiffs' Complaints, Movants' Memorandum exceeds the fifteen-page limit set by the local rules in order to address Plaintiff Reyes' sprawling 48 page 12 Count second amended complaint and Plaintiff Solache's lengthy 22 page 9 count first amended complaint. Similarly, Movants have tried to be efficient in setting forth their respective simple statements of fact but were unable to limit their respective statements of fact to the 80 statements allowed.

8. Accordingly, Movants request leave to file their Memorandas of Law in Support of Summary Judgment in excess of the Court's 15-page limitation, up to and including 18 pages for the three Defendant Supervisors and up to and including 46 pages for the four Defendant Officers. Attached hereto as Exhibit A is the Defendant Supervisor's Memorandum of Law in Support of Summary Judgment and attached hereto as Exhibit B is the Defendant Officers' Memorandum of Law in Support of Summary Judgment.

9. Additionally, Movants request leave to file their combined Rule 56.1 Statements of Fact, up to 250 statements of fact for the seven Movants. Attached hereto as Exhibit C is the Movants' Rule 56.1 Statement of Fact.

10. On April 8, 2024, Counsel for Movants conferred with counsel for Plaintiffs who objects to this motion and requested that Defendants include in this motion (and the City's similar motion related to its Brief, Statements of Fact and Daubert motions), the following position:

> Plaintiffs together seek 25 pages, and 73 total fact paragraphs, for his own motion for partial summary judgment against the City of Chicago. For Defendants, Plaintiffs agree to a reasonable, and commensurate, enlargement of the page limits and paragraphs permitted under the Rules. However, the Defendants' request for a total of 178 pages of briefing and 558 paragraphs of purportedly undisputed material facts (an impossibility in a case as hotly disputed as this, with two of the individual Defendants having pleaded the Fifth regarding their conduct in this case) is far beyond what the Rules permit, and does not include the yet additional pages and paragraphs Defendant Guevara will seek for his own brief .
>
> We have considered the length of Defendants' summary judgment briefs in the most recent Guevara cases: (1) in *Jacques Rivera v. Guevara, et al.*, 1:12 Civ. 4428, the City filed a 24-page summary judgment brief to dismiss all of Plaintiff's *Monell* theories, and the Individual Defendants filed a 25-page brief on behalf of multiple Defendant officers; (2) in *Serrano/Montanez v. Guevara, et al.*, 1:17 Civ. 2869, the Individual Defendants filed a 22-page brief. Defendants have provided no justification for briefs far larger than their prior summary judgment briefs. Nevertheless, Plaintiffs agree to 125 pages of total summary judgment briefing (including any *Daubert* motions) and 125 facts each for the City and the Individual Defendants (so, 250 total facts).

11. Movants are hesitant to burden this Court and to go into all the differences of various cases that have had motions for summary judgement filed in the Northern District of Illinois in reversed conviction cases. However, Plaintiff *Reyes* has made a similar argument in opposition to both the City of Chicago and the individual defendant officers' motions for leave to file an oversized memos of law and additional facts in other recent reverse conviction cases, *Sierra,* 18 cv 3029 and *Iglesias*, 19cv 6508, both of which were granted over their objection. On January 29, 2024 in *Sierra* (Dkt. 477), leave was granted to file a memorandum in support of summary judgment of up to sixty-three (63) pages and one hundred ninety-four (194) statements of facts for six (6) separate individual defendants responding to eight separate claims. On January 30, 2024, in *Iglesias* (Dkt. 246), leave was granted to file a memorandum in support of summary judgment of up to fifty-one (51) pages and one hundred twenty-six (126) statements of

4

facts for four (4) separate individual defendants responding to eight separate claims. Simply put, each case is different and rather than pick and choose through the various dissimilar cases filed with oversized briefs, Movants have attempted to show this Court the breadth of the material they had to distill for this court as well as the many varied claims that needed to be addressed.

WHEREFORE, the Defendants Joann Halvorsen as Special Representative of Ernest Halvorsen (deceased), Edwin Dickinson, Robert Rutherford, Daniel Trevino, Edward Mingey, Robert Biebel, and Kevin Rodgers, as Special Representative of Francis J. Cappitelli (deceased) respectfully request this Court enter an order granting them leave to file oversized Memoranda of Law and file their additional statements of fact in Support of their respective Motions for Partial Summary Judgment.

Dated: April 8, 2024                          Respectfully submitted,

                                              /s/ Josh M. Engquist
                                              JOSH M. ENGQUIST, Attorney No. 6242849
                                              *One of the Attorneys for Individual Defendants*

James G. Sotos
Josh M. Engquist
Caroline Golden
Allison Romelfanger
The Sotos Law Firm, P.C.
141 W. Jackson Blvd., Suite 1240A
Chicago, Illinois 60604
(630) 735-3300
jengquist@jsotoslaw.com

5

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that on April 8, 2024, I electronically filed the foregoing **Defendants Halvorsen, Dickinson, Rutherford, Trevino, Mingey, Biebel and Cappitelli's Motion for Leave to File Oversized Memoranda of Law and Statement of Fact in Support of Summary Judgment** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed on the below Service List:

| *Attorneys for Plaintiff Arturo Reyes* | *Attorneys for Defendant City of Chicago* |
|---|---|
| Jon Loevy | Eileen E. Rosen |
| Steven Art | Catherine M. Barber |
| Anand Swaminathan | Theresa B. Carney |
| Rachel Brady | Austin Rahe |
| Sean Starr | Rock Fusco & Connelly, LLC |
| LOEVY & LOEVY | 333 N. Wacker, 19th Floor |
| 311 N. Aberdeen, 3rd Floor | Chicago, IL 60654 |
| Chicago, IL 60607 | erosen@rfclaw.com |
| jon@loevy.com | cbarber@rfclaw.com |
| steve@loevy.com | tcarney@rfclaw.com |
| brady@loevy.com | arahe@rfclaw.com |
| sean@loev.com | pmoran@rfclaw.com |
| | |
| *Attorneys for Plaintiff Gabrielle Solache* | *Attorneys for Defendant Guevara* |
| Jan Susler | James V. Daffada |
| Ben H. Elson | Thomas M. Leinenweber |
| Nora Snyder | Michael J. Schalka |
| People's Law Office | Gabrielle Rose Sansonetti |
| 1180 N. Milwaukee Ave. | Leinenweber, Daffada & Sansonetti, LLC |
| Chicago, IL 60642 | 120 N. LaSalle St., Suite 2000 |
| (773)235-0070 | Chicago, IL 60602 |
| jsusler@peopleslawoffice.com | jim@ilesq.com |
| ben.elson79@gmail.com | thomas@ilesq.com |
| norasynder@peopleslawoffice.com | gabrielle@ilesq.com |

/s/Josh M. Engquist
JOSH M. ENGQUIST
Special Assistant Corporation Counsel
*One of the Attorneys for Halvorsen, Dickinson, Rutherford, and Trevino*