IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTIRCT OF ILLINIOS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18 Civ. 1028 |
| | ) | |
| v. | ) | Hon. Steven Seeger |
| | ) | District Judge |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | Magistrate Sunil R. Harjani |
| Defendants. | ) | |
| | ) | |

_____

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18 Civ. 2312 |
| | ) | |
| v. | ) | Hon. Steven Seeger |
| | ) | District Judge |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | Magistrate Sunil R. Harjani |
| Defendants. | ) | |
| | ) | |

**DEFENDANT GUEVARA'S MOTION TO JOIN INDEPENDENT OFFICERS'
LOCAL RULE 56.1 STATEMENT OF UNCONTESTED FACTS AND
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY
JUDGMENT, AND DEFENDANT GUEVARA'S MOTION FOR PARTIAL
<u>SUMMARY JUDGMENT</u>**

Defendant Reynaldo Guevara by and through his attorneys submits this motion to join Defendants Ernest Halvorsen (deceased), Edwin Dickinson, Robert Rutherford, and Daniel Trevino (collectively "Independent Officers") Local Rule 56.1 Statement of

Uncontested Facts and Independent Officers' Memorandum Of Law In Support Of Their Motion For Summary Judgment (Dkt. 689-1 (Motion) and Dkt. 689-2 (Memorandum of Law) and Dkt. 689-3 (Local Rule 56.1 Statement of Uncontested Facts)). Additionally, Defendant Guevara separately moves for partial summary judgement to dismiss any claim that the allegedly coerced confessions of Plaintiffs were fabricated.

## INTRODUCTION

The amended complaints of Plaintiffs Arturo DeLeon Reyes and Gabriel Solache (collectively "Plaintiffs") allege violations of their constitutional rights under 42 U.S.C. §1983 and state law (Dkt. #396 (Reyes)) and Dkt. #224 (Solache)).

Reyes brings nine counts alleged against Defendant Guevara:

| | | |
|---|---|---|
| Count I | – | False Confession Fifth and Fourteenth Amendments |
| Count II | – | Fabrication of False Witness Statements Fourteenth Amendment |
| Count III | – | Fourth Amendment Deprivation of Liberty Without Probable Cause |
| Count IV | – | Fourteenth Amendment Due Process Violations |
| Count V | – | Failure To Intervene |
| Count VI | – | Federal Conspiracy to Deprive Constitutional Rights |
| Count VIII | – | State Law Intentional Infliction of Emotional Distress |
| Count IX | – | Common Law Conspiracy |

Similarly, Solache alleges seven counts against Defendant Guevara:

| | | |
|---|---|---|
| Count I | – | Fifth and Fourteenth Amendments |
| Count II | – | Violation of Due Process |
| Count III | – | Failure to Intervene |
| Count V | – | State Law Claim Malicious Prosecution |
| Count VI | – | State Law Claim for Intentional Infliction of Emotional Distress |
| Count VII | – | State Law Civil Conspiracy Claim |

Specific to Guevara, the Complaints allege that Defendant Guevara coerced Reyes

2

and Solache to involuntarily confess and to make false statements regarding the murder of the Mariano and Jacinta Sotos and abduction of the Sotos' two children in violation of the Fifth and Fourteenth Amendments. (Dkts. #396 (Reyes) (Count I) ¶¶54-59, 61, 64, 125-134; (Count II) ¶¶69-72, 135-140; (Solache) (Count I), ¶¶12-32; 76-81. In addition, the Complaints allege that Defendant Guevara (and others) used coercion to obtain false witness statements, fabricated false reports, statements and other evidence and/or deliberately withheld evidence, including the fact of their alleged misconduct in violation of the Fourteenth Amendment. (Dkts. #396 (Reyes) (Count II) ¶¶69-72, 135-140; (Count IV) ¶¶149-158); (Solache) #224 (Count II), ¶¶34-38, 43-44, 47-48, 82-88). Both Plaintiffs also allege state law claims for Intentional Infliction of Emotion Distress (IIED) (Dkts. #396 (Reyes) (Count VIII); #224 (Solache) (Count VI)); Malicious Prosecution (Dkts #396 (Reyes) (Count IX); #224 (Solache) (Count V)); and common law conspiracy (Dkts #396 (Reyes) (Count X); #224 (Solache) (Count VII)). Moreover, Reyes alleges that Guevara and others initiated criminal proceedings against Plaintiffs without probable cause in violation of the Fourth Amendment. (Dkt. #396 (Reyes) (Count III) ¶¶141-148) and a federal conspiracy claim (Dkt. #396 (Reyes) (Counts III & VI)).

Guevara moves to join the Independent Officers' arguments related to allegations that the Officers suppressed evidence in violation of *Brady v. Maryland,* 373 U.S. 83 (1963) (Dkt. 689-2, p. 24). In addition, Guevara moves to join the Independent Officers' arguments related to Plaintiffs' claims alleging a failure to intervene (Dkt. #689-2, p.xx)

3

Reyes (Count V); Solache (Count III)); malicious prosecution/unlawful seizure pursuant to the initiation of charges under the Fourth Amendment and state law (Dkt. #xx, p. xx; Reyes (Count III, IX); Solache (Count V)); and for engaging in a conspiracy to commit the violations alleged above under both federal and state law (Dkt #xx, p. xx; Reyes (Counts VI, XI); Solache (Count VII)). Guevara also joins the Independent Officers' argument for qualified immunity. (Dkt. #xx, p. xx) Finally, Guevara moves separately for partial summary judgment under Counts I or II regarding Plaintiff's allegations that the alleged coercion satisfies a claim of fabrication. It does not. Therefore, Guevara moves for partial summary judgment on all counts except Plaintiff's allegations that their confessions were involuntary.

## MOTION TO JOIN

Independent Officers moved for summary judgement, filing a memorandum of law in Support of Motion for Summary Judgement ("Memorandum")

**I.    Defendant Guevara Moves to Join the Independent Officers' Local Rule 56.1 Statement of Uncontested Facts (Dkt. #xx).**

**II.   Defendant Guevera Moves to Join the Independent Officers' Motion for Summary Judgment and Memorandum of Law In Support, In Part (Dkt. #xx).**

**A. Memorandum's Introduction, Summary of Materials Facts, and Legal Standard Sections**

Defendant Guevara moves to join Sections of the Memorandum entitled, "Introduction," "Summary of Undisputed Material Facts," and "Legal Standard," in their entirety. (Dkt. XX, pp. xx; xx, xx).

4

### B. Memorandum's Argument Section

Defendant Guevara moves to join, in part, the "Argument" Section of Independent Officers' Memorandum. The arguments he joins demonstrate that he is entitled to summary judgment on all the relevant claims.

#### i. Part II – Plaintiffs Lack Sufficient Evidence to Support Their *Brady* and Fabrication of Witness Statement Claims.

Defendant Guevara joins all of Part II of the Argument Section of the Memorandum. (Dkt.xx, p. xx-xx). Accordingly, he is entitled to summary judgment on Plaintiffs Due Process claims arising under *Brady* and for fabrication of evidence related to witness statements. (Reyes (Count IV); Solache (Count II)).

#### ii. Part III(A), (D) – Plaintiff's Failure to Intervene Claims.

To the extent that Plaintiffs' claim that Guevara knew of other officers' misconduct related to the fabrication of witness notes, altering of crime scene evidence and destruction of evidence, separate and apart from Guevara's interactions with Reyes and Solache, Guevara joins the Independent Officers' argument against this theory of liability—as no evidence exists that Guevara had knowledge of any such misconduct. (Dkt. #xx, pp. xx-xx)

#### iii. Part IV – Reyes's Fourth Amendment Unlawful Pretrial Detention and Plaintiffs' State Law Malicious Prosecution Claims Fail as a Matter of Law.

Defendant Guevara joins all of Part IV of the Memorandum except Subpart A. (Dkt.xxx, p.xx-xx). Accordingly, he is entitled to summary judgment on Reyes's Fourth

Amendment Unlawful Pretrial Detention (Count III) and both Plaintiffs' State Law Malicious Prosecution Claims. (Reyes (Count VIII); Solache (Count III)).

### iv. Part V – Plaintiff's Federal and State Conspiracy Claims Fail.

Defendant Guevara joins all of Part V of the Memorandum. (Dkt. xx, p. xx). Accordingly, he is entitled to summary judgment on Reyes Section 1983 conspiracy claim (Count VI) and Reye and Solache's state law conspiracy claims (Reyes (Count X); Solache (Count VII)).

## GUEVARA'S SEPARATE MOTION FOR SUMMARY JUDGMENT, IN PART

### III. Any Claim that Reyes's or Solache's Confessions Were Fabricated Must Be Dismissed.

As the Independent Officers pointed out in their Memorandum, the Plaintiff's conflate two due process allegations: coerced confession and fabrication of evidence. (Reyes (Dkt. #396, ¶¶126-128 (Count I); ¶137 (Count II)); Solache (Dkt. #224, ¶79 (Count I); ¶84 (Count II)) Reyes' complaint alleges that Guevara both forced him to "make false statements" and statements that were "involuntary;" used coercion to "force Plaintiff to incriminate himself falsely…;" and "fabricated a false confession." (Dkt. #396; ¶¶126-128) Similarly, Solache alleges that Guevara "coerced and forced Plaintiff to incriminate himself falsely;" and "scripted and coerced" Solache's "false statements". (Dkt. #224, ¶¶77, 79) Reyes also broadly alleges, that Guevara used physical coercion to "obtain false witness statements" from "other witnesses." (Dkt. #396, ¶137) However, a coerced confession does not, without more, satisfy a fabrication of evidence claim.

6

"Coerced testimony is testimony that a witness is forced by improper means to give; the testimony may be true or false. Fabricated testimony is testimony that is made up; it is invariably false." *Camm v. Faith*, 937 F.3d 1096, 111 (7th Cir. 2019) *citing Fields v. Wharrie,* 740 F.3d 1107, 1110 (7th Cir. 2014). Coercive interrogation techniques *alone* are insufficient to find that one fabricated evidence; and does not violate the wrongly convicted person's due-process rights. *Id. citing Avery v. City of Milwaukee,* 847 F.3d 433, 439 (7th Cir. 2017). In other words, coerced confessions are not necessarily fabricated evidence.

"Coercively interrogating a witness or a confession may be deplorable, and may contribute to wrongful convictions, but it is not necessarily evidence of fabrication because unlike fabricated or perjured testimony, the confession may be true." *Coleman v. City of Peoria,* 925 F.3d 336, 346 (7th Cir. 2019) For a claim of fabrication to withstand summary judgment, the Plaintiff must show that the officer *knew* the confession was false. *Petty v. City of Chicago,* 754 F.3d 416, 422 (7th Cir. 2014). Police officers are constantly faced with reluctant witnesses and recanted confessions. *Coleman v. City of Peoria,* 925 F.3d 336, 351 (7th Cir. 2019) (Fourth Amendment probable cause standard could be supported by an allegedly coerced confession). Officers investigating a crime are not required "to use the rules for summary judgment and draw inferences in favor of the suspects." *Id.* at 351 *quoting Bridewell v. Eberle*, 730 F.3d 672, 676 (7th Cir. 2013). Plaintiffs cannot save a claim based on coercive interrogation techniques via

7

speculation that defendants were knowingly fabricating evidence. *Coleman*, 925 F.3d at 346 *citing Petty*, 754 at 423 ("'Manufactured false evidence'… [is not a] magic talismans that will transform a coercion case into an evidence fabrication case and give rise to a cognizable claim where one does not exist.").

Here, putting aside the allegedly coercive interrogation tactics, there is insufficient evidence to support a finding that Defendant Guevara knew the inculpatory statements provided by Reyes or Solache were false when they were given. Indeed, Defendant Guevara was investigating the brutal stabbing and murder of Mariano and Jacinta Soto, the parents of the children that Adriana Mejia and Reyes brought to the station—murders that a woman Adriana Mejia's size, 5' 0" and 164 pounds, could not have committed on her own. (SOF ¶¶5, 7)

As soon as Adriana, Adriana's husband and Reyes brought the Soto's young son to the police station, Defendant Guevara and other officers learned that Adriana Mejia, Reyes and Solache lived and were connected to each other through their hometown in Mexico. (SOF ¶¶8, 9, 12-13) They were all in possession of the Sotos' children, as the Sotos' children were staying in Adriana Mejia's home. (SOF ¶29) It became immediately obvious after officers engaged with Adriana Mejia, that she had lied about how she came into possession of the children and that someone named Norma Salazar asked her to care for the Soto's children. (SOF ¶¶52, 59, 81-84) Then, based upon consent provided by Adriana Mejia's husband, the officers searched Adriana Mejia's home and recovered

8

shoes with human blood on them. (SOF ¶85) Once confronted with the shoes, Adriana Mejia implicated at least one of the Plaintiffs in the crime. (SOF ¶88-89) Shortly thereafter, she implicated both Plaintiffs. (SOF ¶91-94). Specifically, Adriana Mejia told officers that she, Reyes, and Solache had all participated in killing Jacinta and Mariano Soto and abducted their children. (SOF, Ex. 1) Adriana Mejia signed a statement to the same effect, testified to the same under oath before a criminal court, and affirmed the same under oath in her deposition. (SOF, Ex. 1, ¶¶97-98) Adriana Mejia's initial statement implicating Plaintiffs alone (and without her numerous and subsequent confirmations of her confession under oath) would have been sufficient for Guevara to believe Reyes's and Solache's confessions. But, in addition, Adriana Mejia was brought before Solache where she confronted him with his involvement in the crime. (SOF Ex. 9, p. 314-315) Guevara also confronted Reyes with Adriana's statement and found Reyes in possession of paper with the name Norma Salazar written on it. (SOF Ex. ¶¶156, 99-100).

Subsequently, Guevara asked Solache questions about the case and Solache affirmed Guevara's statements. (SOF, Ex. 9, p. 323; Ex. 59, p. 478-479) Solache signed a sworn statement in front of an Assistant State's Attorney (SOF, Ex. 116) and later admitted that he answered the questions asked by Guevara honestly, but claims that because he did not actually say the statements himself—they were fabricated. (SOF, Ex. 116) However, given the statement provided by Adriana (SOF, Ex. 1), the surrounding

9

physical evidence implicating Adriana and the lies Adriana had told about her pregnancy and Norma Salazar, Guevara had every reason to believe Solache was telling Guevara the truth when he affirmed Guevara's statements—despite any alleged physical coercion.

Similarly, although Reyes later recants his statement and claims his statement was fabricated, given the corroboration with Adriana's statement, that Reyes confessed after being confronted with Adriana's statement and Reyes' possession of notes related to Norma Salazar, Guevara had every reason to believe Reyes' confession was true at the time it was signed—even despite any alleged physical coercion. Moreover, Guevara did not take Reyes' statement. Reyes provided his statement to officers other than Guevara, signed his statement and affirmed the statement was given absent any promises or threats. (SOF, Ex. 115; ¶110). Given the surrounding facts and evidence, Plaintiffs cannot establish that Guevara knew either Reyes's or Solache's confessions were untrue and therefore fabricated. Thus, a claim for falsification must fail as a matter of law.

## **CONCLUSION**

For the foregoing reasons, Defendant Guevara requests that the Court grant his motion to join Independent Officers' Local Rule 56.1 Statement of Uncontested Facts in its entirety, Sections of their Motion and Memorandum as detailed above, and to dismiss any allegations of fabrication related to the allegedly coerced confessions of

10

Solache and Reyes.

                                                                                  Respectfully submitted,

                                                                                   */s/ Gabrielle R. Sansonetti*
                                                                                      Gabrielle R. Sansonetti

Thomas More Leinenweber
James Daffada
Michael J. Schalka
Gabrielle DKT. Sansonetti
LEINWEBER, DAFFADA & SANSONETTI
120 N. LaSalle Suite 2000
Chicago, Illinois 60602
773-716-6117 (m)
thomas@ilesq.com
jim@ilesq.com
mjs@ilesq.com
gabrielle@ilesq.com