# LOEVY & LOEVY

311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

April 4, 2024

*Via Email*

Eileen Rosen
Theresa Carney
Catherine Barber
Rock Fusco & Connelly, LLC
321 N. Clark Street, Suite 2200
Chicago, Illinois 60654

Jim Sotos
Josh Engquist
Caroline Golden
The Sotos Law Firm, P.C..
550 E. Devon Ave., Suite 150
Itasca, IL 60143

Thomas Leinenweber
Jim Daffada
Leinenweber Baroni & Daffada, LLC
120 North LaSalle Street, Suite 2000
Chicago, Illinois 60602

   Re: *Reyes & Solache v. Guevara, et al.*, No. 1:18 C 1028 & 2312 (N.D. Ill.)

Dear Counsel,

  Before the parties' waste considerable resources briefing and filing summary judgment motions, we write regarding Plaintiffs' position on those motions.

  In Plaintiffs' view, there is no basis for any of the remaining Defendants to seek summary judgment in this matter, given the numerous factual disputes on nearly every issue. In the case of Defendants Guevara and Halvorsen in particular, any summary judgment motion would be frivolous, and Plaintiff will invoke Rule 11 procedures if either of these Defendants files such a motion.

  Defendants Rutherford, Dickinson, Trevino, Mingey, Biebel and Cappittelli also cannot avoid a trial. Rutherford, Dickinson, Trevino participated in the interrogations of Plaintiffs and were involved in creating reports and other documentation that was fabricated and false, and suppressed exculpatory evidence related to the true circumstances of those interrogations. Meanwhile, Mingey, Biebel and Cappittelli supervised and oversaw the investigation, including the numerous interrogations occurring at Area 5 in which there is substantial evidence of physical abuse and misconduct, and signed off on reports full of fabrications, and omissions of exculpatory and impeaching evidence. In addition, through their involvement in the investigation all of these Defendants are also liable for the misconduct of Defendants Guevara and Halvorsen by conspiring with them. Of

course, Defendants may have a different view on these issues, but during discovery Plaintiffs developed ample evidence on these points to create, at minimum, a dispute of fact.

As a result, there necessarily will be a trial in this case, and there is no reason for the parties to engage in extensive and costly summary judgment briefing. Instead, the parties' disputes about the claims should be resolved at trial.

To that end, Plaintiffs are willing to discuss narrowing their claims and dismissing certain defendants, and in so doing streamlining the case for trial. In particular, Plaintiffs are willing to (a) dismiss Defendants Rutherford, Dickinson, Mingey, Biebel, and Cappittelli, (b) dismiss their Fourth Amendment claims, and (c) dismiss their malicious prosecution claims against all remaining Defendants, if the remaining Defendants, including the City of Chicago, agree that they will not move for summary judgment in these cases.

Such an agreement is in the individual Defendants' best interests. These Defendants are each unlikely to obtain summary judgment, and therefore they face significant risk of liability at trial. To be clear, that includes Defendants Mingey, Biebel and Cappittelli; as Defendants know, supervisors have been previously found liable by juries, and assessed punitive damages, for their role in Defendant Guevara's misconduct (*e.g.*, Sergeant Edward Mingey in *Rivera*).

The agreement is in the City's interest as well. Any attempt by the City to file for summary judgment would be baseless. Plaintiff is pursuing tried and true *Monell* theories in this case, including (1) that the City had an official policy of suppressing exculpatory evidence; (2) that the City had an official policy of obtaining involuntary and false confessions using illegal tactics; and (3) that the City had an official policy of failing to train, supervise, and discipline police officers. At minimum, there are disputes of fact—including but not limited to battles between experts—that preclude summary judgment on these *Monell* theories, as there were when summary judgment was denied on many of the same theories in *Fields v. City of Chicago* and *Rivera v. Guevara*, among other cases.[1]

---

[1] To the extent that the City hopes to obtain summary judgment based on *Daubert* challenges to Plaintiff's experts, there is plenty of non-expert evidence supporting the claims—including 30(b)(6) depositions of the City, depositions of the individual Defendants, the City's own homicide files, and evidence from numerous other Guevara-related exonerations. Moreover, the City has attempted *Daubert* challenges to almost identical expert opinions in the past, and it has failed in each instance, including in *Fields v. City of Chicago* and *Rivera v. City of Chicago*. Certainly, to the extent *Daubert* challenges are to be raised, that briefing should occur at the *motion in limine* stage and not at summary judgment.

But the City faces a bigger risk: as in other cases, Plaintiffs intend to file a motion to preclude the City from re-litigating *Monell* theories in this case. Having lost these same *Monell* theories in past jury trials, the City faces the very real prospect of losing that motion to apply issue preclusion, which would prevent the City from even litigating *Monell* issues again in this case. As in *Kluppelberg v. City of Chicago*, the Court here has ample basis to grant Plaintiff's motion and to find that the City is precluded from contesting that it had an official policy of concealing evidence. *See Kluppelberg*, No. 1:13 Civ. 3963, Dkt. 636 (N.D. Ill.). In *Kluppelberg*, Judge Lefkow relied on the *Monell* verdict against the City in *Fields*. Since then, Jacques Rivera won a second jury verdict on the same theory in *Rivera*, which concerned the same Defendant officers as in this case, from the same Area, working under to the same City policies. Put simply, the case for applying preclusion has only gotten stronger over time.

If we ultimately are unable to reach the agreement outlined above to avoid summary judgment and schedule a trial, Plaintiff intends to move to apply preclusion on certain *Monell* theories against the City. If, however, Defendants agree to skip summary judgment, Plaintiff will not only forego that motion, Plaintiff will also agree to dismiss his *Monell* theories based on the City's failure to supervise and discipline.

Please let us know your position on this proposal by end of day April 5, 2024. If requested, we would agree to keep the offer open through April 12, even after the parties' summary judgment motions are filed, such that if agreement is reached the parties would withdraw the motions and request a trial date. We look forward to hearing from you.

Sincerely,

/s/ Anand Swaminathan
/s/ Steve Art
/s/ Jan Susler