**LOEVY + LOEVY**

## Fwd: D. Johnson v. Guevara, et al. - correspondence re summary judgment

**Valerie Barajas** <valerie@loevy.com>                                                      Thu, May 23, 2024 at 2:55 PM
To: Valerie Barajas <valerie@loevy.com>

**From:** Steve Art <Steve@loevy.com>
**Sent:** Friday, October 20, 2023 9:58 PM
**To:** Theresa B. Carney <tcarney@rfclaw.com>
**Cc:** Thomas Leinenweber <thomas@ilesq.com>; Eileen E. Rosen <ERosen@rfclaw.com>; Anand Swaminathan <anand@loevy.com>; Josh M. Engquist <JEngquist@jsotoslaw.com>; Katelyn Salek <ksalek@jsotoslaw.com>; Catherine M. Barber <cbarber@rfclaw.com>; Daniel J. McGinnis <dmcginnis@jsotoslaw.com>; Kara Hutson <khutson@rfclaw.com>; Austin Rahe <arahe@rfclaw.com>; David A. Brueggen <DBrueggen@jsotoslaw.com>; Megan McGrath <mkm@ilesq.com>; Michael Schalka <mjs@ilesq.com>; Elizabeth R. Fleming <efleming@jsotoslaw.com>; Isabella Aguilar <aguilar@loevy.com>; Hershey Suri <suri@loevy.com>; Ixsel Zavala <zavala@loevy.com>; Jim Sotos <JSotos@jsotoslaw.com>; Jim Daffada <jim@ilesq.com>
**Subject:** Re: D. Johnson v. Guevara, et al. - correspondence re summary judgment

Dear Counsel,

We are in receipt of your correspondence of September 25, 2023, which sets out what Defendants believe to be their basis for seeking summary judgment. We take your correspondence to be the letter required by Judge Ellis's standing orders governing summary judgment, and we provide the following response.

It appears at this point that the parties will not reach agreement on avoiding summary judgment motions in this matter. To recap our discussions so far, on August 8, 2023, Plaintiff sent a letter setting out his view that there is no basis for Defendants to seek summary judgment in this case, given the numerous material factual disputes on every issue on every claim in the case. Nonetheless, Plaintiff agreed to negotiate with Defendants and to dismiss otherwise meritorious claims in the hope that the parties could avoid the cost and delay of summary judgment briefing and proceed to trial.

In particular, Plaintiff proposed that he would dismiss his claims against Defendants Healy and Daley, and he would agree not to file a motion to preclude the City from relitigating Monell theories it has previously lost at trial, if the remaining Defendants agreed to forgo summary judgment motions.

Plaintiff waited for a month, asking Defendants to provide their position, and on September 12, 2023, the parties conferred, and Defendants rejected Plaintiff's proposal. Defendants responded that they would forgo summary judgment only if Plaintiff dismissed all claims against all parties, except for Defendant Guevara.

Plaintiff rejected that counter proposal. Plaintiff reiterated that Defendants Guevara, Halvorsen, and Erickson do not have a non-frivolous basis to seek summary judgment on any claim in this matter, and that Plaintiff would invoke Rule 11 procedures if any of these individual Defendants filed a motion for summary judgment.

Plaintiff set out a new proposal: He would agree to dismiss Defendant Healy and Daley and limit his Monell theory against the City in this case to the file-suppression due process theory (similar to that tried in Rivera and Fields), if the City and Defendants Guevara, Halvorsen, and Erickson agreed not to move for summary judgment. Plaintiff asked that, to the extent that the Defendants felt that Defendants Halvorsen or Erickson have a non-frivolous basis to move for summary judgment on some but not all of Plaintiff's theories against them, that Defendants identify which particular theories they thought were subject to summary judgment. Plaintiff asked for a response by September 15, 2023.

Defendants responded on September 25, 2023, again rejecting Plaintiff's proposal. Defendants stated that they believe that Defendant Erickson had arguments for summary judgment on all of Plaintiff's claims, except for the Brady claims. Defendants asserted that they would seek summary judgment on all of Plaintiff's claims against Defendant Halvorsen. Finally, the City asserted that it felt that it has a basis to obtain summary judgment on Plaintiff's file Monell suppression theory. Defendants proposed that they would not pursue summary judgment if Plaintiff dismissed all of his claims against all Defendants, with the exception of his Brady claims against Defendant Erickson and his claims against Defendant Guevara.

Plaintiff rejects that proposal. Defendant Halvorsen participated in witness interviews, photo array identifications, and lineups in which Plaintiff asserts that Defendants Guevara and Halvorsen engaged in misconduct to fabricate evidence and to suppress exculpatory evidence to frame Plaintiff. There is no way, at summary judgment, that Defendant Halvorsen can deny his involvement in those aspects of the investigation—he is an author and signatory of multiple reports in which he is a reporting detective, and those reports document these investigative actions. And there is no denying that there is ample evidence that Plaintiff will cite at summary judgment to demonstrate that, at minimum, there are disputes of fact about whether these reports and lineups were fabricated. In addition, Halvorsen's partner, Reynaldo Guevara, has pleaded his Fifth Amendment rights rather than defend the actions of himself or Defendant Halvorsen. LaSalle Bank Lake View v. Seguban, 54 F.3d 387, 390 (7th. Cir. 1995). Defendant Halvorsen is in the same position as Defendant Guevara. The City of Chicago also cannot seek summary judgment on Plaintiff's file suppression theory without facing sanctions. It has lost the same claim, based on the same evidence, at two recent trials. Rivera v. Guevara; Fields v. City of Chicago. And it has been precluded from relitigating that claim in another recent case. Kluppelberg v. Burge.

Plaintiff presents the following as his final offer to Defendants: Plaintiff will agree to dismiss all claims against Defendants Healy and Daley, all claims except for his Brady claim against Defendant Erickson, and all claims except for his file suppression Monell theory against the City of Chicago, and he will agree not to move to apply preclusion against the City of Chicago, if Defendants Guevara, Halvorsen, Erickson, and the City agree not to move for summary judgment on the remaining theories in the case. If Defendants accept this proposal, Plaintiff adds that he will agree not to seek liability against Defendant Halvorsen for the suppression of the Erickson lineup report. Please be sure to communicate this offer to all of your clients, particularly those against whom claims will be limited or dismissed entirely, given that those clients face exposure to punitive damages on the claims that would be dismissed.

To the extent that Defendants choose not to accept this offer, please be advised:

1. We will need Defendants' proposed joint statement of undisputed facts by October 27, 2023, in order to timely provide feedback in advance of the summary judgment filing deadline;
2. We will file a statement of our position on summary judgment with the Court, consistent with the discussion above;
3. We will invoke Rule 11 procedures for any summary judgment motion filed by Defendants, consistent with the discussion above;
4. We will move to preclude the City from relitigating Monell theories already litigated.

Thank you, as always, for your cooperation in this matter.


Sincerely,


Steve


--

Steve Art (Bio)

LOEVY & LOEVY

311 N. Aberdeen Street

Chicago, Illinois 60607

Office: (312) 243-5900

Direct: (312) 789-4965

He, him, his


On Mon, Sep 25, 2023 at 11:02 AM Theresa B. Carney <tcarney@rfclaw.com> wrote:

> Counsel – we appreciate the opportunity to confer on summary judgment theories. We have considered Plaintiff's proposal (to dismiss Daley and Healy and limit the *Monell* claims against the City to the file-suppression due process theory in exchange for the other City and Defendants Guevara, Erickson and Halvorsen not moving for summary

judgment) and cannot agree to that.

As we discussed on the call, we believe that Erickson has good arguments for most of Plaintiff's claims, except the Brady claim, which we wanted to consider further. There is no evidence that Erickson was involved in this investigation after the lineups the first night, so many of Plaintiff's other claims and theories lack sufficient evidence and summary judgment is appropriate. As to Defendant Halvorsen, again we noted that he did not testify at Plaintiff's trial, and he was not involved in the investigation during the lineups the first night and so there is no evidence that he played any role in Plaintiff's alleged Brady claim relating to the lineups the first night. As to the subsequent witness identifications, none of the witnesses have recanted their identifications and all confirmed their criminal trial testimony was accurate. None of these witnesses have indicated that Defendant Halvorsen, or any detective, coerced or manipulated them and so Plaintiff lacks evidence for all his fabrication claim (Count I). This in turn, supports that there was probable cause based on three witness identifications of Plaintiff which undercuts the Pre-trial detention Claim (Count II) and Malicious Prosecution claim (Count VI). The lack of involvement the first night and no additional claims with evidence undercuts Plaintiff's derivative claims against Halvorsen (Counts III, IV, VII,, VIII, IX).

As to the claims against the City, it is the City's position that it has viable summary judgment arguments to eliminate the entirety of Plaintiff's *Monell* claim, including any *Monell* claim relying on his purported "street files" theory.  Each of Plaintiff's *Monell* theories are entirely dependent upon Plaintiff's experts, who are each susceptible to *Daubert* challenges which will likely eliminate their testimony in whole or in significant part.  Specifically, as to Plaintiff's "street files" theory, the deposition of Mr. Tiderington last week cemented what the City already knew from his previous testimony in the other cases on this very same theory - his methodology is seriously and fundamentally flawed and therefore unreliable.  Without Tiderington, the City will prevail at summary judgment.  Accordingly, the City cannot agree to Plaintiff's proposal of going to trial on the street files theory alone.

Accordingly, Defendants propose that Plaintiff dismiss:
•       all counts against Defendants Daley, Healy, Halvorsen, and the City;
•       Count I based on fabrication, Count II, Count III, Count IV, Count VIII and Count IX against Guevara and Erickson; and in-exchange Defendants Erickson and Guevara will not move for summary judgment on Count I based on Plaintiff's Brady claim theory.

Please advise if Plaintiffs would like to accept Defendants proposal to streamline this case for trial and avoid summary judgment briefing.

Thank you,

Theresa

**PLEASE NOTE OUR NEW ADDRESS**

Theresa Berousek Carney

**Rock Fusco & Connelly, LLC**

333 W. Wacker Drive, 19th Floor

Chicago, Illinois 60606

312.494.1000 ext. 472 (p) l 312.494.1001 (f)

tcarney@rfclaw.com l http://www.rfclaw.com



**From:** Steve Art <Steve@loevy.com>
**Sent:** Tuesday, September 12, 2023 6:26 PM
**To:** Thomas Leinenweber <thomas@ilesq.com>
**Cc:** Theresa B. Carney <tcarney@rfclaw.com>; Eileen E. Rosen <ERosen@rfclaw.com>; Anand Swaminathan <anand@loevy.com>; Josh M. Engquist <JEngquist@jsotoslaw.com>; Katelyn Salek <ksalek@jsotoslaw.com>; Catherine M. Barber <cbarber@rfclaw.com>; Daniel J. McGinnis <dmcginnis@jsotoslaw.com>; Kara Hutson <khutson@rfclaw.com>; Austin Rahe <arahe@rfclaw.com>; David A. Brueggen <DBrueggen@jsotoslaw.com>; Megan McGrath <mkm@ilesq.com>; Michael Schalka <mjs@ilesq.com>; Elizabeth R. Fleming <efleming@jsotoslaw.com>; Isabella Aguilar <aguilar@loevy.com>; Hershey Suri <suri@loevy.com>; Ixsel Zavala <zavala@loevy.com>; Jim Sotos <JSotos@jsotoslaw.com>; Jim Daffada <jim@ilesq.com>
**Subject:** Re: D. Johnson v. Guevara, et al. - correspondence re summary judgment

Dear Counsel,

Thank you for taking the time this morning to discuss our proposal to narrow the claims in this case in order to avoid the need for summary judgment briefing. As discussed, Plaintiff proposed an agreement in his original letter of August 8 (that Plaintiff would dismiss claims against Defendants Healy and Daley if the remaining Defendants agreed not to move for summary judgment), which Defendants rejected. Defendants proposed that they would forgo summary judgment if Plaintiff dismissed all parties on all claims, except for Defendant Guevara, which Plaintiff rejected.

We discussed our differing views on the call of whether Defendants Guevara, Halvorsen, or Erickson have a non-frivolous basis to seek summary judgment in this matter. Plaintiff reiterated his view that, if any of these individual Defendants files a motion for summary judgment, he will invoke Rule 11 procedures. Defendants took the position that there were non-frivolous bases for these Defendants to move for summary judgment on some or all theories of liability.

Plaintiff left Defendants with the following proposal to consider: Plaintiff will agree to dismiss Defendant Healy and Daley and limit his *Monell* theory against the City in this case to the file-suppression due process theory (similar to that tried in *Rivera* and *Fields*), if the City and Defendants Guevara, Halvorsen, and Erickson agree not to move for summary judgment. To the extent that the Defendants feel that Defendants Halvorsen or Erickson have a non-frivolous basis to move for summary judgment on some but not all of Plaintiff's theories against them, we are happy to consider eliminating particular theories against particular Defendants to avoid summary judgment. We look forward to your response.

As we discussed, considering that Plaintiff intends to file a motion asking the Court to deem summary judgment procedures inappropriate in this case, and the fact that our discussion has been ongoing, we ask that you respond by this Friday, September 15.

Sincerely,

Steve

--

Steve Art (Bio)

LOEVY & LOEVY

311 N. Aberdeen Street

Chicago, Illinois 60607

Office: (312) 243-5900

Direct: (312) 789-4965

He, him, his

---

**From:** Steve Art <Steve@loevy.com>
**Sent:** Wednesday, September 6, 2023 5:08 PM
**To:** Theresa B. Carney <tcarney@rfclaw.com>
**Cc:** Anand Swaminathan <anand@loevy.com>; Josh M. Engquist <JEngquist@jsotoslaw.com>; Danielle Hamilton <hamilton@loevy.com>; Katelyn Salek <ksalek@jsotoslaw.com>; Catherine M. Barber <cbarber@rfclaw.com>; Daniel J. McGinnis <dmcginnis@jsotoslaw.com>; Kara Hutson <khutson@rfclaw.com>; Eileen E. Rosen <ERosen@rfclaw.com>; Austin Rahe <arahe@rfclaw.com>; David A. Brueggen <DBrueggen@jsotoslaw.com>; Megan McGrath <mkm@ilesq.com>; Michael J. Schalka <mjs@ilesq.com>; Thomas Leinenweber <thomas@ilesq.com>; Elizabeth R. Fleming <efleming@jsotoslaw.com>; Isabella Aguilar <aguilar@loevy.com>; Hershey Suri <suri@loevy.com>; Ixsel Zavala <zavala@loevy.com>; Jim Sotos <JSotos@jsotoslaw.com>
**Subject:** Re: D. Johnson v. Guevara, et al. - correspondence re summary judgment

Dear Counsel,

Defendant Guevara cannot move for summary judgment consistent with the Federal Rules, so your proposal that he will not move for summary judgment as part of an agreement to dismiss the City, Erickson, Healy, and Daley is a non-starter. As noted in our original letter, it is our view that an motion for summary judgment in this case by Guevara, Halvorsen (who you do not mention in your proposal), or Erickson would be frivolous within the meaning of Rule 11, and we would seek sanctions in response to any such motion, pursuant to the procedures set out in the Rule (and we are not sure why making these Defendants aware of our intention to do so is improper).

That said, we think it would be worthwhile to have a conference to determine whether there is room for agreement to avoid summary judgment and proceed to trial, given the delay that summary judgment will impose in the case. We are available for that conference on Monday or Tuesday morning of next week. Please let us know if you are available.

Sincerely,

Steve

--

Steve Art (Bio)

LOEVY & LOEVY

311 N. Aberdeen Street

Chicago, Illinois 60607

Office: (312) 243-5900

Direct: (312) 789-4965

He, him, his

On Wed, Sep 6, 2023 at 3:32 PM Theresa B. Carney <tcarney@rfclaw.com> wrote:

Counsel:

We write in response to your August 8, 2023, correspondence.  First and foremost, Defendants strongly disagree with Plaintiff's assessment of the Defendants' prospects of success at summary judgment.  Further, Plaintiff's threats of Rule 11 procedures should any Defendants' chose to file summary judgment are entirely improper.  We will not take the time now to provide and explanation for our position since Judge Ellis' summary judgment procedures establish a vehicle for discussing the basis for summary judgment.

However, in order to avoid summary judgment and in advance of proceeding with Judge Ellis' procedures, the Defendants are willing to discuss ways to avoid the time and expense of summary judgment in this case.  Accordingly, if Plaintiff agrees to dismiss the *Monell* claim against the City of Chicago as well as all claims against Defendants Erickson, Healy and Daley, then Defendant Guevara will agree not to file summary judgment and the Parties can seek a trial date.

Please let us know if you would like to confer further on this proposal.

Thank you,

Theresa

**PLEASE NOTE OUR NEW ADDRESS**

Theresa Berousek Carney

**Rock Fusco & Connelly, LLC**

333 W. Wacker Drive, 19th Floor

Chicago, Illinois 60606

312.494.1000 ext. 472 (p) I 312.494.1001 (f)

tcarney@rfclaw.com I http://www.rfclaw.com