IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTURO De LEON-REYES, | ) | |
| | ) | Case No. 18 C 1028 |
| *Plaintiff*, | ) | |
| | ) | Hon. Steven Seeger, |
| *v.* | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| GABRIEL SOLACHE, | ) | |
| | ) | Case No. 18 C 2312 |
| *Plaintiff*, | ) | |
| | ) | Hon. Steven Seeger, |
| *v.* | ) | District Judge |
| | ) | |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | **JURY TRIAL DEMANDED** |
| | ) | |

## PLAINTIFFS' MOTION TO SET A TRIAL DATE

Plaintiffs Arturo Reyes and Gabriel Solache, by their respective undersigned counsel, move this Court to enter an order setting a trial date in this matter. In support, Plaintiffs state as follows:

1. In 2018, six years ago, Plaintiffs filed these respective civil rights actions seeking to hold accountable Chicago police detective Guevara and his cohort, as well as the City of Chicago, for their two decades of wrongful imprisonment.

2. After extensive fact and expert discovery lasting more than five years, Plaintiffs made clear that they did not believe this was a case in which summary judgment was appropriate, given the extensive factual disputes on every material issue in the case, and given Defendant Guevara's assertion of the Fifth in response to all questions related to this case. Plaintiffs made a proposal to Defendants in which

they would agree to dismiss a number of claims and Defendants, and forego their own partial motions for summary judgment, if Defendants would agree to skip summary judgment so the case could proceed to trial. Defendants refused to engage in any such discussion. [*Reyes* Dkt. 701 at 2, *Solache* Dkt. 533].

3. On February 22, 2024, the Court set a briefing schedule for summary judgment motions [*Reyes* Dkt. 680, *Solache* Dkt. 510].

4. Pursuant to that schedule, on April 8 and 9, 2024, Defendants filed four motions for summary judgment:

- Defendants Trevino, Rutherford, Halverson, and Dickinson [*Reyes* Dkt. 683, *Solache* Dkt. 515];
- Defendants Biebel and Mingey [*Reyes* Dkt. 684, *Solache* Dkt. 516];
- Defendant City of Chicago [*Reyes* Dkt. 690, *Solache* Dkt. 522];
- Defendant Guevara [*Reyes* Dkt. 691, *Solache* Dkt. 523].

5. Also pursuant to that schedule, on April 8, 2024, Plaintiffs filed one motion for partial summary judgment [*Reyes* Dkt. 686, *Solache* Dkt. 518], but only after voluntarily dismissing their claims against several individual defendants, in an attempt to winnow the summary judgment process. [*Reyes* Dkt. 682, *Solache* Dkt. 513].

6. On May 13, 2024, the Court entered an order staying the briefing schedule, expressing concern about the volume of pages and exhibits, inviting the parties to confer, and setting a hearing to "set a workable path forward." [*Reyes* Dkt. 696; *Solache* Dkt 528].

7. On May 24, 2024, Plaintiffs filed a proposed agreement to avoid summary judgment [*Reyes* Dkt. 698-699; *Solache* Dkt. 530-531].

8. On May 24, 2024, at said hearing, the Court again expressed concern about the volume of the pending summary judgment motions and given its busy docket, the amount of court time the motions will consume, and again encouraged the parties to offer proposals for a path to resolve summary judgment without extensive briefing.

9. Following the hearing, after the parties were unable to agree on a path forward, on May 31, 2024, the parties filed various proposals suggesting ways to move forward. [*Reyes* Dkt. 700-704, *Solache* Dkt. 531-536]. Plaintiffs offered various proposals, including (1) dismissing all but three Defendants *if* those three Defendants agreed to forego summary judgment briefing entirely and proceed to trial (at which time they could bring a Rule 50 motion); (2) dismissing all but three Defendants *without* an agreement to forego summary judgment, *if* meaningful penalties were enforced for any unsuccessful motions, such as loss of questioning time at trial or enhanced attorneys' fees; (3) with regard to Plaintiffs' *Monell* claims, penalizing the City for any unsuccessful summary judgment motion by barring them from then moving to bifurcate such claims (*i.e.*, they have to either move for summary judgment now, or move to bifurcate before trial; not both); and/or (4) convening oral argument based on the parties' 10-page submissions for the Court to determine the claims and defenses on which it will permit summary judgment. The Defendants proposed bifurcating Plaintiffs' *Monell* claims, or in the alternative placing page limits on the briefing. [*Reyes* Dkt. 703, *Solache* Dkt. 535].

10. The Court is still weighing the parties' competing proposals. Meanwhile, after six years of litigation and more than 26 years since Plaintiffs' wrongful arrests and prosecution, Plaintiffs respectfully request that the Court set a trial date. At least some claims will necessarily require a trial, as Defendants concede. *E.g.*, *Reyes* Dkt. 689-2 (individual defendants' motion styled as motion for *partial* summary judgment). The parties can efficiently complete briefing on summary judgment, using whatever procedure the Court chooses to direct, in the time leading up to that trial date.

WHEREFORE, Plaintiffs respectfully request that this Court set a trial date in these matters.

Dated: September 26, 2024　　　　　　　　　Respectfully submitted,

/s/ Sean Starr　　　　　　　　　　　　　　/s/ Jan Susler
Jon Loevy　　　　　　　　　　　　　　　　Jan Susler
Anand Swaminathan　　　　　　　　　　　Ben H. Elson
Steven Art　　　　　　　　　　　　　　　People's Law Office
Rachel Brady　　　　　　　　　　　　　　1180 N. Milwaukee, 3rd floor
Sean Starr　　　　　　　　　　　　　　　Chicago, IL 60642
Loevy & Loevy　　　　　　　　　　　　　*Attorneys for Gabriel Solache*
311 N. Aberdeen, 3rd floor
Chicago, IL 60607
*Attorneys for Arturo Reyes*