# EXHIBIT 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ARTURO DELEON-REYES | |
| Plaintiff, | Case No. 18-CV-01028 |
| v. | Honorable Steven C. Seeger<br>Mag. Judge Sunil Harjani |
| REYNALDO GUEVARA, et al. | |
| Defendants. | |

---

| | |
|---|---|
| GABRIEL SOLACHE, | |
| Plaintiff, | Case No. 18-CV-02312 |
| v. | Honorable Steven C. Seeger<br>Mag. Judge Sunil Harjani |
| REYNALDO GUEVARA, et al. | |
| Defendants. | |

## DEFENDANTS' RULE 26(a)(2) DISCLOSURES

Defendants, JoAnn Halvorsen as Special Representative for Ernest Halvorsen, deceased, Edwin Dickinson, Robert Rutherford, Dennis Stankus, John Naujokas, Theresa Karalow as Special Representative for John Karalow, deceased, Mark Harvey, Daniel Trevino, Edward Mingey, Robert Biebel, and Kevin Rogers as Special Representative for Francis J. Cappitelli, deceased, Reynaldo Guevara, and the City of Chicago, by their respective attorneys, submit the below Fed. R. Civ. P. 26(a)(2) disclosures.

### Rule 26(a)(2)(B) Witnesses

Each of the following may be called as a retained expert to present evidence at trial under Federal Rules of Evidence 702, 703, or 705, consistent with each individual's respective signed report attached to this disclosure.

1. Dr. Michael Welner: Dr. Welner's CV, list of publications, rate of compensation, and past

testimony are included in his disclosure.

2.      Dr. Nelson Andreu: Dr. Andreu's CV, list of publications, rate of compensation, and past testimony are included in his disclosure.

3.      Dr. Lior Gideon: Dr. Gideon's CV, list of publications, rate of compensation, and past testimony are included in his disclosure. His fees are $300 per hour for reviewing records and documents, and $3,000 per day or part of a day for deposition or courtroom testimony.

4.      Bernard J. Murray, Esq.: Mr. Murray's CV, list of publications, rate of compensation, and past testimony are included in his disclosure. His fees are $200 per hour for reviewing records and documents and $300 per hour for deposition or courtroom testimony. Due to his new position, he cannot invoice the City for his work.

5.      Dr. Evan Greenbaum: Dr. Greenbaum's CV and list of publications are included in his disclosure. Dr. Greenbaum has no previous testimony to disclose. His fees are $600 per hour (with a two-hour minimum) for reviewing records and documents, $700 per hour (with a four-hour minimum) for testifying at a deposition, $1200 per hour (with a four-hour minimum) for testifying in court, and $600 per hour for all other related activities.

## Rule 26(a)(2)(C) Witnesses

1.      Eric Sussman (to be contacted through his counsel, John C. Coyne):

Mr. Sussman is an attorney and former First Assistant State's Attorney of the Cook County State's Attorney's Office ("CCSAO"), from December 2016 to May of 2018, who may be called to present evidence at trial under Federal Rules of Evidence 702, 703, or 705 consistent with his November 23, 2021 deposition in this case. Specifically:

- During the pendency of those proceedings, the prosecution team, of which Mr. Sussman was a part, decided not to appeal Judge Obbish's order granting a new suppression hearing. The opinion was reached that the judge's opinion was fact-based and that the judge applied the law appropriately, and so it was unlikely that the prosecution would prevail on that motion.
- Mr. Sussman and the prosecution team also reached the opinion that the CCSAO had sufficient evidence to defend against Arturo DeLeon-Reyes' and Gabriel Solache's renewed motion to suppress. The evidence reviewed led the prosecutors to conclude that it was sufficient to show the criminal defendants were guilty of the crime and that the confessions were not coerced. It was the opinion of the prosecution team that they should do everything they could to preserve the convictions.

- Based on their experience and desire to prosecute the case, the prosecution team reached the opinion that Reynaldo Guevara should be given a grant of immunity for his testimony in the case, and they took steps to obtain a grant of immunity that he would not be prosecuted in Cook County based on his testimony. They also took steps to obtain a similar letter of immunity from federal authorities. They reached the opinion that they were comfortable giving him immunity based, in part, on the fact that the evidence did not establish that Guevara coerced any confession in the case.
- Mr. Sussman and the prosecution team reached the conclusion that they would not rely on Adriana Mejia's statement as evidence against Reyes and Solache. That opinion was made based on the understanding that her testimony would not be sufficient to secure a conviction. They did not reach out to Adriana to offer her a cooperation agreement.
- The prosecution reached the conclusion that the evidence did not establish that Adriana could have committed the murder kidnapping on her own, and Judge Obbish reached the same conclusion.
- The standard the prosecution team used when evaluating the case was whether the CCSAO could sustain its burden of proof. That is what was ethically required for a prosecutor to go forward with a criminal case.
- After Judge Obbish granted the motion to suppress, the prosecution team reached the conclusion that they could not meet their burden of proof without the confessions as evidence. The final decision was made by the Cook County State's Attorney.
- Based on his review of the evidence and participation with the prosecution team during the post-conviction proceedings, Mr. Sussman reached the conclusion that, in his professional experience, there was no prosecutor who worked on the case that did not believe Reyes and Solache were guilty of the murders and kidnappings. Mr. Sussman made that statement in open court despite the fact that Reyes and Solache alleged their confessions were coerced and despite the fact that Adriana claimed Guevara used force against her.

2.    The Honorable Arthur F. Hill (to be contacted through his counsel, Sean O'Callaghan):

Mr. Hill is an attorney and former Chief Deputy State's Attorney of the CCSAO, and one of the trial attorneys for the underlying criminal prosecution, who may be called to present evidence at trial under Federal Rules of Evidence 702, 703, or 705 consistent with his April 15, 2021 deposition in this case, his prior statements during Plaintiffs' underlying criminal proceedings, relevant case files, and other documents disclosed in this case. More specifically, he may be called to testify:

- Prosecutors have an ethical responsibility to seek justice, not merely a conviction, and prosecutors in this case did that.
- There was sufficient evidence in the underlying criminal proceedings to prosecute Solache, Reyes, and Meija.
- The State of Illinois had a strong case again Solache, Reyes, and Meija, and that case and the prosecution of it was based upon reliable evidence.
- During his tenure at the CCSAO, then-assistant state's attorney ("ASA") Mercedes Luque-Rosales, Esq. was an experienced, ethical prosecutor for the CCSAO.
- In this case, the Grand Jury voted for a True Bill, which meant that it found probable cause to believe crimes had been committed and that Solache, Reyes, and Meija should be made to answer for those crimes.
- The employment work hours of Solache and Reyes did not inhibit the State's ability to argue that the two of them had committed the crimes.
- There was sufficient evidence in the case to oppose Solache's and Reyes' allegations

of coercion, including but not limited to: photographs; testimony of intake/booking personnel; and testimony of ASAs present at the police station on April 5, 1998.

- There are a variety of ways to prosecute a case against a criminal defendant, even in instances where a motion to suppress had been granted. This includes, but is not limited to, a review of physical evidence or direct and/or cross-examination of a witness.
- Solache and Reyes were not and have not been exonerated of the crimes for which they were convicted in June 2000.
- The alternatively proposed theory of a murder-suicide of Jacinta and Mariano Soto is not a plausible theory.
- The assertion that Adriana may have known Jacinta Soto is not necessarily exculpatory evidence in this case.
- Following a deliberate and thoughtful analysis, the State of Illinois concluded that there was a sufficient evidentiary basis to seek the death penalty against Solache and Reyes.

3.      The Honorable David R. Navarro (to be contacted through his counsel, Daniel Burns):

Mr. Navarro is an attorney and former employee of the CCSAO, who may be called to present evidence at trial under Federal Rules of Evidence 702, 703, or 705 consistent with his July 23, 2021 deposition in this case, his prior testimony during Plaintiffs' underlying criminal proceedings, relevant case files, and other documents disclosed in this case. More specifically, he may be called to testify:

- During his work on this case for the CCSAO, then-ASA Thomas O'Malley discharged his duties as an ASA professionally and competently. In his time working as an ASA on cases where Guevara and Ernest Halvorsen were involved, they did not provide him cause for concern and, here, the investigation in which they were involved revealed sufficient evidence for him to approve charges against Adriana.
- When he would approve charges against a criminal defendant during his tenure with the CCSAO, it meant that he opined there was probable cause to believe that individual committed the offenses and should be held over to trial.
- During his interview with Rosauro Mejia, Rosauro appeared to him to be a simple man lacking the capacity to mastermind a kidnaping/murder plan. Moreover, he believed Rosauro to be truthful with regard to the narrative that his wife had been pregnant and had brought home their newborn daughter from the hospital.
- During his interview with Adriana, she appeared calm, alert, and without any mental or intellectual disability. Moreover, she did not appear tired, injured, or under the duress of mistreatment by any individual. Finally, Adriana understood the Miranda warnings that were issued to her by him.
- During his tenure at the CCSAO, it was not unusual for individuals in custody to offer untruthful statements and later offer truthful information.
- In the underlying criminal proceedings here, inconsistencies between the statements of the three criminal defendants were not sufficient to overcome the fact that they had implicated themselves and implicated each other in the murders and kidnappings of the Soto family.
- Considering the 13-page length of the written statement of Adriana, the process of taking and recording the statement did not take particularly long in his view.
- When Adriana implicated herself, Solache, and DeLeon in the crimes, he believed her to be truthful at that time; subsequent allegations by her of misconduct does not alter his view of her truthfulness at that time. In his experience, a possible reason she may have brought tardy allegations of misconduct is a motivation and/or desire to explore

4

an avenue by which she may be released from a life sentence in prison.

- Based upon the observations he made and evidence he viewed, he believes the allegations of misconduct made by Adriana Mejia are false allegations.
- He believes Solache and Reyes played a role in the commission of the murders of Jacinta and Mariano Soto.

4. Andrew Varga (to be contacted through his counsel, ASA Edward Brener):

Mr. Varga is a former ASA of the CCSAO who may be called to present evidence at trial under Federal Rules of Evidence 702, 703, or 705 consistent with his June 15, 2021 deposition in this case and relevant documents disclosed in this case. More specifically, he may be called to testify that during this during his interview with Rosauro, he believed Rosauro to be truthful.

5. Thomas O'Malley (to be contacted through his counsel, ASA Edward Brener)

Mr. O'Malley is a former ASA of the CCSAO who may be called to present evidence at trial under Federal Rules of Evidence 702, 703, or 705 consistent with his August 14, 2019 deposition in this case, previous testimony during the underlying criminal matter, and relevant documents disclosed in this case. More specifically, he may be called to testify:

- During his interview of Reyes, Reyes did not appear nervous or afraid. Moreover, he did not appear injured or under the duress of mistreatment. Finally, based on his interview with Reyes and his knowledge of the underlying criminal matter, he believes Reyes and Solache are guilty of the underlying 1998 crimes.

6. Philip Cline (to be contacted through this counsel, Eileen Rosen):

Mr. Cline was the Commander of the Area 5 Detective Unit of the Chicago Police Department ("CPD") at the time of the underlying criminal investigation who may be called to present evidence at trial under Federal Rules of Evidence 702, 703, or 705 consistent with his May 13, 2021 deposition in this case and relevant documents disclosed in this case. More specifically, he may be called to testify:

- The Soto murders-kidnappings investigation was handled well because detectives used a number of different resources, such as the FBI and the media.
- He believes recovering the two missing children was the most important thing, and because CPD got pictures of the two missing children out to the public right away, they were able to locate the children quickly.

7. Kevin Sheehan (to be contacted through his counsel, Sean O'Callaghan):

Mr. Sheehan is a former ASA of the CCCSAO and Chief of the Felony Review Section during the underlying criminal investigation who may be called to present evidence at trial under Federal Rules of Evidence 702, 703, or 705 consistent with his December 6, 2019 deposition in this case, relevant case files, and other documents disclosed in this case. More specifically, he may be called to testify:

- At the time of this incident, it was perfectly reasonable for an attorney to write a suspect's or witness' handwritten statement outside the presence of the individual and

then return to have that suspect or witness sign it.

- It was not unusual in 1998 for an ASA to decide to get a court-reported statement in a murder investigation instead of taking a handwritten statement, but it was not required and did not happen often in his own practice.

Dated: October 31, 2022        Respectfully Submitted,

/s/Caroline P. Golden             /s/Thomas M. Leinenweber
CAROLINE P. GOLDEN, Atty No. 6211227    THOMAS M. LEINENWEBER, Atty No. 6209086
Special Assistant Corporation Counsel      Special Assistant Corporation Counsel

James G. Sotos                   Thomas M. Leinenweber
Josh M. Engquist                James V. Daffada
Caroline P. Golden              Megan K. McGrath
Samantha J. Pallini             Kevin E. Zibolski
THE SOTOS LAW FIRM, P.C.       Leinenweber, Baroni & Daffada
141 W. Jackson, Suite 1240A         120 N. LaSalle, Suite 2000
Chicago, Illinois 60604           Chicago, Illinois 60602
630-735-3300                   312-663-3003
cgolden@jsotoslaw.com         thomas@ilesq.com
*Attorneys for Individual Defendants*     *Attorneys for Defendant Guevara*

/s/ Eileen E. Rosen
EILEEN E. ROSEN, Atty No. 6217428
Special Assistant Corporation Counsel

Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Rock Fusco & Connelly, LLC
333 W. Wacker, 19th Floor
Chicago, IL 60606
(312) 494-1000
erosen@rfclaw.com
*Attorneys for City of Chicago*

## CERTIFICATE OF SERVICE

I certify under penalty of perjury, pursuant to 28 U.S.C.A. ' 1746, that a true and correct copy of the foregoing **City Defendants' Rule 26(a)(2) Disclosures** were served upon the attorneys listed below via Electronic Mail on October 31, 2022.

***Attorneys for Arturo Reyes:***
Jon Loevy
Steven Art
Anand Swaminathan
Sean Starr
Rachel Brady
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
jon@loevy.com
steve@loevy.com
anand@loevy.com
brady@loevy.com

***Attorneys for Gabriel Solache:***
Jan Susler
Ben H. Elson
John L. Stainthorp
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
(773) 235-0070
jsusler@peopleslawoffice.com
ben.elson79@gmail.com
stainthorp@gmail.com

***Attorneys for City of Chicago:***
Eileen E. Rosen
Stacy A. Benjamin
Catherine M. Barber
Theresa B. Carney
Austin Rahe
Rock Rusco & Connelly, LLC
312 N. Clark, Suite 2200
Chicago, IL 60654
(312) 494-1000
erosen@rfclaw.com
sbenjamin@rfclaw.com
cbarber@rfclaw.com
tcarney@rfclaw.com
arahe@rfclaw.com

***Attorneys for Defendant Guevara:***
James V. Daffada
Thomas M. Leinenweber
Kevin E. Zibolski
Justin L. Leinenweber
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
(312) 663-3003
jim@ilesq.com
thomas@ilesq.com
kevin@ilesq.com
justin@ilesq.com

***Attorneys for Defendant Navarro***
Daniel M. Noland
Terrence M. Burns
Paul A. Michalik
Reiter Burns LLP
311 S. Wacker, Suite 5200
Chicago, Illinois 60606
312-982-0900
dnoland@reiterburns.com
tburns@reiterburns.com
pmichalik@reiterburns.com

/s/ Caroline P. Golden
CAROLINE P. GOLDEN, Atty No. 6211227
*One of the Attorneys for Individual Defendants*

7