# Exhibit D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATHSON E. FIELDS,      ) | |
|     Plaintiff,      ) | |
|               ) | No. 10 CV 1168 |
| v.      ) | |
|               ) | Hon. Matthew F. Kennelly |
| CITY OF CHICAGO, et al.,      ) | |
|     Defendants.      ) | |

## NOTICE OF 30(b)(6) DEPOSITION OF DEFENDANT

**PLEASE TAKE NOTICE** that on April 11, 2012 at 9:30a.m., at the Law Office of H. Candace Gorman, 220 S. Halsted St., Suite 200, Chicago, Illinois, Plaintiff will take the deposition upon oral examination of the defendant City of Chicago.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant shall designate to testify one or more persons who consent to testify on its behalf on the following matters:

1. Defendant's policies, procedures, and practices as they existed in 1984 and 1985 with respect to the types of files and reports customarily made by officers, detectives, and other Chicago Police Department (CPD) personnel in the course of a homicide investigation.

2. Defendant's policies, procedures, and practices as they existed in 1984 and 1985 with respect to the creation of investigative case files and/or "street files," a.k.a. running files, by officers, detectives, and other

Chicago Police Department (CPD) personnel.

3. Defendant's policies, procedures, and practices as they existed in 1984 and 1985 with respect to the use of investigative case files and/or "street files," a.k.a. running files, by officers, detectives, and other Chicago Police Department (CPD) personnel.

4. Defendant's policies, procedures, and practices as they existed in 1984 and 1985 with respect to the submission of investigative case files to CPD supervisors.

5. Defendant's policies, procedures, and practices as they existed in 1984 and 1985 with respect to the retention of investigative case files.

6. Defendant's policies, procedures, and practices as they existed in 1984 and 1985 with respect to access to investigative case files once stored or inventoried in a case file.

7. Defendant's policies, procedures, and practices as they existed in 2009 with respect to the retention of investigative case files.

8. Defendant's policies, procedures, and practices as they existed in 2009 with respect to inventorying of investigative case files.

9. Defendant's policies, procedures, and practices as they existed in 2009 with respect to search and/or requests for investigative case files.

10. Defendant's policies, procedures, and practices as they existed in 2009 with respect to access to investigative case files once stored or inventoried in a case file.

11. Defendant's policies, procedures, and practices as they existed in 1984 and 1985 with respect to the creation of memos and official reports (e.g. case reports, arrest reports, general progress reports, supplementary reports, line-up reports, line-up photos, handwritten notes, clearing reports) by officers, detectives, and other Chicago Police Department (CPD) personnel.

12. Defendant's policies, procedures, and practices as they existed in 1984 and 1985 with respect to the submission of memos and official reports (e.g. case reports, arrest reports, general progress reports, supplementary reports, line-up reports, line-up photos, handwritten notes, clearing reports) to CPD supervisors.

13. Defendant's policies, procedures, and practices as they existed in 1984 and 1985 with respect to the use of memos and official reports (e.g. case reports, arrest reports, general progress reports, supplementary reports, line-up reports, line-up photos, handwritten notes, clearing reports) by officers, detectives, and other Chicago Police Department (CPD) personnel.

14. Defendant's policies, procedures, and practices as they existed in 1984 and 1985 with respect to the retention of memos and official reports (e.g. case reports, arrest reports, general progress reports, supplementary reports, line-up reports, line-up photos, handwritten notes, clearing reports) by officers, detectives, and other Chicago Police

Department (CPD) personnel.

15. Defendant's policies, procedures, and practices as they existed in 2009 with respect to the retention of memos and official reports (e.g. case reports, arrest reports, general progress reports, supplementary reports, line-up reports, line-up photos, handwritten notes, clearing reports) by officers, detectives, and other Chicago Police Department (CPD) personnel.

16. Defendant's policies, procedures, and practices as they existed in 2009 with respect to the inventorying of memos and official reports (e.g. case reports, arrest reports, general progress reports, supplementary reports, line-up reports, line-up photos, handwritten notes, clearing reports) by officers, detectives, and other Chicago Police Department (CPD) personnel.

17. Defendant's policies, procedures, and practices as they existed in 2009 with respect to the search and/or requests for memos and official reports (e.g. case reports, arrest reports, general progress reports, supplementary reports, line-up reports, line-up photos, handwritten notes, clearing reports) by officers, detectives, and other Chicago Police Department (CPD) personnel.

18. Defendant's policies, procedures, and practices as they existed in 2009 with respect to access to memos and official reports (e.g. case reports, arrest reports, general progress reports, supplementary reports, line-

4

up reports, line-up photos, handwritten notes, clearing reports) once stored or inventoried in a case file by officers, detectives, and other Chicago Police Department (CPD) personnel.

19. Defendant's policies, procedures, and practices as they existed in 1984 and 1985 with respect to lineup procedures.

20. Defendant's policies, procedures, and practices as they existed in 1984 and 1985 with respect to follow-up investigation of witnesses, suspects, and/or leads.

21. Defendant's policies, procedures, and practices as they existed in 1984 and 1985 with respect to training received by officers and detectives on the creation and handling of investigative case files and other reports (e.g. case reports, arrest reports, general progress reports, supplementary reports, line-up reports, line-up photos, handwritten notes, clearing reports).

22. Defendant's policies, procedures, and practices as they existed in 1984 and 1985 with respect to training received by officers and detectives on the submission and retention of investigative case files and other reports (e.g. case reports, arrest reports, general progress reports, supplementary reports, line-up reports, line-up photos, handwritten notes, clearing reports).

23. Defendant's policies, procedures, and practices as they existed in 1984 and 1985 with respect to training received by officers and detectives

with regard to conducting a lineup.

24. The applicability and use of the Chicago Police Department Field Reporting Manual – General Reporting Instructions as it relates to homicide investigations and reporting during 1984 and 1985.

25. The applicability and use of Chapter 18, on Investigative Files, of the Detective Division's Standard Operating Procedures as it relates to homicide investigations and reporting during 1984 and 1985.

Pursuant to FRCP 30(b)(2) and (b)(5) and FRCP 34, each person designated is requested to bring with him/her a copy of all documents used by the individual(s) to prepare for the deposition, his/her current (or last available) job description, resume, and business card (if any).


Dated: March 28, 2012

                                              Respectfully Submitted,

                                              /s/H. Candace Gorman
                                              One of the Attorneys for Fields

| For Fields: | |
|---|---|
| Leonard Goodman | H. Candace Gorman |
| Melissa Matuzak | 220 S. Halsted |
| 53 W. Jackson Boulevard | Suite 200 |
| Suite 1650 | Chicago Illinois 60661 |
| Chicago, Illinois 60604 | 312-427-2313 |
| 312-986-1984 | |

# **CERTIFICATE OF SERVICE**

I, H. Candace Gorman, hereby certify that Plaintiff's Notice of 30(b)(6) Deposition of Defendant was served upon all counsel by U.S. Mail on March 28, 2012.

Dated: March 28, 2012

                                                                  Respectfully Submitted,

                                                                   /s/ H. Candace Gorman
                                                                   One of the Attorneys for Fields

| For Fields: | |
|---|---|
| Leonard Goodman | H. Candace Gorman |
| Melissa Matuzak | 220 S. Halsted |
| 53 W. Jackson Boulevard | Suite 200 |
| Suite 1650 | Chicago Illinois 60661 |
| Chicago, Illinois 60604 | 312-427-2313 |
| 312-986-1984 | |