# Exhibit G

<pre>
 1          IN THE UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF ILLINOIS
 2                   EASTERN DIVISION

 3
     ARTURO DE LEON-REYES,          )
 4                                  )
                     Plaintiff,     )
 5                                  )  No. 18 C 1028
             vs.                    )  Chicago, Illinois
 6                                  )  March 18, 2022
     REYNALDO GUEVARA, et al.,      )  11:00 a.m.
 7                                  )
     _____Defendants.____)
 8   GABRIEL SOLACHE,               )
                                    )
 9                   Plaintiff,     )
                                    )
10           vs.                    )  No. 18 C 2312
                                    )
11   CITY OF CHICAGO, et al.,       )
                                    )
12                   Defendants.    )

13
             TRANSCRIPT OF PROCEEDINGS - MOTION
14
                   (Via teleconference)
15
         BEFORE THE HONORABLE SUNIL R. HARJANI
16
     APPEARANCES:
17
     For the Plaintiff        LOEVY & LOEVY
18   DeLeon-Reyes:            311 North Aberdeen Street
                              3rd Floor
19                            Chicago, Illinois 60607
                              BY:  MR. SEAN STAR
20
     For the Plaintiff        PEOPLES LAW OFFICE
21   Solache:                1180 North Milwaukee Avenue
                              Suite 3000
22                            Chicago, Illinois 60642
                              BY:  MS. JANIS M. SUSLER
23
     Official Court Reporter:  JENNIFER COSTALES, CRR, RMR, CRC
24                            219 S. Dearborn St., Room 2342
                              Chicago, Illinois 60604
25                            (312) 435-5895
                              jenny.uscra@yahoo.com
</pre>

```
 1   APPEARANCES:  (Continued)

 2   For the Defendant          ROCK FUSCO & CONNELLY LLC
     City of Chicago:           321 North Clark Street
 3                              Suite 2200
                                Chicago, Illinois 60654
 4                              BY:  MS. EILEEN E. ROSEN

 5   For various individual     THE SOTOS LAW FIRM, P.C.
     officer Defendants:        141 West Jackson Boulevard
 6                              Suite 1240A
                                Chicago, Illinois 60604
 7                              BY:  MR. JOSH M. ENGQUIST

 8   For the Defendant Guevara: LEINENWEBER BARONI & DAFFADA LLC
                                120 North LaSalle Street
 9                              Suite 2000
                                Chicago, Illinois 60602
10                              BY:  MR. MICHAEL J. SCHALKA

11   For Defendants Brualdi,    HINSHAW & CULBERTSON LLP
     Varga, O'Malley and        151 North Franklin Street
12   Wehrle:                    Suite 2500
                                Chicago, Illinois 60606
13                              BY:  MR. MICHAEL C. STEPHENSON

14   For the Defendant Cook     COOK COUNTY STATE'S ATTORNEY'S
     County:                    OFFICE
15                              500 Richard J. Daley Center
                                Chicago, Illinois 60602
16                              BY:  MR. DAVID A. ADELMAN
                                     MR. EDWARD BRENER
17
     For the Defendant          REITER BURNS, LLP
18   Navarro:                   311 South Wacker Drive
                                Suite 5200
19                              Chicago, Illinois 60606
                                BY:  MR. TERRENCE M. BURNS
20

21

22

23

24

25
```

1    (Proceedings via teleconference)

2         THE CLERK:  18 C 1028, DeLeon-Reyes v Guevara and

3    18 C 2312, Solache v City of Chicago.

4         Will counsel please state their names on the record

11:02:33    5    beginning with plaintiff's counsel.

6         MR. STAR:  Good morning, Your Honor.  Sean Star on

7    behalf of plaintiff Arturo DeLeon-Reyes.

8         MS. SUSLER:  Good morning, Judge Harjani.  Jan Susler

9    on behalf of plaintiff Gabriel Solache.

11:02:47   10         MS. ROSEN:  Good morning, Your Honor.  Eileen Rosen

11    on behalf of defendant City of Chicago.

12         MR. ENGQUIST:  Good morning, Your Honor.  Josh

13    Engquist on behalf of the individual police officer

14    defendants, with the exception of Reynaldo Guevara.

11:02:58   15         MR. SCHALKA:  Good morning, Your Honor.  Michael

16    Schalka on behalf of defendant Reynaldo Guevara.

17         MR. STEPHENSON:  Good morning, Judge.  Michael

18    Stephenson on behalf of defendants Wehrle, O'Malley, Varga and

19    Brualdi.

11:03:12   20         MR. BRENER:  Good morning, Your Honor.  Edward Brener

21    and David Adelman for Cook County.

22         MR. BURNS:  Good morning, Your Honor.  Terrence Burns

23    on behalf of defendant Navarro.

24         THE COURT:  Okay.  Sounds like that's everybody.

11:03:25   25         I am going to have to ask everybody to go on mute so

1    that we don't have any background noise and the court reporter

2    can pick up my ruling, and that's so you have a clear

3    transcript if you would choose to order one.

4         All right.  We are here for ruling on both of the

11:03:44    5    motions.  The first is the motion to bar the late disclosure

6    at docket 562, and the second is to strike three of the

7    26(a)(2) witnesses as well as compel the supplemental rule

8    disclosures at docket 566.

9         I am going to start with the City's joint motion to

11:04:02    10    bar plaintiffs' late disclosures of new discovery and expert

11    opinions at docket 562.

12        I've had the opportunity to review the motion and all

13    the responses and briefing and supplemental briefing that you

14    provided me.  I appreciate the information.  And I've looked

11:04:17    15    at this matter very closely over the last several weeks.  And

16    I am going to give you my ruling orally, but the ruling

17    itself, if you will, is that the City's joint motion is

18    denied.  Here is the reasoning and rationale.

19        The issue here in this motion is really what is the

11:04:38    20    obligation of plaintiffs' counsel to produce documents earlier

21    that are solely being used by its expert to formulate

22    opinions, okay.

23        And I take counsel's word that these documents are

24    not going to be introduced as independent material during the

11:05:00    25    fact portion of its case and that it will be directly admitted

1    into evidence.

2         If that was the situation presented to me, my ruling

3    might be very different because if indeed these materials were

4    to be introduced independently, on their own as documents that

11:05:18    5    will be offered into evidence, I do think that we would be in

6    a situation where there would be a discovery violation.  But

7    that's not what is before me.

8         These documents were produced in combination,

9    slightly earlier, but in combination with Rule 26(a)(2)

11:05:37    10   reports, multiple reports by the plaintiffs' expert witnesses.

11        So generally, Rule 26(a)(2) requires production of

12   material that an expert considers, both facts and data.  And

13   that's often in combination of fact material produced in the

14   case along with various items the expert deems necessary that

11:06:02    15   are ordinarily used in their field, like statistics, medical

16   journals, government data, information in the public record.

17        And the whole point behind Rule 26(a)(2) contemplates

18   that these kinds of materials would be produced with the

19   report.

11:06:17    20        There is other material besides the types ordinarily

21   used in the field.  It's usually material that was produced

22   during fact discovery.

23        And this case is somewhat unique.  We have a blend of

24   multiple things.  We have information that is in the public

11:06:35    25   record from other trials and other public investigation

reports of alleged incidents of wrongful conviction and

torture.

And then there is also material that has been in the

plaintiffs' counsels' possession, almost like a database or

library, if you will, that it is obtained from other cases

that it's collected over the years from its work in alleged

wrongful conviction cases.

Now, the City argues and I understand that this

material should have been produced earlier.  We've had

multiple phases in this discovery.  We've had non-*Monell* fact

discovery.  We've had *Monell* fact discovery.  And now we're in

expert discovery, which obviously includes *Monell* expert

discovery, which is the bulk of what we're doing.  So if there

had to be and -- if they had to be produced earlier, there

must have been an obligation to do so.

There are two obligations that the defendant City,

all the defendants, if you will, the joint motion has

identified.  So you have MIDP and you have Rule 26(a)(1).  At

this point their provisions are essentially the same.  It

requires disclosure of materials used to support a claim or

defense.  MIDP required it both to be favorable and

unfavorable.  26(a)(1) doesn't have that requirement, but

they're essentially the same.

Obviously 26(a)(1) and MIDP wouldn't anticipate that

at the outset of the litigation documents such as these that

1   are solely to be used by the expert almost four years from

2   when the case started are to be produced right away at the

3   beginning of the litigation.  That is not a reasonable

4   position.

11:08:23   5       The real issue is the duty to supplement, which is

6   Rule 26(e), which is as the case goes along, was there an

7   obligation during the fact-based portions of our discovery

8   under Rule 26(e) that these documents be produced, timely

9   produced to the defendants.

11:08:45  10       And so I need to evaluate whether or not there is

11   really a duty under Rule 26(a)(1) to disclose these materials.

12       I'll note there is not a specific doc discovery

13   request at issue and none has been offered by the defendant.

14   Yes, there is some old doc requests for expert opinions and

11:09:07  15   materials relied upon that was served very early in the case.

16   The obvious answer was given that it will be produced later in

17   discovery.  And there was no motion practice on that

18   particular doc request that I know of, such as the motion to

19   compel.

11:09:21  20       There was a contention interrogatory served in

21   November of 2021 and responded to in December 2021.  But that

22   was answered, served and answered so close to when the docs

23   were produced that it's really not an issue in this case.

24       The real trigger, if you will, and there is not much

11:09:41  25   dispute about this is whether or not MIDP, 26(a)(1) and more

importantly the duty to supplement under 26(e) is the trigger
that required that these materials, the 71,000 documents at
issue be produced during the fact-based portion of our
discovery schedule.

The cases that you have provided me by the defendant
I've looked at carefully.  I've also seen the responses by the
plaintiff to those cases.  None of them are really on point.
Most of them involve a specific doc request at issue, not
regarding Rule 26(a)(1).  And the specific doc requests are
where the documents at issue were specifically requested.
That's not the position here.

There is a document production deadline like in the
*LiiOn* case, L-I-I-O-N.  That's not what is at issue here.

A case like *Deere & Co.*, many of the documents at
issue were produced after the close of all discovery,
including expert discovery.  That's not the case here.

Some of the documents like the MLC case in the Fed
Circuit involved damages documents which are explicitly
required by 26(a)(1), and so that's really not what we're
dealing with here.

The *Loggerhead* case, for example, are docs that were
produced with a rebuttal report for the first time.  So the
defendant -- the other party had already been walked in, as
the Court says, to a report without having the benefit of
seeing those documents to only be produced for the first time

1  on rebuttal, and that's a problem.  But that's not the case

2  here.

3      The closest case frankly that you had given me was

4  that *ArcelorMittal* case, A-R-E-C-L-O-R-M-I-T-T-A-L, where the

11:11:33  5  Court essentially recognized the issue that we are dealing

6  with here but actually did not decide the issue itself.  But

7  it also did not strike the documents in that case because

8  expert discovery was ongoing and continuing.

9      So let me be clear about the issue.  The issue isn't

11:11:52  10  whether documents used by an expert are never disclosable

11  pursuant to 26(a)(1).  That's not it.  Obviously if they're

12  documents that are used to support a claim or a defense by a

13  party that go directly to the issues in the case that are to

14  be introduced on their own, but the first time they are

11:12:16  15  introduced, produced during expert discovery, that's a

16  problem.  They should have been produced before.

17      Rather, we're dealing here with whether these are the

18  kinds of documents that are to be produced during the 26(a)(2)

19  process or during the 26(a)(1), because they are documents or

11:12:35  20  public records and the database of information that plaintiffs

21  have of past cases, because they are used here solely to

22  support an expert opinion regarding a policy, practice or

23  custom, and they do not concern Mr. Reyes or Mr. Solache

24  directly, and they do not and will not be independently

11:12:59  25  produced during the fact-based evidence portion of the trial

1    or used at summary judgment as fact-based information, unless

2    they're duplicative.  If they're duplicative and they were

3    produced earlier, that's a different story.  But I'm talking

4    about everything that's unique, that's new.

11:13:17    5    I think the answer is not particularly clear as to

6    whether Rule 26(a)(1) and 26(e) require these to be produced.

7    I, of course, recognize that they're not fact-based

8    documents.  I recognize that.  And as I mentioned before, it

9    would be clearly a discovery violation if the plaintiffs

11:13:40   10    intended these documents to be used independently to prove up.

11    But that's not why we're here.

12    They're also not statistics, data, medical journals,

13    things like that that are often used by experts.  They're

14    somewhere in between.  I think the public records issue is

11:13:59   15    easier.  They are more akin to what experts consider and

16    produce.  And to the extent that these documents are public

17    records, they were appropriately produced as part of the Rule

18    26(a)(2) process.

19    I think the docs in plaintiffs' counsels' possession

11:14:19   20    is a bit of a harder call because they are not medical

21    journals or statistics or data or government reports, but

22    they're also not documents that are directly going to be

23    introduced in the case but are solely going to be relied upon

24    by the expert.

11:14:35   25    I think ultimately even if these documents were

1    subject to Rule 26(a)(1) and Rule 26(e), they do not warrant

2    it being stricken, and these are the reasons for it.

3            At a minimum, the defendants have argued that the

4    Rule 26(e) likely occurred by September 2021, when the

11:15:02    5    plaintiffs requested an extension of the expert discovery

6    deadline.

7            And ultimately that's a few months, a few months

8    earlier than when the bulk of the documents were produced in

9    December 2021 and some in early January 2022, and then the

11:15:22    10   plaintiffs' expert report came by January 15th of this year.

11           Expert discovery is still ongoing.  We have through

12   July 14th, 2022.  And I think the operative rule here is

13   whether or not the nondisclosure was substantially justified

14   or harmless.  And that's in Rule 37(c).

11:15:45    15           First, and that will be the only way if the Court has

16   to find, if you will, would strike the documents, if it's

17   found that the failure was not substantially justified or not

18   harmless.

19           But in this case I do find that there is substantial

11:15:59    20   justification.  The substantial justification if there was a

21   discovery violation here on the documents is that it is not

22   clear from the rule that Rule 26(a)(1) and (e) required

23   production of these documents during the fact-based discovery

24   portion of the case.

11:16:17    25           Plaintiffs' counsel really believed that these

1    documents should be produced during expert discovery.  I've

2    discussed the case law already.  I think the law is not clear

3    whether or not these are the kind of documents that need to be

4    produced during fact discovery and not expert discovery.  As I

11:16:38    5    mentioned, the non*Monell* fact discovery was about the

6    individual circumstances of Mr. Reyes and Mr. Solache.

7    The *Monell* fact discovery was about specific

8    fact-based evidence that plaintiffs would seek to introduce to

9    prove the policy, practice or custom.

11:16:56    10    The expert discovery portion of the case, which is

11    what we're in now, relates to opinion-based testimony.

12    And Rule 26(a)(2) does provide for a time to produce

13    these materials.  It is not meant to be redundant of Rule

14    26(a)(1).  It is a separate provision.  There would now be no

11:17:19    15    need for a special rule if it were to be redundant of

16    26(a)(1).

17    26(a)(2) does seek to capture information that may

18    not necessarily fall within 26(a)(1) or that may not have been

19    specifically requested in the past.  That's why you have the

11:17:35    20    "in addition to" language in Rule 26(a)(2), in addition to

21    Rule 26(a)(1) requires production.

22    So as a result, there is substantial justification

23    for plaintiffs' understanding that these documents were due

24    around the time of the expert report.

11:17:56    25    I also find that the production that has been made is

also harmless.  The delay at best was several months during

the period of *Monell* fact discovery, and it was produced not

until December or January.

        I respect and understand that defendants believed

that it should have come earlier.  But, once again, I have not

been provided and don't believe that there is cases directly

on point requiring the duty to supplement should have been

triggered for these kind of materials earlier than when the

defendants have stated.

        In addition, we are still in discovery.  We are not

like the cases where discovery is closed or you are at a

rebuttal report or we are close to trial.  We are still in

discovery.

        The materials were produced in January.  The

defendants have had from January through April to use these

documents, analyze them and give them to their expert, to work

with their expert.

        The documents as I mentioned came at the outset of

expert discovery, not after it was closed, not after rebuttal

report.  Those were obviously more circumstances of prejudice.

That is not the case here.

        I also see a lot of claims about prejudice from the

defendant about the scope of the material.  But I've not been

given any specific detail about what exactly additional

discovery would be necessary for their expert to consider.

1    Certainly I'll talk a little more about follow-on

2  discovery if needed.  But in order to find prejudice, you

3  really need to provide specifics to a court and to exactly

4  what additional things that are missing or needed, and I have

11:19:47   5  not been given that.

6    Of course, there are a lot of alternatives to

7  responding to this expert report, and you put that in your

8  briefing from the defendants.  You can claim the plaintiffs

9  cherry-picked information, the expert cherry-picked

11:20:02   10  information.  You can claim that whatever was stated in the

11  report was not part of a pattern or practice or custom, but a

12  few bad apple cops.

13    There are other angles available.  If the angle you

14  want to take again is to directly refute the assertions of the

11:20:18   15  circumstances, I don't have detail about what exactly you

16  need, but I will permit reasonable follow-on discovery.

17    You can file a motion, I will consider it.  And I

18  will provide the City, the defendant, follow-on discovery for

19  what they feel they need to obtain.  You obviously can obtain

11:20:39   20  it from the plaintiffs.

21    I'm going to urge plaintiffs to give you what you

22  feel you need, whether it's context documents or other

23  materials or full files.  I'm going to encourage them to give

24  you what you need.  And if you feel like you need something,

11:20:53   25  you can come to me and compel it, and I will be very inclined

1  to let you have it.

2       If you, the City, want to do a document dump on

3  plaintiff of documents that your expert will be relying upon

4  that have not been disclosed before, you are free to do that.

11:21:11  5  I will allow you to do that as well.

6       If you feel that you need more time, defendant City,

7  I will recommend to the district judge to grant the extra time

8  that you need.

9       It's quite possible that we all misjudged the time

11:21:26  10  that it would take for expert discovery and that the

11  seven-month period that was outlined, if you will, is

12  insufficient given the scope of what the expert opinions are

13  like.

14       I'll also apply in my analysis that I've considered

11:21:44  15  the *Tribble* factors by the Seventh Circuit.  *Tribble* being

16  T-R-I-B-B-L-E.  And that's at 670 F3d 760.

17       And the Seventh Circuit has guided that if there is

18  indeed prejudice, and like I said, there are many ways to

19  resolve the suggested prejudice here, the *Tribble* factors also

11:22:04  20  require a court to consider whether or not the prejudice can

21  be cured, and it discussed multiple ways in which the

22  prejudice can be cured, where in expert discovery we can get

23  more time, you can take more discovery that you feel you need

24  to give to your expert so that he can appropriately respond to

11:22:24  25  the report.

1       The other factor is whether there is disruption to

2   any trial date.  That's not the case here as no trial date has

3   been set.

4       And then the final factor is whether or not there has

11:22:36   5   been any evidence of willfulness or bad faith.  And given the

6   interplay between Rule 26(a)(1) and (a)(2) and whether there

7   was really an obligation to disclose these materials earlier,

8   I do not find evidence of willfulness or bad faith on the part

9   of the plaintiffs.

11:22:53  10       So those are my decisions with respect to the Rule

11   37(c) analysis and using the *Tribble* factors for purposes of

12   evaluating harmlessness or substantial justification.

13       I think a lot of the other things that are in the

14   briefing relate to the scope of the experts' testimony,

11:23:18  15   whether things such as Miedzianowski's acts come in, whether

16   you have a time frame of opinions that go for 30 years versus

17   10 years.  Those are all things for the district judge to

18   consider on motions in limine and for *Daubert* hearings.

19       And whether even these underlying documents can be

11:23:40  20   introduced during the expert's testimony itself, that

21   obviously is a motion for the district judge.  As I've

22   mentioned before, there is a lot of case law about the use of

23   hearsay material that would otherwise be inadmissible but is

24   now trying to be admitted through an expert, and that is for

11:24:03  25   the district judge to consider, to the extent that plaintiffs

1   try to or choose to introduce underlying docs through an

2   expert as opposed to just the expert's opinion.  I do not know

3   what that trial strategy is going to look like.  No

4   information has been given to me.

11:24:21   5        The question before me is whether or not there is a

6   discovery violation pursuant to rule -- as per violations of

7   26(a)(1) and 26(e).  As I said, MIDP is essentially

8   overlapping with the language of those rules.

9        And whether or not there was a violation with the

11:24:41   10   production of these materials in December and January of 2021

11   and not earlier that warrants sanctions, the Court generally

12   finds that there has not been a discovery violation, at least

13   for the public material.  It's not clear with respect to the

14   other ones.  But even if there was a discovery violation, it

11:25:02   15   does not rise to the level where a Rule 37(c) striking of the

16   documents is appropriate.

17        For the future, ultimately, the better way for all of

18   this to have been handled was for there to be a specific doc

19   request on these kinds of documents earlier.  If it's not

11:25:23   20   produced, a motion to compel before me and allow the Court to

21   consider early production of materials that will be relied

22   upon by the expert.

23        I think our experience has shown that a court may be

24   very likely to grant that kind of motion.  Or the plaintiffs,

11:25:43   25   frankly, voluntarily producing these documents much earlier so

1  as not to up end and alter the discovery schedule.

2  Ultimately, I think it's a lesson learned for

3  everyone.  But the reality is we are still in expert

4  discovery, and there is still time to address these issues,

11:26:01   5  and all of that is really, all those other options are really

6  for the future.

7  It's for those reasons the City defendants' joint

8  motion to strike is denied.

9  Okay.  I am going to move on to my next ruling, which

11:26:17  10  is the motion to strike three of the plaintiffs' Rule

11  26(a)(2)(C) witnesses and to compel the disclosures.

12  And my ruling is that the motion is granted in part

13  and denied in part.  As I understand it, we are dealing with

14  non-retained experts who do not need to provide a written

11:26:40  15  report.  There were three that I was asked to strike.  Judge

16  Obbish, O-B-B-I-S-H, has been withdrawn, so I'm down to two.

17  The reality is that Mr. Vail and Mr. Urdangen are

18  being offered for their Rule 702, 703 and 705 opinions only.

19  To the extent they're going to be tried to be called

11:27:06  20  as fact-based witnesses, I agree they should have been

21  produced and disclosed much earlier during fact discovery, and

22  they should not be allowed to testify to fact-based

23  information.  But that's not why they're being disclosed.

24  They're being disclosed to produce potentially, provide

11:27:25  25  opinions under 702, 703, 705.  And with that case I did not

1 see any violation.  They were properly disclosed pursuant to

2 Rule 26(a)(2).

3          We are in expert discovery.  If the defendants want

4 to take Mr. Vail and Mr. Urdangen's deposition, they can do

5 so.  We are still doing discovery.  But there is nothing I see

6 that requires striking their disclosure.

7          As for overall disclosures, I find it insufficient.

8 I think simply referring to the deposition and a general

9 subject is not enough.

10          Plaintiff, you are required under Rule 26(a)(2) to

11 disclose the subject matter and a summary of facts and

12 opinions that you expect these witnesses to testify to.

13          I've looked at your disclosure.  Right now all you

14 have is a very general subject matter and a reference to

15 depositions and documents.  That is not sufficient under Rule

16 26(a)(2).  It is not defendants' job to sift through those

17 depositions and try to figure out what you think are opinions

18 under 702, 703 or 705 and try to figure out what might be in

19 your mind that you might seek to introduce as expert testimony

20 through these witnesses.

21          It is rather your job, plaintiff, as offering these

22 disclosures, to identify and summarize the opinions that you

23 will seek to offer.  That was not done in the disclosures.

24 Those disclosures are deficient, and I will ask you to redo

25 those disclosures pursuant to my ruling.  And I will ask you

1  to do it by April 1st, 2022.  If you need more time, you can

2  let me know, but I think two weeks is a reasonable time for

3  you to identify the opinions and identify and summarize those

4  opinions as Rule 26(a)(2) specifically requires so that the

11:29:33    5  defendants are on notice of what they are and can respond

6  appropriately during discovery or before trial.

7         Those are my -- and so that motion, again, as I

8  mentioned is granted in part and denied in part.

9         All right.  Those are my rulings on these motions.

11:29:50   10  I'm not going to ask for any comments or responses.  I think

11  all of you need to digest and think about the ruling and what

12  you are going to do next.

13         If you need a status hearing before me to discuss

14  issues, you can let my courtroom deputy know and I will set

11:30:05   15  one up to talk to you.  And the week of the 28th would be the

16  next time I would be available to have a status with you.  If

17  you want to file a motion about anything, you can do that.

18         If you feel you need more time, you can file your

19  motion before Judge Seeger.  And I will note that I support an

11:30:24   20  extension for the reasons that I've stated here.  And it's

21  obviously up to him to decide what he thinks, whether to give

22  an extension and what he thinks is reasonable.

23         But those are where we are at today.  And like I

24  said, I don't need any argument, ruling or responses.  So I

11:30:42   25  will let you go.  And everyone have a good weekend and take

11:30:47

1    care.  We are adjourned.

2              MR. STAR:  Thank you, Judge.

3              MS. ROSEN:  Thank you, Judge.

4              MS. SUSLER:  Thanks, Judge.

5              MR. STEPHENSON:  Thank you, Judge.

6         (Proceedings concluded)

7                   C E R T I F I C A T E

8         I, Jennifer S. Costales, do hereby certify that the

9    foregoing is a complete, true, and accurate transcript of the

10   proceedings had in the above-entitled case before the

11   Honorable SUNIL R. HARJANI, one of the magistrate judges of

12   said Court, at Chicago, Illinois, on March 18, 2022.

13

14                        */s/ Jennifer Costales, CRR, RMR, CRC*

15                        Official Court Reporter

16                        United States District Court

17                        Northern District of Illinois

18                        Eastern Division

19

20

21

22

23

24

25