IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | Case No. 18 C 1028 |
| Plaintiff, | ) | |
| | ) | Hon. Steven C. Seeger, |
| v. | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | |
| | ) | Case No. 18 C 2312 |
| Plaintiff, | ) | |
| | ) | Hon. Steven C. Seeger, |
| v. | ) | District Judge |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR LEAVE
TO FILE EXCESS PAGES**

Plaintiffs, through their respective attorneys, submit the following response to Defendants' Motion for Leave to File Excess Pages (*Reyes,* Dkt. 849, *Solache*, Dkt. 667). In support thereof, Plaintiffs state as follows:

1. This Court has entered an order stating that motions for leave to file excess pages for briefing motions *in limine* "might receive a skeptical reception," and that parties should not need more than 20 pages to complete that briefing. *Reyes* Dkt. 821, *Solache* Dkt. 621.

2. Plaintiffs took that admonition seriously and intend to file 20 pages of motions *in limine* later this week, along with Daubert motions pertaining to certain of Defendants' experts not to exceed 15 pages each. [1]

3. Defendants at the last minute on Friday informed Plaintiffs that they intended to file a motion for leave to file oversized briefs on motions *in limine* and experts (they did not say how long), and Plaintiffs object to that request.

4. Defendants do not ask for a few additional pages. Instead, they ask to more than double the size of motion *in limine* briefing.

5. There should not be that many issues in a case like this one that require a round of voluminous briefing in advance of trial, and Defendants have not specified what issues require such expansive briefing. While Defendants cite to the extensive witness and exhibits lists as a basis for their need for additional pages, they do not identify any substantive link between the two.

6. This Court has broad discretion over motions *in limine*. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). Motions *in limine* are generally disfavored and should be granted only if the evidence in question is clearly inadmissible for any purpose. *Hawthorne Partners v. AT&T Technologies*, 831 F. Supp. 1398, 1400-01 (N.D. Ill. 1993) (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)). A motion *in limine* should not be used to further adjudicate issues that were or should have been raised at summary judgment. *Sys. Dev.*

---

[1] Plaintiffs remind the Court that Defendants have already filed fully briefed Daubert motions at summary judgment. *Reyes* Dkts. 728, 729, 747; *Solache* Dkts. 559, 560, 578.

*Integration, LLC v. Computer Scis. Corp.*, No. 09-CV-4008, 2012 WL 2953063, at *6 (N.D. Ill. July 19, 2012). Nor should they resolve factual issues that a jury must decide. *Hill v. City of Chicago*, No. 06 C 6772, 2011 WL 3205304, at *4 (N.D. Ill. July 28, 2011). Nor should they concern issues better addressed via objections to or proposals about jury instructions. *Arriaga v. Logix Fed. Credit Union*, No. CV-18-9128, 2022 WL 3097454, at *1 (C.D. Cal. Apr. 22, 2022). Nor should they attempt to impose a framework for the Court's consideration of complex evidentiary issues outside of the context of trial, where the Court can consider questions of foundation, relevancy and prejudice with all of the appropriate context. *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1401 (N.D. Ill. 1993).

7. Defendants have consistently disregarded this guidance in pretrial briefing in Guevara cases in this district, and the result has consistently been that it does not simplify trial.

8. Wright & Miller explain that "[p]retrial orders or local rules may impose page or number limits on motions *in limine*, but otherwise the only limits are counsel's evidentiary imagination and the trial judge's frayed patience. (Practice point: Don't poke the bear.) Faced with a fusillade of motions *in limine*, a trial judge may opt instead to leave all or most of the rulings for trial." § 5037.10 The Motion *in Limine*, 21 Fed. Prac. & Proc. Evid. § 5037.10 (2d ed.).

9. This Court should avoid frayed patience, and the increased burden of considering additional pages of motions on a tight timeline, by ordering the parties to adhere to its prior guidance on the issue limiting motions *in limine* to 20 efficient

pages. Alternatively, if it deems Defendants' arguments as having merit, this Court should at most grant 25 pages, and if it does make it mutual for both sides.

**WHEREFORE**, Plaintiffs respectfully request that the Court deny Defendants' Motion for Leave to File Excess Pages. In the alternative, if the Court concludes that additional pages are warranted, Plaintiffs request that the Court limit any extension to no more than 25 pages and apply the same limit equally to both sides.

Respectfully submitted,

/s/ Steve Art
*Attorney for Plaintiff Reyes*

Jon Loevy
Anand Swaminathan
Steve Art
Sean Starr
**LOEVY & LOEVY**
311 N. Aberdeen
3rd Floor
Chicago, IL 60607
312-243-5900
steve@loevy.com

/s/ Ben Elson
*Attorney for Plaintiff Solache*

Jan Susler
Ben Elson
Nora Snyder
**PEOPLE'S LAW OFFICE**
1180 N. Milwaukee
Chicago, IL 60642
312-235-0070
ben@peopleslawoffice.com