**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | Case No. 18 C 1028 |
| *Plaintiff,* | ) | |
| | ) | Hon. Steven C. Seeger, |
| *v.* | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | |
| | ) | Case No. 18 C 2312 |
| *Plaintiff,* | ) | |
| | ) | Hon. Steven C. Seeger, |
| *v.* | ) | District Judge |
| | ) | |
| CITY OF CHICAGO, *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANTS' *DAUBERT* MOTION TO BAR
PLAINTIFFS' EXPERT WITNESS DR. KARL REICH**

Defendants JoAnn Halvorsen as Special Representative of defendant Ernest Halvorsen (deceased), Edwin Dickinson, Robert Rutherford, Daniel Trevino, Reynaldo Guevara, and the City of Chicago, ("Defendants") by and through their undersigned attorneys, move for an order barring opinions and testimony from Plaintiffs' DNA expert witness, Karl Reich, and in support thereof state:

**RELEVANT BACKGROUND**

Plaintiffs disclosed Dr. Karl Reich as a DNA expert witness under Rule 26(a)(2)(B), along with his 8-page report (excluding attachments), all of which concern his assessment of two rounds of DNA testing done by the Illinois State Police Crime Laboratory in 1998-2000 and

again in 2016-2017. *See* Reich Report attached hereto as Exhibit 1 at 4. The "simple conclusion" reached by Dr. Reich is that he agrees with the testing done by the accredited state crime laboratory and its reported findings that neither Plaintiff was identified on any item of tested evidence examined during either phase of the DNA testing. *See Id*. at 4. (stating "[G.Solache's] DNA is not present on any questioned item of evidence" and "[A.D. Reyes'] DNA is not present on any questioned item of evidence."). Reich concludes his report by stating, "[h]ere, despite considerable time, effort and expense, no physical link between the defendants and any item of evidence can be identified." *See* Reich Report, Ex. 1 at 8.

## LEGAL STANDARD

Fed. R. Evid. 702 permits a witness who is qualified as an expert by their "knowledge, skill, experience, training or education" to testify "if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case."  A proffered expert's opinion must "have a reliable basis in the knowledge and experience of his discipline." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993).

The Court utilizes the following three-part test when applying the *Daubert* framework to proposed Rule 702 evidence: (1) "whether the witness is qualified"; (2) "whether the expert's methodology is scientifically reliable"; and (3) "whether the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue." *Myers v. Illinois Cent. R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010) (internal quotation marks omitted). Here, Reich's anticipated

2

opinion testimony should be barred as it will not assist the jury to understand the evidence or determine a fact in issue.

**I.      Reich's opinion testimony is not relevant because it will not assist the jury in determining any facts at issue in this lawsuit or understand the evidence.**

Reich's testimony should be barred because it will not assist the jury to understand the evidence or determine a fact in issue. As the *Daubert* Court instructs, Rule 702 "requires that the evidence or testimony 'assist the trier of fact to understand the evidence or to determine a fact in issue.' This condition goes primarily to relevance." 509 U.S. at 591 (quoting Fed. R. Evid. 702). In other words, "*Daubert* instructs that expert testimony must be relevant and factually linked to the case in order to meet Rule 702's 'helpfulness' requirement." *United States v. Gallardo,* 497 F.3d 727, 733 (7th Cir.2007). "Expert testimony which does not relate to an issue in the case is not relevant, and ergo, not helpful." *See Daubert,* 509 U.S. at 591 (citation omitted).

As stated above, Reich's testimony concerns DNA testing done by the Illinois State Police crime laboratory in 1998-2000 and 2016-2017 and his agreement with the findings made by the crime lab that neither Plaintiffs DNA was identified on any item of tested evidence examined. Reich's opinion testimony – that he agrees with the findings of the crime laboratory DNA testing – is not relevant to the issues the jury will be asked to determine and would be of no assistance in furthering the jury's understanding of the DNA results.

As an initial matter, testimony regarding the DNA testing conducted by the state crime laboratory was offered at the underlying criminal trials through the testimony of Barbara J. Wilson, former forensic scientists at the Illinois State Police Division of Forensic Services, Forensic Science Center. At trial, Ms. Wilson provided testimony as an expert in the field of forensic DNA analysis. She testified that neither Plaintiffs' DNA was identified on the items of tested evidence examined. Indeed, Plaintiffs designated Ms. Wilson as a non-retained expert

witness under Rule 26(a)(2)(C) relating to her analysis of evidence submitted by the Chicago Police Department in its investigation of the deaths of Mariano and Jacinta Soto, including the receipt, preservation and analysis of evidence and blood samples.[1] Thus, Reich's opinions will not assist the jury in understanding the DNA results as Plaintiffs' disclosed Wilson as a non-retained expert witness whose opinions will be offered through the transcript of her testimony at the underlying criminal trials.

The only purpose Reich's opinion testimony could serve would be an improper attempt by Plaintiffs to demonstrate innocence. An "expert," however, cannot offer an opinion as to guilt or innocence. *Davis v. Duran*, 2011 WL 2277645, at *7 (N.D. Ill. 2011) ("An expert witness may not usurp the jury's function to weigh evidence and make credibility determinations...[E]xpert witnesses are not allowed to sort out possible conflicting testimony or to argue the implication of those consistencies. That is the role of the lawyer, and it [is] for the jury to draw its own conclusions from the testimony it hears."). Even if such tactic were proper, Plaintiffs cannot argue innocence based on the lack of DNA evidence. Indeed, Reich testified at his deposition that he cannot conclude that Plaintiffs are innocent based on the DNA data testifying: "There are two fallacies which are well recognized. There's the prosecution fallacy and the defense fallacy, in that somehow forensic DNA is involved in guilt or innocence. And it is not. Forensic DNA provides identity. That's all it provides…And the common misconception is that it somehow relates to guilt or innocence. It does not." *See* Reich Deposition Transcript, attached hereto as Exhibit 2 at 50:13-24.

---

[1] Plaintiffs intend to offer the opinions of Ms. Wilson, who is now deceased, through the transcript of her testimony at the underlying criminal trials.

As illustrated above, Plaintiffs cannot establish that Reich's opinions are probative of any issue in this case, nor would it aid the jury in understanding the evidence. As such, Reich should be barred from testifying as an expert.

## CONCLUSION

For the reasons set forth above, the Defendants respectfully request that the Court grant this motion, and for any further relief this Court deems just and proper.

Date: March 25, 2026

Respectfully submitted,

/s/ Josh M. Engquist
JOSH M. ENGQUIST, Attorney No. 6242849
Special Assistant Corporation Counsel
*One of the Attorneys for Defendants Halvorsen, Dickinson, Rutherford, Trevino, Mingey, Biebel, and Cappitelli*

James G. Sotos
Josh M. Engquist
Caroline P. Golden
Elizabeth R. Fleming
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., #1240A
Chicago, IL 60604
(630) 735-3300
jengquist@jsotoslaw.com

5

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that on **March 25, 2026** I electronically filed the foregoing **Defendants' *Daubert* Motion to Bar Plaintiffs' Expert Witness Dr. Karl Reich** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed on the below Service List:

***Attorneys for Arturo Reyes:***
Jon Loevy
Steven Art
Anand Swaminathan
Rachel Brady
Sean Starr
Wallace Hilke
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
jon@loevy.com
steve@loevy.com
anand@loevy.com
brady@loevy.com
sean@loevy.com
hilke@loevy.com

***Attorneys for City of Chicago:***
Eileen E. Rosen
Stacy A. Benjamin
Catherine M. Barber
Theresa B. Carney
Austin Rahe
Patrick R. Moran
Lauren Ferrise
Sabrina A. Scardamaglia
Rock Rusco & Connelly, LLC
312 N. Clark, Suite 2200
Chicago, IL 60654
(312) 494-1000
erosen@rfclaw.com
sbenjamin@rfclaw.com
cbarber@rfclaw.com
tcarney@rfclaw.com
arahe@rfclaw.com
pmoran@rfclaw.com
lferrise@rfclaw.com
sscardamaglia@rfclaw.com

***Attorneys for Gabriel Solache:***
Jan Susler
Ben H. Elson
Nora Snyder
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
(773) 235-0070
jsusler@peopleslawoffice.com
ben.elson79@gmail.com
norasnyder@peopleslawoffice.com

***Attorneys for Defendant Guevara:***
Steven Blair Borkan
Timothy P Scahill
Whitney N. Hutchinson
Graham P. Miller
Emily E. Schnidt
Christiane E. Murray
Molly E. Boekeloo
Amanda Guertler
Krystal Gonzalez
Borkan & Scahill, Ltd.
20 South Clark Street
Suite 1700
Chicago, IL 60603
(312) 580-1030
sborkan@borkanscahill.com
tscahill@borkanscahill.com
whutchinson@borkanscahill.com
gmiller@borkanscahill.com
eschnidt@borkanscahill.com
cmurray@borkanscahill.com
mboekeloo@borkanscahill.com
aguertler@borkanscahill.com
kgonzalez@borkanscahill.com

/s/ Josh M. Engquist
JOSH M. ENGQUIST, Atty. No. 6242849
Special Assistant Corporation Counsel
*One of the Attorneys for Defendants*
*Halvorsen, Dickinson, Rutherford, Trevino,*
*Mingey, Biebel, and Cappitelli*

6