*DeLeon-Reyes v. Guevara, et al.*
Case No. 18 CV 01028

*Solache v. Guevara, et al.*
Case No. 18 CV 02312

# EXHIBIT 7

| | |
|---|---|
| **From:** | Sean Starr |
| **To:** | Allison L. Romelfanger |
| **Cc:** | Clayton Mieszala; elena@borkanscahill.com; Christiane Murray; Thomas Gardiner; steve@loevy.com; valerie@loevy.com; Theresa B. Carney; Peggy Crane; Dan Stohr; locke@loevy.com; arthur@loevy.com; martinez@loevy.com; jon@loevy.com; Ixsel Zavala; Justin Hill; Trinity Bias; Alison Leff; jennifer blagg; Shelby Mieszala; John Wrona; Jennifer Box; Araceli Villasenor; Jim Sotos; Elizabeth R. Fleming; Josh M. Engquist; Kyle T. Christie; Mark F. Smolens; Katelyn Salek; jkivetz@sotoslaw.com; Olivia T. Raimondi; Eileen E. Rosen; Andrew Grill; Docket; Austin Rahe; Catherine M. Barber; Lauren Ferrise; Kara Hutson; mmcmanaman@rfclaw.com; sscardamaglia@rfclaw.com; whutchinson@borkanscahill.com; Tim Scahill; Emma Logan; Camila de la Vega; anand@loevy.com; lg@gkwwlaw.onmicrosoft.com |
| **Subject:** | Re: Gecht/Kwil/Hernandez v. Guevara - Gevirtz, Kaplun, Schacht subpoena responses |
| **Date:** | Tuesday, March 10, 2026 3:40:19 PM |
| **Attachments:** | image001.png<br>image003.png |

> **CAUTION: External Sender. Please do not click on links or open attachments from senders you do not trust.**

Counsel,

As explained previously, including in prior meet and confer sessins, and in experts' depositions, Plaintiff's experts' responses to subpoenas served by Defendants in the Gecht and Kwil cases are complete and they have no other materials that must be disclosed. Any materials in the experts' possession that were withheld in response to subpoena were properly withheld under Rule 26(b) and the work product doctrine, or because the requested documents are publicly available or too remote in time to be discoverable.

Plaintiffs' position in this case, like all other Guevara cases were are currently litigating, is the same position taken by plaintiffs in prior Guevara cases, and it is the same position advanced by Defendants' experts in past Guevara cses. Indeed, it is the same position recently asserted by the Defendants' experts in reponse to subpoenas and questions at depositions in pending cases.

We have asked repeatedly for Defendants to explain what they view as deficient about Plaintiffs' experts' responses, and how their position differs if at all from prior Guevara cases. We have not received a response.

In an attempt to resolve the dispute, we understand that you are asking about whether Plaintiffs' experts possess discoverable notes. Plaintiffs' experts Leo, Tiderington, Shane, and Gervitz have no notes. See Hood v. City of Chicago, No. 16 C 1893, 2021 WL 12101162, at *2 (N.D. Ill. Mar. 30, 2021). To be clear, they have draft reports that they wrote, which we do not consider to be notes. In addition, Dr. Leo has notes in the sense that he has case summaries provided by Plaintiffs' counsel, which are disclosed as part of his report, and a note of the categories of Monell materials he relied upon at a past deposition, which Eileen questioned him about and which we produced in that past case.

We are not available at 11 on Wednesday. But, please let us know if there is anything further to discuss. If there is, Plaintiffs insist that Defendants identify the issue with specificity in advance of any meet and confer.

Finally, Dr. Leo is available for his deposition on March 23.