**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | Case No. 18 C 1028 |
| *Plaintiff*, | ) | |
| | ) | Hon. Steven C. Seeger, |
| *v.* | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | |
| | ) | Case No. 18 C 2312 |
| *Plaintiff*, | ) | |
| | ) | Hon. Steven C. Seeger, |
| *v.* | ) | District Judge |
| | ) | |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**PROPOSED VOIR DIRE**

**The parties submit the following proposed voir dire questionnaire:**

1. General background questions:

   a. What town/city and county do you live in?
   b. What is the highest level of education that you have completed?
   c. Degree(s) and major areas of study?
   d. What is your occupation?
   e. Do you have a partner or spouse? If so, what is their occupation?
   f. Have you ever served on a jury? If so, did you ever serve as the foreperson and if so, how many times?
   g. Have you ever served in the military?

2. Where do you get your news? Please specify the name(s) of the program(s), newspaper(s), talk radio station(s), and/or news website(s), including online streaming platforms and podcasts.

3. Do you watch any news shows on TV? If yes, which channels and shows?

4. Do you belong to or work with any neighborhood watch groups or any groups that focus on crime prevention or enforcement of the law?

5. Do you belong to any social, political, or religious organizations, clubs, or groups? If so, please describe the organization and your participation in it.

6. Do you have any family, relatives or close friends who are attorneys, judges or court personnel? If yes, do you talk to them about their work?

7. Are you or any of your close friends or relatives employed by a law enforcement agency, such as a police department, a prison or jail, or a prosecutor's office? Please explain.

8. Do you have any negative or positive feelings about the Chicago Police Department in general?

9. Would you tend to believe the testimony of a police officer more than a civilian witness simply because he or she is a police officer?

10. Do you have any beliefs about police officers that could affect your ability to be fair to all parties in this case?

11. Have any of you, a family member or close friend ever been falsely accused of committing a crime? [how did that experience affect you; did you form any opinions as to law enforcement, attorneys or the judicial system; would it affect your ability to remain impartial in this case?]

12. What experiences—either good or bad—have you or members of your family had with law enforcement officers?

13. Have you or any of your family, relatives, or close friends ever been the victim of a crime?

14. Do you have any psychological or psychiatric training?

15. Have you or any members of your family ever been involved in a lawsuit, either as a party or a witness? If so, what was the nature and final result of the action? Did anything occur during the case that affected the way you view our legal system?

16. This is a civil case, not a criminal case. In a criminal case, the prosecution must prove the defendant's guilt "beyond a reasonable doubt." In a civil case, the burden of proof is lower and requires a "preponderance of the evidence," which means the party with the burden must prove that something is more likely true than not. Does anyone feel they might have difficulty applying the "preponderance of the evidence" standard, as opposed to the higher "beyond a reasonable doubt" standard used in criminal cases?

17. Plaintiffs in this case will be asking for substantial financial compensation for his injuries. If you conclude that the evidence and the law justified such an award, do you have any discomfort about the concept of awarding large amounts of money as compensation for injuries?

18. The law does permit a person to be awarded money damages when it is proven that his constitutional and civil rights were violated. Would you have a problem following the law and awarding fair compensation for such violations?

19. You will be asked to make an award of damages for physical pain and suffering, mental anguish, and emotional distress. How do you feel about financial compensation for these types of injuries?

20. Do you believe that people who file lawsuits are entitled to some compensation regardless of the evidence that is presented in the case?

21. Is there anything about this case that you've heard so far that would make you not want to sit as a juror in this case?

22. Have you ever heard of former Chicago Police Detective Reynaldo Guevara? If yes, please describe what you know about him.

23. Have you read, seen or heard anything in the news media (newspapers, television, internet or radio) or social media about this case or the incident or any of the parties in this case?

24. Are there any circumstances in your personal life which will prevent you from giving your full attention to this case or from serving for the entire estimated length of this trial

**PLAINTIFFS' PROPOSED VOIR DIRE**

Plaintiffs propose the following voir dire questions to be asked orally, with Defendants' objections noted:

1.　　Have you ever applied for a job with a law enforcement agency, at a prison or jail, or a security-related business?

Defendants' Objection: Unnecessary and unfairly focuses the jury on all law enforcement or even remotely adjacent careers that a person may have applied for anytime in their lives. It only acts to condition the jury as to unknown and unsupported alleged biases of any law enforcement may have in revieing the evidence of this case.

2.　　Do you or any close friends or relatives work for the City of Chicago? If so, please tell us that person's relationship to you and what they do.

Defendants' Objection: Unnecessary and unfairly focuses the jury on employment by the City of Chicago as an issue to be resolved in order to determine if they can be fair and impartial. Whether the prospective juror may know a prison who works for the City of Chicago in any capacity is not probative and only acts to condition the jury as to unknown and unsupported alleged biases of all employees of the City of Chicago would have in revieing the evidence of this case.

3.　　Do you think people are capable of making a false confession to the police for a crime they did not commit?

Defendants' Objection: Argumentative; conditioning the jury as to liability and damages irrespective of the evidence in the case.

4.　　Have you ever made a donation to any law enforcement organization?

Defendants' Objection: Unnecessary and unfairly focuses the jury on charitable donations as an issue to be resolved in order to determine if they can be fair and impartial. Whether the prospective juror may have given to a charitable donation at any time to a law enforcement organization is not probative and only acts to condition the jury as to unknown and unsupported alleged bias.

5.　　Do you believe that police have the right to arrest people before they have evidence to charge them with a crime?

Defendants' Objection: Argumentative; conditioning the jury as to liability and damages irrespective of the evidence in the case. Additionally, not an issue in this case for the jury to decide.

6.　　Have you ever seen, read, or heard any news stories, TV shows, or movies which discuss individuals who were wrongly accused of a crime? Please describe.

Defendants' Objection: Argumentative; conditioning the jury as to liability and damages irrespective of the evidence in the case.

7.      Do you think that a person who has been treated illegally or unfairly by a law enforcement officer has less of a right to bring a lawsuit than in other instances in which people commonly file suit?

Defendants' Objection: Argumentative; conditioning the jury as to liability and damages irrespective of the evidence in the case.

8.      Do you think the courts should permit people who feel that their constitutional rights and civil rights have been violated to sue for monetary compensation?

Defendants' Objection: Argumentative; conditioning the jury as to liability and damages irrespective of the evidence in the case.

9.      Do you think that damages awarded by juries these days are too high, too low, or about right?

Defendants' Objection: Argumentative; conditioning the jury as to liability and damages irrespective of the evidence in the case.

10.     Do you have strong views about immigration or immigrants? If so, please describe your strong views.

Defendants' Objection: Argumentative; conditioning the jury as to liability and damages irrespective of the evidence in the case.

11.     Is there anything about a person's status as an immigrant that would make you less likely to find in their favor or award them substantial damages?

Defendants' Objection: Argumentative; conditioning the jury as to liability and damages irrespective of the evidence in the case.

12.     Do you believe that immigrants in the United States should have the same rights as citizens to bring lawsuits against law enforcement officers who have harmed them?

Defendants' Objection: Argumentative; conditioning the jury as to liability and damages irrespective of the evidence in the case.

**DEFENDANTS' PROPOSED VOIR DIRE**

Defendants propose the following voir dire questions to be asked orally, with Plaintiffs' objections noted:

1.  If, after hearing all the evidence and the instructions of the judge, you found that the plaintiff failed to prove his case, would you have any hesitation in entering a verdict for the defendants and rejecting plaintiff's demand for money damages?

Plaintiffs' Objection: This question is overly suggestive and attempts to improperly condition the jury to favor one side.

2.  Have you or any of your family, relatives or close friends ever been: a) a witness in a police investigation; b) detained or questioned by a police officer; c) arrested or charged with violating a law; or d) convicted of a crime, jailed or imprisoned?

Plaintiffs' Objection: This question is overly broad in its scope, touching on irrelevant issues; is suggestive and potentially prejudicial; and infringes on juror privacy.

3.  Has publicity about alleged police misconduct in the past couple of years in any way affected your view of police officers in general? If so, how? As a result of such publicity, do you believe it would be difficult for you to be fair in a case where a police officer is accused by a person of misconduct?

Plaintiffs' Objection: This question is duplicative of multiple questions already on the agreed questionnaire.

4.  Have you or any of your family, relatives or close friends ever had a negative experience with a law enforcement officer or police department? If so, please describe. Do you believe that experience would cause you to favor or disfavor any party to this case?

Plaintiffs' Objection: This question is duplicative of multiple questions already on the agreed questionnaire.

5.  Are there any other facts or circumstances you believe the court or the parties to the case should know about your ability to serve as a fair and impartial juror in this case?

Plaintiffs' Objection: This question is overly broad and vague, and improperly asks the venire to speculate in the context of generalities about what counsel and the Court are referring to.

6.  Have you heard of the Fifth Amendment right not to testify or to remain silent in a court proceeding? Do you have any strong feelings about this?

Plaintiffs' Objection: The jury should not be asked in advance to provide opinions about legal concepts that it has not been instructed on by the Court. We generally do not ask jurors to opine generally about due process, or causation, or other legal concepts.

7.       Do you believe that a person invoking their Fifth Amendment right to remain silent necessarily means the person is guilty of something? Do you agree that a person may have a valid reason for invoking their Fifth Amendment Rights other than being guilty of doing something?

Plaintiffs' Objection: This question is overly suggestive and attempts to improperly condition the jury to favor one side. Further, this question misstates the law governing what a Fifth Amendment invocation means in civil proceedings. A party may not invoke the Fifth Amendment unless a truthful answer would subject them to criminal liability. *In re High Fructose Corn Syrup Antitrust Litigation*, 295 F.3d 651, 663 (7th Cir. 2002). This question improperly conditions the jury to an incorrect view of the Fifth Amendment.

8.       In this case, the person invoking the Fifth Amendment is a former police detective. Do you believe police officers should be held to a different standard when it comes to choosing to invoke their Fifth Amendment Rights not to testify in court? Please explain your thoughts on this.

Plaintiffs' Objection: This question is overly suggestive and misstates the law governing what a Fifth Amendment invocation means in civil proceedings. A party may not invoke the Fifth Amendment unless a truthful answer would subject them to criminal liability. *In re High Fructose Corn Syrup Antitrust Litigation*, 295 F.3d 651, 663 (7th Cir. 2002). This question improperly conditions the jury to an incorrect view of the Fifth Amendment. In addition, whether or not a witness is a police officer has nothing to do with an assertion of the Fifth Amendment. This question improperly conditions the jury to an incorrect view of the Fifth Amendment.

9.       There will be instructions in this case that will tell you that you *may* consider that a person's refusal to testify under the Fifth Amendment means that their testimony may be unfavorable to them, but you are *not required* to do so. Is there anyone here who feels that they will have difficulty following that instruction in this case? Please explain?

Plaintiffs' Objection: This question serves to indoctrinate the venire about the theories in this case and/or to emphasize their preferred application of the instruction, effectively pre-educating them about their defense. *See Aujla v. Harrington*, No. 13 C 1691, 2013 WL 6197162, at *5 (N.D. Ill. Nov. 27, 2013) ("[V]oir dire is not to be used as a means of indoctrinating the jury, or impaneling a jury with a particular predisposition.") (internal quotation marks omitted) (citation omitted); *Lopez v. Wills*, No. 3:18-CV-50255, 2021 WL 2645565, at *9 (N.D. Ill. June 28, 2021) ("The jury selection process may not be used as a means for pre-educating and indoctrinating prospective jurors as to a particular theory or defense.") (internal quotation marks omitted) (citation omitted); *Pike v. Premier Transportation & Warehousing, Inc.*, No. 13 CV 8835, 2016 WL 6395466, at *2 (N.D. Ill. Oct. 28, 2016) (barring questions to prospective jurors about their specific experiences related to the facts of the case because those questions can "open a wide range for possibilities for indoctrination or pre-education of jurors.").

10.       Is there anyone here who feels that they would not be the right juror for this case because of their views on the Fifth Amendment or the fact that one of the Defendants has chosen not to testify?

Plaintiffs' Objection: This question is vague, cumulative of prior questions, and serves to indoctrinate the venire about the theories in this case and/or to emphasize their preferred application of the instruction, effectively pre-educating them about their defense. *See Aujla v. Harrington*, No. 13 C 1691, 2013 WL 6197162, at *5 (N.D. Ill. Nov. 27, 2013) ("[*V*]*oir dire* is not to be used as a means of indoctrinating the jury, or impaneling a jury with a particular predisposition.") (internal quotation marks omitted) (citation omitted); *Lopez v. Wills*, No. 3:18-CV-50255, 2021 WL 2645565, at *9 (N.D. Ill. June 28, 2021) ("The jury selection process may not be used as a means for pre-educating and indoctrinating prospective jurors as to a particular theory or defense.") (internal quotation marks omitted) (citation omitted). The question also misstates the facts and misstates the law when it says Defendant has "chosen not to testify." A party may not invoke the Fifth Amendment unless a truthful answer would subject them to criminal liability. *In re High Fructose Corn Syrup Antitrust Litigation*, 295 F.3d 651, 663 (7th Cir. 2002).