**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | Case No. 18 C 1028 |
| *Plaintiff,* | ) | |
| | ) | Hon. Steven C. Seeger, |
| *v.* | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | |
| | ) | Case No. 18 C 2312 |
| *Plaintiff,* | ) | |
| | ) | Hon. Steven C. Seeger, |
| *v.* | ) | District Judge |
| | ) | |
| CITY OF CHICAGO, *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

**FUNCTIONS OF THE COURT AND THE JURY**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Plaintiffs' Proposed Instruction No. 1

Source: Seventh Circuit Pattern Civil Jury Instruction 1.01.
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**Defendants' Response: No Objection.**

**EVIDENCE**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

Plaintiffs' Proposed Instruction No. 2

Source: Seventh Circuit Pattern Jury Instruction No. 1.04.
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**Defendants' Response: No Objection.**

**DEPOSITION TESTIMONY**

During the trial, certain testimony was presented to you by the reading of depositions and by video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Plaintiffs' Proposed Instruction No. 3

Source: Seventh Circuit Pattern Jury Instruction No. 1.05.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**Defendants' Response: No Objection.**

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Plaintiffs' Proposed Instruction No. 4
Source: Seventh Circuit Pattern Jury Instruction No. 1.06.
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**Defendants' Response: No Objection.**

**NOTE-TAKING**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Plaintiffs' Proposed Instruction No. 5

Source: Seventh Circuit Pattern Jury Instruction No. 1.07.
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**Defendants' Response: No Objection.**

**CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Plaintiffs' Proposed Instruction No. 6

Source: Seventh Circuit Pattern Jury Instruction No. 1.08.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**Defendants' Response: No Objection.**

Case: 1:18-cv-01028 Document #: 870-2 Filed: 03/25/26 Page 8 of 65 PageID #:116480

**WEIGHING THE EVIDENCE**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Plaintiffs' Proposed Instruction No. 7

Source: Seventh Circuit Pattern Jury Instruction No. 1.11.
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**Defendants' Response: No Objection.**

**DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Plaintiffs' Proposed Instruction No. 8

Source: Seventh Circuit Pattern Jury Instruction No. 1.12.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**Defendants' Response: No Objection.**

**TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

➤ the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

➤ the witness's memory;

➤ any interest, bias, or prejudice the witness may have;

➤ the witness's intelligence;

➤ the manner of the witness while testifying;

➤ the witness's age;

➤

➤ the reasonableness of the witness's testimony in light of all the evidence in the case;

➤ and any inconsistent statements or conduct by the witness.

Plaintiffs' Proposed Instruction No. 9

Source: Seventh Circuit Pattern Jury Instruction No. 1.13 (modified).


_____ Given
_____ Rejected
_____ Withdrawn
\_\_\_X\_\_\_\_ Objected to

**Defendants' Response:** This instruction inappropriately modifies the Pattern Instruction and references matters which are covered by Sev. Cir. Patt. Jur. Instr. No. 1.14 (Prior Inconsistent Statements Or Acts), which Plaintiffs have inexplicably omitted from their proposed instructions.

**LAWYER INTERVIEWING WITNESS**

It is proper for a lawyer to meet with any witness in preparation for trial.

Plaintiffs' Proposed Instruction No. 10

Source: Seventh Circuit Pattern Jury Instruction No. 1.16.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**Defendants' Response: No Objection.**

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Plaintiffs' Proposed Instruction No. 11

Source: Seventh Circuit Pattern Jury Instruction No. 1.18.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**Defendants' Response: No Objection.**

**NUMBER OF WITNESSES**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Plaintiffs' Proposed Instruction No. 12

Source: Seventh Circuit Pattern Jury Instruction No. 1.17.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**Defendants' Response: No Objection.**

**EXPERT WITNESSES**

You have heard witnesses who gave opinions about certain subjects. You do not have to accept the testimony of such a witness. You should judge it in the same way you judge the testimony of any other witness. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Plaintiffs' Proposed Instruction No. 13

Source: Seventh Circuit Pattern Jury Instruction No. 1.21 (modified). *Fields v. City of Chicago*, No. 10 C 1168 (N.D. Ill.).

_____ Given
_____ Rejected
_____ Withdrawn
\_\_\_\_\_X\_\_ Objected to

**Defendants' Response:** This instruction materially modifies the pattern instruction. The pattern should be given.

**MISSING EVIDENCE**

The plaintiffs contend that one or more of the defendants at one time possessed Chicago Police Department investigative materials for the Soto homicide and kidnapping investigation, including reports and handwritten notes. However, the defendants contend that [evidence never existed, evidence was not in its possession, evidence was not destroyed, loss of evidence was accidental, etc.].

You may assume that such evidence would have been unfavorable to the defendants only if you find by a preponderance of the evidence that:

(1) a defendant intentionally caused the evidence to be destroyed or lost; and

(2) a defendant caused the evidence to be destroyed in bad faith.

You may find that a defendant intentionally caused the evidence to be destroyed if you conclude that the City of Chicago maintained a policy or practice of causing evidence to be destroyed or lost.

Plaintiffs' Proposed Jury Instruction No. 14
Source: Seventh Circuit Pattern Jury Instruction No. 1.20.

_____ Given
_____ Rejected
_____Withdrawn
___X____ Objected to

**Defendants' Response:** Objection. Plaintiffs have brought no spoliation claim nor established that any materials at issue ever existed nor even explained what the materials supposedly consist of. This alone is fatal to any such instruction being given. *See LaSalvia v. City of Evanston*, 2011 WL 5867967, at *5 (N.D.Ill. 2011). Moreover, this instruction directly contradicts summary judgment rulings on the claims asserted in this case regarding the alleged suppression of evidence and limitation of such claims at trial in this case.

**THE DEFENDANTS' ASSERTIONS OF THE FIFTH AMENDMENT**

In response to questions about his conduct, defendant Guevara has asserted his Fifth Amendment right not to incriminate himself and to instead remain silent.

You may draw an inference against defendant Guevara a result of his decision to invoke his Fifth Amendment right instead of testifying, and you may assume that any response that he might have given to the questions asked would have been unfavorable to him because it would have incriminated him.

Plaintiff's Proposed Jury Instruction No. 15

Source: *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *LaSalle Bank Lake View v. Seguban*, 54 F.3d 387 (7th Cir. 1995); *LiButti v. United States*, 178 F.3d 114, 120 (2d Cir. 1999).

_____ Given
_____ Rejected
_____ Withdrawn
\_\_\_\_X\_\_\_ Objected to

**Defendants' Response:** Objection. This instruction fails to include the permissive nature of the inference, impermissibly includes incrimination as a necessary inference from invocation which contradicts the Fifth Amendment itself, and fails to impose a requirement that independent evidence beyond the invocation itself. As set forth in Defendants' Instructions and in Defendants' Motions in Limine, this Court should give the instruction recently given by Judge Daniel in *Rios v. Guevara*, 22-CV-3973 in the event that evidence of Defendant Guevara's Fifth Amendment invocation is deemed admissible. *See Rios v. Guevara*, 22-CV-3973, Dckt. No. 332.

## THE PARTIES AND THE CLAIMS

The plaintiffs in this case are Arturo DeLeon-Reyes and Gabriel Solache. I will refer to them as the plaintiffs.

The defendants in this case are the City of Chicago, Reynaldo Guevara, Ernest Halvorsen, Daniel Trevino, Edwin Dickinson, and Robert Rutherford. I will refer to them as the defendants.

The plaintiffs claim that the defendants violated their civil rights and failed to intervene to protect their rights. The plaintiffs also claim that the defendants maliciously prosecuted them, intentionally inflicted emotional distress, and entered an agreement to violate their rights, when they caused the plaintiffs to be prosecuted for murder.

As to the City of Chicago, the plaintiffs contend that an official policy or widespread practice of the City of Chicago caused a violation of their civil rights.

The defendants deny each of the plaintiffs' claims.

Plaintiff's Proposed Instruction No. 16

_____ Given
_____ Rejected
\_\_\_X\_\_\_ Withdrawn
_____ Objected to

**Defendants' Response:** Objection. This issues instruction fails to adequately set forth the specific claims at issue. Defendants' instruction provides a more specific and clear explanation of the claims and issues to be decided.

**BURDEN OF PROOF**

In these instructions, I will use the term "preponderance of the evidence." When I say that the plaintiffs have to prove something by a preponderance of the evidence, I mean that they must prove that the particular proposition is more likely true than not true.

Plaintiff's Proposed Instruction No. 17

Source: Seventh Circuit Pattern Jury Instruction No. 1.27 (modified).
_____ Given
_____ Rejected
_____ Withdrawn
___X____ Objected to

**Defendants' Response:** Objection. The pattern instruction should be used. *See* Sev. Cir. Patt. Jur. Instr. No. 1.27.

## FIRST CLAIM — COERCED CONFESSION

The plaintiffs' first claim is that defendants Guevara, Halvorsen, Trevino, Dickinson, and Rutherford violated their constitutional rights by improperly causing them to make involuntary, incriminating statements.

To succeed on this claim as to the particular defendant you are considering, the particular plaintiff you are considering must prove each of the following things by a preponderance of the evidence:

1.     The defendant used improper tactics that caused the plaintiff to make incriminating statements that were involuntary.

2.     The incriminating statements were used during the criminal proceedings against the plaintiff. This element is satisfied as to each of the plaintiffs in this case.

3.     The plaintiff was damaged as a result.

Statements are "involuntary" if they are not the product of free and rational choice or are not made knowingly and intelligently.

In assessing whether the defendants caused the plaintiffs to make involuntary statements, you should consider the "totality of the circumstances" of the interrogation. This means that you should consider all factors relating to the interrogation together, instead of considering different factors in isolation.

When assessing the "totality of the circumstances," you should consider both whether the police used improper tactics during the interrogation, and also whether the plaintiffs suffered from vulnerabilities that rendered them susceptible to coercion.

"Improper tactics" include but are not limited to any of the following, either alone or in combination with one another: physical violence; threats of physical violence; threats to family members; threats of other harm; whether officers obtained a waiver of the right to silence or right to an attorney; feeding the facts of a confession to a suspect; promising or implying leniency in exchange for a confession; displaying weapons during the interrogation; questioning in an aggressive or accusatory manner; holding a suspect in isolation or in physical restraints; denying the suspect access to others during the interrogation; using numerous officers during the interrogation; conducting a lengthy interrogation or detention; and/or physical or psychological tactics that overcame the plaintiffs' will.

"Vulnerabilities" include but are not limited to: inability to communicate or understand; age; experience; education; mental impairment; intelligence; trauma or shock; need for medication or medical attention; deprivation of food or sleep; and/or other vulnerabilities known to the officers at the time.

The use of physical force during an interrogation is illegal. Incriminating statements that are the result of physical force are always involuntary. If you decide that the particular defendant you are considering caused the particular plaintiff you are considering to make incriminating statements by using physical force, then you should find that the first element of this claim is satisfied.

Plaintiff's Proposed Jury Instruction No. 18

Source: *Arizona v. Fulminante*, 499 U.S. 279 (1991); *Brown v. Mississippi*, 297 U.S. 278 (1936); *Culombe v. Connecticut*, 367 U.S. 568 (1961); *Colorado v. Connelly*, 479 U.S. 157 (1986); *Chavez v. Martinez*, 538 U.S. 760 (2003); *Dassey v. Dittmann*, 877 F.3d 297 (7th Cir. 2017); *Edwards v. Arizona*, 451 U.S. 477 (1981); *Greenwald v. Wisconsin*, 390 U.S. 519 (1968); *Hurt v. Wise*, 880 F.3d 831 (7th Cir. 2018); *Lynumn v. Illinois*, 372 U.S. 528 (1963); *Miller v. Fenton*, 474 U.S. 104 (1984); *Mincey v. Arizona*, 437 U.S. 385 (1978); *Sornberger v. City of Knoxville*, 434 F.3d 1006 (7th Cir. 2006); *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973); *Spano v. New York*, 360 U.S. 315 (1959); *United States v. Hall*, 93 F.3d 1337 (7th Cir. 1996); *United States v. Huerta*, 239 F.3d 865 (7th Cir. 2001); *United States v. Montgomery*, 555 F.3d 623 (7th Cir. 2009); *Weidner v. Thieret*, 866 F.2d 958 (7th Cir. 1989); Jury instructions given in *Amor v. Gomez*, No. 18-cv-2523 (N.D. Ill) (Tharp, J.) (modified); Jury instructions given in *Andersen v. City of Chicago*, 16-cv-1963 (N.D. Ill.) (Kendall, J.) (modified).

_____ Given
_____ Rejected
_____ Withdrawn
____X___ Objected to

**Defendants' Response:** Objection. This instruction misstates applicable law in numerous ways.

First, this instruction improperly applies criminal standards for suppression of evidence in criminal proceedings for those applicable to civil claims. The issue to be decided is not whether a confession was involuntary in a subjective sense but whether it was involuntarily produced by unlawful police coercion. *See Colorado v. Connelly,* 479 U.S. 157, 163–64 (1986)("While each confession case has turned on its own set of factors justifying the conclusion that police conduct was oppressive, all have contained a substantial element of coercive police conduct. Absent police conduct causally related to the confession, there is simply no basis for concluding that any state actor has deprived a criminal Defendant of due process of law…. We hold that coercive police activity is a necessary predicate to the finding that a confession is not "voluntary" within the meaning of the Due Process Clause of the Fourteenth Amendment… The sole concern of the Fifth Amendment, on which Miranda was based, is governmental coercion. Indeed, the Fifth Amendment privilege is not concerned 'with moral and psychological pressures to confess emanating from sources other than official coercion.' The voluntariness of a waiver of this privilege has always depended on the absence of police overreaching, not on "free choice" in any broader sense of the word."); *Dassey v. Dittmann*, 877 F.3d 297, 303 (7th Cir. 2017)("[A] a person arguing his confession was involuntary must show that the police engaged in coercive practices."); *Dassey*, 877 F.3d at 304 ("In several cases, the Court has held that officers may deceive suspects through appeals to a suspect's conscience, by posing as a false friend, and by other means of trickery and bluff."); *Lawrence v. Farley*, 14 F.3d 604 (7th Cir. 1993)("Lawrence has neither alleged nor shown coercive police conduct at the time of his confession. In the absence of such a showing, Lawrence's intoxication will not negate the voluntariness of his confession."); *United States v. Walker*, 272 F.3d 407, 413 (7th Cir. 2001)("The key point here, however, is that a suspect's physical pain or drug use does not make a confession involuntary as a matter of law."); *United States v. Rutledge*, 900 F.2d 1127, 1129 (7th Cir. 1990)("The police are allowed to play on a suspect's ignorance, his anxieties, his fears, and his uncertainties; they just are not allowed to magnify those fears, uncertainties, and so forth to the point where rational decision becomes impossible."); *Johnson v. Trigg*, 28 F.3d 639, 641 (7th Cir. 1994)("If all that was meant in deeming a confession coerced were that the efforts of the police had caused the Defendant to confess, in the (inadequate) sense that he would not have done so had it not been for those efforts, the concept of "coerced confession" would at least be free from ambiguity. But the concept is more limited. Custodial interrogation is permitted even though inherently coercive and doubtless responsible for many a confession, and in addition the courts allow interrogators in these already coercive custodial settings considerable latitude in playing on the guilt and fears of the person interrogated in order to extract a confession that he will shortly regret having given."). Thus, inclusion of factors such as subjective vulnerabilities (which are not products of unlawful police coercion) are not appropriately subjects for admission into evidence much less as part of the Court's instructions.

Second, Plaintiffs have included examples of "improper" tactics things that are not unlawful coercion, are barred by Supreme Court precedent as the basis for a civil claim, and which are, indeed, perfectly lawful. Specifically, Plaintiffs reference things such as "whether officers obtained a waiver of the right to silence or right to an attorney…denying the suspect access to others during the interrogation; using numerous officers during the interrogation; conducting a lengthy interrogation or detention." The absence of Miranda warnings is not a basis for a civil claim. *See Vega v. Tekoh*, 597 U.S. 134 (2022). The remaining factors cited are not illegal in the first place and, thus, cannot be a basis for a civil claim for coercion. Police officers are permitted to detain an individual for up to 48 hours in custody. *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991). There is not constitutional infirmity in accusatory questioning, denying a criminal suspect access to other individuals, or using multiple police officers to interrogate a suspect. None of the cases cited by Plaintiff holds such factors unconstitutional and none exist.

Third, Plaintiffs must prove that the Defendants caused them to involuntarily confess. While it may be true that use of physical force is unlawful, Plaintiffs appear to suggest to the jury that the mere use of physical force automatically satisfies their burden of proving coercion produced the confession. In other words, Plaintiffs seek to discharge their burden to prove causation merely by pointing to the existence of some allegedly improper conduct. This is wholly inappropriate and not consistent with the law and not supported by any of the authorities cited.

In *Rios v. Guevara,* 22-CV-3973, Judge Daniel provided a neutral and fair instruction on these claims. A modified version of this has been proposed by Defendants and should be given in this case.

**SECOND CLAIM—VIOLATION OF DUE PROCESS**

The plaintiffs' second claim is that defendants Guevara, Halvorsen, Trevino, Dickinson, and Rutherford violated their constitutional right to due process of law.

To succeed on this claim as to the particular defendant you are considering, the particular plaintiff you are considering must prove both of the following things by a preponderance of the evidence:

1. The defendant:

    a. concealed material exculpatory and/or impeachment evidence; and/or

    b. fabricated or participated in the fabrication of material evidence;

2. The plaintiff was damaged as a result of the concealment or fabrication.

I will now define some of the terms that I have just used.

"Exculpatory evidence" is evidence that would tend to show that the accused is not guilty of the crime charged.

"Impeachment evidence" is evidence that would undermine the credibility of a prosecution witness.

Evidence is considered "material" if it would have had a reasonable likelihood of affecting the outcome of the criminal case.

Plaintiff's Proposed Instruction No. 19

Source: Seventh Circuit Pattern Jury Instruction No. 7.14 (modified); *Manson v. Brathwaite*, 432 U.S. 98 (1977); *Lee v. Foster*, 750 F.3d 687 (7th Cir. 2014); *Alexander v. City of South Bend*, 433 F.3d 550 (7th Cir. 2006); *Fields v. City of Chicago*, No. 10 C 1168 (N.D. Ill. Feb. 6, 2014).

_____ Given
_____ Rejected
_____ Withdrawn
___X_____ Objected to

**Defendants' Response:** Objection. Nearly everything is wrong about this instruction. Plaintiffs have inexplicably and baselessly modified a pattern instruction to remove required elements of the claim. *See* Sev. Cir. Patt. Jur. Instr. No. 7.14. Plaintiffs appear to be attempting to excuse themselves from having to prove knowledge of Defendants and reasonable diligence of Plaintiffs or their criminal defense counsel. Plaintiffs have also attempted to excuse themselves from proving that fabricated evidence was actually used against them at their criminal trial which is a required finding under the 14th Amendment. *Moran v. Calumet City*, 54 F.4th 483, 499–500 (7th Cir. 2022); *Patrick v. City of Chi.*, 974 F.3d 824, 835 (7th Cir. 2020). Plaintiffs also excuse themselves from having to establish that any fabricated or suppressed evidence was material and fail to provide a definition for material evidence. Plaintiffs also improperly modify the "impeachment" instruction. Finally, Plaintiffs have no claim for suppression of impeachment evidence in the first place. Rather, their Brady claims were limited to whether Defendants suppressed evidence that members of the Soto family were treated as suspects and whether Defendants Guevara and/or Halvorsen suppressed the true nature of what Aranda stated to them regarding what he overheard from the Sotos' apartment. In sum, this instruction cannot be given. This Court should give the pattern instruction set forth in Sev. Cir. Patt. Jur. Instr. No. 7.14.

**THIRD CLAIM—FOURTH AMENDMENT ILLEGAL DETENTION**

The plaintiffs' third claim is that defendants Guevara, Halvorsen, Trevino, Dickinson, and Rutherford violated their constitutional rights by causing their detentions without probable cause.

To succeed on this claim as to the particular defendant you are considering, the particular plaintiff you are considering must prove both of the following things by a preponderance of the evidence:

1. The defendant caused a criminal proceeding to be commenced or continued against the plaintiff that resulted in the plaintiff being deprived of his liberty.

2. There was no probable cause for that criminal proceeding.

I will now define some of the terms that I have just used.

"Probable cause" exists for a criminal proceeding if, based on the evidence known at the time, a reasonable person would have believed that the plaintiff had committed the crime that was charged.

A defendant "commences or continues" a criminal proceeding if they play a significant role in causing the criminal prosecution.

Plaintiff's Proposed Instruction No. 20

Source: *Thompson v. Clark*, No. 20-659, 596 U.S. __, slip op. at 11 (2022); *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017); Seventh Circuit Pattern Jury Instructions 7.07 & 7.08 (modified).

_____ Given
_____ Rejected
_____ Withdrawn
___X____ Objected to

**Defendants' Response:** Objection. Plaintiff appears to be attempting to pursue a Fourth Amendment Malicious Prosecution claim. This is not a claim Plaintiff has brought in this case. *See* Dckt. Nos. 1, 328, 396. Indeed, this case was filed and the pleadings closed before the United States Supreme Court decided *Thompson v. Clark.* Even if this claim had been brought, it is not a valid claim. From the period well before the arrest/prosecution in this case until 2022, it was well-established that there was no such federal claim for malicious prosecution under Section 1983. *See Newsome v. McCabe*, 256 F.3d 747, 750–52 (7th Cir.2001); *Albright v. Oliver*, 510 U.S. 266, 270–71 (1994). In 2022, the Supreme Court for the first time recognized such a claim under the Fourth Amendment. *Thompson*, 596 U.S. at 49. While that jurisprudence may govern liability for cases which have occurred *subsequent* to *Thompson*, the unsettled nature of whether this was a claim means that such claims during the *Newsome/Albright* era are barred by Qualified Immunity. *See Bianchi v. McQueen*, 818 F.3d 309, 323 (7th Cir. 2016). Indeed, even in the years leading up to *Thompson*, the Seventh Circuit held that the developing law and challenges to whether *Newsome* and its progeny should be overturned was a perfect application of qualified immunity given the unsettled nature of the law. *Id*. To wit:

> [T]he Court in *Wallace* [*v. Kato*, 549 U.S. 384, 386–87 (2007)] specifically declined to address whether a malicious-prosecution claim is *ever* cognizable as a Fourth Amendment violation remediable under § 1983. The plaintiff in *Wallace* had expressly abandoned that issue, which was left unresolved in the Court's split decision in *Albright v. Oliver*, [510 U.S. 266, 270–71 (1994)]. Although some circuits have recognized such a claim, this circuit has not. With the law this unsettled, qualified immunity applies. *Id.* (emphasis in original and citations omitted).

Numerous courts around the country post-*Thompson* have held that the federal claim for malicious prosecution recognized in *Thompson* in 2022 is, in essence, not retroactive as far as qualified immunity is concerned. *See e.g. Parria v. Cvitanovich*, 2025 WL 2754743, *19 (E.D. La. 2025) (pre-*Thompson* claim barred by qualified immunity because viability of claim was not well-established prior to *Thompson*); *Moore v. City of Dallas, Texas,* 2024 WL 913368, *3 (5th Cir. 2024) (same); *Guerra v. Castillo*, 82 F.4th 278, 289 (5th Cir. 2023) (same); *Frias v. Hernandez*, 2024 WL 1252945, *8 (N.D. Tex. 2024) (same); *Rose v. Collins*, 2022 WL 1251007, *1 (E.D. Ark. 2022) (same).

**FOURTH CLAIM—FAILURE OF BYSTANDER OFFICER TO INTERVENE**

The plaintiffs' fourth claim is that defendants Guevara, Halvorsen, Trevino, Dickinson, and Rutherford violated their constitutional rights by failing to intervene to stop the harm.

To succeed on this claim as to the particular defendant you are considering, the particular plaintiff you are considering must prove each of the following things by a preponderance of the evidence:

1. The plaintiff's constitutional rights were violated.

2. The defendant knew that the plaintiff's constitutional rights were being violated or would be violated.

3. The defendant had a realistic opportunity to prevent harm from occurring.

4. The defendant failed to take reasonable steps to prevent harm from occurring.

5. The defendant's failure to act caused the plaintiff to suffer harm.

Plaintiff's Proposed Instruction No. 21

Source: Seventh Circuit Pattern Jury Instruction 7.22 (modified).

_____ Given
_____ Rejected
_____ Withdrawn
____X___ Objected to

**Defendants' Response**: Objection. Plaintiffs have improperly and materially modified a pattern instruction. Plaintiff modified element No. 2 to loosen the requisite standard so that the actions at issue need not be about to happen and substitute in any right being violated at any time. Plaintiff also completely omits the final two paragraphs of the pattern instruction which read:

> If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

> If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

This Court should give the pattern instruction.

**FIFTH CLAIM—POLICY CLAIM AGAINST THE CITY OF CHICAGO**

The plaintiffs' fifth claim is that the City of Chicago had a policy or widespread practice that caused a violation of their constitutional rights

To succeed on this claim, the particular plaintiff you are considering must prove each of the following things by a preponderance of the evidence:

1. The plaintiff's constitutional rights were violated as defined in the first, second, third, and/or fourth claims on which I have already instructed you.

2. At the time, it was the policy of the City of Chicago to (a) conceal material exculpatory and/or impeachment evidence, or (b) to fail to train, supervise, or discipline its police officers. The term "policy" means:

   a. An express policy;

      or

   b. A widespread practice that is so permanent and well-settled that it constitutes a custom. A widespread practice may be a custom even if the City of Chicago has not formally approved it, so long as the plaintiff proves that the City of Chicago knew of the practice and allowed it to continue. This includes a situation where the City of Chicago must have known about a subordinate's actions or failure to act;

      or

   c. A decision or policy statement, including a decision not to adopt a needed policy, made by the City of Chicago. Such a decision or policy statement includes the City of Chicago's approval of a decision or policy made by someone else.

      or

   d. A practice of failing to train, supervise, or discipline employees of the City of Chicago or the Chicago Police Department.

3. The policy as described in paragraph 2 caused the violation of the plaintiff's constitutional rights.

Plaintiff's Proposed Jury Instruction No. 22

Source: Seventh Circuit Pattern Jury Instruction 7.24 & 7.25 (modified); *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372 (7th Cir. 2017 (*en banc*); *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009); *Fields v. City of Chicago*, No. 10 C 1168 (N.D. Ill.).

_____ Given
_____ Rejected
_____ Withdrawn
___X___ Objected to

**Defendants' Response:** Objection. This instruction is overinclusive and misstates the scope of the claims at issue at trial. This Court granted summary judgment on all *Monell* theories except Plaintiff's suppression of evidence theory thus this instruction improperly includes a *Monell* theory based upon fabrication. *Reyes v. Guevara, et al.,* 18 CV 1028 (dkt. 815) (ruling on claims and issues for purposes of summary judgment). Second, this instruction deviates from the pattern instruction by both citing to cases that pre-date the pattern instructions and misstate current applicable law. Specifically, and by way of example, a) the term "express policy" is not used by the pattern instruction; b) Plaintiff improperly broadens the scope his widespread practice theory by failing to "describe the acts or omissions alleged to constitute [the] constitutional violation" in contravention of the pattern instruction; c) Plaintiff changes "persistent and widespread" to "permanent and well-settled;" d) Plaintiff changes "policy-making official" to the City of Chicago and "pattern" to "practice;" e) Plaintiff changes the bracketed language by omitting "by virtue of the policy-making official's position" which changes the meaning entirely of the instruction; f) Plaintiff adds the phrase "including a decision not to adopt a needed policy" which again changes the meaning of the instruction. Plaintiff cites no legal authority that post-dates the implementation of the pattern instructions to support any of these changes or any of the others made to the pattern instruction. Third, Plaintiff includes "A practice of failing to train, supervise, or discipline employees of the City of Chicago or the Chicago Police Department" which is both foreclosed by this Court's summary judgment order and is a deviation from the pattern instructions. *See* Sev. Cir. Patt. Jur. Instr. 7.24

**SIXTH CLAIM—MALICIOUS PROSECUTION**

The plaintiffs' sixth claim is that defendants Guevara, Halvorsen, Trevino, Dickinson, Rutherford, and the City of Chicago maliciously caused them to be prosecuted for murder.

To succeed on this claim as to the particular defendant you are considering, the particular plaintiff you are considering must prove each of the following things by a preponderance of the evidence:

1. The defendant caused a criminal proceeding to be commenced or continued against the plaintiff.

2. There was no probable cause for the criminal proceeding.

3. The defendant acted with malice.

4. The criminal proceeding terminated in the plaintiff's favor. You should consider this element established in this case because the plaintiff received a certificate of innocence.

5. The plaintiff was damaged as a result of the defendant's actions.

I will now define some of the terms that I have just used.

"Probable cause" exists for a criminal proceeding if, based on the evidence known at the time, a reasonable person would have believed that the plaintiff had committed the crime that was charged.

A defendant "commences or continues" a criminal proceeding if they play a significant role in causing the criminal prosecution.

A defendant acts with "malice" in commencing or continuing a criminal prosecution if he acts for any reason other than to prosecute the actual perpetrator of the crime charged. You may infer that a person acts with malice if the absence of probable cause is proven or the circumstances are inconsistent with actions made in good faith.

If you find that defendant Guevara, Halvorsen, Trevino, Dickinson, and/or Rutherford is liable for malicious prosecution, then you should find against the City of Chicago on this claim as well.

Plaintiff's Proposed Jury Instruction No. 23

Source: *Beaman v. Freesmeyer*, 2021 IL 125617 (Ill. 2021); *Swick v. Liautaud*, 169 Ill.2d 504 (1996); *Gilbert v. Emmons*, 42 Ill. 143, 147 (Ill. 1866); *Bianchi v. McQueen*, 2016 IL App (2d) 150646, ¶¶ 72-73; *Rodgers v. Peoples Gas, Light & Coke Co.*, 315 Ill. App. 3d 340 (2000); *Frye v. O'Neill*, 166 Ill. App. 3d 963 (1988); *Cairel v. Alderden*, 821 F.3d 823, 834 (7th Cir. 2016); IPI 50.02.


_____ Given
_____ Rejected
_____ Withdrawn
\_\_\_\_X\_\_\_ Objected to


**Defendants' Response:** Objection. There are numerous errors in this instruction. First, Plaintiff provides a definition of probable cause that is not remotely accurate and far more lenient of a standard than the rules require. *See* Sev. Cir. Patt. Jur. Instr. No. 7.08. With the exception of excising the language relating to probable cause for any crime, the pattern instruction should be given. Second, Plaintiff misstates the standard for commencing or continuing a criminal case and fails to account for the presumption of prosecutorial independence. An instruction accurately covering this issue was given by Judge Daniel recently and should be used in this case as well. *See* Rios v. Guevara, 22-CV-3973 (February 18, 2026). Third, this instruction fails to instruct the jury that a finding of malice is forbidden if probable cause exists. Fourth, Plaintiffs seek to excuse themselves from having to prove that their criminal case was disposed of in a manner indicative of innocence which is required under Illinois law. *See Swick v. Liautaud*, 169 Ill.2d 504 (Ill. 1996). Finally, perhaps most erroneously of all, Plaintiff claims that his award of a Certificate of Innocence somehow conclusively established the favorable termination element. This is not remotely accurate. While it is true that the Seventh Circuit held that a Certificate of Innocence may be relevant to this element (*Patrick v. City of Chicago*, 974 F.3d 824, 834 (7th Cir. 2020)), it certainly is not dispositive of this element. *Id.* Indeed, the statute governing issuance of Certificates of Innocence explicitly forbids the Certificate of Innocence from being applied in this manner. *See* 735 Ill. Comp. Stat. 5/2-702(j)("The decision to grant or deny a certificate of innocence shall be binding only with respect to claims filed in the Court of Claims and shall not have a res judicata effect on any other proceedings.").

**SEVENTH CLAIM—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

The plaintiffs' seventh claim is that defendants Guevara, Halvorsen, Trevino, Dickinson, Rutherford, and the City of Chicago intentionally caused them emotional distress.

To succeed on this claim as to the particular defendant you are considering, the particular plaintiff you are considering must prove the following by a preponderance of the evidence:

1. The conduct of the defendant was extreme or outrageous.

2. The defendant intended to inflict emotional distress on the plaintiff or knew that there was a high probability that his conduct would cause emotional distress.

3. The defendant's conduct caused plaintiff severe emotional distress.

If you find that defendant Guevara, Halvorsen, Trevino, Dickinson, and/or Rutherford is liable for intentional infliction of emotional distress, then you should find against the City of Chicago on this claim as well.

Plaintiff's Proposed Instruction No. 24

Source: *Adams v. Sussman & Hertzberg*, 292 Ill.App.3d 30, 684 N.E.2d 935 (1st Dist. 1997).

_____ Given
_____ Rejected
_____ Withdrawn
___X____ Objected to

**Defendants' Response:** Objection. This instruction fails to define any of the material terms (extreme and outrageous conduct, sever emotional distress). This instruction also fails to include the willful and wanton conduct standard required by The Tort Immunity Act, 745 ILCS 10/202-1. This instruction also fails to include the standard language in all claims:

> If you find that Plaintiff has proved each these things by a preponderance of the evidence as to the Defendant you are considering, then you should find in favor of Plaintiff on this claim and against that Defendant and go on to consider the question of damages.

> If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence as to the Defendant you are considering, then you should find for that Defendant and not consider the question of damages.

Defendants have proposed an instruction that properly sets forth the required elements and defines the material terms.

## EIGHTH CLAIM—CIVIL CONSPIRACY

The plaintiffs' eighth claim is defendants Guevara, Halvorsen, Trevino, Dickinson, and Rutherford entered into an agreement to maliciously prosecute them or to inflict emotional distress.

To succeed on this claim as to the particular defendant you are considering, the particular plaintiff you are considering must prove the following by a preponderance of the evidence:

1. The defendant joined an agreement between two or more persons to maliciously prosecute them or to inflict emotional distress. The plaintiff must prove that the participants shared this common purpose. He does not have to prove there was a formal agreement or plan in which all involved met together and worked out the details. He also does not have to prove that each participant knew all the details of the agreement or the identity of all the participants.

2. One or more of the participants committed an act in an effort to carry out the agreement.

3. The plaintiff was damaged as a result of the defendant's actions.

If you find that defendant Guevara, Halvorsen, Trevino, Dickinson, and/or Rutherford is liable for entering into an agreement to maliciously prosecute them or to inflict emotional distress, then you should find against the City of Chicago on this claim as well.

Plaintiff's Proposed Instruction No. 25

Source: *Fritz v. Johnston*, 209 Ill.2d 302, 317 (2004); *see also Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502 (7th Cir. 2007).

_____ Given
_____ Rejected
_____ Withdrawn
___X____ Objected to

**Defendants' Response:** Objection. First, this instruction fails to include the standard language in all claims that:

> If you find that Plaintiff has proved each of these things by a preponderance of the evidence against a particular Defendant, then you should find for Plaintiff and against that particular Defendant, and go on to consider the question of damages on this claim.

> If, on the other hand, you find that Plaintiff failed to prove any one of these things by a preponderance of the evidence, then you should find for that particular Defendant, and you will not consider the question of damages against that Defendant.

Second, this instruction fails to accurately reflect both the legal standard and elements such as the presence of an overt unlawful action being taken, the predicate satisfaction of all of the elements of the underlying claims of IIED and/or malicious prosecution, and the imposition of the clear and convincing evidence standard applied to claims relying upon circumstantial evidence. *Redelmann v. Claire Sprayway, Inc.,* 375 Ill.App.3d 912 (1st Dist. 2007); *McClure v. Owens Corning Fiberglas Corp.*, 188 Ill.2d 102 (1999); *Tribune Co. v. Thompson*, 342 Ill. 503, 530, 174 N.E. 561 (1930); *In re Tiffany W.*, 2012 IL App (1st) 102492-B, 2012 WL 4243653 (1st Dist. 2012); *In re John R.*, 339 Ill.App.3d 778, 781 (5th Dist., 2003).

Defendants have provided an instruction that properly sets forth the elements and material terms for this claim. This instruction should be used.

**DAMAGES**

The plaintiffs are each requesting compensatory damages and punitive damages.

If you find in favor of Reyes and against one or more of the defendants on one or more of Reyes's claims, then you will go on to consider the question of what damages to award Reyes.

If you find in favor of Solache and against one or more of the defendants on one or more of Solache's claims, then you will go on to consider the question of what damages to award Solache.

If you find in favor of all of the defendants on each and every one of both of the plaintiffs' claims, then you will not consider the question of damages.

Plaintiff's Proposed Instruction No. 26
_____ Given
_____ Rejected
_____ Withdrawn
____X___ Objected to

**Defendants' Response:** Objection. This is an unnecessary non-pattern instruction. The pattern instructions cover this topic. *See* Sev. Cir. Patt. Jur. Inst. No. 1.31.

**DAMAGES: COMPENSATORY**

You are to determine the amount of money that will fairly compensate the particular plaintiff you are considering for any injury that you find he sustained and is reasonably certain to sustain in the future as a result of the defendants' wrongful conduct. These are called "compensatory damages."

The particular plaintiff you are considering must prove his damages by a preponderance of the evidence. Your award of damages must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include the physical, mental, and emotional aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages:

1. The physical, mental, or emotional pain and suffering that the plaintiff has experienced in the past and is reasonably certain to experience in the future.

2. The loss of normal life that the plaintiff has suffered in the past and is reasonably certain to experience in the future.

3. The loss of liberty that the plaintiff experienced.

No evidence of the dollar value of physical, mental, or emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the plaintiff for the injury he has sustained.

Plaintiff's Proposed Instruction No. 27

Source: Seventh Circuit Pattern Jury Instruction 7.26 (modified).


_____ Given
_____ Rejected
_____ Withdrawn
\_\_\_X\_\_\_ Objected to

**Defendants' Response:** Objection. Plaintiff has added in damage elements that are not covered in the pattern instructions and not recoverable as separate damage elements. Emotional distress as well as emotional distress arising from "loss of liberty" are subsumed within the pattern instructions. They are not separately recoverable damage elements. See Sev. Cir. Patt. Jur. Instr. No. 7.26.

**DAMAGES: PUNITIVE**

In addition to compensatory damages, you may, but are not required to, assess punitive damages against defendants Guevara, Halvorsen, Trevino, Dickinson, and/or Rutherford if you found them liable.

The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to the defendant and others not to engage in similar conduct in the future.

The particular plaintiff you are considering must prove by a preponderance of the evidence that punitive damages should be assessed against the particular defendant that you are considering. You may assess punitive damages only if you find that the defendant's conduct was malicious or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring the other party. Conduct is in reckless disregard of a person's rights if, under the circumstances, it reflects complete indifference to the person's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

➢ the reprehensibility of the defendant's conduct;

➢ the impact of the defendant's conduct on the plaintiff;

➢ the relationship between the plaintiff and the defendant;

➢ the likelihood that the defendant would repeat the conduct if an award of punitive damages is not made;

➢ the relationship of any award of punitive damages to the amount of actual harm the plaintiff suffered.

Plaintiff's Proposed Instruction No. 28

Source: Seventh Circuit Pattern Jury Instruction 7.28 (modified).

_____ Given
_____ Rejected
_____ Withdrawn
\_\_\_X\_\_\_\_ Objected to

**Defendants' Response:** Objection. Plaintiffs are inappropriately modifying pattern instructions. The pattern instruction should be given.

## FINAL INSTRUCTIONS

Once you are all in the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as by using a telephone, cell phone, smart phone, iPhone, Android, Blackberry, or any type of computer; by using text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or social media, including services like Facebook, LinkedIn, Google Messages, YouTube, Twitter, Instagram, Snapchat, or TikTok; or by using any other method of communication.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally. If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your presiding juror will fill in and date the verdict form, and each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your

opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

All of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts.

Plaintiff's Proposed Jury Instruction No. 29

Source: Seventh Circuit Pattern Jury Instructions 1.32, 1.33, 1.34 (modified).

_____ Given
_____ Rejected
_____ Withdrawn
\_\_\_\_X\_\_\_ Objected to

**Defendants' Response:** Objection. Plaintiffs are inappropriately modifying pattern instructions and combining multiple pattern instructions into one instruction. The unmodified pattern instruction(s) should be given.

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | Case No. 18 C 1028 |
| *Plaintiff,* | ) | |
| | ) | Hon. Steven C. Seeger, |
| *v.* | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |
| | | |
| | | |
| GABRIEL SOLACHE, | ) | |
| | ) | Case No. 18 C 2312 |
| *Plaintiff,* | ) | |
| | ) | Hon. Steven C. Seeger, |
| *v.* | ) | District Judge |
| | ) | |
| CITY OF CHICAGO, *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFFS' VERDICT FORM**

**VERDICT FORM**

We the jury unanimously find as follows:

**SECTION I: LIABILITY**

For each line, indicate your verdict by marking an X in the box underneath the Plaintiff or the Defendant in whose favor you are finding as to each claim. Mark one (and only one) box for each line representing a Plaintiff-Defendant-Claim combination (i.e., draw an X either in the box beneath "Plaintiff Reyes" or "Defendant Guevara" in question **1(A)(i)** and another X in either the box beneath "Plaintiff Solache" or "Defendant Guevara" in question **1(A)(ii)** and then proceed to the question under **1(B)**).

1. **<u>First Claim: Coerced Confession</u>** (Instruction No. 18)

**(A) As to Defendant Guevara:**

**(i)**     For Plaintiff Reyes             For Defendant Guevara

☐     **OR**     ☐

**(ii)**     For Plaintiff Solache         For Defendant Guevara

☐     **OR**     ☐

**(B) As to Defendant Halvorsen:**

**(i)**     For Plaintiff Reyes             For Defendant Halvorsen

☐     **OR**     ☐

**(ii)**     For Plaintiff Solache         For Defendant Halvorsen

☐     **OR**     ☐

**(C) As to Defendant Trevino:**

**(i)**     For Plaintiff Reyes             For Defendant Trevino

☐     **OR**     ☐

**(ii)**     For Plaintiff Solache         For Defendant Trevino

☐     **OR**     ☐

**(D) As to Defendant Dickinson:**

**i)**     For Plaintiff Reyes             For Defendant Dickinson

☐                          **OR**                          ☐

**ii)**  For Plaintiff Solache                For Defendant Dickinson

☐                          **OR**                          ☐

**(E) As to Defendant Rutherford:**

**i)**  For Plaintiff Reyes                For Defendant Rutherford

☐                          **OR**                          ☐

**ii)**  For Plaintiff Solache                For Defendant Rutherford

☐                          **OR**                          ☐

2. **<u>Second Claim: Violation of Due Process</u>** (Instruction No. 19)

**(A) As to Defendant Guevara:**

**(i)** For Plaintiff Reyes                          For Defendant Guevara

☐                    **OR**                    ☐

**(ii)** For Plaintiff Solache                          For Defendant Guevara

☐                    **OR**                    ☐

**(B) As to Defendant Halvorsen:**

**(i)** For Plaintiff Reyes                          For Defendant Halvorsen

☐                    **OR**                    ☐

**(ii)** For Plaintiff Solache                          For Defendant Halvorsen

☐                    **OR**                    ☐

**(C) As to Defendant Trevino:**

**(i)** For Plaintiff Reyes                          For Defendant Trevino

☐                    **OR**                    ☐

**(ii)** For Plaintiff Solache                          For Defendant Trevino

☐                    **OR**                    ☐

**(D) As to Defendant Dickinson:**

**i)** For Plaintiff Reyes                          For Defendant Dickinson

☐                    **OR**                    ☐

**ii)**     For Plaintiff Solache             For Defendant Dickinson

☐      **OR**      ☐

**(E) As to Defendant Rutherford:**

**i)**     For Plaintiff Reyes             For Defendant Rutherford

☐      **OR**      ☐

**ii)**     For Plaintiff Solache             For Defendant Rutherford

☐      **OR**      ☐

3. **<u>Third Claim: Fourth Amendment Illegal Detention</u>** (Instruction No. 20)

**(A) As to Defendant Guevara:**

**(i)**     For Plaintiff Reyes             For Defendant Guevara

☐     **OR**     ☐

**(ii)**     For Plaintiff Solache           For Defendant Guevara

☐     **OR**     ☐

**(B) As to Defendant Halvorsen:**

**(i)**     For Plaintiff Reyes             For Defendant Halvorsen

☐     **OR**     ☐

**(ii)**     For Plaintiff Solache           For Defendant Halvorsen

☐     **OR**     ☐

**(C) As to Defendant Trevino:**

**(i)**     For Plaintiff Reyes             For Defendant Trevino

☐     **OR**     ☐

**(ii)**     For Plaintiff Solache           For Defendant Trevino

☐     **OR**     ☐

**(D) As to Defendant Dickinson:**

**i)**     For Plaintiff Reyes             For Defendant Dickinson

☐      **OR**      ☐

**ii)**    For Plaintiff Solache      For Defendant Dickinson

☐      **OR**      ☐

**(E) As to Defendant Rutherford:**

**i)**    For Plaintiff Reyes      For Defendant Rutherford

☐      **OR**      ☐

**ii)**    For Plaintiff Solache      For Defendant Rutherford

☐      **OR**      ☐

4. **Fourth Claim: Failure to Intervene** (Instruction No. 21)

**(A) As to Defendant Guevara:**

**(i)**    For Plaintiff Reyes            For Defendant Guevara

☐      **OR**      ☐

**(ii)**    For Plaintiff Solache          For Defendant Guevara

☐      **OR**      ☐

**(B) As to Defendant Halvorsen:**

**(i)**    For Plaintiff Reyes            For Defendant Halvorsen

☐      **OR**      ☐

**(ii)**    For Plaintiff Solache          For Defendant Halvorsen

☐      **OR**      ☐

**(C) As to Defendant Trevino:**

**(i)**    For Plaintiff Reyes            For Defendant Trevino

☐      **OR**      ☐

**(ii)**    For Plaintiff Solache          For Defendant Trevino

☐      **OR**      ☐

**(D) As to Defendant Dickinson:**

**i)**    For Plaintiff Reyes            For Defendant Dickinson

☐     **OR**     ☐

ii)    For Plaintiff Solache             For Defendant Dickinson

☐     **OR**     ☐

**(E) As to Defendant Rutherford:**

i)    For Plaintiff Reyes             For Defendant Rutherford

☐     **OR**     ☐

ii)    For Plaintiff Solache             For Defendant Rutherford

☐     **OR**     ☐

**5.** **<u>Fifth Claim: Policy Claim Against the City of Chicago</u>** (Instruction No. 22)

    **A)** **As to Defendant City of Chicago:**

      **i)**

        For Plaintiff Reyes                          For Defendant City of Chicago

| | | |
|---|---|---|
| ☐ | **OR** | ☐ |

      **ii)**

        For Plaintiff Solache                    For Defendant City of Chicago

| | | |
|---|---|---|
| ☐ | **OR** | ☐ |

**6. Sixth Claim: Malicious Prosecution** (Instruction No. 23)

**(A) As to Defendant Guevara:**

(i) For Plaintiff Reyes **OR** For Defendant Guevara

(ii) For Plaintiff Solache **OR** For Defendant Guevara

**(B) As to Defendant Halvorsen:**

(i) For Plaintiff Reyes **OR** For Defendant Halvorsen

(ii) For Plaintiff Solache **OR** For Defendant Halvorsen

**(C) As to Defendant Trevino:**

(i) For Plaintiff Reyes **OR** For Defendant Trevino

(ii) For Plaintiff Solache **OR** For Defendant Trevino

**(D) As to Defendant Dickinson:**

i) For Plaintiff Reyes For Defendant Dickinson

☐                    **OR**                    ☐

**ii)**    For Plaintiff Solache                    For Defendant Dickinson

☐                    **OR**                    ☐

**(E) As to Defendant Rutherford:**

**i)**    For Plaintiff Reyes                    For Defendant Rutherford

☐                    **OR**                    ☐

**ii)**    For Plaintiff Solache                    For Defendant Rutherford

☐                    **OR**                    ☐

**(F) As to Defendant City of Chicago** (*NOTE, IF YOU FIND AGAINST ANY OF THE INDIVIDUAL DEFENDANTS ABOVE, YOU MUST FIND AGAINST THE CITY OF CHICAGO AS WELL)**:**

**i)**    For Plaintiff Reyes                    For Defendant City of Chicago

☐                    **OR**                    ☐

**ii)**    For Plaintiff Solache                    For Defendant City of Chicago

☐                    **OR**                    ☐

7.  **Seventh Claim: Intentional Infliction of Emotional Distress** (Instruction No. 24)

**(A) As to Defendant Guevara:**

**(i)**     For Plaintiff Reyes                               For Defendant Guevara

☐         **OR**         ☐

**(ii)**     For Plaintiff Solache                              For Defendant Guevara

☐         **OR**         ☐

**(B) As to Defendant Halvorsen:**

**(i)**     For Plaintiff Reyes                               For Defendant Halvorsen

☐         **OR**         ☐

**(ii)**     For Plaintiff Solache                             For Defendant Halvorsen

☐         **OR**         ☐

**(C) As to Defendant Trevino:**

**(i)**     For Plaintiff Reyes                               For Defendant Trevino

☐         **OR**         ☐

**(ii)**     For Plaintiff Solache                             For Defendant Trevino

☐         **OR**         ☐

**(D) As to Defendant Dickinson:**

**i)**     For Plaintiff Reyes                               For Defendant Dickinson

☐    **OR**    ☐

**ii)**    For Plaintiff Solache                    For Defendant Dickinson

☐    **OR**    ☐

**(E) As to Defendant Rutherford:**

**i)**    For Plaintiff Reyes                    For Defendant Rutherford

☐    **OR**    ☐

**ii)**    For Plaintiff Solache                    For Defendant Rutherford

☐    **OR**    ☐

**(F) As to Defendant City of Chicago** (*NOTE, IF YOU FIND AGAINST ANY OF THE INDIVIDUAL DEFENDANTS ABOVE, YOU MUST FIND AGAINST THE CITY OF CHICAGO AS WELL)**:**

**i)**    For Plaintiff Reyes                    For Defendant City of Chicago

☐    **OR**    ☐

**ii)**    For Plaintiff Solache                    For Defendant City of Chicago

☐    **OR**    ☐

8. **<u>Eighth Claim: Civil Conspiracy</u>** (Instruction No. 25)

**(A) As to Defendant Guevara:**

**(i)**    For Plaintiff Reyes                                              For Defendant Guevara

☐                          **OR**                          ☐

**(ii)**    For Plaintiff Solache                                        For Defendant Guevara

☐                          **OR**                          ☐

**(B) As to Defendant Halvorsen:**

**(i)**    For Plaintiff Reyes                                              For Defendant Halvorsen

☐                          **OR**                          ☐

**(ii)**    For Plaintiff Solache                                        For Defendant Halvorsen

☐                          **OR**                          ☐

**(C) As to Defendant Trevino:**

**(i)**    For Plaintiff Reyes                                              For Defendant Trevino

☐                          **OR**                          ☐

**(ii)**    For Plaintiff Solache                                        For Defendant Trevino

☐                          **OR**                          ☐

**(D) As to Defendant Dickinson:**

**i)**    For Plaintiff Reyes                                              For Defendant Dickinson

|  | OR |  |
|---|---|---|

**ii)**     For Plaintiff Solache                                        For Defendant Dickinson

OR

**(E) As to Defendant Rutherford:**

**i)**     For Plaintiff Reyes                                           For Defendant Rutherford

OR

**ii)**     For Plaintiff Solache                                        For Defendant Rutherford

OR

**(F) As to Defendant City of Chicago** (*NOTE, IF YOU FIND AGAINST ANY OF THE INDIVIDUAL DEFENDANTS ABOVE, YOU MUST FIND AGAINST THE CITY OF CHICAGO AS WELL)**:**

**i)**     For Plaintiff Reyes                                       For Defendant City of Chicago

OR

**ii)**     For Plaintiff Solache                                      For Defendant City of Chicago

OR

**<u>Proceed to Section II.</u>**

**SECTION II: DAMAGES**

If you found for either Plaintiff and against one or more Defendants on any of Plaintiffs' claims in Section I, please complete this section.

1.       **Compensatory Damages**

Plaintiff Reyes is awarded compensatory damages in the amount of:

$_____

Plaintiff Solache is awarded compensatory damages in the amount of:

$_____

2.       **Punitive Damages**

For any Defendant that you found against on one or more of Plaintiffs' claims, you may, but are not required to, assess punitive damages against that Defendant.

Place an "X" in the "Yes" or "No" column to indicate whether you assess punitive damages against each Defendant, and if you select "Yes" for any Defendant, then write the amount of punitive damages to be awarded against that Defendant.

**Punitive Damages for Plaintiff Reyes**

| Name of Defendant | Yes | No | Amount |
|---|---|---|---|
| Guevara | | | |
| Halvorsen | | | |
| Trevino | | | |
| Dickinson | | | |
| Rutherford | | | |

**Punitive Damages for Plaintiff Solache**

| Name of Defendant | Yes | No | Amount |
|---|---|---|---|
| Guevara | | | |
| Halvorsen | | | |
| Trevino | | | |
| Dickinson | | | |
| Rutherford | | | |

**Proceed to Section III.**

**SECTION III**

Please sign and date below and return the entire Verdict Form to the marshal.

_____

Foreperson

_____          DATE:_____

_____

_____

_____

_____

_____

_____

_____

_____

**<u>DEFENDANTS' OBJECTIONS</u>**

Defendants object to Plaintiffs' verdict form. The form does not clearly state the issues being decided and therefore runs the risk of confusing the jury or inviting error. Plaintiffs fail to separate their two separate and distinct due process claims. Plaintiffs improperly include an instruction to the jury that it must find against the City of Chicago on the state law claims if it finds against any Defendant Officer.