**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ARTURO DeLEON-REYES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.: 18CV1028** |
| | ) | |
| | ) | **Honorable Steven Seeger** |
| **REYNALDO GUEVARA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **GABRIEL SOLACHE,** | ) | **Case No.: 18cv2312** |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Honorable Steven Seeger** |
| | ) | |
| **CITY OF CHICAGO, et al.,** | ) | |

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

Plaintiffs object because Defendants have included no proposed instructions on certain of Plaintiffs' claims that survived summary judgment: deprivation of liberty in violation of the Fourth Amendment, failure to intervene, certain *Monell* theories, and respondeat superior theories against the City of Chicago. Plaintiffs have proposed instructions on all issues.

**NO INFERENCE FROM JUDGE'S QUESTIONS**

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

**Defendants' Proposed Jury Instruction No.**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

_Source: Sev. Cir. Patt. Jur. Instr. No. 1.02_

**Plaintiffs' Objections**: None.

**ALL LITIGANTS EQUAL BEFORE THE LAW**

In this case one of the defendants is a municipality. All parties are equal before the law. A municipality is entitled to the same fair consideration that you would give any individual person.

**Defendants' Proposed Jury Instruction No.**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Sev. Cir. Patt. Jur. Instr. No. 1.03 (modified)*

**Plaintiffs' Objections:** Plaintiffs object to an instruction on this subject that is so specific. If the Court gives such an instruction, Plaintiffs propose the following, which is more inclusive of all parties: In this case the Plaintiff is private citizen and the Defendants are or were governmental entities or officials. All parties are equal before the law.

All parties in this case are entitled to the same fair consideration. You are not to afford any more credibility to statements made by a witness or a party because he was or is a governmental official, and you are not to afford any less credibility to statements made by a witness or a party because he is a private citizen.

Source: Seventh Circuit Pattern Civil Jury Instruction No. 1.03 (modified); Dkt. 887 at 3 (Jury Instruction on fair consideration to all parties), given in June 2021 in *Andersen v. City of Chicago*, 16-cv-1963 (N.D. Ill.) (Kendall, J.); given in February 2025 in *Fulton v. City of Chicago*, Dkt. 487 at 4, 20-cv-03119.

**LIMITED PURPOSE OF EVIDENCE**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

**Defendants' Proposed Jury Instruction No.**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Sev. Cir. Patt. Jur. Instr. No. 1.09*

**Plaintiffs' Objections**: None.

**EVIDENCE LIMITED TO CERTAIN PARTIES**

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning each Defendant only in the case against that Defendant. You must not consider it against any other party.

**Defendants' Proposed Jury Instruction No. __**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Sev. Cir. Patt. Jur. Instr. No. 1.10*

**Plaintiffs' Objections**: This instruction misstates the law and is confusing. Model Instruction 1.10 is concerned with a situation in which evidence is admitted against fewer than all defendants. Accordingly, the second sentence of the actual model instruction reads: "Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning [describe evidence if practicable] only in the case against [Party]. You must not consider it against any other party." This instruction, generally stated, invites the jury to guess whether some evidence just applies to one party.

If during trial certain evidence is admitted only against certain Defendants, then Plaintiffs would agree to an instruction describing that evidence and its limited purpose. This instruction incorrectly suggests that the jury must consider the acts of each of the Defendants independently. Obviously, that is not the law for the conspiracy claim. *See United States v. Cochran*, 955 F.2d 1116, 1120 (7th Cir. 1992) (so noting and cited by the Comments to Seventh Circuit Pattern Jury Instruction 1.10).

Additionally, this instruction is duplicative of Defendants' Proposed Instruction No. 23, to which Plaintiff does not object.

## PRIOR INCONSISTENT STATEMENTS OR ACTS

You may consider statements given by a Party or Witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**Defendants' Proposed Instruction No. ___**

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Sev. Cir. Patt. Jur. Instr. No. 1.14*

**Plaintiffs' Objections:** None.

**TRANSLATED LANGUAGE**

You should consider only the evidence provided through the official interpreter. Although some of you may know language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation.

**Defendants' Proposed Jury Instruction No. __**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Sev. Cir. Patt. Jur. Instr. No. 1.22*

**Plaintiffs' Objections:** None.

**IMPEACHMENT OF WITNESS — CONVICTIONS**

You have heard evidence that a witness has been convicted of a crime. You may consider this evidence only in deciding whether the witness's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

**Defendants' Proposed Jury Instruction No.**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Sev. Cir. Patt. Jur. Instr. No. 1.15*

**Plaintiffs' Objections:** Plaintiffs object to this instruction being given for all witnesses in this case. Consistent with the committee comment to Seventh Circuit Pattern Civil Jury Instruction 1.15, Rule 403 requires more careful treatment of prior convictions in this case. Some witnesses may have convictions offered for impeaching truthfulness. Plaintiffs' prior convictions have been vacated, and so the jury should not be given a generalized instruction that they may confuse as a direction that they may consider Plaintiffs' prior convictions as evidence of truthfulness. On the contrary, the jury will also hear from Adriana Mejia, who was convicted of murdering and kidnapping the Soto children, and whose conviction was not vacated, and plainly that conviction can be used for reasons other impeaching truthfulness.

**EXPERT WITNESSES**

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

**Defendants' Proposed Jury Instruction No.**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Sev. Cir. Patt. Jur. Instr. No. 1.21*

**Plaintiffs' Objections:** Plaintiffs propose their competing jury instruction No. 13.

## DEMONSTRATIVE EXHIBITS

Certain [describe demonstrative exhibit, e.g., models, diagrams, devices, sketches] have been shown to you. Those [short description] are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

**Defendants' Proposed Jury Instruction No. __**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Sev. Cir. Patt. Jur. Instr. No. 1.24*

**Plaintiffs' Objections:** None.
### MULTIPLE CLAIMS; MULTIPLE PLAINTIFFS/DEFENDANTS

You must give separate consideration to each claim and each party in this case.

Although there are five defendants, it does not follow that if one is liable, any of the others is also liable. Although there are two plaintiffs, it does not follow that if one is successful, the others are, too.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants.

**Defendants' Proposed Jury Instruction No. __**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Sev. Cir. Patt. Jur. Instr. No.* 1.25

**Plaintiffs' Objections:** Plaintiffs object to the second paragraph as phrased. The first sentence should say, "Although there are five defendants, **unless I instruct you otherwise,** it does not follow that if one is liable, any of the others is also liable." That addition is necessary because if an individual Defendant is found liable on a state tort the City is liable by operation of law under principles of *respondeat superior*. The second sentence should say, "Although there are two plaintiffs, it does not follow that if one is successful, the **other is**, too," because there are two Plaintiffs. In addition, Plaintiffs object to the third paragraph as unnecessary, unless Defendants can specify what evidence is being admitted only as to fewer than all the parties.

**DEPOSITION AS SUBSTANTIVE EVIDENCE**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [Witness], which was taken on [date], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify. Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Defendants' Proposed Jury Instruction No. __**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Sev. Cir. Patt. Jur. Instr. No. 2.08*

**Plaintiffs' Objections:** None, subject to arguments and rulings on admissibility of past testimony and on the use of deposition testimony.

**JUDGE'S COMMENTS TO LAWYER**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

**Defendants' Proposed Jury Instruction No. __**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Sev. Cir. Patt. Jur. Instr. No. 2.14*

**Plaintiffs' Objections:** None.

## FIFTH AMENDMENT

You have heard Defendant Reynaldo Guevara invoke his Fifth Amendment right not to incriminate himself in response to questions. You may, but are not required to, assume that Defendant Guevara's testimony in response to those questions would have been unfavorable to him. For you to assume that Defendant Guevara's answers to a given question would have been unfavorable, there has to be other evidence that supports the issue the question referenced.

You may not draw any inference from Defendant Guevara's invocation of the Fifth Amendment against any other Defendant.

**Defendants' Proposed Instruction No. ___**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source:* Given in Rios v. Guevara, 22-CV-3973 (February 18, 2026)(modified for parties); *Seventh Circuit Pattern Jury Instruction 1.19 (modified); Ruiz-Cortez v. City of Chicago,* 931 F.3d 592, 603 (7th Cir. 2019); *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 834 (7th Cir. 2016); *Jimenez v. Bogucki et al.,* 09 CV 08081 (Jan. 23, 2012) (Kennelly, J.)(Dkt. No. 287 at 8); *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)("[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…("[T]he defendant's silence be weighed in light of other evidence rather than leading directly and without more to the conclusion of guilt or liability…[A]lthough 'the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them', an analysis of that evidence is nonetheless required…"); *National Acceptance Co. of Am. v. Bathalter*, 705 F.2d 924 (7th Cir. 1983)("We conclude that defendant's claim of privilege should not have been deemed an admission, and that plaintiff should have been put to its proof, either by way of evidentiary support for a motion for summary judgment or at trial."); *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 675 (5th Cir. 1999)(adverse inference alone cannot be used to establish existence of fact); *Avirgan v. Hull*, 932 F.2d 1572, 1580 (11th Cir. 1991)(same); *Wrice v. Burge*, 2020 WL 419419, *2 (N.D.Ill. 2020)(same); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter, LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Kluppelberg v. Burge*, 2017 WL 3142757, *4 (N.D. Ill. 2017)("When a defendant has invoked his Fifth Amendment right against self-incrimination, as Burge has consistently done during this case, adverse factual inferences may be drawn from the choice to remain silent. At the same time, a plaintiff may not rest solely on the defendant's assertion of privilege to establish liability based on refusal to answer a complaint or to testify at a disciplinary hearing if there is no other evidence supporting liability.").

**Plaintiffs' Objections**: Defendants' proposal grossly misstates the law governing the invocation of the Fifth Amendment by a witness in a civil case, including by instructing the jury about when it may and may not draw and inference and based on what evidence. Plaintiffs address the Defendants' flawed understanding of the Fifth Amendment in his Motion In Limine No. 1, and in their response to Defendants' Motions In Limine regarding the Fifth Amendment, filed separately. Plaintiffs propose their competing jury instruction No. 15, which is consistent with the law as articulated in *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *Hillmann v. City of Chicago*, 834 F.3d 787, 793 (7th Cir. 2016); *LaSalle Bank Lake View v. Seguban*, 54 F.3d 387 (7th Cir. 1995). As explained in the motions *in limine*, instruction given in *Rios v. Guevara*, 22 C 3973 (N.D. Ill.), was given in error, either because there was not an objection or because the objection failed to set out governing law.

**GENERAL: REQUIREMENT OF PERSONAL INVOLVEMENT**

Plaintiffs must prove by a preponderance of the evidence that Defendants were each personally involved in the conduct that Plaintiff complains about. You may not hold any Defendant liable for what other individuals did or did not do.

**Defendants' Proposed Instruction No. __**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.02.*

**Plaintiffs' Objections:** Plaintiffs object to this instruction because it is confusing. The proposed instructions already discuss which claims are asserted against which Defendants, and that information is repeated in both Plaintiffs' and Defendants' proposed instructions for each claim in this case. As the committee comments to Seventh Circuit Pattern Jury Instruction No. 7.02 recognize, "In some cases, giving this instruction may risk misleading the jury. There are situations in which it does not apply or may be inaccurate, for example, cases involving claims of failure to intervene, supervisory liability, conspiracy, or cases in which there are state law claims on which there is respondeat superior liability." That comment fits this case. The instruction is more harmful than beneficial.

## INTENT REQUIREMENT

As to Plaintiffs' Constitutional claims, not every injury inflicted by an official acting "under color of law" is a deprivation of a person's constitutional rights. If an injury results because of an accident, or because an individual was negligent, or if the injury occurred through reasonable conduct of the official, no constitutional deprivation has occurred.

In other words, you must find that a Defendant intentionally caused the injury to a Plaintiff and not because of mistake, accident or other innocent reason.

**Defendants' Proposed Instruction No. __**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Parratt v. Taylor, 451 U.S. 527 (1981); Salazar v. City of Chicago, 940 F.2d 233, 238 (7th Cir. 1991); Archie v. City of Racine, 847 F.2d 1211, 1218-19 (7th Cir. 1988)(en banc).*

**Plaintiffs' Objections**: Plaintiffs object to this instruction because it incorrectly states the law. Intent is not an element of every single claim averred by Plaintiffs, and in some instances, knowledge that a result is highly probable or will occur is sufficient. Moreover, the jury is properly instructed as to the elements of each claim, including the mental state required, in each of the instructions on separate claims. This non-pattern instruction improperly suggests that something more apart from the elements must be proven, or that intent is an element of the torts in this case that is different in kind than other elements. Accordingly, this instruction should be struck in its entirety.

## CERTIFICATE OF INNOCENCE

You have heard evidence that Plaintiffs were awarded Certificates of Innocence in the State court. You may consider the Certificate of Innocence only for the purpose of deciding whether Plaintiffs have met their burden of proof with respect to their respective malicious prosecution claims.

The State court's decision to issue a Certificate of Innocence is not binding on you in this case. The State court may not have had the same evidence before it that has been presented to you in this case. You have listened to and heard all the evidence in this case and are to decide this case, including, to the extent necessary, the plaintiffs' innocence or guilt with respect to the underlying criminal case, based on the evidence you heard in this case and this case alone.

Further, the State court decided different issues than those before you when issuing the Certificate of Innocence. The State court was not asked nor did it decide the issue of whether the plaintiff's constitutional rights were violated or whether the defendants engaged in any misconduct under state or federal law. The State court was not asked nor did it decide the issues of whether the Plaintiffs' confessions were false, fabricated, or coerced; whether Defendants fabricated or concealed any evidence; whether Defendants maliciously prosecuted Plaintiffs; or whether Defendants intentionally inflicted emotional distress on Plaintiffs. These are issues for you alone to decide.

**Defendants' Proposed Instruction No. __**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

Source: Given in Rios v. Guevara, 22-CV-3973 (February 18, 2026)(modified for parties). This should be used in the event this Court denies Defendant Guevara's Motion in Limine relating to his Fifth Amendment invocation.

**Plaintiffs' Objections**: Plaintiffs do not object to much of the Defendants' proposed instruction, so long as it adheres to the limiting instruction endorsed by the Seventh Circuit:

> You have heard evidence that Plaintiff [] was awarded a Certificate of Innocence in the State court. The State court's decision to issue a Certificate of Innocence is not binding on you in this case.

> The State court decided different issues than those before you when issuing the Certificate of Innocence. The State court was not asked nor did it decide the issue of

whether Plaintiff's constitutional rights were violated or whether the Defendants engaged in any misconduct under state or federal law. . . . These are issues for you alone to decide. You have listened to and heard all the evidence in this case and are to decide this case based on the evidence you heard in this case and this case alone.

*Harris v. City of Chicago*, No. 14 C 4391, 2018 WL 2183992, at *4–5 (N.D. Ill. May 11, 2018); see also *Patrick v. City of Chicago*, 974 F.3d 824, 833 (7th Cir. 2020) (endorsing the "more specific cautionary instruction" in *Harris*). However, Plaintiffs object to a couple of the additions to the cautionary instruction added by Defendants:

First, Defendants propose, "You may consider the Certificate of Innocence *only* for the purpose of deciding whether Plaintiffs have met their burden of proof with respect to their respective malicious prosecution claims" (emphasis added). This improperly limits the jury's consideration of the certificates of innocence, as explained in the parties' briefing in motions *in limine* on the admissibility of this evidence. The better approach is to instruct the jury as this Court did in *Bolden*, in which it said, "You may consider the Certificate of Innocence when deciding the issues in this case, including whether [the plaintiff]'s criminal proceeding was terminated in his favor in a manner indicative of innocence." *Bolden v. Pesavento*, No. 17 C 417, Dkt. 599 at 38 (N.D. Ill. Oct. 27, 2021).

Second, in the middle of one sentence of the cautionary instruction, Defendants insert "…including, to the extent necessary, the plaintiffs' innocence or guilt with respect to the underlying criminal case…" This is a confusing addition, and it will confuse the jury. Certainly that is an issue in the case; certainly it is one on which the certificate of innocence is probative; certainly other evidence will inform the jury's consideration. But that sentence is intended to communicate to the jury that it has heard all the evidence and should decide the case based on that evidence, and not the conclusions of other people. Inserting one issue of many in the middle of the sentence obscures that point.

Third, the second-to-last sentence should be eliminated because it does no work and describes only a portion of the issues that the Court will instruct the jury to decide. It's not necessarily incorrect, but the Court will have in the previous sentence instructed the jury that the state court did not decide the torts at issue in this case, and it does not make sense to identify some but not all of those issues.

**ISSUES**

The Plaintiffs in this case are Arturo DeLeon-Reyes and Gabriel Solache. I will refer to them as Plaintiffs. The Individual Defendants in this case include: Reynaldo Guevara, Ernest Halvorsen, deceased, Daniel Trevino, Edwin Dickinson, and Robert Rutherford who are former Chicago police officers. and the City of Chicago. I will refer to them as the Individual Defendants. Plaintiffs also have named The City of Chicago as a Defendant. I will refer to it as The City of Chicago.

Plaintiffs bring the following claims:

First, Individual Defendants violated Plaintiffs' rights under the Fifth Amendment by coercing them to confess to murder and kidnapping;

Second, Individual Defendants violated Plaintiffs' rights under the Fourteenth Amendment by fabricating evidence that was used against them at their criminal trials;

Third, Individual Defendants violated Plaintiffs' rights under the Fourteenth Amendment by suppressing certain material exculpatory evidence; and

Fourth, Individual Defendants maliciously prosecuted Plaintiffs;

Fifth, Individual Defendants intentionally inflicted emotional distress on Plaintiffs;

Sixth, Individual Defendants conspired amongst each other to maliciously prosecute Plaintiffs and/or intentionally inflict emotional distress; and

Seventh, Defendant City of Chicago had a policy that caused the suppression material exculpatory evidence.[1]

Defendants deny each and every one of these claims.

I shall now discuss each of these claims in turn.

**Defendants' Proposed Instruction No. __**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

Source: Plaintiffs' Complaints and Order on Summary Judgment.

---

[1] Issue Eight is conditional on whether the *Monell* claim is bifurcated for trial.

**Plaintiffs' Objections:** Plaintiffs object to this instruction on several grounds. First, this instruction improperly proposes instructing the jury about the facts and not the law. The Court is not a fact finder, cannot find facts instead of the jury, and has not found facts thus far in the case. Instructing the jury on particular facts would violate the Seventh Amendment and would be contrary to the Supreme Court and Seventh Circuit authorities. On these points, Plaintifs incorporates their arguments in response to Defendants' Motion *In Limine* regarding issues supposedly "decided" at summary judgment. While Seventh Circuit Pattern Jury Instruction 2.05, contemplates stipulations of fact, Plaintiffs have not stipulated to any of these facts. Nor did the Court's prior rulings "resolve" any of these claims. The conclusion that Plaintiffs did not adequately plead a claim or adequately support a claim at summary judgment does not constitute a factual finding that the facts underlying that claim are false. Second, several of the claims listed in the instruction are incomplete or incorrect statements of the law, as discussed in the objections to the specific jury instructions describing Plaintiffs' claims below. Third, the instruction omits Plaintiffs' claims that they were deprived of liberty in violation of the Fourth Amendment. Fourth, the instruction omits Plaintiffs' failure-to-intervene claims. Fifth, the instruction omits *Monell* theories that survived summary judgment. Sixth, Defendants have omitted the claim against the City of Chicago for Respondent Superior from the list entirely, and Plaintiffs insist that this claim should be included because it accurately reflects that the claim is against the City of Chicago. Finally, Plaintiffs object to the statement in the first paragraph that the individual Defendants "include" particular Defendants because it implies improperly that there are other, unnamed individual Defendants.

Plaintiffs propose their competing jury instruction No. 16, which simply states the claims in the case without prejudicing the jury in favor of one party or the other. If the Court wishes to provide an issues instruction, Plaintiffs will propose one at trial once the claims and defendants that are going to the jury are finalized.

**COERCED CONFESSION**

Plaintiffs claim that the Individual Defendants violated their right against self-incrimination by coercing them each to confess to a crime. To succeed on this claim, the Plaintiff you are considering must prove each of the following four things by a preponderance of the evidence:

1. The Plaintiff you are considering gave a confession;

2. The confession was not made voluntarily by the Plaintiff you are considering, but rather was made involuntarily as a result of unlawful coercion by the Individual Defendant you are considering;

3. The coerced confession was used against the Plaintiff you are considering during his criminal case; and

4. The Plaintiff you are considering was damaged as a result.

The evaluation of whether a confession is unlawfully coerced involves consideration of the totality of the circumstances to determine whether the individual confessed voluntarily, of his own free will, or whether the police overrode his volition by unlawful means. Unlawful coercive conduct may include, for example, physical punishment and threats. Lawful coercive conduct may include, for example, accusatory questioning, informing the suspect of the nature of the evidence against him or the potential penalties of the offense, or actively misleading the suspect by, for example, falsely suggesting other evidence of guilt.

A statement is not involuntary merely because a person in police custody has made incriminating statements to a law enforcement officer implicating himself or others in criminal activity. Coercion emanating from sources other than illegal coercion do not render a statement involuntary.

If you find that the Plaintiff you are considering has proved each of these things by a preponderance of the evidence against the Individual Defendant you are considering, then you must decide for that Plaintiff against the Individual Defendant you are considering, and go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff you are considering has failed to prove any one of these things by a preponderance of the evidence against the Individual Defendants, then you must decide for the Individual Defendants, and you will not consider the question of damages unless you decide for Plaintiff you are considering on any of his other claims.

**Defendants' Proposed Instruction No. __**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

Source: Given in *Rios v. Guevara*, 22-CV-3973 (February 18, 2026)(modified for parties and claims of coercion); *Colorado v. Connelly,* 479 U.S. 157, 163–64 (1986)("While each confession case has turned on its own set of factors justifying the conclusion that police conduct was oppressive, all have contained a substantial element of coercive police conduct. Absent police conduct causally related to the confession, there is simply no basis for concluding that any state actor has deprived a criminal Defendant of due process of law…. We hold that coercive police activity is a necessary predicate to the finding that a confession is not "voluntary" within the meaning of the Due Process Clause of the Fourteenth Amendment… The sole concern of the Fifth Amendment, on which Miranda was based, is governmental coercion. Indeed, the Fifth Amendment privilege is not concerned 'with moral and psychological pressures to confess emanating from sources other than official coercion.' The voluntariness of a waiver of this privilege has always depended on the absence of police overreaching, not on 'free choice' in any broader sense of the word."); *Johnson v. Trigg*, 28 F.3d 639, 641 (7th Cir. 1994)("If all that was meant in deeming a confession coerced were that the efforts of the police had caused the Defendant to confess, in the (inadequate) sense that he would not have done so had it not been for those efforts, the concept of "coerced confession" would at least be free from ambiguity. But the concept is more limited. Custodial interrogation is permitted even though inherently coercive and doubtless responsible for many a confession, and in addition the courts allow interrogators in these already coercive custodial settings considerable latitude in playing on the guilt and fears of the person interrogated in order to extract a confession that he will shortly regret having given."); *United States v. Montgomery*, 555 F.3d 623, 632 (7th Cir. 2009)("Even if Heiser had told Montgomery that the other passengers implicated him, there is no rule finding such conduct necessarily coercive. In fact, precedent holds that a police officer may 'actively mislead' a suspect prior to obtaining a statement or confession so long as a rational decision remains possible."); *United States v. Sturdivant*, 796 F.3d 690, 697 (7th Cir. 2015)("'We have repeatedly held that a law-enforcement agent may actively mislead a Defendant in order to obtain a confession, so long as a rational decision remains possible.' We have also held that 'a lie that relates to the suspect's connection to the crime is the least likely to render a confession involuntary.'"); *United States v. Kontny*, 238 F.3d 815, 817 (7th Cir.2001) (trickery does not render confession inadmissible absent threats or promises by government agents)("[T]rickery is not automatically coercion. Indeed, the police commonly engage in such ruses as suggesting to a suspect that a confederate has just confessed or that police have or will secure physical evidence against the suspect. While the line between ruse and coercion is sometimes blurred, confessions procured by deceits have been held voluntary in a number of situations"); *United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990)("Harris objects that he was threatened with false and misleading evidence, but even if this is the case, it is well settled that police may use small deceptions while interrogating witnesses."); *Ray v. Duckworth*, 881 F.2d 512, 518 (7th Cir.1989)("An interrogating officer's act of merely informing the accused of the nature of the evidence implicating him, without more, does not constitute coercive police conduct."); *United States ex rel. Hall v. Director, Dep't of Corrections*, 578 F.2d 194 (7th Cir.1978)(no coercion when police told a suspect, wrongly, that co-Defendants had implicated him as the ringleader); *United States v. Hocking*, 860 F.2d 769, 775 (7th Cir.1988) (accusatory questioning not in itself coercive); *U.S. v. Navarro*, 90 F.3d 1245, 1256 (7th Cir. 1996)(holding that even overstating consequences of criminal penalties was not coercive; "Officer Siarkiewicz's statement that Mr. Navarro could get ten, twenty or thirty years in prison if he did not speak truthfully, while hyperbolic, cannot, in itself, be considered coercive."); *U.S. v. Gipson*, 2003 WL 23218114, at *3 (W.D.Wis. 2003)("As a legal matter, however, telling a suspect the potential sentence he faces if convicted-indeed, even overstating that sentence-is not, by itself, coercive."); *United States v. Braxton*, 112 F.3d 777, 782 (4th Cir.1997)(truthful statements about sentence suspect faces do not render statement involuntary); *United States v. Schaeuble*, No. 08-CR-148,

2008 WL 4810079, at *8 (E.D. Wis. Oct. 30, 2008)("Courts have generally held that the following practices are insufficiently coercive to constitute a Fifth Amendment violation: (1) promises of leniency; (2) confrontation of the accused with other evidence of guilt; and, (3) an interrogator's false or misleading statements.").

**Plaintiffs' Objections**: Plaintiffs object to Defendants' instruction and prefer their own version of this claim's elements instruction for several reasons. See Plaintiffs' Proposed Instruction No. 18. First, Defendants' version uses the word coercion rather than improper tactics. The word coercion is loaded and not every improper tactic is, by a lay definition, coercive. Second, Plaintiffs' instruction fully and neutrally explains what involuntary means. Defendants' does not—instead, it simply says what statements are *not* involuntary. Third, Defendants' proposed instructions provide only two examples of improper tactics, even though the law recognizes many more, which are included in Plaintiffs' proposed instruction. Fourth, and related, one of the couple improper tactics that Defendants do mention—what they call "physical punishment"—overstates the conduct that is illegal. A defendant uses illegal tactics *whenever* physical force is used during an interrogation to obtain a confession. Fifth, Defendants' examples of "lawful coercive conduct" are so categorically and vaguely described that they capture both lawful and unlawful conduct. For example, actively misleading a suspect can be illegal when false promises of leniency are made, *U.S. v. Villalpando*, 588 F.3d 1124, 1128 (7th Cir. 2009), lying about or fabricating the evidence against a suspect can constitute coercion, *Alexander v. DeAngelo*, 329 F.3d 912, 918 (7th Cir. 2003), and accusing a person with the aim of securing a confession at all costs is illegal, Spano v. New York, 360 U.S. 315, 324 (1959). In sum, Defendants' proposed instruction outlining what is okay and what is not would allow a jury to find for Defendants even if they found that plainly illegal tactics were being used. Plaintiffs' Proposed Instruction 18 and the law supporting that instruction demonstrate how the jury should be instructed on this issue.

**FABRICATION OF EVIDENCE**

Plaintiffs claim that the Individual Defendants violated their rights to a fair trial by fabricating evidence that was used against Plaintiffs at their criminal trials. To succeed on this claim, the Plaintiff you are considering must prove each of the following four things by a preponderance of the evidence:

1. The Individual Defendant you are considering knowingly fabricated this evidence against the plaintiff you are considering, meaning he created evidence he knew to be false, or, in other words, deliberately falsified evidence;

2. The evidence was used against the Plaintiff you are considering at his criminal trial;

3. The evidence was material, meaning there is a reasonable likelihood that the result in the criminal proceeding would have been different if the fabricated evidence was not used in the Plaintiff's criminal trial; and

4. The Plaintiff you are considering was damaged as a result.

If you find that the Plaintiff you are considering has proved each of these things by a preponderance of the evidence against the Individual Defendant you are considering, then you must decide for that Plaintiff against the Individual Defendant you are considering, and go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff you are considering has failed to prove any one of these things by a preponderance of the evidence against the Individual Defendants, then you must decide for the Individual Defendants, and you will not consider the question of damages unless you decide for Plaintiff you are considering on any of his other claims.

**Defendants' Proposed Instruction No. __**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

Source: Given in Rios v. Guevara, 22-CV-3973 (February 18, 2026)(modified for parties)

**Plaintiffs' Objection**: Plaintiffs object to Defendants' proposed instruction because the first element belabors the point and departs from the pattern's simple statement that the defendant

"knowingly fabricated evidence," suggesting that the knowledge requirement for this claim is something that the jury needs to find in multiple different ways before deciding that a defendant is liable. In addition, Plaintiffs object because the second element misstates the materiality standard, as the Supreme Court has made clear on multiple occasions. *Wearry v. Cain*, 577 U.S. 385 (2016); see also *Avery v. City of Milwaukee*, 847 F.3d 433 (7th Cir. 2017). Again, Plaintiffs' proposed instruction 19 is simpler, correctly states the law, and adheres more closely to the pattern jury instruction. Plaintiffs' proposed instruction 19 is simpler, correctly states the law, and adheres more closely to the pattern jury instruction.

## SUPPRESSION OF EVIDENCE

Plaintiffs claim that the Individual Defendants violated their right to a fair trial by failing to disclose exculpatory that was material to the Plaintiffs' defenses in the criminal case. To succeed on these claims, the Plaintiff you are considering must prove each of the following three things by a preponderance of the evidence:

1. The Individual Defendant you are considering knowingly concealed from the prosecutor exculpatory evidence, and that evidence was not otherwise available to the Plaintiff, through the exercise of reasonable diligence, to make use of at his criminal trial;

2. The evidence was material, meaning there is a reasonable likelihood that the result in the criminal proceeding would have been different if the evidence had been disclosed; and

3. The Plaintiff you are considering was damaged as a result.

"Exculpatory evidence" is evidence that tends to show that the accused is not guilty of the crime.

If you find that the Plaintiff you are considering has proved each of these things by a preponderance of the evidence against the Individual Defendant you are considering, then you must decide for that Plaintiff against the Individual Defendant you are considering, and go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff you are considering has failed to prove any one of these things by a preponderance of the evidence against the Individual Defendants, then you must decide for the Individual Defendants, and you will not consider the question of damages unless you decide for Plaintiff you are considering on any of his other claims.

**Defendants' Proposed Instruction No. __**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

Source: Seventh Circuit Pattern Jury Instruction 7.14; Given in Rios v. Guevara, 22-CV-3973 (February 18, 2026)(modified for parties and issues)

**Plaintiffs' Objection**: Plaintiffs object to Defendants' proposed instruction first because it omits the concept of suppression of *impeachment* evidence entirely, which is part of Plaintiffs' suppression claims. *Giglio v. United States*, 405 U.S. 150 (1972); *Jimenez v. City of Chicago*, 830 F. Supp. 2d 432, 445 (N.D. Ill. 2011).

In addition, Plaintiffs object because the first element of the proposed includes a discussion of "reasonable diligence," which is not an element of a civil evidence suppression claim. In their objections to Plaintiffs' proposed instructions, Defendants mistakenly suggest that reasonable diligence is an element of this claim that Plaintiffs must prove, and it appears that they have included this language in the first element reflecting that mistaken belief. Reasonable diligence is a *defense* that Defendants might raise to the *Brady* claim; the fact that evidence was available through the exercise of reasonable diligence merely means that the Defendants did not suppress it at all; it is not something that Plaintiffs must prove to succeed. See *Boss v. Pierce*, 263 F.3d 734, 740 (7th Cir. 2001); *Crivens v. Roth*, 172 F.3d 991, 996-97 (7th Cir. 1999) *United States v. Morris*, 80 F.3d 1151, 1168 (7th Cir. 1996); *Hampton v. City of Chicago*, 2017 WL 2985743, at *22 (N.D. Ill. July 13, 2017); *Jimenez*, 830 F. Supp. 2d at 445.

Moreover, if Defendants were to propose a separate instruction regarding reasonable diligence, Plaintiffs would object to that instruction as improper in this case. None of the evidence allegedly suppressed in this case was even remotely available through the exercise of reasonable diligence, as far as the case law governing that issue is concerned: A defense attorney acts with reasonable diligence so long as he attempts to obtain materials to which he has access. Materials are unavailable to a defense attorney if the defense attorney has less opportunity to obtain them. Reasonable diligence does not require a defense attorney to learn information contained within a witness's head. In addition, reasonable diligence does not require a defense attorney to extract truthful information from a witness who is lying. Nor does reasonable diligence require a defense attorney to determine whether police have caused a witness to provide misleading information. Lastly, reasonable diligence does not require a defense attorney to seek information that they had no reason to believe existed. *Boss*, 263 F.3d at 740-41; *Jimenez*, 830 F. Supp. 2d at 445.

Finally, Plaintiffs object again because the second element misstates the materiality standard, as the Supreme Court has made clear on multiple occasions. *Wearry v. Cain*, 577 U.S. 385 (2016); see also *Avery v. City of Milwaukee*, 847 F.3d 433 (7th Cir. 2017). Again, Plaintiffs' proposed instruction 19 is simpler, correctly states the law, and adheres more closely to the pattern jury instruction.

**MALICIOUS PROSECUTION**

Plaintiffs claim that the Individual Defendants maliciously prosecuted them. To succeed on this claim, the Plaintiff you are considering must prove the following five things by a preponderance of the evidence:

1. The Individual Defendant you are considering caused the commencement or continuation of the criminal proceeding against Plaintiff you are considering;

2. The Individual Defendant you are considering lacked probable cause for doing so;

3. The Individual Defendant you are considering acted with malice, that is, he commenced or continued the prosecution for a reason other than to bring a guilty party to justice;

4. The criminal proceeding against the Plaintiff you are considering was ultimately terminated in that Plaintiff's favor and in a manner indicative of innocence; and

5. The Plaintiff you are considering suffered harm as a result.

A defendant "commences or continues" a prosecution when the defendant was actively instrumental in causing the prosecution. While there is a presumption of prosecutorial independence, that is, that a prosecutor exercises independent judgment when deciding to charge someone with a crime and when deciding to continue prosecuting that charge, that presumption can be overcome where a defendant improperly exerted pressure on the prosecutor, knowingly provided false information to the prosecutor, concealed exculpatory evidence, or otherwise engaged in wrongful or bad-faith conduct instrumental in the initiation of the prosecution.

If you find that the Plaintiff you are considering has proved each of these things by a preponderance of the evidence against the Individual Defendant you are considering, then you must decide for that Plaintiff against the Individual Defendant you are considering, and go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff you are considering has failed to prove any one of these things by a preponderance of the evidence against the Individual Defendants, then you must decide for the Individual Defendants, and you will not consider the question of damages unless you decide for Plaintiff you are considering on any of his other claims.

**Defendants' Proposed Instruction No. __**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

Source: Given in Rios v. Guevara, 22-CV-3973 (February 18, 2026)(modified for parties and for separate probable cause instruction)

**Plaintiffs' Objections**: Plaintiffs object to this instruction because it misstates what it means to "commence or continue" a criminal prosecution, which is an issue that the Illinois Supreme Court has recently clarified, including in *Beaman v. Freesmeyer*, in which is required that juries be instructed that an officer commences or continues a criminal proceeding when the officer plays a significant role in causing it. 131 N.E.3d 488, 498 (2019).

In addition, Plaintiffs objects to Defendants' definition of malice, which is incomplete and inconsistent with Illinois law. Plaintiff's definition is more accurate.

Plaintiffs also object because Defendants do not contest that the proceedings against Plaintiff were terminated favorably, and the jury should be so instructed. Moreover, Plaintiff objects because the instruction subtly misstates the favorable termination element by requiring that the criminal proceedings "ultimately terminated in that Plaintiff's favor *and* in a manner indicative of innocence" (emphasis added), when those are not distinct elements that must be shown.

Finally, Plaintiff objects because the instruction improperly excludes the City as a defendant.

## PROBABLE CAUSE DEFINED

Probable cause is defined as a state of facts, in the prosecutor's mind, that would lead a person of ordinary caution and prudence to believe or entertain an honest and strong suspicion the person arrested is guilty of the offense for which he was charged.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right.

A reasonable ground for belief of the guilt of the accused may be based on information from other persons as well as on personal knowledge.  It is not necessary to verify the correctness of each item of information so obtained; it is sufficient to act with reasonable prudence and caution.

The inquiry focuses on the state of mind of the individual Defendant and the facts known to him at the time – not the actual facts of the case or the guilt or innocence of the accused. Neither the fact that Plaintiff was convicted, nor the fact that Plaintiff's criminal charges were vacated means by itself that the officers had or lacked probable cause.

**Defendants' Proposed Instruction No.** __
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source:* Seventh Circuit Pattern Jury Instruction 7.06 (modified); *Beaman v. Freesmeyer,* 2021 IL 125617, ¶ 84 (Ill. 2021); *Deon Patrick v. City of Chicago et al.*, 14 CV 3658 (April. 12, 2017) (Guzman, J.) (Dkt. No. 369 at 36); *Jordan v. City of Chicago et al.*, 08 CV 6902 (Mar. 15, 2012) (St. Eve, J.) (Dkt. No. 149 at 28) (modified to include "the fact that Plaintiff's conviction was subsequently vacated and that he received a certificate of innocence does not, by itself, mean that the officers lack probable cause to charge Plaintiff with murder."); *Kluppelberg v. Burge*, 84 F.Supp.3d 741, 747 (N.D.Ill. 2015) (noting that the jury may be instructed that the certificate of innocence is not conclusive of Plaintiff's innocence but merely evidence to be weighed along with all the evidence in the case.).

**Plaintiffs' Objections**: Plaintiffs object to entirely separate instructions being given on individual elements of any claim. Such instructions are entirely inappropriate, unnecessary, argumentative, and will confuse the jury beyond measure. Plaintiffs' Proposed Instruction No. 23 (and No. 20), which instructs the jury correctly defines probable cause in simple terms that the jury will more easily understand. If a more detailed instruction of probable cause is required, Plaintiffs submit the following competing proposed definition of probable cause:

> Probable cause exists if a reasonable person in the defendant's position would have believed that the plaintiff had committed the crime charged. In making this decision, you should consider what the defendant knew and any reasonably trustworthy information the defendant had received.

> In evaluating whether probable cause existed, you may consider whether the defendant closed his or her eyes to facts that would have helped clarify the circumstances of the crime. The defendants were responsible for pursuing all reasonable avenues of investigation, especially if it was unclear who committed the crime.

> Finally, fabricated evidence and false statements do not support probable cause. Such false evidence is demonstrated by showing that the defendant had obvious reasons to doubt the accuracy of the information reported, or failed to inform the courts and prosecutors of facts that they knew would negate probable cause.

*Franks v. Delaware,* 438 U.S. 154, 155-56 (1978); *Beck v. Ohio,* 379 U.S. 89, 91 (1964); *Alexander v. United States*, 721 F.3d 418, 423 (7th Cir. 2013); *Lawson v. Veruchi*, 637 F.3d 699 (7th Cir. 2011); *Fox v. Hayes*, 600 F.3d 819, 833-35 (7th Cir. 2010); *Jones v. City of Chicago*, 856 F.2d 985, 995 (7th Cir. 1988); *BeVier v. Hucal*, 806 F.2d 123, 128 (7th Cir. 1986); *see also Rodgers v. Peoples Gas*, 315 Ill. App. 3d 340, 348 (1st Dist. 2000); *Holmes v. Village of Hoffman Estates*, 511 F.3d 673, 679 (7th Cir. 2007).

**PROXIMATELY CAUSING THE COMMENCEMENT OR CONTINUATION OF A CRIMINAL PROCEEDING**

Criminal charges for murder and kidnapping are originally commenced and continued by prosecution through trial by prosecutors from the Cook County State's Attorney's Office not members of the Chicago Police Department. In this endeavor, prosecutors are presumed to exercise independent judgment in deciding whether or not to charge a person with murder or kidnapping and whether or not to continue prosecuting such charges thereafter. It is not enough for a Plaintiff seeking relief for malicious prosecution to establish an officer acted in bad faith or performed a wrongful act. Rather, in order to establish that a police officer has proximately caused or continued a criminal proceeding, you must first find that such police officer acted in manner which overcame this presumption of prosecutorial independence by improperly exerting pressure on prosecutors, knowingly providing misinformation to him or her, concealing exculpatory evidence, or otherwise engaging in wrongful or bad faith conduct instrumental in the initiation of the prosecution.

**Defendants' Proposed Instruction No. __**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Beaman v. Freesmeyer,* 2021 IL 125617, ¶ 84 (Ill. 2021)

**Plaintiffs' Objections**: Plaintiffs object to entirely separate instructions being given on individual elements of any claim. Such instructions are entirely inappropriate, unnecessary, argumentative, and will confuse the jury beyond measure. **First**, as the committee comments to the Seventh Circuit Pattern Civil Jury Instruction No. 1.30 explains, there is no consistent causation standard for federal and state claims. As a result, Plaintiffs advocate for a position that does not separately instruct the jury on a definition of causation, but instead relies on the causation instructions set out in each instruction regarding the claims at issue. Each of those instructions requires a jury finding of causation. Instructing the jury separately on causation risks confusing causation issues. Moreover, providing a separate causation instruction to the jury will improperly suggest that there this definition of causation must be met for each claim, when Defendants appear to be proposing a causation instruction only with respect to the Illinois law malicious prosecution claim.

 **Second**, Defendants appear to be attempting to suggest to the jury that they, as police officers, are not liable for things if state prosecutors are also in the chain of causation. This is a misstatement of the law, and to suggest as much would introduce reversible error into the case.

 The statutory text of §1983, common law principles governing proximate causation in civil rights cases, and binding Supreme Court and Seventh Circuit precedents all provide that police may be liable for causing foreseeable violations of constitutional rights, even if they are not the final actor in the chain of causation. Put simply, it is foundational that two or more state actors may help cause the same wrong and each be liable.

 Section 1983 was enacted to enforce the Fourteenth Amendment against state action "whether that action be executive, legislative, or judicial," *Mitchum v. Foster*, 407 U.S. 225, 240 (1972), and the statute provides: "Every person who … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. §1983 (emphasis added). This text "specifically provide[d] that A's tort became B's liability if B 'caused' A to subject another to a tort." *Monell v. New York Department of Social Services*, 436 U.S. 658, 692 (1978). That maps easily onto claims, like Plaintiffs', that police officer B caused Plaintiff to be subjected to a constitutional violation completed by prosecutor A.

 On the question of proximate causation, and *Monroe v. Pape*, 365 U.S. 167, 187 (1961), holds that § 1983 "should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions." In other words, proximate cause requires only "that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances." *Milwaukee & St. P.R. Co. v. Kellogg*, 94 U.S. 469, 475 (1876).

 Supreme Court decisions hold that this foreseeability rule applies with full force when the chain of causation involves multiple actors. Proximate cause "requires only some direct relation between the injury asserted and the injurious conduct alleged, and excludes only those links that are too remote, purely contingent, or indirect." *Staub v. Proctor Hospital*, 562 U.S. 411, 419 (2011) (cleaned up). When an "ultimate decisionmaker" exercises judgment between the initial actor and the injury, later in the chain of causation, the ultimate decisionmaker's exercise of judgment does not "automatically render[] the link to the [initial actor's alleged misconduct] 'remote' or 'purely contingent.'" Id. at 419-20. The later "decisionmaker's exercise of judgment is also a proximate cause," and it is "common for injuries to have multiple proximate causes." Id. "Nor can the ultimate decisionmaker's judgment be deemed a superseding cause of the harm. A cause can be thought 'superseding' only if it is a 'cause of independent origin that was not foreseeable.'" *Id.* at 420 (quoting *Exxon v. Sofec*, 517 U.S. 830, 837 (1996)). A prosecutor's participation later in the chain of causation or a defense counsel's inept facilitation of the prosecutor are just additional proximate causes of the constitutional injury, they are not unforeseeable, superseding causes that cut off police liability.

That is why Supreme Court § 1983 decisions amply demonstrate that police may be liable for violating core criminal trial rights, even though their conduct occurs prior to the criminal trial, and even though actions of other participants in the criminal justice system, including prosecutors and judges, subsequently complete the violation. *Malley v. Briggs* rejected the "no causation" argument that Defendants make, holding that an officer who submits a facially invalid affidavit can be liable for violating the Constitution even though it is a judge who later issues the arrest warrant. 475 U.S. 335, 345 n.7 (1986). "It should be clear . . . that the District Court's 'no causation' rationale in this case is inconsistent with our interpretation of § 1983," the Supreme Court said, concluding, "Since the common law recognized the causal link between the submission of a complaint and an ensuing arrest, we read § 1983 as recognizing the same causal link." Id.

Just as the judge in *Malley* did not break the chain of causation between the officer and the illegal arrest, the officer who fabricated evidence and caused a pretrial seizure in *Manuel v. Joliet* was potentially liable even though it was a judge who ordered the defendant detained, 580 U.S. 357, 366-69 (2017). The same was true in *Thompson v. Clark*, 596 U.S. 36, 40 (2022). Likewise, an officer who fabricates evidence before trial, may be liable when that evidence is later used at trial, even though the evidence is necessarily introduced via an immunized act and by immune witnesses. *Rehberg v. Paulk*, 566 U.S. 356, 370 n.1 (2012). Or when a prosecutor introduces a coerced confession obtained by the police. *Brown v. Mississippi*, 297 U.S. 278 (1936); *Chavez v. Martinez*, 538 U.S. 760, 766-67 (2003).

The principle extends to many other civil rights contexts. For example, where a state actor and municipality both proximately cause a single injury. *Canton v. Harris*, 489 U.S. 378, 385-92 (1989); *Monell*, 436 U.S. at 694-95. Or where a private actor is liable for civil rights violations after conspiring with the police and causing an arrest that the police execute. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). Or where an individual is liable for conspiring with a judge who illegally enters a court order, even though the judge is the only one with the power to enter the order and is immune from suit. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).

Nearly 40 years ago, in *Jones*, the Seventh Circuit pronounced, "If police officers have been instrumental in the plaintiff's continued confinement or prosecution, they cannot escape liability by pointing to the decisions of prosecutors or grand jurors or magistrates to confine or prosecute him." 856 F.2d at 994. Since then, the Court repeatedly has rejected Defendants' "no causation" argument. *Whitlock v. Brueggemann* held that "[t]he actions of an official who fabricates evidence that later is used to deprive someone of liberty can be both a but-for and proximate cause of the due process violation. Without the fabrication, the prosecuting attorney would have had no tainted evidence to introduce at trial." 682 F.3d 567, 583 (7th Cir. 2012). In *Fields v. Wharrie*, the Court refused to overrule *Whitlock*, holding that an investigator does not escape liability merely because fabricated evidence is not introduced by that investigator at the later criminal trial. 740 F.3d 1107, 1113 (7th Cir. 2014) ("He who creates the defect is responsible for the injury that the defect foreseeably causes later."). In *Avery v. Milwaukee,* the Court reaffirmed this point, holding that where an absolutely immune actor introduces fabricated evidence, the resulting constitutional violation is not only the foreseeable result of the police fabrication of that evidence, it is "the whole point." 847 F.3d 433, 443 (7th Cir. 2017).

**Third**, jury instructions should not argue the case for the parties, and the Defendants addition of the following language is rank argument on behalf of the Defendants: "In this endeavor, prosecutors are presumed to exercise independent judgment in deciding whether or not to charge a person with murder or kidnapping and whether or not to continue prosecuting such charges thereafter. It is not enough for a Plaintiff seeking relief for malicious prosecution to establish an officer acted in bad faith or performed a wrongful act. Rather, in order to establish that a police officer has proximately caused or continued a criminal proceeding, you must first

find that such police officer acted in manner which overcame this presumption of prosecutorial independence by improperly exerting pressure on prosecutors, knowingly providing misinformation to him or her, concealing exculpatory evidence, or otherwise engaging in wrongful or bad faith conduct instrumental in the initiation of the prosecution."

**Fourth**, if the Court decides to give a separate instruction on causation, Plaintiffs submit that it should be the language from the long form Illinois Pattern Instruction, which is should make clear applies *only* to the Illinois malicious prosecution claim:

> In these instructions, you have been asked whether any of the Defendants' actions caused the harm to the Plaintiff. This question does not ask about "the" cause but rather "a" cause because a harm may have more than one cause. Someone's act caused the harm if it was a substantial factor in producing the harm. A harm may be caused by one person's act or by the combined acts of two or more people.

> It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in harm.

> When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

See Dkt. 887 at 48 (Jury Instruction on causation), given in June 2021 in *Andersen v. City of Chicago*, No. 16-cv-1963 (N.D. Ill.) (Kendall, J.); Illinois Pattern Instruction 15.01.

**MALICIOUS PROSECUTION-MALICE DEFINED**

For the purposes of Plaintiffs' malicious prosecution claims, Illinois law defines malice as the intent, without justification or excuse, to commit a wrongful act. In order to find malice, you must find that the criminal proceeding commenced against the Plaintiff you are considering was commenced or continued by the Individual Defendant you are considering for the purpose of injuring that Plaintiff or for some purpose other than to prove that the Plaintiff you are considering committed a criminal offense.

A Defendant commences or continues a criminal proceeding with malice if the Defendant commences or continues the criminal proceeding with an improper motive, or a reason other than to bring the person against whom the criminal proceeding is commenced to justice. Malice may be inferred from the absence of probable cause if the circumstances that surrounded the starting of the criminal proceeding are not consistent with good faith, and if the absence of probable cause has been clearly proved. Malice may not be inferred where probable cause exists.

**Defendants' Proposed Instruction No. __**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

Source: *Fuery v. City of Chicago et al.*, 07 CV 05428 (Dec. 16, 2015) (Ellis J.) (Dkt. No. 425 at 40); *Daniels v. City of Chicago et al.*, 08 CV 6832 (Feb. 15, 2013) (St. Eve J.) (Dkt. No. 252 at 33) (modified). *See Aguirre v. City of Chicago*, 2008 WL 943783 (Ill.App.1st Dist. May 1, 2008); *Turner v. City of Chicago*, 91 Ill.App.3d 931, 937 (1st Dist. 1980).

**Plaintiffs' Objections**: Plaintiffs object to entirely separate instructions being given on individual elements of any claim. Such instructions are entirely inappropriate, unnecessary, argumentative, and will confuse the jury beyond measure. Plaintiff's Proposed Instruction No. 23, which instructs the jury correctly defines malice in simple terms that the jury will more easily understand. If a more detailed instruction of malice is required, Plaintiffs submit the following competing proposed definition of malice:

> Malice is the intention to commit a wrongful act.

> A defendant acts with malice if he or she acts for any reason other than to prosecute the actual perpetrator of the crime charged.

> You may infer that a defendant acted with malice if there is an absence of probable cause and if the circumstances that surrounded the start of the criminal proceeding are not consistent with good faith.

Source: *Denton v. Allstate Insurance Co.*, 152 Ill. App. 3d 578, 587 (1st Dist. 1986); *Turner v. City of Chicago*, 91 Ill. App. 3d 931, 937 (1st Dist. 1980); *Magnus v. Cock Robin Ice Cream, Inc.*, 52 Ill. App.3d 110, 117 (1st Dist. 1977); *Aleman v. Village of Hanover Park*, 2011 WL 5865654, *8 (7th Cir. Nov. 21, 2011) ("On a malicious prosecution claim under Illinois law, an inference of malice may be drawn from an absence of probable cause); *Gauger v. Hendle*, 954 N.E.2d 307, 333 (Ill. App. 2 Dist. 2011) (The term malice is not limited to personal ill-will, spite, or hatred toward plaintiff. Instead, malice may be inferred from the absence of probable cause, if the circumstances surrounding the commencement of the criminal proceeding are inconsistent with good faith and if the absence of probable cause has been clearly proved."); *Turner v. City of Chicago*, 415 N.E.2d 481, 487 (Ill. App. 1980) ("Malice may be inferred from want of probable cause when the circumstances are inconsistent with good faith by the prosecutor and where the want of probable cause has been clearly proved.").

**INTERVENING CAUSATION**

Defendants are not liable for any acts or failures to act if such acts or failure to act was broken by an intervening cause. An intervening cause is an independent event which breaks the connection between the defendant's act and the plaintiff's injury. An intervening cause breaks the chain of events so that the defendant's original act or failure to act is not a cause of the plaintiff's injury. For example, Defendants are not liable for any acts or failure to act of prosecutors in offering, disclosing, or relying on evidence at a criminal trial unless absent pressure or influence exerted by a Defendant, or knowing misstatements made by the Defendant to the prosecutor.

**Defendants' Proposed Instruction No. __**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

Source: *Rehberg v. Paulk*, 566 U.S. 356, 372 (2012); *Blackmon v. Jones*, 132 F.4th 522, 525 (7th Cir. 2025)("A prosecutor's use of evidence at trial is a weak ground of liability for police officers. The people who make the decisions—prosecutors and judges—are outside police officers' control and cannot be liable. A prosecutor has absolute immunity for acts during trial. The judge too has absolute immunity. The three defendant officers had absolute immunity for their testimony. These immunities create a temptation to drop liability on the head of someone who might be ordered to pay damages: an officer in his capacity as an investigator. But since an investigating officer is not responsible for the decisions of the prosecutor and the judge, without which there could not have been a problem under the Due Process Clause, it is hard to see why damages would be appropriate."); *Simon v. Northwestern University*, 175 F.Supp.3d 973, 982 (N.D. Ill., 2016) *citing Randall v. Lemke*, 311 Ill. App. 3d 848, 851 (Ill. App. Ct. 2000); *Szczesniak v. CJC Auto Parts, Inc.*, 2014 IL App (2d) 130636, ¶ 13 (2d. Dist. 2014)(investigation into criminal conduct which occurred after alleged false statements to police broke chain of causation and defeated malicious prosecution claim); *Beck v. City of Chicago*, 2020 WL 7353405, at *7 (N.D. Ill. 2020); *see also Roggow v. Mineral Processing Corp., Needmore Processing Div.*, 894 F.2d 246, 249 (7th Cir. 1990); *Mesman v. Crane Pro Services*, 2006 WL 8453050, at *7 (N.D. Ind., 2006).

**Plaintiffs' Objections**: Plaintiffs object to entirely separate instructions being given on individual elements of any claim. Such instructions are entirely inappropriate, unnecessary, argumentative, and will confuse the jury beyond measure. **First**, as the committee comments to the Seventh Circuit Pattern Civil Jury Instruction No. 1.30 explains, there is no consistent causation standard for federal and state claims. As a result, Plaintiffs advocate for a position that does not separately instruct the jury on a definition of causation, but instead relies on the causation instructions set out in each instruction regarding the claims at issue. Each of those instructions requires a jury finding of causation. Instructing the jury separately on causation risks confusing causation issues. Moreover, providing a separate causation instruction to the jury will improperly suggest that there this definition of causation must be met for each claim, when Defendants appear to be proposing a causation instruction only with respect to the Illinois law malicious prosecution claim.

**Second**, Defendants appear to be attempting to suggest to the jury that they, as police officers, are not liable for things if state prosecutors are also in the chain of causation. This is a misstatement of the law, and to suggest as much would introduce reversible error into the case.

The statutory text of §1983, common law principles governing proximate causation in civil rights cases, and binding Supreme Court and Seventh Circuit precedents all provide that police may be liable for causing foreseeable violations of constitutional rights, even if they are not the final actor in the chain of causation. Put simply, it is foundational that two or more state actors may help cause the same wrong and each be liable.

Section 1983 was enacted to enforce the Fourteenth Amendment against state action "whether that action be executive, legislative, or judicial," *Mitchum v. Foster*, 407 U.S. 225, 240 (1972), and the statute provides: "Every person who … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. §1983 (emphasis added). This text "specifically provide[d] that A's tort became B's liability if B 'caused' A to subject another to a tort." *Monell v. New York Department of Social Services*, 436 U.S. 658, 692 (1978). That maps easily onto claims, like Plaintiffs', that police officer B caused Plaintiff to be subjected to a constitutional violation completed by prosecutor A.

On the question of proximate causation, and *Monroe v. Pape*, 365 U.S. 167, 187 (1961), holds that § 1983 "should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions." In other words, proximate cause requires only "that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances." *Milwaukee & St. P.R. Co. v. Kellogg*, 94 U.S. 469, 475 (1876).

Supreme Court decisions hold that this foreseeability rule applies with full force when the chain of causation involves multiple actors. Proximate cause "requires only some direct relation between the injury asserted and the injurious conduct alleged, and excludes only those links that are too remote, purely contingent, or indirect." *Staub v. Proctor Hospital*, 562 U.S. 411, 419 (2011) (cleaned up). When an "ultimate decisionmaker" exercises judgment between the initial actor and the injury, later in the chain of causation, the ultimate decisionmaker's exercise of judgment does not "automatically render[] the link to the [initial actor's alleged misconduct] 'remote' or 'purely contingent.'" Id. at 419-20. The later "decisionmaker's exercise of judgment is also a proximate cause," and it is "common for injuries to have multiple proximate causes." Id. "Nor can the ultimate decisionmaker's judgment be deemed a superseding cause of the harm. A cause can be thought 'superseding' only if it is a 'cause of independent origin that was not foreseeable.'" *Id.* at 420 (quoting *Exxon v. Sofec*, 517 U.S. 830, 837 (1996)). A prosecutor's participation later in the chain of causation or a defense counsel's inept facilitation of the prosecutor are just additional proximate causes of the constitutional injury, they are not unforeseeable, superseding causes that cut off police liability.

That is why Supreme Court § 1983 decisions amply demonstrate that police may be liable for violating core criminal trial rights, even though their conduct occurs prior to the criminal trial, and even though actions of other participants in the criminal justice system, including prosecutors and judges, subsequently complete the violation. *Malley v. Briggs* rejected the "no causation" argument that Defendants make, holding that an officer who submits a facially invalid affidavit can be liable for violating the Constitution even though it is a judge who later issues the arrest warrant. 475 U.S. 335, 345 n.7 (1986). "It should be clear . . . that the District Court's 'no causation' rationale in this case is inconsistent with our interpretation of § 1983," the Supreme Court said, concluding, "Since the common law recognized the causal link between the submission of a complaint and an ensuing arrest, we read § 1983 as recognizing the same causal link." Id.

Just as the judge in *Malley* did not break the chain of causation between the officer and the illegal arrest, the officer who fabricated evidence and caused a pretrial seizure in *Manuel v. Joliet* was potentially liable even though it was a judge who ordered the defendant detained, 580 U.S. 357, 366-69 (2017). The same was true in *Thompson v. Clark*, 596 U.S. 36, 40 (2022). Likewise, an officer who fabricates evidence before trial, may be liable when that evidence is later used at trial, even though the evidence is necessarily introduced via an immunized act and by immune witnesses. *Rehberg v. Paulk*, 566 U.S. 356, 370 n.1 (2012). Or when a prosecutor introduces a coerced confession obtained by the police. *Brown v. Mississippi*, 297 U.S. 278 (1936); *Chavez v. Martinez*, 538 U.S. 760, 766-67 (2003).

The principle extends to many other civil rights contexts. For example, where a state actor and municipality both proximately cause a single injury. *Canton v. Harris*, 489 U.S. 378, 385-92 (1989); *Monell*, 436 U.S. at 694-95. Or where a private actor is liable for civil rights violations after conspiring with the police and causing an arrest that the police execute. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). Or where an individual is liable for conspiring with a judge who illegally enters a court order, even though the judge is the only one with the power to enter the order and is immune from suit. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).

Nearly 40 years ago, in *Jones*, the Seventh Circuit pronounced, "If police officers have been instrumental in the plaintiff's continued confinement or prosecution, they cannot escape liability by pointing to the decisions of prosecutors or grand jurors or magistrates to confine or prosecute him." 856 F.2d at 994. Since then, the Court repeatedly has rejected Defendants' "no causation" argument. *Whitlock v. Brueggemann* held that "[t]he actions of an official who fabricates evidence that later is used to deprive someone of liberty can be both a but-for and proximate cause of the due process violation. Without the fabrication, the prosecuting attorney would have had no tainted evidence to introduce at trial." 682 F.3d 567, 583 (7th Cir. 2012). In *Fields v. Wharrie*, the Court refused to overrule *Whitlock*, holding that an investigator does not escape liability merely because fabricated evidence is not introduced by that investigator at the later criminal trial. 740 F.3d 1107, 1113 (7th Cir. 2014) ("He who creates the defect is responsible for the injury that the defect foreseeably causes later."). In *Avery v. Milwaukee*, the Court reaffirmed this point, holding that where an absolutely immune actor introduces fabricated evidence, the resulting constitutional violation is not only the foreseeable result of the police fabrication of that evidence, it is "the whole point." 847 F.3d 433, 443 (7th Cir. 2017).

**Third**, jury instructions should not argue the case for the parties, and the Defendants addition of the following language is rank argument on behalf of the Defendants: "For example, Defendants are not liable for any acts or failure to act of prosecutors in offering, disclosing, or relying on evidence at a criminal trial unless absent pressure or influence exerted by a Defendant, or knowing misstatements made by the Defendant to the prosecutor."

**UNDERLYING CRIMINAL OFFENSES CHARGED**

Plaintiffs were charged in their underlying criminal cases with the offenses of murder, kidnapping, and home invasion.

A person commits the offense of murder when he, or one for whose conduct he is legally responsible, kills an individual without lawful justification if, in performing the acts which cause the death, he intends to kill or do great bodily harm to that individual; or he knows that such acts will cause death to that individual; or he knows that such acts create a strong probability of death or great bodily harm to that individual.

A person commits the offense of kidnapping when he or one for whose conduct he is legally responsible knowingly and secretly confines another person against his or her will. Confinement of a child under the age of 13 years is deemed to be against his or her will if his or her parent or legal guardian has not consented to the confinement.

A person commits the offense of home invasion when he or one for whose conduct he is legally responsible, not being a police officer acting in the line of duty, without authority, knowingly enters the dwelling place of another when he knows or has reason to know that one or more persons is present, and while armed with a dangerous weapon he uses force upon any person within the dwelling place, whether or not injury occurs.

A person is legally responsible for the conduct of another person when, either before or during the commission of an offense, and with the intent to promote or facilitate the commission of that offense, he knowingly solicits, aids, abets, agrees to aid, or attempts to aid the other person in the planning or commission of an offense. The word "conduct" includes any criminal act done in furtherance of the planned and intended act.

A person who is legally responsible for the conduct of another may be convicted of the offense committed by the other person even though the other person, who it is claimed committed the offense, is not amenable to justice or has not been prosecuted.

**Defendants' Proposed Instruction No. __**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

Source: Instructions given in Plaintiffs' underlying criminal prosecutions. See Bates No.s Bluhm015821-015859; JR-JJ 056968-56993

**Plaintiffs' Objections**: It would be wholly inappropriate for the Court to instruct the jury in this federal civil rights case as if the jury were charged with deciding the underlying criminal case against the Plaintiffs. The jury is not tasked with deciding any issue that requires an instruction on Illinois criminal law. Plaintiffs' convictions on those charges have been set aside and they have been granted certificates of innocence. The Supreme Court and Seventh Circuit have held clearly that the criminal proceedings have no force or effect in this case. *Thompson v. Clark*, 596 U.S. 36, 40 (2022); *Evans v. Katalinic*, 445 F.3d 953, 955-56 (7th Cir. 2006). Defendants do not cite any support or make any argument about why they are proposing such an instruction (they merely tell the Court that these are the instructions from the underlying criminal case). It's not clear what the jury would be asked to do with this instruction; it's not obvious how this instruction even fits with any of the instructions offered; and Plaintiffs' counsel have never encountered such an instruction in a wrongful conviction trial. The Court should reject this proposed instruction.

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

In this case, Plaintiff claims that Defendants committed intentional infliction of emotional distress against her. To succeed on her claim of intentional infliction of emotional distress, Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.    That a particular Defendant's conduct toward Plaintiff was extreme and outrageous; and

2.    That a particular Defendant intended to inflict emotional distress, or acted knowing that emotional distress was certain, or substantially certain, to result from his conduct, or acted in deliberate disregard of a high probability that emotional distress would follow; and

3.    Plaintiff experienced severe emotional distress; and

4.    Defendant's conduct caused Plaintiff's emotional distress; and

5.    That the Defendant's conduct was willful and wanton.

If you find that the Plaintiff you are considering has proved each of these things by a preponderance of the evidence against the Individual Defendant you are considering, then you must decide for that Plaintiff against the Individual Defendant you are considering, and go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff you are considering has failed to prove any one of these things by a preponderance of the evidence against the Individual Defendants, then you must decide for the Individual Defendants, and you will not consider the question of damages unless you decide for Plaintiff you are considering on any of his other claims.

**Defendants' Proposed Instruction No. __**
_____ Given
_____ Rejected
_____Withdrawn
_____ Objected to

Source: Illinois Forms of Jury Instruction § 46.01; *Hurt v. Cook Cnty. Sheriff's Office*, 2025 WL 2785366, at \*11 (N.D.Ill. 2025); 745 Ill. Comp. Stat. 10/2-208; 745 Ill. Comp. Stat. 10/2-201; 745 Ill. Comp. Stat. 10/2-202.

**Plaintiffs' Objections:** Plaintiffs object because the second element in Defendants' proposed instruction misstates the mental state multiple times in a way that will confuse the jury. Plaintiffs must show that a Defendant intended to inflict emotional distress or knew there was a high probability that his conduct would cause emotional distress. See Plaintiffs' Proposed Instruction No. 23 (citing *Adams v. Sussman & Hertzberg*, 684 N.E.2d 935 (1st Dist. 1997). Defendants litter that standard with additional mental states—"certain," "substantially certain," "deliberately disregarded"—none of which add anything to the mental state. In addition, Plaintiffs object to the fourth element because it is merely duplicative of the causation instruction in the third element. Plaintiffs also object to the fifth element because all conduct that satisfies the elements of intentional infliction in Illinois is by definition willful. Finally, Plaintiffs object because the instruction improperly excludes the City as a defendant.

Plaintiffs propose their competing jury instruction No. 24, which correctly states Illinois law. See also *Adams*, 684 N.E.2d 935.

**EXTREME AND OUTRAGEOUS CONDUCT – DEFINED**

"Extreme and outrageous" conduct means conduct that is so outrageous, so extreme as to go beyond all bounds of decency in a civilized society, and is such that the intensity and duration of the distress inflicted is so severe than no person of ordinary sensibilities could be expected to endure it. An arrest supported by probable cause cannot support a finding of extreme and outrageous conduct.

**Defendants' Proposed Instruction No. __**
_____ Given
_____ Rejected
_____Withdrawn
_____ Objected to

*Source: Smith v. Cook County Sheriff, et al.,* 04-3563 (Castillo, J., 2007 trial); *Clarita Anderson v. City of Chicago, et al., Case No. 07 C 1378 (Guzman, J.); Milton v. Illinois Bell,* 101 Ill. App. 3d 75, 427 N.E. 2d 829, 832 (1st Dist. 1981); *Larsen v. Elk Grove Village, Ill.*, 433 Fed.Appx. 470 (7th Cir. 2011); *Felder v. City of Chicago*, 2009 WL 742774 (N.D.Ill. 2009).

**Plaintiffs' Objections**: Plaintiffs propose their competing jury instruction No. 24. Plaintiffs do not believe that the jury needs a separate instruction on what extreme and outrageous means, given that those terms are intended to have their common meaning. In addition, this definition of extreme and outrageous conduct implies an objective standard, which, contrary to the law, would not permit the jury to consider Defendants' state of mind or their abuse of their official authority, as recent cases have instructed. *See Sun v. Xu*, 99 F.4th 1007, 1013 (7th Cir. 2024) ("The Illinois Supreme Court has identified three non-exclusive factors that inform whether conduct is extreme and outrageous. First, the extreme and outrageous nature of the conduct may arise from defendant's "abuse of some position that gives him authority over the plaintiff or the power to affect the plaintiff's interests. Second, courts consider the reasonableness of a defendant's belief that his objective is legitimate. Third, courts evaluate whether the defendant is aware that the plaintiff is particularly susceptible to emotional distress.") (internal citations omitted). In addition, Defendants proposed standard is far too stringent and imposes a bar to liability that is not supported by the case law. "For conduct to be extreme and outrageous it must go 'beyond all bounds of decency' and be 'considered intolerable in a civilized community.'" *Fox v. Hayes*, 600 F.3d 819, 842 (7th Cir. 2010). Conduct is "extreme and outrageous" when "a defendant abused a position of authority." *Id.* "An average member in the community would consider it outrageous for police officers to falsely frame, arrest and imprison an innocent citizen." *Henry v. Ramos*, 1997 WL 610781, at *2 (N.D. Ill. 1997).

If the Court decides to give a separate instruction defining these terms, Plaintiffs submit the following:

"Extreme or outrageous" conduct is conduct that, under the circumstances, extends beyond the bounds of human decency and is considered intolerable in a civilized community.

In determining whether conduct is extreme and outrageous, you may consider the degree of power or authority that the defendants had over the plaintiffs; whether the defendants abused their authority whether the defendants reasonably believed that their conduct had a legitimate objective; or whether the plaintiffs were particularly susceptible to emotional distress because of some mental condition or state.

It is extreme and outrageous for police officers to falsely frame innocent citizens.

Source: Dkt. 887 at 46-47 (Jury Instruction on intentional infliction of emotional distress claim), given in June 2021 in *Andersen v. City of Chicago*, No. 16-cv-1963 (N.D. Ill.) (Kendall, J.) (modified); *Feltmeier v. Feltmeier*, 798 N.E.3d 75 (Ill. 2003); *Fox v. Hayes*, 600 F.3d 819, 842 (7th Cir. 2010); *Henry v. Ramos*, 1997 WL 610781, at *2 (N.D. Ill. 1997).

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS-
SEVERE EMOTIONAL DISTRESS – DEFINED**

Severe emotional distress includes highly emotional reactions, such as horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry and nausea. The distress suffered by the Plaintiff must be so severe that no reasonable person could be expected to endure it.

**Defendants' Proposed Instruction No. __**
_____ Given
_____ Rejected
_____Withdrawn
_____ Objected to

*Source: Smith v. Cook County Sheriff, et al., 04-3563 (Castillo, J., 2007 trial); Clarita Anderson v. City of Chicago, et al., Case No. 07 C 1378 (Guzman, J.); Milton v. Illinois Bell, 101 Ill. App. 3d 75, 427 N.E. 2d 829, 832 (1st Dist. 1981).*

**Plaintiffs' Objections**: Plaintiffs object to entirely separate instructions being given on individual elements of any claim. The jury should be able to rely on its common wisdom about what constitutes "severe emotional distress," consistent with the case law. *Fox v. Hayes*, 600 F.3d 819, 842 (7th Cir. 2010). In addition, it makes little sense to instruct the jury on an element that can hardly be disputed. If the jury finds that Defendants' conduct was extreme and outrageous, there is no argument that Plaintiffs did not suffer severe emotional distress in their decades-long imprisonment. See Restatement (Second) of Torts § 46 (1965) ("The intensity and the duration of the distress are factors to be considered in determining its severity. Severe distress must be proved; but in many cases the extreme and outrageous character of the defendant's conduct is in itself important evidence that the distress has existed."). Moreover, Defendants proposed standard is too vague to be helpful to the jury, in its statement that severe emotional distress "must be so severe that no reasonable person could be expected to endure it." While that is a correct general statement of the law, it does not describe the standard that must be met with any certainty, and the case law reflects that all sorts of distress fit the bill. See, e.g, *Sun v. Xu*, 99 F.4th 1007, 1016 (7th Cir. 2024) (explaining that reputational and financial harms can be enough). An instruction would have to list examples of the types of harms that constitute severe distress.

## STATE LAW CONSPIRACY

If you find in favor of the Plaintiff you are considering on his intentional infliction of emotional distress and/or malicious prosecution claims, then you should go on to consider that Plaintiff's state law conspiracy claim against the Defendants. However, if you decide for the Defendants and against the Plaintiff you are considering on that Plaintiff's intentional infliction of emotional distress and/or malicious prosecution claims, then you must decide in favor of the Defendants on plaintiff's fifth claim for state law conspiracy.

**Defendants' Proposed Jury Instruction No. __**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source:* *Thomas v. Fuerst*, 345 Ill.App.3d 929, 936 (1st Dist. 2004)("Conspiracy is not an independent tort."); *Indeck North American Power Fund, L.P. v. Norweb PLC*, 316 Ill.App.3d 416, 432 (1st Dist. 2000); *Time Savers, Inc. v. LaSalle Bank, N.A.*, 371 Ill.App.3d 759, 772-73 (2d Dist. 2007).

**Plaintiffs' Objections**: A separate instruction about when a jury should or should not consider a particular claim is inappropriate, given that both parties' proposed instructions for state-law conspiracy incorporate a definition that requires a finding of liability on other state torts. The duplication is unnecessary and serves only to impose an additional obstacle before finding Defendants liable, without any legal support for a separate instruction.

## STATE LAW CONSPIRACY

Plaintiffs claim that one or more of the Defendants conspired to intentionally inflict emotional distress on them and maliciously prosecute them under state law. To succeed on their state law conspiracy claims, the Plaintiff you are considering must prove the following elements by a preponderance of the evidence:

(1)     That one or more Defendants are guilty of committing intentional infliction of emotional distress and/or malicious prosecution of the Plaintiff you are considering;

(2)     The specific individual Defendant you are considering knowingly and intentionally entered into an agreement with one or more other persons to intentionally inflict emotional distress on the Plaintiff you are considering and/or maliciously prosecute the Plaintiff you are considering under state law;

(3)     Pursuant to such agreement, one or more of the participants in such agreement took an overt unlawful action in furtherance of an illegal agreement to intentionally inflict emotional distress on the Plaintiff you are considering and/or maliciously prosecute the Plaintiff you are considering under state law;

(4)     The Plaintiff you are considering was injured by an unlawful overt act performed by one or more parties to the agreement of the parties; and

If the Plaintiff you are considering relies upon circumstantial evidence to establish any of these elements, the Plaintiff you are considering must prove each element by both clear and convincing evidence as to the specific Defendant you are considering.

Under these circumstances, if you find that the Plaintiff you are considering has proved each of these things by both clear and convincing evidence as to the specific Individual Defendant you are considering, then you should find for the Plaintiff you are considering, and go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff you are considering has failed to prove any one of these things by a preponderance of the evidence against the Individual Defendants, then you must decide for the Individual Defendants, and you will not consider the question of damages unless you decide for Plaintiff you are considering on any of his other claims.

If the Plaintiff you are considering relies upon direct evidence to establish any of these elements, the Plaintiff you are considering must prove each element by a preponderance of the evidence as to the specific Individual Defendant you are considering. Under these circumstances, if you find that the Plaintiff you are considering has proved each of these things by a preponderance of the evidence as to the specific Individual Defendant you are considering, then you should find for the Plaintiff you are considering, and go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff you are considering has failed to prove any one of these things by a preponderance of the evidence against the Individual Defendants, then you must decide for the Individual Defendants, and you will not consider the question of damages unless you decide for Plaintiff you are considering on any of his other claims.

**Defendants' Proposed Jury Instruction No. __**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Redelmann v. Claire Sprayway, Inc.,* 375 Ill.App.3d 912 (1st Dist. 2007); *McClure v. Owens Corning Fiberglas Corp.*, 188 Ill.2d 102 (1999); *Tribune Co. v. Thompson*, 342 Ill. 503, 530, 174 N.E. 561 (1930); *In re Tiffany W.*, 2012 IL App (1st) 102492-B, 2012 WL 4243653 (1st Dist. 2012); *In re John R.*, 339 Ill.App.3d 778, 781 (5th Dist., 2003).

**Plaintiffs' Objections:** Plaintiffs object because Defendants' proposal badly misstates the law of conspiracy and is unnecessarily confusing. Among other things, Defendants' proposal incorrectly: (1) requires a finding of "guilt" in the first element, which is never a requirement in civil cases; (2) requires "knowing and intentional" entrance into an agreement in the second element, which is not a mental state requirement in the case law, which requires only that the conspirator enter an agreement with a particular purpose; (3) says in the third element that the overt act must be to commit the underlying tort, when in fact it merely must be an act in furtherance of the agreement; and (4) the fourth element too narrowly states the standard for damage, requiring that a particular overt act cause an injury, instead of requiring that the plaintiff was damaged by the defendants' actions.

Moreover, the Defendants propose paragraphs after the elements of the instruction that appear to require a different burden of proof depending on the type of evidence introduced. While there is some support for the application of a clear and convincing standard in Illinois courts for "exceptional cases . . . where there is a special need for a greater burden of proof either due to contrary presumptions or the potential unreliability of the evidence in question," *Banco Panamericano, Inc. v. Consortium Serv. Mgmt. Grp., Inc.*, No. 07C15, 2008 WL 4006764, at *13 (N.D. Ill. Aug. 26, 2008), civil conspiracy claims are generally subject to the same preponderance of evidence standard applied to other claims and can be proved by direct or circumstantial evidence, *LaSalle Bank Lake View v. Seguban*, 937 F. Supp. 1309, 1324 (N.D. Ill. 1996). The Court should not give a general instruction that imposes different burdens to one claim based on the type of evidence used in a case like this one, where there are not real concerns about the reliability of evidence of an agreement.

Finally, Plaintiffs object because the instruction improperly excludes the City as a defendant.

Plaintiffs propose a simpler, competing jury instruction No. 24, which sets out Illinois law, *Fritz v. Johnston*, 209 Ill.2d 302, 317 (2004); *see also Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502 (7th Cir. 2007).

# LIABILITY OF MUNICIPALITY[2]

If you find that either Plaintiff has proved a constitutional violation by a preponderance of the evidence, you must consider whether the City of Chicago is also liable to that Plaintiff. The City of Chicago is not responsible simply because it employed Defendant Officers.

To succeed on this claim, each Plaintiff must prove each of the following (*number of elements*) things by a preponderance of the evidence:

1.     Plaintiff's constitutional rights under the Fourteenth Amendment were violated when at least one of the Defendant Officers knowingly concealed material exculpatory evidence from the prosecutor;

2.     At the time, the City had a policy related to homicide investigative files. The term policy means *(Choose applicable definition)*:

- A written policy concerning homicide investigative files; and/or

- A custom of knowingly concealing police reports or handwritten notes resulting in the violation of individuals' Fourteenth Amendment rights that is persistent and widespread, so that it is the City of Chicago's standard operating procedure. A persistent and widespread pattern may be a custom even if the City of Chicago has not formally approved it, so long as Plaintiff proves that a policy-making official knew of the pattern and allowed it to continue.

3.   The policies as described in paragraph 2 caused the Plaintiff's Fourteenth Amendment violation, specifically the knowing concealment of material exculpatory evidence

**Defendants' Proposed Instruction No. _____**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.24 (modified)*

---

[2] This instruction is conditional on whether the *Monell* claim is bifurcated for trial.

**Plaintiffs' Objections:** Plaintiffs object to Defendants' instruction because it omits multiple *Monell* theories that the Court has decided already should go to trial. That is true both in Defendants' limitation of the theory to one about evidence suppression (when there is a theory about the City's failure to train, supervise, and discipline its officers that survived summary judgment); and in Defendants' limitation of the theories to express policy and widespread practice theories (when there are also action of final policymaker, policy cap, and failure to train, supervise, and discipline pathways to liability recognized under binding law). Compare Plaintiffs' proposed Instruction No. 22 and supporting case law, which accurately state the theories on which the jury should be instructed. See *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372 (7th Cir. 2017 (*en banc*); *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009); *Fields v. City of Chicago*, No. 10 C 1168 (N.D. Ill.).

In addition, Plaintiffs object because Defendants' instruction attempts to instruct the jury on the facts, not the law. Jury instructions should not be limited to particular factual accounts that one party favors. Moreover, for all the reasons explained in Plaintiff's response to Defendants' Motion In Limine regarding issues "decided" at summary judgment, which Plaintiffs incorporate here, Defendants cannot ask the Court to find facts and then dictate those facts to the jury.

## LIABILITY OF MUNICIPALITY
## FOR FAILURE TO DISCIPLINE[3]

To succeed on his claim against the City of Chicago for a policy of failure to discipline its officers, Plaintiff must prove each of the following (*number of elements*) things by a preponderance of the evidence:

1.        The City of Chicago's disciplinary program was not adequate to prevent its detectives to properly handle the creation, maintenance and production of information learned during homicide investigations;

2.        [*Official/Policymaker/Policymaking Body*] knew that it was highly predictable that material exculpatory evidence would be suppressed in violation of the Fourteenth Amendment without [more/different discipline] of its detectives, because there was a pattern of similar constitutional violations; and

3.   The City of Chicago's failure to adequately discipline its detectives caused at least one of the Defendant Officers to suppress material exculpatory evidence in violation of Plaintiff's Fourteenth Amendment rights.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for that Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

**Defendants' Proposed Instruction No. ____**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.25* (modified)

---

[3] This instruction is provisional only. In the City's view this Court's ruling on summary judgment foreclosed this avenue of liability. This instruction is also conditional on whether the *Monell* claim is bifurcated for trial.

**Plaintiffs' Objections**: Plaintiffs object for all of the reasons expressed in response to Defendants' Proposed Instruction No. XX (the first *Monell* instruction), directly above.

**CLEAR AND CONVINCING EVIDENCE**

When I say that a particular party must prove something by "clear and convincing evidence," this is what I mean: When you have considered all of the evidence, you are convinced that it is highly probable that it is true and have no reasonable doubt that it is true.

This is a higher burden of proof than "more probably true than not true." Clear and convincing evidence must persuade you that it is "highly probably true."

**Defendants' Proposed Jury Instruction No. __**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Sev. Cir. Patt. Jur. Instr. No.* 1.28

**Plaintiffs' Objections**: This instruction should not be given because none of the claims at issue in this case is subject to a clear and convincing evidentiary burden of proof, and Defendants do not identify any claim might be subject to such an evidentiary standard.

**DAMAGES: COMPENSATORY**

If you find in favor of the Plaintiff you are considering on one or more of that Plaintiff's claims, then you must determine the amount of money that will fairly compensate that Plaintiff for any injury that you find he sustained as a direct result of the conduct of the Defendant that you are considering.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

a. The physical and mental and emotional pain and suffering and disability or loss of a normal life that the Plaintiff you are considering has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental and emotional pain and suffering or disability or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff you are considering for the injury he has sustained.

If you return a verdict for Plaintiff, but Plaintiff has failed to prove compensatory damages, then you must award nominal damages of $1.00.

**Defendants' Proposed Jury Instruction No. __**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Sev. Cir. Patt. Jur. Instr. No. 7.26 (modified).*

**Plaintiffs' Objections:** Plaintiffs object because an instruction that the jury should award nominal damages in a case like this one is wholly inappropriate. Comment (f) to pattern instruction 7.26 states that a nominal damages instruction "is not appropriate unless it is a 'true no-injury case.'" These are not no-injury cases. In addition, Defendants' instruction omits Plaintiffs' loss of liberty as a category of damages. Plaintiffs propose their competing jury instruction No. 27, which correctly instructs the jury on the law of compensatory damages and all categories of damages. Finally, Plaintiffs object to the part of the instruction that says "as a direct result of the conduct of the Defendant that you are considering." The Seventh Circuit has been clear that damages should not be apportioned by claim or by defendant. *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 311-12 (7th Cir. 2010). Instead, damages resulting from wrongful conduct should be awarded as a whole. *Id.*

**DAMAGES: PUNITIVE**

If you find a Plaintiff, you may, but are not required to, assess punitive damages against the Individual Defendant you are considering. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to the Individual Defendant and others not to engage in similar conduct in the future.

The Plaintiff you are considering must prove by a preponderance of the evidence that punitive damages should be assessed against the Individual Defendant you are considering. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring the Plaintiff you are considering. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, the Individual Defendant you are considering simply did not care about Plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party.

In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- The financial condition of the Individual Defendant you are considering;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

**Defendants' Proposed Jury Instruction No. __**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

_Source: Sev. Cir. Patt. Jur. Instr. No. 7.28 (modified)_

**Plaintiffs' Statement:** Plaintiffs have no objection to giving Defendants' proposed version over Plaintiffs', which is the same in all respects except that it adds Defendants' financial condition as

a relevant factor, which is consistent with the law. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981); *Archie v. City of Chicago*, 2023 WL 3436345, at *3 (N.D. Ill. May 12, 2023).

**NO NEED TO CONSIDER DAMAGES INSTRUCTION**

If you decide for the defendant[s] on the question of liability, then you should not consider the question of damages.

**Defendants' Proposed Jury Instruction No. __**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Sev. Cir. Patt. Jur. Instr. No.* 1.31.

**Plaintiffs' Objections:** Plaintiffs have proposed an instruction No. 26, which indicates if the jury finds for one or both of the Plaintiffs against one or more of the Defendants, then the jury can consider damages; and if not, then the jury does not. See Plaintiffs' Proposed Instruction No. 26. Defendants proposed instruction is one-sided and incomplete. Plaintiffs' proposed instruction is even-handed and instructs the jury just once when it should and should not calculate damages awards.

**SELECTION OF PRESIDING JUROR;**

**GENERAL VERDICT**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.)

**Defendants' Proposed Jury Instruction No. __**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Sev. Cir. Patt. Jur. Instr. No.* 1.32.

**Plaintiffs' Objections:** Plaintiffs propose their competing jury instruction No. 29.

**COMMUNICATION WITH COURT**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

**Defendants' Proposed Jury Instruction No. __**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Sev. Cir. Patt. Jur. Instr. No.* 1.33.

**Plaintiffs' Objections:** Plaintiffs propose their competing jury instruction No. 29.

**DISAGREEMENT AMONG JURORS**

The verdict[s] must represent the considered judgment of each juror. Your verdict[s], whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Defendants' Proposed Jury Instruction No. __**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Sev. Cir. Patt. Jur. Instr. No. 1.34.*

**Plaintiffs' Objections:** Plaintiffs propose their competing jury instruction No. 29.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ARTURO DELEON-REYES

         Plaintiff,

v.

REYNALDO GUEVARA, et al.

         Defendants.

Case No. 18-CV-01028

Honorable Steven C. Seeger

-------------------------------------------------------------------------------------------------------------------------

GABRIEL SOLACHE,

         Plaintiff,

v.

REYNALDO GUEVARA, et al.

         Defendants.

Case No. 18-CV-02312

Honorable Steven C. Seeger

## VERDICT FORM

We, the jury, unanimously find as follows:

### First Claim: Coerced Confession

**Did Plaintiff Arturo Deleon-Reyes prove by a preponderance of the evidence that below listed Defendants violated his right against self-incrimination by coercing him to make a confession that was used against the plaintiff at his criminal trial?**

**As to Defendant Guevara:**

         Answer:     Yes _____     No _____

**As to Defendant Halvorsen:**

         Answer:     Yes _____     No _____

**As to Defendant Trevino:**

         Answer:     Yes _____     No _____

**As to Defendant Rutherford:**

> Answer: Yes _____ No _____

**As to Defendant Dickinson**

> Answer: Yes _____ No _____

**Did Plaintiff Gabriel Solache prove by a preponderance of the evidence that below listed Defendants violated his right against self-incrimination by coercing him to make a confession that was used against the plaintiff at his criminal trial?**

**As to Defendant Guevara:**

> Answer: Yes _____ No _____

**As to Defendant Halvorsen:**

> Answer: Yes _____ No _____

**As to Defendant Trevino:**

> Answer: Yes _____ No _____

**As to Defendant Rutherford:**

> Answer: Yes _____ No _____

**As to Defendant Dickinson**

> Answer: Yes _____ No _____

## Second Claim: Fabricating Material Evidence

**Did Plaintiff Arturo Deleon-Reyes prove by a preponderance of the evidence that the below listed Defendants violated his right to a fair trial by knowingly fabricating material evidence against the plaintiff, namely, his confession, that was used against the plaintiff at his criminal trial?**

**As to Defendant Guevara:**

Answer: Yes _____ No _____

**As to Defendant Halvorsen:**

Answer: Yes _____ No _____

**As to Defendant Trevino:**

Answer: Yes _____ No _____

**As to Defendant Rutherford:**

Answer: Yes _____ No _____

**As to Defendant Dickinson**

Answer: Yes _____ No _____

**Did Plaintiff Gabriel Solache prove by a preponderance of the evidence that the below listed Defendants violated his right to a fair trial by knowingly fabricating material evidence against the plaintiff, namely, his confession, that was used against the plaintiff at his criminal trial?**

**As to Defendant Guevara:**

Answer: Yes _____ No _____

**As to Defendant Halvorsen:**

Answer: Yes _____ No _____

**As to Defendant Trevino:**

Answer: Yes _____ No _____

**As to Defendant Rutherford:**

Answer: Yes _____ No _____

**As to Defendant Dickinson**

Answer: Yes _____ No _____

**Third Claim: Concealing Material Evidence**

Did Plaintiff Arturo Deleon-Reyes prove by a preponderance of the evidence that the below listed Defendants violated his right to a fair trial by knowingly concealing from the prosecutor material exculpatory and/or impeachment evidence, namely that Defendants suppressed evidence that they initially investigated the Soto family members as suspects?

As to Defendant Guevara:

Answer:  Yes _____  No _____

As to Defendant Halvorsen:

Answer:  Yes _____  No _____

As to Defendant Trevino:

Answer:  Yes _____  No _____

As to Defendant Rutherford:

Answer:  Yes _____  No _____

As to Defendant Dickinson

Answer:  Yes _____  No _____

Did Plaintiff Arturo Deleon-Reyes prove by a preponderance of the evidence that the below listed Defendants violated his right to a fair trial by knowingly concealing from the prosecutor material exculpatory and/or impeachment evidence, namely that they asked Alfredo Aranda, a neighbor of the victims, if he had heard sounds coming from the Sotos's apartment and he said he did not?

As to Defendant Guevara:

Answer:  Yes _____  No _____

4

**As to Defendant Halvorsen:**

> Answer: Yes _____ No _____

**Did Plaintiff Arturo Deleon-Reyes prove by a preponderance of the evidence that the below listed Defendants violated his right to a fair trial by knowingly concealing from the prosecutor material exculpatory and/or impeachment evidence, namely Polaroid photos of alternative suspects?**

**As to Defendant Guevara:**

> Answer: Yes _____ No _____

**As to Defendant Halvorsen:**

> Answer: Yes _____ No _____

**As to Defendant Trevino:**

> Answer: Yes _____ No _____

**As to Defendant Rutherford:**

> Answer: Yes _____ No _____

**As to Defendant Dickinson**

> Answer: Yes _____ No _____

**Did Plaintiff Gabriel Solache prove by a preponderance of the evidence that the below listed Defendants violated his right to a fair trial by knowingly concealing from the prosecutor material exculpatory and/or impeachment evidence, namely that Defendants suppressed evidence that they initially investigated the Soto family members as suspects?**

**As to Defendant Guevara:**

> Answer: Yes _____ No _____

5

**As to Defendant Halvorsen:**

Answer: Yes _____ No _____

**As to Defendant Trevino:**

Answer: Yes _____ No _____

**As to Defendant Rutherford:**

Answer: Yes _____ No _____

**As to Defendant Dickinson**

Answer: Yes _____ No _____

**Did Plaintiff Gabriel Solache prove by a preponderance of the evidence that the below listed Defendants violated his right to a fair trial by knowingly concealing from the prosecutor material exculpatory and/or impeachment evidence, namely that they asked Alfredo Aranda, a neighbor of the victims, if he had heard sounds coming from the Sotos's apartment and he said he did not?**

**As to Defendant Guevara:**

Answer: Yes _____ No _____

**As to Defendant Halvorsen:**

Answer: Yes _____ No _____

6

**Did Plaintiff Gabriel Solache prove by a preponderance of the evidence that the below listed Defendants violated his right to a fair trial by knowingly concealing from the prosecutor material exculpatory and/or impeachment evidence, namely Polaroid photos of alternative suspects?**

**As to Defendant Guevara:**

Answer: Yes _____ No _____

**As to Defendant Halvorsen:**

Answer: Yes _____ No _____

**As to Defendant Trevino:**

Answer: Yes _____ No _____

**As to Defendant Rutherford:**

Answer: Yes _____ No _____

**As to Defendant Dickinson**

Answer: Yes _____ No _____

### Fourth Claim: Unlawful Detention

**Did Plaintiff Arturo Deleon-Reyes prove by a preponderance of the evidence that the below listed Defendants violated his rights by unlawfully detaining him prior to his criminal trial?**

**As to Defendant Guevara:**

Answer: Yes _____ No _____

**As to Defendant Halvorsen:**

Answer: Yes _____ No _____

7

**As to Defendant Trevino:**

        Answer:      Yes \_\_\_\_\_    No \_\_\_\_\_

**As to Defendant Rutherford:**

        Answer:      Yes \_\_\_\_\_    No \_\_\_\_\_

**As to Defendant Dickinson**

        Answer:      Yes \_\_\_\_\_    No \_\_\_\_\_

      **Did Plaintiff Arturo Gabriel Solache prove by a preponderance of the evidence that the below listed Defendants violated his rights by unlawfully detaining him prior to his criminal trial?**

**As to Defendant Guevara:**

        Answer:      Yes \_\_\_\_\_    No \_\_\_\_\_

**As to Defendant Halvorsen:**

        Answer:      Yes \_\_\_\_\_    No \_\_\_\_\_

**As to Defendant Trevino:**

        Answer:      Yes \_\_\_\_\_    No \_\_\_\_\_

**As to Defendant Rutherford:**

        Answer:      Yes \_\_\_\_\_    No \_\_\_\_\_

**As to Defendant Dickinson**

        Answer:      Yes \_\_\_\_\_    No \_\_\_\_\_

8

**Fifth Claim: Failure to intervene**

Did Plaintiff Arturo Deleon-Reyes prove by a preponderance of the evidence that the below listed Defendants violated his rights by knowing that his rights were being violated and while having an opportunity to intervene failed to do so?

As to Defendant Guevara:

Answer: Yes _____ No _____

As to Defendant Halvorsen:

Answer: Yes _____ No _____

As to Defendant Trevino:

Answer: Yes _____ No _____

As to Defendant Rutherford:

Answer: Yes _____ No _____

As to Defendant Dickinson

Answer: Yes _____ No _____

Did Plaintiff Gabriel Solache prove by a preponderance of the evidence that the below listed Defendants violated his rights by knowing that his rights were being violated and while having an opportunity to intervene failed to do so?

As to Defendant Guevara:

Answer: Yes _____ No _____

As to Defendant Halvorsen:

Answer: Yes _____ No _____

As to Defendant Trevino:

Answer: Yes _____ No _____

9

**As to Defendant Rutherford:**

        Answer:     Yes \_\_\_\_\_     No \_\_\_\_\_

**As to Defendant Dickinson**

        Answer:     Yes \_\_\_\_\_     No \_\_\_\_\_

**<u>Sixth Claim: Policy Claim Against City of Chicago</u>**

**Did Plaintiff Arturo Deleon-Reyes prove by a preponderance of the evidence that his constitutional rights were violated because of a policy of the City of Chicago?**

        Answer:     Yes \_\_\_\_\_     No \_\_\_\_\_

**Did Plaintiff Gabriel Solache prove by a preponderance of the evidence that his constitutional rights were violated because of a policy of the City of Chicago?**

        Answer:     Yes \_\_\_\_\_     No \_\_\_\_\_

**Seventh Claim: Malicious Prosecution**

        **Did Plaintiff Arturo Deleon-Reyes prove by a preponderance of the evidence that the below listed Defendants conspired to maliciously prosecuted him by commencing or continuing a criminal proceeding against the plaintiff, with malice and without probable cause, which ultimately terminated in the plaintiff's favor?**

**As to Defendant Guevara:**

        Answer:      Yes _____     No _____

**As to Defendant Halvorsen:**

        Answer:      Yes _____     No _____

**As to Defendant Trevino:**

        Answer:      Yes _____     No _____

**As to Defendant Rutherford:**

        Answer:      Yes _____     No _____

**As to Defendant Dickinson**

        Answer:      Yes _____     No _____

        **Did Plaintiff Arturo Gabriel Solache prove by a preponderance of the evidence that the below listed Defendants maliciously prosecuted him by commencing or continuing a criminal proceeding against the plaintiff, with malice and without probable cause, which ultimately terminated in the plaintiff's favor?**

**As to Defendant Guevara:**

        Answer:      Yes _____     No _____

**As to Defendant Halvorsen:**

        Answer:      Yes _____     No _____

**As to Defendant Trevino:**

Answer:     Yes _____     No _____

**As to Defendant Rutherford:**

Answer:     Yes _____     No _____

**As to Defendant Dickinson**

Answer:     Yes _____     No _____


**Eighth Claim: Intentional Infliction of Emotional Distress**

Did Plaintiff Arturo Deleon-Reyes prove by a preponderance of the evidence that the below listed Defendants maliciously prosecuted him by intentionally inflicted emotional distress to Plaintiff?

**As to Defendant Guevara:**

Answer:     Yes _____     No _____

**As to Defendant Halvorsen:**

Answer:     Yes _____     No _____

**As to Defendant Trevino:**

Answer:     Yes _____     No _____

**As to Defendant Rutherford:**

Answer:     Yes _____     No _____

**As to Defendant Dickinson**

Answer:     Yes _____     No _____

12

**Did Plaintiff Arturo Gabriel Solache prove by a preponderance of the evidence that the below listed Defendants maliciously prosecuted him by intentionally inflicted emotional distress to Plaintiff?**

**As to Defendant Guevara:**

> Answer:      Yes _____      No _____

**As to Defendant Halvorsen:**

> Answer:      Yes _____      No _____

**As to Defendant Trevino:**

> Answer:      Yes _____      No _____

**As to Defendant Rutherford:**

> Answer:      Yes _____      No _____

**As to Defendant Dickinson**

> Answer:      Yes _____      No _____

## Ninth Claim: Conspiracy

**Did Plaintiff Arturo Deleon-Reyes prove by a preponderance of the evidence that the below listed Defendants conspired to maliciously prosecuted him and/or intentionally inflict emotional distress on Plaintiff?**

**As to Defendant Guevara:**

> Answer:      Yes _____      No _____

**As to Defendant Halvorsen:**

> Answer:      Yes _____      No _____

**As to Defendant Trevino:**

13

Answer:     Yes _____     No _____

**As to Defendant Rutherford:**

Answer:     Yes _____     No _____

**As to Defendant Dickinson**

Answer:     Yes _____     No _____

**Did Plaintiff Arturo Gabriel Solache prove by a preponderance of the evidence that the below listed Defendants conspired to maliciously prosecuted him and/or intentionally inflict emotional distress on Plaintiff?**

**As to Defendant Guevara:**

Answer:     Yes _____     No _____

**As to Defendant Halvorsen:**

Answer:     Yes _____     No _____

**As to Defendant Trevino:**

Answer:     Yes _____     No _____

**As to Defendant Rutherford:**

Answer:     Yes _____     No _____

**As to Defendant Dickinson**

Answer:     Yes _____     No _____

14

1.        If you have found in favor of Plaintiff Arturo DeLeon-Reyes, that is, if you answered "Yes" to any of above claims, then you must determine the amount of money that will fairly compensate him for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of the claim or claims for which you found in favor of the Plaintiff. Please enter that amount below:

           Compensatory Damages:       $_____

2.        If you have found in favor of Plaintiff Gabriel Solcahe, that is, if you answered "Yes" to any of above claims, then you must determine the amount of money that will fairly compensate him for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of the claim or claims for which you found in favor of the Plaintiff. Please enter that amount below:

           Compensatory Damages:       $_____

3.        If you have found in favor of Plaintiff DeLeon- Reyes and against any of the named Defendants on one or more of his claims, you may, but are not required to, award punitive damages against them individually. To award punitive damages, you must find that the plaintiff has proven by a preponderance of the evidence that a Defendant's was malicious or in reckless disregard of the plaintiff's rights. If you have found that punitive damages are appropriate against a Defendant, please indicate so below with an "X" and then enter that amount below:

| Name of Defendant | Yes | No | Amount |
|---|---|---|---|
| Guevara | | | |
| Halvorsen | | | |
| Trevino | | | |
| Dickinson | | | |
| Rutherford | | | |

15

4.	If you have found in favor of Plaintiff Gabriel Solache and against any of the named Defendants on one or more of his claims, you may, but are not required to, award punitive damages against them individually. To award punitive damages, you must find that the plaintiff has proven by a preponderance of the evidence that a Defendant's was malicious or in reckless disregard of the plaintiff's rights. If you have found that punitive damages are appropriate against a Defendant, please indicate so below with an "X" and then enter that amount below:

| Name of Defendant | Yes | No | Amount |
| --- | --- | --- | --- |
| Guevara | | | |
| Halvorsen | | | |
| Trevino | | | |
| Dickinson | | | |
| Rutherford | | | |

16

_____                      _____

Presiding Juror

_____                      _____

_____                      _____

_____                      _____

_____                      _____

_____                      _____

DATE: _____

_____

17

**PLAINTIFFS' OBJECTIONS**

Plaintiffs object to Defendants' proposed verdict form because it re-instructs the jury on each claim in the form of a verdict form. The instructions are incomplete and incorrect, they depart from the instructions that the Court will have already given on the claims, and they are duplicative of the actual instructions. In addition, the verdict form instructions attempt to instruct the jury on the facts of the case, which is inappropriate. Finally, the instructions are argumentative. Plaintiffs' proposed verdict form is objective and straightforward.