## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JACQUES RIVERA, | ) | |
| | ) | No. 12 CV 004428 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | The Honorable Joan B. Gottschall |
| | ) | |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT GUEVARA'S MOTION *IN LIMINE* NO. 19 TO BAR AND/OR LIMIT EVIDENCE OF GUEVARA'S INVOCATION OF FIFTH AMENDMENT RIGHTS

Defendant Reynaldo Guevara ("Guevara"), by his attorneys, Leinenweber, Baroni & Daffada, LLC, moves this Court in limine with respect to certain evidence, and states:

### MOTION IN LIMINE STANDARDS

Trial courts have broad discretion in ruling on evidentiary issues before and during trial. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). Accordingly, "[a]lthough the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Motions in limine are intended "to avoid the delay and occasional prejudice caused by objections and offers of proof at trial." *Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999).

### FACTUAL BACKGROUND

**Evidence Regarding Guevara's Invocation of His Fifth Amendment Rights Should be Barred and/or Limited.**

The parties know that Guevara has elected to invoke his Fifth Amendment Rights, as he did at his deposition, in response to any and all questions relating in any way to the issues in this case, as well as any issues relating in any way to any other allegations of illegal conduct.

Guevara expects that Plaintiff will want to call him to the stand as a witness so the jury can watch him take the oath and decline to answer a series of questions in order to maximize and dramatize his Fifth Amendment invocation. This Court should bar reference to Guevara's invocation of his Fifth Amendment rights, or alternatively, carefully limit and constrain Plaintiff's questioning of Guevara and reference to and inferences from his Fifth Amendment invocation.

### Bar reference to Fifth Amendment.

First, there should be no evidence of or reference to Guevara's invocation of his Fifth Amendment Rights in this case at all. The Fifth Amendment itself protects the innocent as well as the guilty. *See Ohio v. Reiner*, 532 U.S. 17, 121 S. Ct. 1252 (2001). As a matter of logic, innocent people can place themselves at risk of self-incrimination for crimes that they did not commit. *Id*. Trial lawyers know that some truthful denials of guilt may be considered incredible by a jury because their explanation, under cross-examination, will reveal unfavorable facts about the witness or his associates. While an adverse inference may be taken against a civil litigant based upon his decision to invoke his Fifth Amendment rights, this inference is entirely a permissive inference and should only be drawn under circumstances where there is no valid reason for a litigant to invoke "other than guilty conduct associated with the civil action." *See Evans v. City of Chicago*, 513 F.3d 735, 740 (7th Cir. 2008)(permitting defendant officers who had invoked Fifth Amendment rights during deposition when under investigation withdraw such invocation after final termination of investigation); *Genova v. Kellogg*, 2015 WL 3930351, at *5 (N.D. Ill. 2015)(refusing to apply adverse inference because of defendant's "valid reason for invoking his Fifth Amendment rights (the criminal investigation surrounding the [subject of his testimony]"); *see also Martinez v. City of Fresno*, 2010 WL 761109, at *3 (E.D. Cal. 2010)(finding no adverse inference from invocation of Fifth Amendment during pendency of

2

Case: 1:12-cv-04428 Document #: 412 Filed: 05/14/18 Page 3 of 8 PageID #:26426

criminal proceedings against defendant officer); *Padilla v. City of Chicago*, 932 F. Supp. 2d 907, 918-919 (N.D. Ill. 2013)("Hence a defendant seeking to avoid the weight of a negative inference must advance something explaining a reason for his or her Fifth Amendment invocation other than guilty conduct associated with the civil action.").

The permissive nature of an adverse inference is particularly important because of the recognition by both the Seventh Circuit and the Supreme Court that courts may not impose a "costly" consequence for an individual availing themselves of their Constitutional rights. *See LaSalle Bank Lakeview v. Seguban*, 54 F.3d 387, 389 (7th Cir. 1995). Here, Guevara is invoking his Fifth Amendment rights for reasons other than guilty conduct associated with this civil action as he believes there is an ongoing criminal investigation surrounding the subject of his testimony. Thus, there should be no evidence of or reference to Guevara's invocation of his Fifth Amendment Rights in this case.

*Provided to jury via stipulation or jury instruction.*

Second, in the event that Plaintiff is permitted to reference or introduce evidence of Guevara's Fifth Amendment invocation, Plaintiff should not be permitted to call Guevara as a live witness. Rather, any reference to this invocation should simply be provided to the jury via a stipulation or jury instruction. It has been repeatedly held that it is improper for a party to call a witness whom it has reason to believe will invoke his Fifth Amendment privilege before the jury. *See U.S. v. Mabrook*, 301 F.3d 503, 507 (7th Cir. 2002) ("Mabrook wanted Paneras to take the stand for the purpose of asserting his privilege and that is impermissible."); *U.S. v. Foster*, 478 F.2d 1001, 1004 (7th Cir. 1973) (holding reversible error occurs where a party calls a witness to invoke the Fifth Amendment with the result that an inference unfavorable to the defendant is planted in the minds of the jurors.).

3

Essentially, it is proper to bar such a witness from testifying where the witness has indicated that, if called to testify, he will invoke the Fifth Amendment. *See id.* The Third Circuit explained that the manner in which a Fifth Amendment invocation is introduced in a civil proceeding must "carefully balance the interests of the party claiming protection against self-incrimination and the adversary's entitlement to equitable treatment. Because the privilege is constitutionally based, the detriment to the party asserting it should be no more than is necessary to prevent unfair and unnecessary prejudice to the other side." *S.E.C. v. Graystone Nash, Inc.*, 25 F.3d 187, 192 (3d Cir. 1994).

The possibility of unfair prejudice to Guevara is real while there is no prejudice to Plaintiff. The jury is unlikely to realize that the innocent may invoke their Fifth Amendment rights. Moreover, any probative value is derived from putting Guevara on the stand is derived entirely from the questions put by counsel. *See Brink's Inc. v. City of New York*, 717 F.2d 700, 715-16 (2d Cir. 1983) (Winter, J., dissenting). This practice inevitably will invite jurors to give evidentiary weight to questions rather than answers. *Id.* It leaves the Plaintiff's counsel free, knowing that that the privilege will be invoked, to pose those questions which are most damaging to Guevara and the Co-defendants, safe from any contradiction no matter what the actual facts. *See Id.*

Therefore, the use of a stipulation regarding the fact that if called a witness would invoke the Fifth Amendment, would limit any of the potential prejudicial effect, rather than call the individual to do so live. This approach has been specifically accepted by the Seventh Circuit. In *Evans v. City of Chicago*, the plaintiff attempted to force an invoking defendant to assert his privilege live from the witness stand at trial. *Id.*; 513 F.3d 741. The Court ruled that live invocation would not be permitted and that, instead, the Fifth Amendment invocation would be introduced through a jury instruction. *Id.* The Seventh Circuit ruled that this ruling was proper

4

and stated that a civil plaintiff has no right to call a defendant "to the stand solely to invoke his Fifth Amendment privilege." *Id.* at 740. This approach has been used consistently and effectively in this District under similar or identical circumstances. *See Thompson v. City of Chicago*, et. al, No. 07 CV 01130, Dkt. 378 at p. 26 (instructing the jury that "[t]he parties have stipulated that, prior to trial, each of the Defendants [ . . . ] were asked questions under oath. The parties have also stipulated that each of the Defendants [ . . . ] asserted his Fifth Amendment privilege not to testify in response to those questions. You may, but are not required to, infer from each of the Defendants [ . . .] assertion of his Fifth Amendment privilege that his testimony in response to those questions would have been adverse to him.").

Another reason to introduce the invocations by stipulation is because it is impossible to build a proper foundation for questions which quickly evolves into improper questioning and waste of the Court's time. This is easily seen in this case in the deposition of Guevara. For example, Plaintiff asked:

> Q. Before any Chicago police officer spoke to Orlando Lopez, you had come to an agreement to frame Jacques Rivera with gang crime specialist Dan Noon, John Guzman, Joseph Sparks, Paul Zacharias, Joseph Fallon – and Joseph Fallon; isn't that true?
>
> Q. Your agreement with your co-defendant to frame Jacques Rivera that existed before your meeting with Lopez continued after your first meeting with Lopez on August 29th, 1988; isn't that true?
>
> Q. In fact, you made up the story about the shooter being someone who played baseball in Humboldt Park; isn't that true?
>
> Q. You included photos in your personal gang book of individuals you planned to lock up; isn't that true?

(Guevara Dep., Ex. 1). Drawing an adverse inference on questions like this would unfairly prejudice Guevara, Co-Defendants and the City of Chicago.

*Testimony constrained.*

5

Third, under any circumstances, if allowed, any testimony by Guevara, must be closely constrained to: (1) no more than is needed to establish the subject matter of the testimony, and (2) the parties thereafter should proceed by stipulation that Guevara would remain silent as to similar questions. Additionally, if the Court were to instruct the jury that they may make an adverse inference from Guevara's silence, the Court should allow Guevara and his attorney to explain to the jury his other reasons for remaining silent other than guilty conduct associated with this action, if any, and also instruct the jury that they may not find him liable on that basis alone as such an invocation cannot substantiate civil liability on its own. *Padilla*, 932 F. Supp. 2d at 919.

These requirements are necessary in order to avoid turning Guevara's examination into a prejudicial litany of "facts" elicited by Plaintiff's attorney's questions asked for the sole purpose of knowing no answer will be provided. As noted above, this is highly improper and highly prejudicial. These requirements are not only good practice; but required to comply with governing law. The Supreme Court and the Seventh Circuit have been clear that evidence of a Fifth Amendment invocation is not permissible as the sole affirmative evidence upon any issue. *See Baxter v. Palmigiano*, 425 U.S. 308, 313 (adverse inference permissible only if other supporting evidence admitted); *Lefkowitz v. Turley*, 414 U.S. 70, 77(1973); *Garrity v. New Jersey*, 385 U.S. 493 (1967); *Seguban*, 54 F. 3d at 390 ("But while holding that factual inferences based on the assertion of the privilege do not place too high a cost on its exercise, the Baxter Court was just as clear that the rule of Lefkowitz and its predecessors would be violated if the failure to testify alone were taken as an admission of guilt, without regard to other evidence.").

Plaintiff repeatedly violated these requirements during the deposition of Guevara and appears poised to do so again if given the opportunity at trial. Over and over, questions were

asked of Guevara regarding his alleged conduct (and knowledge of the alleged conduct of others) for which Plaintiff has never produced any actual evidence in this case. (*See* Guevara Dep., Ex. 1). Thus, in the event any specific reference to Guevara's Fifth Amendment invocation is permitted in this case, Guevara requests that this Court order Plaintiff's counsel to submit, in writing, the exact questions that they propose asking Guevara so that this Court and Guevara's counsel can consider the propriety of such questions and evaluate the independent evidentiary bases for such questions prior to such questions being stated before the jury.

Prior to filing this motion and in compliance with the Court's standing orders on Motions *in limine*, counsel for Defendant Officers conferred with counsel for Plaintiff on May 14, 2018. In that discussion counsel for Plaintiff did not agree to this motion *in limine*.

WHEREFORE for the reasons set forth above Defendant Guevara requests this Court enter an Order in Limine barring any reference to Guevara's invocation of his Fifth Amendment Rights, or in the alternative, restrictions and constrains as described above.

Dated: May 14, 2018

Respectfully submitted,

s/ Thomas Leinenweber

THOMAS LEINENWEBER

*One of the Attorneys for Reynaldo Guevara*

Thomas E. Leinenweber
James V. Daffada
Kevin E. Zibolski
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle, Suite 2000
Chicago, IL 60602
thomas@ilesq.com
jim@ilesq.com
kevin@ilesq.com

7

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that on May 14, 2018, I electronically filed the foregoing City **Defendants' Motion in *Limine* No. 19 to Bar Any Reference to Publicized Incidents of Alleged Police Misconduct, And, Specifically, to Defendant Guevara's Alleged History of Framing Criminal Defendants** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants below.

| **Attorneys for Plaintiff** | **Attorneys for City of Chicago** |
|---|---|
| Arthur R. Loevy | Eileen E. Rosen |
| Jonathan I. Loevy | Stacy A. Benjamin |
| Elizabeth N. Mazur | Catherine M. Barber |
| Russel Ainsworth | Theresa B. Carney |
| Michael I. Kanovitz | Rock Fusco & Connelly, LLC |
| Steven E. Art | 321 N. Clark Street, Suite 2200 |
| Anad Swaminathan | Chicago, IL 60654 |
| Rachel Brady | (312)494-1000 |
| Sean C. Starr | (312)494-1001(Fax) |
| 311 N. Aberdeen | erosen@rfclaw.com |
| Chicago, IL 60607 | sbenjamin@rfclaw.com |
| (312)243-5900 | cbarber@rfclaw.com |
| (312)243-5902(Fax) | tcarney@rfclaw.com |
| loevylaw@loevy.com | |
| jon@loevy.com | |
| Elizabethm@loevy.com | |
| russell@loevy.com | |
| mike@loevy.com | |
| steve@loevy.com | |
| annad@loevy.com | |
| Brady@loevy.com | |
| sean@loevy.com | |

J. Samuel Tenenbaum
Bluhm Legal Clinic
375 East Chicago Avenue
Bluhm Legal Clinic

375 East Chicago Avenue
Chicago, IL 60611
(312)503-4808
s-tenenbaul@law.northwestern.edu

Locke E. Bowman, III
Alexa Van Brunt
Roderick MacArthur Justice Center
Northwestern University School of Law
375 East Chicago Avenue
Chicago, IL 60611
(312)503-0844
(312)503-1272 (fax)
l-bowman@law.northwestern.edu
a-vanbrunt@law.northwestern.edu

/s/Jeffrey N. Given
JEFFREY N. GIVEN, Attorney No. 6184989
*One of the Attorneys for Individual Defendants*