the plaintiff's innocence amounts to reversible error. *Id.* (citing *Parish v. City of Elkhart, Ind.,* 702 F.3d 997 (7th Cir. 2012)).

Recall that Federal Rule of Evidence 701 restricts lay witnesses to providing opinions which are: (a) "rationally based on the perception of the witnesses;" (b) "helpful to a clear understanding of the witness's testimony or the determination of a fact at issue;" and (c) are "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The City is not asking to bar all evidence that can be used to demonstrate Plaintiff's innocence. Rather, the City seeks to bar lay witnesses from providing a direct opinion as to Plaintiff's innocence. Accordingly, for the reasons explained *supra* in II.A, the Court finds any such lay opinion testimony unhelpful.

The City's Motion *in Limine* No. 1 is granted.

## B.    Barring Evidence Regarding Issuance of Certificate of Innocence

In its Motion *in Limine* No. 2, the City moves to bar any evidence, comment, statement or reference relating to the issuance of a COI to the Plaintiff. Def.s' Mots. *Limine* at 2-4. The City contends the issuance of the COI is irrelevant to any of Plaintiff's claims and should be barred.

The Illinois statute governing the issuance of a COI provides that a person whose criminal conviction is set aside may seek a COI from the court that convicted him. 735 ILCS 5/2-702(g). To obtain the COI, "a petitioner must prove by a preponderance of the evidence that (1) he was convicted of a felony, (2) the conviction was reversed or vacated or was unconstitutional, (3) he is innocent of the offenses charged, and (4) he did not bring about his own conviction." *Kluppelberg v. Burge,* 84 F. Supp. 3d 741, 743 (N.D. Ill. 2015) (citing 735 ILCS 5/2-702(g)).

The question before the Court is whether the COI is relevant. Evidence is relevant if "it has any tendency to make a fact more or less probable that it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The City concedes that courts in this District have found a COI relevant where the plaintiff asserts a state malicious prosecution claim, as the COI may be relevant to whether the underlying criminal case has been resolved in the plaintiff's favor. *Id.* at 3 (citing *Patrick v, City of Chicago*, 974 F.3d 824 (7th Cir. 2020) and *Brown v. City of Chicago*, 2023 WL 2640317 (N.D. Ill. Aug. 13, 2024)). The City asserts that because Plaintiff has not set forth a state malicious prosecution claim, the COI is irrelevant. Alternatively, the City posits that any probative value the COI may have is

24

outweighed by the prejudice it would impose on the Defendant Officers. Def.s' Mots. *Limine* at 3-4.

Plaintiff counters that the COI is relevant because he has asserted a "malicious prosecution claim under Federal Law," i.e., a federal claim for "Deprivation of Liberty without Probable Cause" under the Fourth and Fourteenth Amendments. Pl.s' Resp. at 7. Therefore, argues Plaintiff, the COI is relevant because he is required to prove favorable termination of the underlying criminal proceedings. *Id*. The Court agrees and finds that the COI is relevant to Plaintiff's Deprivation of Liberty without Probable Cause," claim.

Having determined the COI to be relevant, the Court also finds that Rule 403 does not render the COI inadmissible. This is a bench trial, and the Court is confident that it will not give undue weight to the COI. *See Brown v. City of Chicago*, 2023 WL 2640317, *6 (N.D. Ill. March 22, 2023) (admitting COI over relevance and unduly prejudicial arguments); *United States v. Shukri*, 207 F.3d 412, 419 (7th Cir. 2000) ("In a bench trial, we assume that the district court was not influenced by evidence improperly brought before it unless there is evidence to the contrary.").

The City's Motion *in Limine* No. 2 is denied.

## V.      Defendant Linda Forrester as Special Administrator of the Estate of Howard Forrester's Motion *in Limine*

Defendant Linda Forrester as Special Administrator of the Estate of Howard Forrester (the Estate) seeks to bar certain statements and actions attributed to detectives Howard Forrester (Forrester), Bruce Scott (Scott), and other unnamed individuals during Plaintiff's 1993 interrogation. R.254, Exh. 11, Estate Mot. *Limine*, at 1. Plaintiff alleges that Forrester made several coercive statements during his interrogation.[7] Am. Compl. ¶¶ 49, 51, 54, 62. Plaintiff also alleges that Forrester engaged in intimidating and coercive behavior during the interrogation, including placing a chair on Plaintiff's foot and stepping on it. *Id*. ¶¶ 52–54, 62; Estate Mot. *Limine*, Exh. 2, ¶ 8.

Forrester is unavailable to testify, as he passed away on November 10, 2010. Estate Mot. *Limine* at 3. Therefore, his statements and actions according to the Estate, should be barred as they constitute inadmissible hearsay: "[Plaintiff] cannot seek to admit the statements of Detective Forrester as a party admission pursuant to

---

[7]During Plaintiff's deposition, Plaintiff wavered as to whether Forrester or Scott made these statements. However, the Estate's motion and Plaintiff's response both proceed as if Forrester made these statements. Therefore, this Court evaluates whether the statements, as made by Forrester, are admissible.