# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JACQUES RIVERA,       )
            )
    Plaintiff,      )
            )  Case No. 12-CV-04428
    v.        )
            )  Judge Joan B. Gottschall
REYNALDO GUEVARA et al.,    )
            )
    Defendants.    )

## RULING ON CITY'S MOTION IN LIMINE NO. 3 TO BAR EVIDENCE AND TESTIMONY RELATED TO THE SIDLEY AUSTIN REVIEW

The motion is granted. Plaintiff says he wishes to use the reports prepared by Sidley Austin LLP ("Sidley") as part of a review of a number of cases handled by defendant Reynaldo Guevara to corroborate other Rule 404(b) evidence. The court has no precedent or other information that would support such a use. Is the plaintiff's contention that witness X told something to Sidley and told the same thing to plaintiff's counsel or investigator and therefore plaintiff should be able to bolster the 404(b) witness by proving that he said the same thing twice? The court has never experienced such "bolstering" of Rule 404(b) testimony and cannot believe it is appropriate.

Plaintiff argues, extremely superficially, that statements by Sidley are statements of a party opponent. Sidley was not, as far as the court is aware, the City's attorney. It was called in to conduct an independent investigation. Whether this makes Sidley the agent of the City in terms of its statements is not adequately argued. The case plaintiff cites, *United States v. Swan*, 486 F.3d 260 (7th Cir. 2007), is not analogous and besides, was based on plain error review.

However, in the event that the Sidley reports contain statements by the City or its agents bearing on the issues in this case, there may be an appropriate impeachment use of those

statements, if they are properly proven.  The court is not offering any opinion on what proof would be necessary or adequate for this purpose.  In any event, the plaintiff disavows any potential impeachment use of the Sidley reports.  The only use he proposes is the bolstering of his Rule 404(b) witnesses.

For the foregoing reasons, the City's Motion in Limine No. 3 to Bar Evidence and Testimony Related to the Sidley Austin Review, ECF No. 382, is granted.

Date:  May 30, 2018                                          _____/s/_____

Joan B. Gottschall
United States District Judge

This ruling does not decide the separate issue of whether plaintiff's expert[s] may refer to or rely on the Sidley reports.