**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | Case No. 18 CV 1028 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Steven C. Seeger |
| v. | ) | |
| | ) | |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | |
| | ) | Case No. 18 CV 2312 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Steven C. Seeger |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## DEFENDANTS' MOTION FOR WRIT OF HABEAS CORPUS *AD TESTIFICANDUM*

Defendants, by and through their undersigned attorneys, respectfully move this Court for issuance of a writ of habeas corpus *ad testificandum* directing the Illinois Department of Corrections, as custodian of Adriana Mejia, currently incarcerated at Logan Correctional Center, to produce her for live in person testimony at the trial of this matter. In support thereof, Defendants state:

1.     In this case, Plaintiffs Gabriel Solache and Arturo Reyes claim they were wrongfully convicted of the 1998 brutal murders of Jacinta and Mariano Soto and kidnappings of their 4-year-old son and infant daughter.

2.     Adriana Mejia—also convicted of the Soto murders and kidnappings—pleaded guilty to the offense. She is in the custody of the Illinois Department of Corrections and resides at Logan Correctional Center (LCC) in Lincoln, Illinois, where she serves a life sentence.

3.     Defendants require Mejia's first-hand testimony to fulsomely present their case to the jury. Mejia has steadfastly maintained that she, Solache, and Reyes killed Jacinta and Mariano Soto and kidnapped their children. Mejia claims she faked her own pregnancy and, upon her due date, Solache and Reyes—her housemates and friends—agreed to help her secure an infant to pass off as her own. In doing so, Mejia maintains that the group murdered the Soto parents and stole their children.

4.     This Court has scheduled a four-week trial to begin on Monday, May 11, 2026. (Dkt. 821, Minute Entry.) Because Mejia possesses first-hand knowledge of the Soto murder-kidnappings, Defendants intend to offer her testimony as evidence at trial. (*See* Dkt. 870 at 13, Pretrial Order listing Mejia as a "will call" witness.)

5.     FED. R. CIV. P. 43 governs the taking of testimony at a civil trial. Subsection (a) explains that "[a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." FED. R. CIV. P. 43(a).

6.     The Rule evinces a clear preference for in-person testimony. *See* FED. R. CIV. P. 43 advisory committee's note to 1996 amendment ("The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.").

7. 28 U.S.C. § 2241(c)(5) permits a court to issue a writ of habeas corpus *ad testificandum* when "[i]t is necessary to bring [a prisoner] to court to testify or for trial." Because "[t]he federal courts have an interest in being able to get hold of prisoners to testify in cases before those courts," these writs "can be used to get a prisoner into the district court from anywhere in the country . . . from a state facility as well as a federal one." *Barnes v. Black*, 544 F.3d 807, 809-10 (7th Cir. 2008) (collecting cases). The analysis "requires a court to balance the importance of the testimony against the security and administrative burdens imposed by transporting a prisoner to the courthouse." *Goodvine v. Johnson*, 2009 WL 213044, at *1 (W.D. Wis. Jan. 29, 2009) (applying *Stone v. Morris,* 546 F.2d 730, 735 (7th Cir. 1976)).

8. Mejia's testimony offers an easy case on "necessary" in-court testimony under 28 U.S.C. § 2241(c)(5). Without Mejia's side of the story, the jury will lack perhaps the best first-hand account of the events that occurred before, during, and after the Soto murder-kidnapping. *See Cooper v. Meyer*, 2018 WL 1400956, at *2 (W.D. Wis. Mar. 19, 2018) (granting petition for *ad testificandum* writ where incarcerated witnesses' declarations supported petitioner's claims). This Court's issuance of the requested habeas writ would further adhere to the Federal Rules' preference for live, in-person testimony. *See infra* at ¶ 6.

9. Defense counsel has spoken with LCC personnel, and the facility has procedures in place to comply with this Court's order compelling live in person testimony.

WHEREFORE, Defendants respectfully move this Court for issuance of a writ of habeas corpus *ad testificandum* directing the Illinois Department of Corrections, as custodian of Adriana Mejia, currently incarcerated at Logan Correctional Center, to produce her for live testimony at trial in this matter.

3

Dated: April 13, 2026

Respectfully submitted,

/s/Caroline P. Golden
CAROLINE P. GOLDEN, Atty. No.
6211227
*One of the Attorneys for Defendant Officers*

James G. Sotos
Josh M. Engquist
Caroline P. Golden
Kyle T. Christie
Elizabeth R. Fleming
THE SOTOS LAW FIRM, P.C.
141 Jackson Blvd., #1240A
(630) 735-3300
cgolden@jsotoslaw.com

/s/Eileen E. Rosen
EILEEN E. ROSEN, Atty. No. 6217428
*One of the Attorneys for Defendant
City of Chicago*

Eileen E. Rosen
Stacy A. Benjamin
Catherine M. Barber
Theresa B. Carney
Austin Rahe
Patrick R. Moran
Rock Fusco & Connelly, LLC
333 W. Wacker Drive, 19th Fl.
Chicago, IL 60606
(312) 494-1000
erosen@rfclaw.com

/s/ Timothy P. Scahil
TIMOTHY P. SCAHILL, Atty No. 6287296
*One of the Attorneys for Defendant Guevara*

Steven Blair Borkan
Timothy P Scahill
Whitney N. Hutchinson
Graham P. Miller
Emily E. Schnidt
Christiane E. Murray
Molly E. Boekeloo
Amanda Guertler
Borkan & Scahill, Ltd.
20 South Clark Street
Suite 1700
Chicago, IL 60603
(312) 580-1030
tscahill@borkanscahill.com

4