IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 18 CV 1028 |
| | ) | |
| | ) | Honorable Steven Seeger |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | Case No.: 18 CV 2312 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Honorable Steven Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |

**DEFENDANTS' MOTION TO SUPPLEMENT TO DEFENDANTS' MOTIONS IN
LIMINE AND MOTION IN LIMINE RESPONSES**

NOW COME Defendants, by and through their attorneys, and supplementing their Motion in Limine No. 1 and responses to Plaintiffs' Motions in Limine No. 5 and 6, and states as follows:

Defendants submit this supplement to their Motions in Limine to apprise this Court of a significant development that directly impacts the legal and factual analysis of several pending Motions in Limine of the parties. Specifically, on April 16, 2016, Defendants' counsel deposed former Cook County State's Attorney Kim Foxx in another pending pair of cases involving Defendant Guevara, *Mendoza v. Guevara, et al*, 23 CV 2441, and *Mulero v. Guevara, et al.,* 23 CV 4795. During the course of this deposition, former State's Attorney Foxx testified to matters relevant to this case including: (1) that it was CCSAO's position (including that of the final decision maker, former State's Attorney Foxx herself) during post-conviction proceedings in Plaintiffs' cases that Plaintiffs' were, in fact, guilty of the Soto murders (*see* Ex. 1 at 111:12-113:5) (noting that "I believed that the people who were charged

1

in [Plaintiffs' case] committed that crime" and that CCSAO "believed that the evidence suggested that – or that the defendants had committed a heinous act of murder."); (2) that CCSAO's position on this matter was not driven by allegations of misconduct against Defendant Guevara in other cases (*id.* at 111:12-113:24); and (3) that CCSAO's actions in not intervening/opposing a petition for a Certificate of Innocence ("COI") is not a statement that CCSAO believes the petitioner to be innocent (*id.* at 194:4-24). This information from the final policymaker for the CCSAO is directly relevant to several pending Motions in Limine.

First, Plaintiffs' Motion in Limine No. 5 seeks to bar what Plaintiffs claim is inadmissible "opinion" evidence of prosecutors regarding matters involving Plaintiffs' guilt or innocence.[1] *See* Dckt. No. 872 at 13-16. Among other things, Plaintiff argues that statements of former Assistant State's Attorney Eric Sussman regarding CCSAO's position on Plaintiffs' guilt/innocence are inadmissible because, Plaintiffs argue, it is "pure speculation" that "line prosecutors" such as ASA Sussman were correctly testifying about the position of the "actual decisionmaker" who Plaintiff correctly identify as former State's Attorney Kim Foxx. *See* Dckt. No. 872 at 13 ("Those subjective views are especially irrelevant here…where the prosecutors disclosed as witnesses did not make the ultimate decision on any of those issues. Put simply, any testimony or argument about why…Cook County State's Attorney Kim Foxx—the actual decisionmaker[]—made the decisions they did would be pure speculation, and otherwise inadmissible hearsay. And in turn, any purported views or opinions of the line prosecutors disclosed in this matter about whether the post-conviction proceedings should have reached those results would be equally speculative and irrelevant.").

As set forth by Defendants, Plaintiffs are incorrect that statements of prosecutors regarding the actual basis for agreeing to post-conviction relief is inadmissible opinion evidence or hearsay. *See*

---

[1] This issue is also addressed indirectly in Plaintiffs' Motion in Limine No. 6 as well. *See* Dckt. No. 872 at 16-18

Dckt. No. 697 at 9-12. This is not only permissible evidence but, indeed, required evidence on a state law Malicious Prosecution claim. However, insofar as Plaintiffs' arguments were based on some supposition that the so-called "line prosecutors" were "going rogue" and making public statements about CCSAO's position on Plaintiffs' guilt that did not accurately reflect the official position of the final decision maker on the matter, former State's Attorney Foxx, that has been proven incorrect. Ms. Foxx herself confirmed that this was, indeed, her position on the matter. Ms. Foxx testified explicitly that she "believed that the people who were charged in [Plaintiffs' case] committed that crime" and that CCSAO "believed that the evidence suggested that – or that [Plaintiffs] had committed a heinous act of murder." Ex. 1 at 111:12-113:5. Thus, there is no speculation whatsoever that this was, indeed, the official position of CCSAO on Plaintiffs' cases.

Second, insofar as Plaintiffs claim that any testimony regarding CCSAO's official position on Plaintiffs' guilt somehow opens the door to a free for all on other alleged acts of misconduct by Defendant Guevara, Ms. Foxx's testimony excluded that as a basis for the acts of her office in any particular cases. *See* Ex. 1 at 111:12-113:24. Ms. Foxx testified explicitly that her office treated cases involving Defendant Guevara in exactly the same way as any other case and without regard to claims or acts of misconduct in other cases. *Id.* Thus, in addition to the reasons already set forth in Defendants' response to Plaintiffs' Motion in Limine No. 5, any arguments that CCSAO's treatment of Plaintiffs' post-conviction matter somehow implicates unrelated claims or allegations involving Defendant Guevera are without merit.

Third, Ms. Foxx's testimony regarding CCSAO's decision-making process on Petitions for COI further bolsters Defendants' argument that evidence of the COI must be barred. As set forth by Defendants, admission of a COI in a subsequent civil case such as this one is fraught with all kinds of evidentiary issues and great potential for confusion, wasteful and unnecessary evidence regarding the COI process and its meaning under Illinois law, and, of course, great prejudice to Defendants in a

case in which guilt and innocence are hotly contested issues. *See* Dckt. No. 873 at 1-11. The supposition that Plaintiffs will undoubtedly seek to have the jury in this case draw is that the award of a COI is evidence of actual innocence and that CCSAO's withdrawal of their opposition to the granting of a COI is suggestive that CCSAO concurred with Plaintiffs' claims that they are innocent of the crimes for which they were convicted. *Id.* Once again, Ms. Foxx rejected this claim outright and testified specifically that her office's non-opposition to COI's is not evidence of its position on actual guilty or innocence. Ex. 1 at 194:4-24 ("If we can't make our case, it doesn't mean that we are saying this person isn't actually innocent. You are weighing a number of factors. So a nonintervention does not mean that we are saying that someone is actually innocent."). Indeed, contrary to this, Ms. Foxx testified that CCSAO's position on Plaintiffs' cases is the opposite of this, specifically, that CCSAO's position was that Plaintiffs were, in fact, guilty of the offenses charged regardless of her office's procedural decisions on relief to be afforded. Ex. 1 at 111:12-113:5.

WHEREFORE Defendants pray this Court deny Plaintiffs' Motions in Limine No. 5 and 6 and grant Defendants' Motion in Limine No. 1, and for whatever other relief this Court deems fit.

Respectfully submitted,

By:     /s/ Timothy P. Scahill
           Timothy P. Scahill
           Special Assistant Corporation Counsel

Steven B. Borkan
Timothy P. Scahill
Andrea F. Checkai
Whitney N. Hutchinson
BORKAN & SCAHILL, LTD.
20 South Clark Street, Suite 1700
Chicago, Illinois 60603
*Counsel for Reynaldo Guevara*

/s/ Josh M. Engquist
Josh M. Engquist
Special Assistant Corporation Counsel

Josh M. Engquist
James G. Sotos
John Timbo
Joseph M. Polick
Elizabeth Fleming
Special Assistant Corporation Counsel
THE SOTOS LAW FIRM, P.C.
141 W. Jackson, Suite 1240A
Chicago, Illinois 60604
*Counsel for Individual Defendants*

/s/ Eileen E. Rosen
Special Assistant Corporation Counsel

Eileen E. Rosen
Catherine M. Barber
Lauren Ferrise
Rock, Fusco, & Connelly
333 W. Wacker, 19th Floor
Chicago, Illinois 60606
*Counsel for Defendant City of Chicago*

5