**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | Case No. 18 C 1028 |
| *Plaintiff,* | ) | |
| | ) | Hon. Steven C. Seeger, |
| *v.* | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFF'S MOTION FOR ORDER REGARDING IMMIGRATION**
**PROCESSING TO SECURE PLAINTIFF'S PRESENCE AT TRIAL**

Plaintiff Arturo DeLeon-Reyes, by and through his attorneys, respectfully moves this

Court for an order directing federal executive authorities to expedite the processing of Mr.

DeLeon-Reyes's immigration paperwork, to facilitate his entry into the United States from

Mexico just prior to trial, and to ensure his safe exit to Mexico from the United States at the

conclusion of trial, so that Plaintiff may be present in person for trial scheduled to begin on May

11, 2026. In support of this motion, Plaintiff states as follows:

1.      This case arises from Plaintiff's wrongful conviction and subsequent exoneration.

Plaintiff has a strong desire to be present personally for the trial of his wrongful conviction case.

His presence will benefit the trial: His live testimony will allow the jury to hear directly from the

individual most affected by the constitutional violations at issue and will ensure the fair

presentation of his claims and damages.

2.      Plaintiff is currently a citizen and resident of Mexico. He has taken the

appropriate steps to apply with U.S. authorities for permission to enter the United States. The

Mexican government is assisting in those efforts. Plaintiff has a passport and is prepared to travel

to the United States shortly before trial begins. An order from this Court would help expedite and ensure safe passage for Plaintiff during this trip.

3. By way of background, after his exoneration of the underlying offense at issue in this case, Plaintiff voluntarily departed from the United States. *See* Exhibit A (Voluntary Departure Order).

4. To facilitate his lawful, temporary entry into the United States for trial, Plaintiff, through immigration counsel, has filed Form I-131, Application for Travel Documents, Parole Documents, and Arrival/Departure Records. This application seeks advance authorization for temporary entry on humanitarian and significant public interest grounds, including participation in judicial proceedings. The application is subject to review and approval by federal immigration authorities—a process that, in the ordinary course, would take an undetermined, long period of time. A copy of the filed Form I-131 is attached to this motion as Exhibit B.

5. When determining whether to grant temporary parole on humanitarian and public interest grounds, the reviewing Executive Branch officials consider the request made and evidence provided on a case-by-case basis, taking into account all of the circumstances. *See* Section 212(d)(5) of the INA (8 U.S.C. 1182(d)(5)) and 8 C.F.R. § 212.5. The burden of proof is on Plaintiff to establish that parole should be authorized. Federal immigration authorities will grant parole where, based on all the evidence the petitioner submits and any other relevant evidence available, the petitioner shows that:

   a. There are urgent humanitarian or significant public benefit reasons for the beneficiary to be in the United States; and

   b. The beneficiary merits a favorable exercise of discretion.

6.      Participation in civil legal proceedings is a recognized basis for parole on significant public benefit grounds. 8 U.S.C. § 1182(d)(5)(A); *see also* Exhibit C (Interagency Memorandum of Agreement on Parole Authority) at 2. Of note, such applications are typically adjudicated by United States Citizenship and Immigration Services ("USCIS"); however, pursuant to interagency agreements among USCIS, Immigration and Customs Enforcement ("ICE"), and Customs and Border Protection ("CBP"), applications arising from judicial proceedings involving governmental entities—whether it be federal, state, local, or tribal—fall under ICE's jurisdiction. *See* Ex. C at 2, 7.

7.      Consistent with this framework, adjudicating authorities expressly recognize parole requests based on an individual's need to participate in hearings or trials. *See, e.g.,* 8 U.S.C. § 1182(d)(5)(A); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 111, fn. 8 (2020); *Biden v. Texas,* 597 U.S. 785, 806–07 (2022).[1] Applicants must submit documentation describing the proceeding and explain why their presence is necessary to resolve the issues before the court. Such requests are evaluated as serving a significant public benefit, particularly in promoting the fair and efficient functioning of the judicial system. Relevant supporting materials include court documentation identifying the date, time, and nature of the proceedings, as well as any order indicating that the individual's presence is in the public benefit—which is the case here.

8.      In addition, the Government of Mexico is assisting Plaintiff in assembling the documentation and support necessary to facilitate his lawful travel. Plaintiff's travel to the

---

[1] *See also Humanitarian or significant public benefit parole for aliens outside the United States,* U.S. CITIZENSHIP AND IMMIGRATION SERVICES*,* https://www.uscis.gov/humanitarian/humanitarian_parole ("For example, a beneficiary's participation in legal proceedings may be a significant public benefit, because the opportunity for all relevant parties to participate in legal proceedings may be required for justice to be served.") (last accessed April 29, 2026).

United States will be funded as an expense of his case by his attorneys, and his attorneys will be responsible for him and obviously will be in close contact with him the entire time that he is here.

9. Trial in this matter is scheduled to begin on May 11, 2026. Without expedited processing of his application and associated visa documentation, Plaintiff will likely be unable to secure the necessary approval to enter the United States in time for trial. Plaintiff's inability to attend trial in person would substantially prejudice his case. His testimony is not only relevant but uniquely powerful and irreplaceable. Plaintiff requires the Court's assistance to ensure that his application is processed on a timeline that will make his presence at trial possible.

10. Equally important, Plaintiff must ensure his safe and smooth processing upon entry to the United States, and he must ensure that he is properly able to return to Mexico at the conclusion of his case. Plaintiff requires the Court's assistance ensuring his safe entry into and exit from the United States.

11. Federal courts possess inherent authority to manage proceedings before them and to take reasonable steps to ensure the fair administration of justice. This includes issuing orders or requests to executive agencies where necessary to secure the presence of parties or witnesses essential to trial. Courts routinely issue such requests in analogous contexts, including for incarcerated witnesses or individuals requiring special authorization to appear. *See* Fed. R. Civ. P. 30(a)(2)(B); *see also Sampley v. Duckworth,* 72 F.3d 528, 529 (7th Cir. 1995).

12. While this Court does not control the ultimate decision of executive agencies, its request for expedited consideration carries significant weight, would serve as strong evidence in Plaintiff's need for an expedited review, and is appropriate under these circumstances.

13. As such, Plaintiff respectfully requests that this Court enter an order:

4

a.  Requesting that the Department of Homeland Security, USCIS, and ICE (collectively, the "relevant federal authorities") expedite the processing of Plaintiff's pending Form I-131 and any associated visa or travel documentation;

b.  Noting that Plaintiff's presence is required for trial in this matter beginning on May 11, 2026;

c.  Requesting that such processing be completed in time to permit Plaintiff to enter the United States on or about May 8, 2026, consistent with his pending application;

d.  Requesting that the relevant federal authorities take special care to ensure Plaintiff's safe entry into the United States on or about May 8, 2026, and his safe return to Mexico upon conclusion of the upcoming trial; and

e.  Granting such further relief as the Court deems just and appropriate.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant this Motion and enter an order requesting expedited immigration processing to ensure Plaintiff's presence at trial.

Respectfully submitted,

**Arturo DeLeon-Reyes**

By: /s/ Alyssa Martinez
*One of Plaintiff's Attorneys*

Jon Loevy
Anand Swaminathan
Steve Art
Sean Starr
Alyssa Martinez
**Loevy & Loevy**
311 N. Aberdeen
Chicago, IL 60607
(312) 243-5900
alyssa@loevy.com

5