**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | Case No. 18 C 1028 |
| *Plaintiff*, | ) | |
| | ) | Hon. Steven C. Seeger, |
| *v.* | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO SUPPLEMENT**

Defendants' Motion to Supplement their Motions in Limine and Responses, Dkt. 903, should be denied for a number of reasons. First, Defendants violated this Court's orders about the scope of discovery in this case by apparently conducting discovery they had been denied here in a separate Guevara case that does not involve Reyes (or even Reyes's attorneys, who are counsel in a substantial number of Guevara cases). Second, Defendants mischaracterize the snippet of former Cook County State's Attorney Kim Foxx's deposition from that other case that they attach to their submission, and they deprive this Court of the full context of Ms. Foxx's deposition relevant to the issues this Court will decide before trial in this case. Third, Ms. Foxx's deposition in that other case—if this Court were to consider it—actually supports each of Reyes's arguments regarding what evidence should be admitted and what evidence should be excluded: It illustrates exactly why the *fact* that Reyes was granted a COI by an Illinois court should come in (and no more than that fact); and it illustrates why, as all parties seem to agree, the parties should not be able to put into evidence lawyer opinions (including Ms. Foxx) about the guilt and innocence of Mr. Reyes at the upcoming trial.

I.      **This Court Denied Defendants Discovery into the Decision-Making of Senior Leaders at the Cook County State's Attorney's Office Earlier in This Case, and Defendants Apparently Sought That Discovery in Another Case to Avoid This Court's Orders**

Previously, this Court denied Defendants the right to take discovery about the decision-making of senior Cook County State's Attorney's Office leaders relating to Plaintiff's post-conviction proceedings, and specifically the certificate of innocence he was granted by a state court. It appears that Defendants have ignored that decision in this case, sought the discovery that was denied here in another case not involving Reyes or his attorneys, and now submit that discovery in support of their theories at trial in this case. That is enough reason to deny the motion to supplement and bar consideration of Ms. Foxx's deposition in another case.

To refresh recollection, fact discovery in this case closed on June 30, 2021. After that, Plaintiff was awarded a certificate of innocence. Defendants moved to reopen discovery, and they sought discovery about the decision-making of senior Cook County State's Attorney's Office officials. Dkt. 631. Plaintiff opposed the request, arguing that prosecutor decision-making was irrelevant to any issues in this wrongful conviction case. Dkt. 632. This Court reopened discovery, ruling that if Plaintiff intended to present his certificate of innocence to the jury, Defendants were entitled to discovery about the certificate of innocence. Dkt. 633. But when the Defendants sought additional discovery into the decision-making of senior officials about Plaintiff's certificate of innocence proceedings, this Court quashed their subpoena and declined to compel that deposition. Dkt. 667. The Court said to the parties that they could try to work out a stipulation with the Cook County State's Attorney's Office about that decision-making process, Plaintiff and Defendants engaged in that process, but ultimately Defendants did not agree to the proposed stipulation that the Cook County State's Attorney offered. After that, discovery finally closed. Importantly, Ms. Foxx was not disclosed as a witness in this case.

Now, on the eve of trial, Defendants have apparently obtained a deposition of former Cook County State's Attorney Foxx in another case, and they have filed it with this Court as evidence supporting their claims and theories in this case. Dkt. 903. The Seventh Circuit has long recognized the "principle" that "federal civil discovery may not be used merely to subvert limitations on discovery in another proceeding." *See Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1300 (7th Cir. 1980). Defendants' move disregards this Court's orders, which had quashed a subpoena for the same discovery. Moreover, Defendants' move deprived Plaintiff the opportunity to participate in the discovery that Defendants now aim to use in this case entirely. This practice runs afoul of the Federal Rules. *See* Fed. R. Civ. P. 32(a)(1)(A) ("At a hearing or trial, all or part of a deposition may be used against a party on the[ ] condition[ that] the party was present or represented at the taking of the deposition or had reasonable notice of it"); *Nw. Nat. Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir. 1994) (quoting Fed.R.Civ.P. 32(a)(4)) ("depositions taken in other actions [ ] could be used if the other actions were 'between the same parties or their representatives or successors in interest'"). Those are two good reasons to deny Defendants' motion. A third is that the evidence is presented long after discovery closed in this matter. *See Gumwood HP Shopping Partners, L.P. v. Simon Prop. Grp., Inc.*, No. 3:11-CV-268 JD, 2017 WL 3016385, at \*3 (N.D. Ind. July 17, 2017) (prohibiting a party's argument based on facts disclosed "in its present motion in limine, filed over 18 months after the close of discovery."). For all of these reasons, the Court should reject consideration of this late-produced deposition that elides the Court's prior orders.

## II.     Defendants' Discussion of a Snippet of Ms. Foxx's Deposition Mischaracterizes Her Testimony and Deprives It of Necessary Context

Should this Court choose to engage with the substance of Defendants' motion to supplement, it is important to correct the record about what Ms. Foxx actually said in her

3

deposition. Defendants attach only a snippet of her deposition. *See* Dkt. 903-1. Contrary to what the selective excerpt might suggest, and contrary to Defendants' arguments in this and other Guevara cases, Ms. Foxx was not letting murderers out of jail wherever Guevara was an involved police officer. Instead, completely to the contrary, Ms. Foxx's testimony affirms that, under her leadership, the Cook County State's Attorney's Office took a critical lens to evaluating each and every case involving Defendant Guevara (including Reyes's case specifically), she contested post-conviction proceedings and certificate of innocence proceedings vigorously, so far as the evidence and the law permitted her to, and she faithfully discharged her prosecutorial duty to seek the truth and justice for the people of Illinois, the victims of crimes, and the criminal defendants accused of misconduct.

> A. **State's Attorney's Practice of Vigorously Contesting Guevara Cases, Despite His Pattern of Misconduct**

Based on evidence in the possession of the Cook County State's Attorney's Office, Ms. Foxx was well aware of Guevara's widespread and established pattern of misconduct in the cases that he investigated while a Chicago Police detective. *See* Ex. 1 at 143:4–6. *Despite* that awareness, she instructed her office to conduct a careful review of every case in which a criminal defendant convicted by Guevara sought post-conviction relief. *See id.* at 143:11–18 ("[W]e had this legacy and this history regarding the detective, it did not mean that we dismissed the possibility that folks had actually done the things that they were accused of. So we wanted to maintain convictions even with Detective Guevara on them where we could and that was important to me."); *see also id*. at 121:12–18; *id.* at 122:17–24; *id.* at 145:4–5; *id.* at 66:7–12. Where State's Attorney Foxx thought the State could defend the conviction, she contested those cases vigorously. *Id.* at 123:19–124:7 ("The question would be whether or not there was sufficiency for us to say that we no longer objected. Would we be able to -- if this case

4

proceeded to the next stage in a hearing, would we be able to prevail in that case. . . . The charge was to do a review and a vetting of the cases. That was the charge.")

**B.      State's Attorney's Approach to Plaintiff's Post-Conviction Proceedings in Particular**

Consistent with this approach, State's Attorney Foxx testified that at the time she was making decisions about Plaintiff's post-conviction proceedings, she knew of Guevara's widespread pattern of misconduct, *id.* at 143:4–6, but she did not just let Plaintiff out of prison because of that pattern; on the contrary, she fought Plaintiff's case as hard as she could, ignoring and upsetting those people who thought that she should exonerate Plaintiff, *id.* at 144:18–145:10 ("There were people from day one who were suggesting that we just get rid of any case involving Detective Guevara. And people who were frustrated with me personally because of the decision that we had made regarding Solache and Reyes and offering Detective Guevara immunity. And I wanted to address that I understood and heard that if this is 2022, there had been noise about Detective Guevara ruminating since 2015. So we had to do -- we were not in a position to just say anything that Guevara touched goes away. . . . we did not throw out cases because he was involved in them.").

In fact, State's Attorney Foxx went so far in that case to grant Guevara immunity for his testimony against Plaintiff, so he would not plead his Fifth Amendment right to remain silent. *See id.* at 111:8–11, 112:1–3 ("A. . . . I personally, authorized the granting of immunity to Mr. Guevara to come into court and testify despite of history of allegations that existed for Mr. Guevara.. . . . Q. So you are referring to the selection in the Reyes case? A. Yes."); *id.* at 144:22–24 (". . . decision that we had made regarding Solache and Reyes and offering Detective Guevara immunity."); *id.* at 184:14–20. Even though he had immunity, and even though he testified, Guevara was found not credible by a Cook County judge. *See id.* at 184:14–20 ("But I had

5

enough experience with other cases with Detective Guevara including the Solache and Reyes case and our attempts to offer him immunity and the finding by a Court that he could not be found credible in any court of law based on his testimony in that case."); *id.* at 111:11–15, 112:1–3 ("A. . . . Mr. Guevara then came into court and was subsequently found by that judge because he refused to testify, his memory was fuzzy, and that judge said that he would no longer be credible in any court in Cook County. . . . Q. So you are referring to the selection in the Reyes case? A. Yes.").

After that proceeding, Plaintiff's conviction was thrown out, and then a motion to suppress his confession was granted.

Separately, but importantly, State's Attorney Foxx's passing comment that she believed that Plaintiff was guilty is not supported in the deposition by *any evidence at all*. *See id.* at 112:3–7; *see also id.* 184:14–20, 111:8–15, 112:1–3. Nor did Defendants' attorneys who were questioning State's Attorney Foxx at the deposition ever ask her for her basis for this belief. *See generally* Ex. 1. Moreover, State's Attorney Foxx was not asked at the deposition about the reasons that her office decided to drop charges against Plaintiff, despite this belief or her reason for taking any other action during post-conviction proceedings. *See generally id.*

    C.    **State's Attorney Foxx's Practice of Contesting Certificates of Innocence**

When State's Attorney Foxx was asked about certificate of innocence litigation generally under her watch at the Cook County State's Attorney's Office, she testified that the practice was to contest petitions for certificates of innocence when her office found the record strong enough to sustain a conviction. *See id.* at 190:6–21 ("Q. So with respect to that process as it existed in 2022, 2023, 2024, what were the standards that you expected of your subordinates in investigating whether you would or would not oppose a certificate of innocence? A. I mean, look, the minimum standards were if we believed that this was a conviction in which we believed

was properly secured and a certificate of innocence ran counter to that, then we would file to intervene in that case to block the granting of that certificate."); *see also id.* at 190:21–191:17, 191:14–192:10, 192:16–20; 20:3–21:11.

Defendants' statement that State's Attorney Foxx's official position is that Plaintiff was guilty of the crimes charged is a significant overstatement of even the small part of the deposition that they cite. In fact, she had a personal belief about Plaintiff's guilt, and there is no evidence in the deposition about what caused that belief. Nor is there any evidence in the deposition about what caused Foxx to make different litigation decisions during the course of Plaintiff's post-conviction proceedings (other than that she sought to give Guevara immunity). Finally, entirely missing from Defendants' motion is what is actually set out at length in State's Attorney Foxx's deposition: She fought Guevara cases hard; she had ample evidence of Guevara's pattern of misconduct, which informed her decision, but the pattern of misconduct alone never justified dismissing a case, and she did not give up on Guevara cases during post-conviction proceedings merely because Guevara was involved.

## III.  State's Attorney Foxx's Testimony Supports Plaintiff's Arguments

As Plaintiff has argued in multiple motions *in limine*, the personal opinions of prosecutors (and all other attorneys and judges) concerning Reyes's innocence are not relevant or admissible. Dkt. 872 at 13–16 (Plaintiff's motion to exclude the opinions of prosecutors and lawyers); Dkt. 895 at 8-10 (Plaintiff's response to Defendants' motion to exclude the certificate of innocence); Dkt. 895 at 14 (Plaintiff's response to Defendants' motion to exclude opinion of judges). The briefing on both sides of this issue seems to already suggest that the parties agree that the opinions of lawyers who once analyzed the case should not come into evidence. What a lawyer thinks of the merits of a case is not relevant to any issue, particularly so when there's no apparent explanation for that lawyer's belief. Defendants' decision to circumvent a court order

7

and to obtain testimony about this case from an undisclosed witness in a different proceeding, without giving Plaintiff the opportunity to question that witness, only heightens the need to exclude this evidence.

Defendants also contended in their motions *in limine* that the certificate of innocence should be excluded because it was the result of a proceeding that was not properly contested. Dkt. 873 at 2–3. At the time, as Plaintiff explained in response, this was based on Defendants' own say-so. Dkt. 895 at 8–10. The deposition that Defendants now offer the Court demonstrates that State's Attorney Foxx in fact contested every certificate of innocence proceeding to the maximum extent possible based on the evidence. Even accepting Defendants' argument that the opinion of a prosecutor might be relevant, State's Attorney Foxx made clear that she would have contested Plaintiff's certificate of innocence (as she did), like any other, and Defendants' counsel did not follow up to ask her why her office ultimately dropped their opposition to the COI. Nothing in the deposition provided supports Defendants' argument on the merits.

Moreover, Defendants' assertion that State's Attorney Foxx believed Plaintiff was guilty does not justify exclusion of the certificate of innocence. As explained in Plaintiff's response to Defendants' motion to exclude the certificate of innocence, a certificate of innocence is a court order after an adversarial process and a court proceeding. *See* Dkt. 895 at 2–10; *see also, e.g., People v. Kitterman*, 2024 IL App (5th) 230070-U, ¶ 38, appeal denied, 270 N.E.3d 811 (Ill. 2025). What that Court found is final as to the question presented in *that* proceeding, *see id.* at ¶ 27, and that finding is relevant to the questions presented in this proceeding—including whether Defendants are liable for due process violations and malicious prosecution. *See* Dkt. 895 at 2–10. If anything, the fact that SA Foxx opposed the COI demonstrates the opposite of what

Defendants hope: the COI was not granted unopposed; it *was* contested and the Cook County court granted the COI on the merits.

## CONCLUSION

For the reasons herein, Defendants' Motion to Supplement should be denied.

Dated: April 29, 2026

RESPECTFULLY SUBMITTED,

**ARTURO DeLEON-REYES**

By: /s/ Steve Art
*One of Plaintiff's Attorneys*

Jon Loevy
Anand Swaminathan
Steve Art
Sean Starr
Rachel Brady
**LOEVY & LOEVY**
311 N. Aberdeen Street
Chicago, IL 60607
(312) 243-5900
steve@loevy.com

9