**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.5)**
**Eastern Division**

Arturo DeLeon–Reyes

                Plaintiff,

v.

                                  Case No.: 1:18–cv–01028
                                  Honorable Steven C. Seeger

Reynaldo Guevara, et al.

                Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, May 1, 2026:

      MINUTE entry before the Honorable Steven C. Seeger: This Court has worked its way through the pretrial materials, and has given them a close read. In particular, the Court gave a close read to Plaintiff's response to Defendants' motions in limine. (Dckt. No. [895]) On page 44, Plaintiff purported to quote from a case by the Seventh Circuit. The brief says as follows: "The Seventh Circuit explained this plainly in Dassey v. Dittman, 877 F.3d 297 (7th Cir. 2017) noting that the Supreme Court 'does not draw bright lines on this subject' and specifically explaining that 'a tactic that might be deemed borderline tolerable under some circumstances could shift over into intolerably coercive territory when considering the subject's age, amount of sleep, deprivation of contact with family, or other factors. Although it is true that some tactics or factors cannot standing alone render an interrogation fatally coercive, the whole point of the totality–of–the–circumstances inquiry is to consider the totality of the circumstances.' Id. at 304." This Court took a look at the Dassey case, and can't find that full quote anywhere. A snippet of that quote does appear in Dassey (meaning the phrase "does not draw bright lines on this subject"), but the rest of it does not. So, this Court took the step of plugging that language into Westlaw, thinking that maybe Plaintiff simply cited the wrong case. Once again, this Court came up empty. So, by May 2, 2026, Plaintiff must file a statement and offer an explanation. If the rest of the quote did appear in the Dassey case or some other case, and this Court simply missed it, then Plaintiff must say so. But if that quote came out of nowhere, then Plaintiff must explain what happened. Mailed notice(jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our

web site at *www.ilnd.uscourts.gov*.