**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.5)**
**Eastern Division**

Arturo DeLeon–Reyes

                Plaintiff,

v.

Reynaldo Guevara, et al.

                Defendant.

Case No.: 1:18–cv–01028
Honorable Steven C. Seeger

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, April 30, 2026:

      MINUTE entry before the Honorable Steven C. Seeger: Final pretrial conference held on April 30, 2026. This Court discussed an assortment of topics with the parties to ensure a smooth–running trial. To that end, this Court directed the parties to take a number of steps before trial. The Court issues this minute order to memorialize everything in a user–friendly list. First, by the close of business on Friday, May 1, 2026, the parties must file a joint statement and identify any motions that have become moot (in whole or in part) in light of recent rulings or any change in plans by the parties about the trial. Second, the parties must file amended witness lists by Monday, May 4, 2026. Plaintiff should file his list by noon on May 4, to give Defendants a chance to modify their witness list accordingly. After May 4, no party can add witnesses without leave of Court (e.g., Plaintiff could not call a witness in his case in chief if that witness is not on his witness list, even if that witness is on Defendants' witness list, and vice versa). The parties must specify whether each witness falls in the "will call" or the "may call" category. For witnesses in the "may call" category, the parties must disclose the likelihood of calling each witness, using a 5–star rating system (with 5 stars being most likely to testify, and 1 star being least likely to testify). The Court directs the parties to make assessments in good faith about the likelihood of calling each witness, so that the other side can prepare accordingly. Third, by May 4, 2026, defense counsel must file a statement and reveal the dates of any visits that Defendant Guevara made to Illinois in the past year. At the final pretrial conference, this Court quashed the subpoena directing Defendant Guevara to attend trial in Illinois, and did so based on the notion that Guevara resides in Texas within the meaning of Rule 45(c)(1)(A). So Guevara must file a statement and disclose his time in Illinois, to confirm the factual basis for this Court's ruling. Fourth, the parties must meet and confer about deposition designations, and about any witnesses who will testify live by video at trial. By the sound of things, some witnesses may have become unavailable (so the parties will present deposition designations), and some witnesses have become available (so there is no need for deposition designations). This Court wants to receive an up–to–date set of deposition designations. The parties must seek leave of Court to call any witness by video. More generally, the parties must keep each other and the Court fully apprised of any issues that may come up about witness availability (e.g., if a witness unexpectedly becomes available or unavailable to testify). Fifth, by May 4, 2026, the parties must submit a joint list of names that may come up at trial, and an updated

statement of the case, for use during jury selection. Err on the side of inclusiveness. Include the parties, the witnesses, the lawyers, and any other names that the jury might hear during trial. The parties must submit Word versions of those documents to the proposed order inbox: proposed_order_seeger@ilnd.uscourts.gov. Sixth, the parties must meet and confer about the size of the jury, and the number of peremptories, and must file a joint statement with any preferences by May 4, 2026. This Court will take the preferences of the parties into account before making its decision. Seventh, the Court invites the parties to file trial briefs (limited to five pages) by May 4, 2026, if they choose to do so. It's an invitation, not an obligation. Basically, think about whether there is anything that you want this Court to know before we head into trial. If not, focus on other trial preparations. No one should get bent out of shape if the other side files a trial brief, and you don't. Don't worry about the other side getting the last word, because both sides will inevitably give this Court an earful anyway. Eighth, by 5:00 p.m. on Sunday, May 10 (i.e., the day before trial), the parties must exchange any demonstratives that they intend to use during openings (if any), and must identify any trial exhibits that they intend to show the jury during openings. That way, this Court can adjudicate any objections (if any) beforehand. No party can look at the demonstratives from the other side before sending their own (if any). After that exchange, no party can change or add to its opening demonstratives without leave of Court. The next installment of the final pretrial conference will take place on Tuesday, May 5, 2026, at 9:30 a.m. Mailed notice(jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.