**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ARTURO DeLEON-REYES,** | ) | |
| | ) | **Case No. 18 CV 1028** |
| **Plaintiff,** | ) | |
| | ) | **Honorable Judge Steven C. Seeger** |
| **v.** | ) | |
| | ) | |
| **REYNALDO GUEVARA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | **JURY TRIAL DEMANDED** |

**DEFENDANTS' SUBMISSION IN RESPONSE TO DCKT. NO. 935
REGARDING CERTIFICATE OF INNOCENCE**

This Court ordered Defendants to provide a response to the following query: "If the certificate of innocence is inadmissible, as Defendants argue, then how could Plaintiff prove that element of the claim?" *See* Dckt. No. 935. Defendants have two responses to this.

**First**, Plaintiff need not prove this element at all because Defendants agree to waive it. *See* Dckt. No. 873 at 8. This is precisely how Judge Shah dealt with this issue in 2023 in *Walker v. White*, No. 16 C 7024 (N.D. Ill.), another reversed conviction case where a plaintiff was pursuing a malicious prosecution claim. *See* Dckt. No. 873-4 at 37:10-40:24. Notably, as Plaintiff does here, the plaintiff there refused to voluntarily agree to such relief. *See Walker v. White*, No. 16 C 7024, Dckt. No 335 at 1-5. Nonetheless, Judge Shah found elimination of the element was the best way to address competing issues of slight relevancy for procedural purposes against the extreme risk of prejudice and confusion that would inure with admitting the Certificate of Innocence. *See* Dckt. No. 873-4 at 37:10-40:24.[1]

---

[1] The simple removal of an element when the party against whom the claim is made agrees not to contest is wholly consistent with how The Committee on Pattern Civil Jury Instructions of the Seventh Circuit contemplates such issues should be addressed. *See e.g.* Sev. Cir. Patt. Jur. Instr. at 6.01 at comment e (advocating for elimination of prima facie elements if not contested); *id.* at 6.02 at comment e (same); *id.* at 6.03 at comment e (same); *id.* at 7.09 at comment c (same); *id.* at 7.11 at comment e (same); *id.* at 7.15 at comment e (same); *id.* at 7.16 at comment e (same); *id.* at 7.17 at comment h (same); *id.* at 7.18 at comment e (same); *id.* at 7.19 at comment g (same); *id.* at 7.21 at comment g (same); *id.* at 7.22 at comment b (same); *id.* at 8.02 at comment b (same); *id.* at 7.06 at comment b (advocating for elimination of "seizure" element if not contested).

1

Allowing admission of a COI will trigger the introduction of counter evidence by Defendants about this proceeding. *See Blackmon v. City of Chicago*, 2025 WL 2848411, *11 (N.D. Ill. 2025)("If Plaintiff can introduce the COI, Defendants will be able to substantively attack it, lengthening the proceedings on a side issue."); *Brown v. City of Chicago*, 2024 WL 5438519, *16 (N.D. Ill. 2024)("If Plaintiff can introduce the COI, Defendants will be able to attack it, lengthening the proceedings on a side issue."). The history preceding the eventual granting of the COI to Plaintiff was lengthy, complicated, and rife with evidence that will distract and confuse the jury and prejudice these Defendants, who had no ability to participate in such proceedings as parties. Plaintiff's Petition was filed in February 2018 and itself was nearly 2000 pages. This Petition was then actively litigated and opposed by CCSAO for nearly five years when CCSAO suddenly without explanation withdrew opposition. This election triggered an obligation of the issuing court to enter the COI based solely on Plaintiff's one-sided submission. *People v. Washington*, 226 N.E.3d 1218 1235–36 (Ill. 2023)(trial court is "not free to reject the petitioner's evidence" on uncontested COI petition).

Untangling this for the jury and contextualizing the COI will require Defendants to, among other things:

- Introduce evidence about the materials considered (and not considered) by the COI issuing court and point out the many differences in the record between that proceeding and this one (e.g. which witnesses gave testimony and which did not, were there matters set forth in the COI proceedings which have been contradicted since, what documents were reviewed, what were the claims and allegations made and how do they differ from the claims in this case, etc.);
- Introduce evidence about the differing procedures and evidentiary standards applied under the COI statute (i.e. no hearing/cross-examination required, police officers not being permitted to intervene, normal rules of evidence do not apply, etc.);
- Call numerous witnesses from CCSAO to discuss the actions they took in opposing the COI and their basis therefor (e.g. explaining their own interpretations and assessment of the evidence); and
- Elicit evidence from CCSAO witnesses about the meaning and significance of a withdrawal of opposition to establish this is not tantamount to a concession of actual innocence.

This would take numerous trial days and carries great risk of confusion, delay, and undue prejudice.

**Second**, Plaintiff does *not* need to introduce evidence of the COI *at all* in order to sustain this element. Illinois malicious prosecution claims have always required termination indicative of innocence. *Joiner v. Benton Community Bank*, 411 N.E.2d 229, 232 (Ill. 1980). Yet COI's did not exist in Illinois until 2008. Indeed, *this Plaintiff* himself did not need a COI to proceed on his malicious prosecution claim which is evidenced most clearly by the fact that Plaintiff filed and proceeded on his malicious prosecution claim in this case *for almost five years before even being granted his COI. See* Dckt. No. 1 at Ct. IX ¶¶ 187-193 (pleading state law malicious prosecution claim in complaint filed February 9, 2018); Dckt. No. 873-3 at Ex. 17 (transcript of entry of COI on November 14, 2022).

COI proceedings are separate civil proceedings not an extension of the criminal case. *See* 735 Ill. Comp. Stat. 5/2-702. The COI statute requires that the underlying conviction *have already been vacated.* 735 Ill. Comp. Stat. 5/2-702(c)(2). COI's do not terminate criminal proceedings. *Rodriguez v. Cook Cty., Ill.*, 664 F.3d 627 (7th Cir. 2011)("The district court in *Kitchen* [*v. Burge*, 781 F.Supp.2d 721, 735 (N.D.Ill.2011)] assumed that a certificate of innocence is one way that Illinois provides for vitiating a conviction. It isn't. Under the [COI] statute, a conviction's vacatur is a precondition to obtaining a certificate; it is not something that can be accomplished by a certificate..."). The Illinois Supreme Court has made clear that evaluating whether a proceeding has favorably terminated cannot be based on procedural occurrences other than the terminating event itself. *See Ferguson v. City of Chicago*, 213 Ill. 2d 94, 100-01 (Ill. 2004)(holding that SOL disposition was not a favorable termination indicative of innocence; "Because an SOL order does not finally dispose of criminal proceedings, the court's order...striking the criminal charges against Ferguson with leave to reinstate did not result in a termination, favorable or otherwise, of the criminal case against him."); *Cult Awareness Network v. Church of Scientology Int'l*, 177 Ill. 2d 267, 275-77 (1997). In short, Plaintiff can satisfy the favorable termination element by showing that the dismissal of charges was a favorable termination indicative of innocence; he does not need a COI to do this.

3

Respectfully submitted,

By: /s/ Timothy P. Scahill
   Timothy P. Scahill
   Special Assistant Corporation Counsel

Steven B. Borkan
Timothy P. Scahill
Emily Schnidt
Andrea F. Checkai
BORKAN & SCAHILL, LTD.
20 South Clark Street, Suite 1700
Chicago, Illinois 60603
*Counsel for Reynaldo Guevara*

/s/ Josh M. Engquist
   Josh M. Engquist
   Special Assistant Corporation Counsel

Josh M. Engquist
James G. Sotos
John Timbo
Joseph M. Polick
Elizabeth Fleming
Special Assistant Corporation Counsel
THE SOTOS LAW FIRM, P.C.
141 W. Jackson, Suite 1240A
Chicago, Illinois 60604
*Counsel for Individual Defendants*

/s/ Eileen E. Rosen
   Special Assistant Corporation Counsel

Eileen E. Rosen
Catherine M. Barber
Lauren Ferrise
Rock, Fusco, & Connelly
333 W. Wacker, 19th Floor
Chicago, Illinois 60606
*Counsel for Defendant City of Chicago*

4