**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | Case No. 18 C 1028 |
| *Plaintiff*, | ) | |
| | ) | Hon. Steven C. Seeger, |
| *v.* | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' SUBMISSION**
**REGARDING THE CERTIFICATE OF INNOCENCE (DKT. 938)**

Defendants' response to the Court's question concerning Plaintiff's Certificate of Innocence ("COI") and malicious prosecution claim only underscores why the COI must be admitted.

Defendants first contend that Plaintiff "need not prove" the favorable termination element of his malicious prosecution claim because "Defendants agree to waive it." Dkt. 938 at 1. That argument fails at the outset. There is no mechanism under the Federal Rules of Civil Procedure that permits a defendant to unilaterally "waive" an element of a plaintiff's claim. At most, a party may offer to stipulate to a fact or legal issue. Fed. R. Civ. P. 16(c)(2)(C). Defendants have never done so here. To the contrary, they have expressly refused to stipulate that Plaintiff's criminal proceedings terminated in a manner indicative of innocence. Dkt. 873 at 8. Instead, Defendants ask this Court to eliminate an essential element of Plaintiff's claim altogether—citing no authority that permits such a result.

Defendants' reliance on *Walker v. White*, No. 16-cv-7024 (N.D. Ill.), is misplaced. There, Judge Shah excluded the certificate of innocence only because the defendants agreed to stipulate that the favorable termination element had been satisfied. Dkt. 873-4 at 40 (excluding the certificate of innocence because of the "defense stipulation that the proceedings had been terminated in a manner

indicative of innocence.").[1] Defendants here have taken the opposite position. They expressly state that they "are not stipulating that Plaintiffs' criminal cases ended in a manner 'indicative of innocence,' or that the COI proves favorable termination, or that the jury should hear any evidence about the COIs. Rather, Defendants propose eliminating the favorable termination element from the trial altogether." Dkt. 873 at 8. *Walker* does not authorize that approach. Defendants cannot refuse to concede the element while simultaneously preventing Plaintiff from proving it.

Defendants plainly intend to argue that Plaintiff is guilty. A stipulation that the criminal proceedings terminated in a manner indicative of innocence would directly undermine that argument by informing the jury that, as a matter of law, Plaintiff's case ended in a manner consistent with innocence.

In any event, even if such a stipulation had been offered—which it has not—Plaintiff would not accept it. A party is entitled to present its case through evidence, particularly where that evidence is powerful and probative. *Old Chief v. United States*, 519 U.S. 172, 179, 187–89 (1997) ("[T]he accepted rule that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away rests on good sense"); *United States v. Carpenter*, 157 F.4th 841, 851 (6th Cir. 2025), *cert. denied*, No. 25-6946, 2026 WL 858437 (U.S. Mar. 30, 2026) (acknowledging "cognizable difference[s] between the evidentiary significance" of a stipulation and actual evidence). Defendants cannot avoid the consequences of their litigation strategy by seeking to exclude the very evidence that proves the element they refuse to concede.

Defendants' second argument fares no better. They argue that Plaintiff does not need to introduce the COI because malicious prosecution claims predated the statute and could be proven in other ways. That argument does not answer the Court's question. As the Court pointed out, Plaintiff

---

[1] Judge Shah also found that such a stipulation "doesn't necessarily mean additional evidence can't add to the preponderance of the evidence on a question." Dkt. 873-4 at 38.

must prove that his criminal proceeding terminated in a manner indicative of his innocence under Illinois law. In fact, the certificate of innocence is as strong as it gets, as Plaintiff explained in connection with his proposed jury instructions.

Defendants do not meaningfully dispute that point. Instead, they suggest that Plaintiff "might" be able to prove the element through other evidence. But the Court's question is not whether alternative proof might exist in the abstract. The question was wouldn't the exclusion of Plaintiff's conclusive proof of an element be fatal to Plaintiff's malicious prosecution claim. Defendants' answer—essentially "Plaintiff can figure it out"—only highlights the problem. Their position would allow them to (1) argue that Plaintiff is guilty, (2) downplay the manner in which the criminal case ended, and (3) ultimately argue Plaintiff fails to satisfy the elements of his malicious prosecution claim while excluding the conclusive proof that Plaintiff was found to be innocent as a matter of law. Plaintiff should not have to fight that battle with one hand tied behind his back—with the conclusive piece of evidence establishing an innocence termination off the table.

Finally, Defendants again saber rattle that if the COI comes in, all evidence of how that COI came to be comes in. That is not a foregone conclusion, for all of the reasons that Plaintiff has mention in prior filings, including his recent Trial Brief. The admissibility of any additional evidence will depend on the scope of the issues presented at trial and the arguments Defendants choose to advance. The possibility that Defendants may attempt to expand the scope of the trial does not justify excluding highly probative—and indeed dispositive—evidence. But if Defendants do try to open the door, and if the Court should allow it, the Defendants would have to be prepared to walk through the door and into the room where both sides are allowed to present evidence about why Defendant Guevara's misconduct has led to a record of over four dozen exonerations and nearly as many certificates of innocence.

For these reasons, and those laid out in Plaintiff's briefing, the COI should be admitted.

Respectfully submitted,

**ARTURO DELEON-REYES**

/s/ Alyssa Martinez
*One of Plaintiff's Attorneys*

Jon Loevy
Anand Swaminathan
Steve Art
Sean Starr
Alyssa Martinez
Annalise Wagner
**Loevy & Loevy**
311 N. Aberdeen
Chicago, IL 60607
(312) 243-5900
alyssa@loevy.com

4